```
1   John P. Schnurer, Bar No. 185725
    JSchnurer@perkinscoie.com
2   Cheng (Jack) Ko, Bar No. 244630
    JKo@perkinscoie.com
3   Michael J. Engle, Bar No. 259476
    MEngle@perkinscoie.com
4   PERKINS COIE LLP
    11988 El Camino Real, Suite 200
5   San Diego, CA 92130-3334
    Telephone: 858.720.5700
6   Facsimile: 858.720.5799

7   James C. Pistorino, Bar No. 226496
    JPistorino@perkinscoie.com
8   PERKINS COIE LLP
    3150 Porter Drive
9   Palo Alto, CA 94304-1212
    Telephone: 650.838.4300
10  Facsimile: 650.838.4350
```

Paid S1 (14)

**Filed**
APR 2 6 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR  E-filing

Attorneys for Plaintiff ASUS Computer International

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASUS COMPUTER INTERNATIONAL,

    Plaintiff,

v.

ROUND ROCK RESEARCH, LLC,

    Defendant.

Case No. CV 12-02099 PSG

**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY**

DEMAND FOR JURY TRIAL

    Plaintiff ASUS Computer International hereby pleads the following claims for Declaratory Judgment against Defendant Round Rock Research, LLC, and alleges as follows:

**PARTIES**

    1.    Plaintiff ASUS Computer International ("ASUS") is a California corporation having its principal place of business and corporate headquarters at 800 Corporate Way, Fremont, California 94539.

-1-  COMPLAINT

78864-0001/LEGAL22374122.1

2. ASUS sells a variety of system-level consumer electronics products in the United States, including desktop computers, notebook computers, tablet PCs, LCD monitors, and cell phones under the ASUS brand.

3. Upon information and belief, Defendant Round Rock Research, LLC ("Round Rock") is a Delaware limited liability company with its principal place of business located at 26 Deer Creek Lane, Mount Kisco, New York 10549.

4. Upon information and belief, Round Rock is a patent licensing company which, among other things, attempts to license its portfolio of issued patents and pending applications throughout the United States, Europe, and Asia. Upon information and belief, in pursuit of its licensing campaign Round Rock conducts business throughout the United States personally and through its agents, and actively transacts business in this judicial district in particular, including by attempting to license and litigate its patent portfolio.

## JURISDICTION AND VENUE

5. This action arises under the laws of the United States, in particular the Patent Act under Title 35 of the United States Code.

6. The Court has subject matter jurisdiction over this action and the matters pleaded herein under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Act of the United States, 35 U.S.C. § 101 *et seq.*

7. An actual controversy exists between Plaintiff and Defendant through Round Rock's assertion of its patent rights based on certain of ASUS' ongoing activities. In particular, Round Rock contends that some of ASUS' consumer electronics products infringe one or more of Round Rock's patents. ASUS contends that it has the right to make, use, sell, and/or offer to sell its products and services in the United States, or import them into the United States unhampered by Round Rock.

8. The Court has personal jurisdiction over Round Rock because, among other things, Round Rock has established minimum contacts with the forum such that the exercise of

1. jurisdiction over Round Rock will not offend traditional notions of fair play and substantial justice.

9. Upon information and belief, in pursuit of its licensing campaign Round Rock conducts business throughout the United States, and actively transacts business in this judicial district in particular, including by attempting to license and litigate its patent portfolio.

10. The Court has specific jurisdiction over Round Rock because the cause of action arises directly from Round Rock's contacts with California. Round Rock contacted Plaintiff ASUS, a California corporation, by sending a demand letter directed to ASUS' Fremont, California office on or about March 30, 2011. The March 30, 2011 demand letter asserted that ASUS' "products incorporate and use features and functionality covered by various Round Rock patents" and ASUS "therefore infringes these patents, either directly or indirectly." In the March 30, 2011 letter, Round Rock appointed IP Value, a company headquartered in Mountain View, California that actively conducts business in California, as "its agent to commercialize Round Rock's patents and other intellectual property rights worldwide." Upon information and belief, Round Rock's Vice President of Licensing, Mr. Gerard A. deBlasi, served as the Executive Vice President at IP Value from 2005 to 2011 and he currently serves on IP Value's Board of Directors.

11. Round Rock's "agent" IP Value contacted ASUS again on or about April 11, 2011 by sending a letter directed to ASUS' Fremont, California office. The April 11, 2011 letter affirmed that "IP VALUE Management, Inc. has been appointed by RRR [Round Rock Research] as its agent to license the RRR patents" and asked to schedule a meeting with ASUS to discuss these patents.

12. Over the next year, Round Rock has continued to assert its patents against ASUS through a series of additional letters, emails, and presentations, including a meeting between ASUS and Round Rock in Palo Alto, California on April 5, 2012. That meeting was attended by Gerard deBlasi of Round Rock and Paul Riley of IP Value.

13. The Court recently found personal jurisdiction over Round Rock in the Northern District of California based on nearly identical circumstances and at least two of the same patents-

in-suit. *SanDisk Corp. v. Round Rock Research LLC*, No. 3:11-cv-05243-RS, D.I. 60, Order Denying Motion to Dismiss for Lack of Jurisdiction (N.D. Cal. Feb. 16, 2012). In that case, the Court found that "Round Rock did not merely send letters into California informing SanDisk of suspected infringement. Rather, it embarked on a course of conduct designed with the goal of ultimately persuading SanDisk to enter into licensing agreements, which is, not coincidentally, Round Rock's primary business. To that end, Round Rock hired a company [IP Value] based in California to perform the necessary analyses and to carry out the negotiations." *Id.* at 4. "Round Rock's sole business lies in licensing its extensive technology portfolio. It hired an intermediary [IP Value] based in California with the undisputed intent that negotiations between that intermediary and SanDisk would take place in this state. Even assuming that Round Rock did not particularly care where IPValue performed the necessary preparatory work for those negotiations, it certainly could have foreseen that some substantial part of it might take place in California, as it undisputedly did. Under all these circumstances, there is nothing unfair about subjecting Round Rock to specific jurisdiction in this forum." *Id.* at 6.

14. Round Rock also filed counterclaims for patent infringement in the *SanDisk* case, thus utilizing the Northern District of California to further its patent licensing and litigation efforts. *SanDisk*, No. 3:11-cv-05243-RS, D.I. 70 (N.D. Cal. Apr. 5, 2012). Round Rock has asserted SanDisk infringes at least two of the same patents-in-suit, U.S. Patent Nos. 6,570,791 and 7,021,520.

15. Upon information and belief, Round Rock's licensing "agent" IP Value is headquartered in Mountain View, California and employs some or all of its senior executives, at least four licensing executives, and an unknown number of analysts and other employees in its California office. Upon information and belief, IP Value has been doing business in California by actively soliciting patent licenses on Round Rock's behalf from companies located in California. Upon information and belief, Round Rock's sole business is licensing and litigating its patent portfolio yet Round Rock has only three employees, so IP Value performs all or a substantial portion of Round Rock's business.

-4-

COMPLAINT

78864-0001/LEGAL22374122.1

16. Upon information and belief and according to Round Rock's website, Round Rock claims to have granted licenses or covenants not to sue to Apple, Sony, Micron, Samsung, Nokia, HTC, IBM, and LG. Upon information and belief, Apple is a California corporation with its headquarters located at 1 Infinite Loop, Cupertino, California 95014. Upon information and belief, Round Rock's employees or agents have traveled to Apple, Inc.'s headquarters in Cupertino, California one or more times during license negotiations. Upon further information and belief, Round Rock's licensees Sony, Micron, Samsung, Nokia, HTC, IBM, and LG all conduct business in California and in this judicial district in particular.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## GENERAL ALLEGATIONS

18. This action involves U.S. Patent Nos. 6,570,791, titled "Flash Memory with DDRAM Interface" ("the '791 patent") (attached as Exhibit A); 6,765,276, titled "Bottom Antireflection Coating Color Filter Process for Fabricating Solid State Image Sensors" ("the '276 patent") (attached as Exhibit B); 6,845,053, titled "Power Throughput Adjustment in Flash Memory" ("the '053 patent") (attached as Exhibit C); 6,930,949, titled "Power Savings in Active Standby Mode" ("the '949 patent") (attached as Exhibit E); 7,021,520, titled "Stacked Chip Connection Using Stand Off Stitch Bonding" ("the '520 patent") (attached as Exhibit E); and 7,279,353, titled "Passivation Planarization" ("the '353 patent") (attached as Exhibit F) (collectively "the patents-in-suit").

19. ASUS sells a variety of system-level consumer electronics products in the U.S., including desktop computers, notebook computers, tablet PCs, LCD monitors, and cell phones. The components of these system-level products are supplied by various companies such as SanDisk and Samsung.

20. Upon information and belief, Round Rock's patent portfolio was acquired in 2009 from Micron Technology, Inc. ("Micron"), a semiconductor component manufacturer. Upon information and belief, Round Rock's patent portfolio is focused on component-level technologies, such as semiconductor processing, DRAM, computers, microprocessors, packaging, flash, battery, and power management, which is different from ASUS' main business of selling

-5-    COMPLAINT

78864-0001/LEGAL22374122.1

system-level consumer electronics products. Upon further information and belief, Round Rock previously began a campaign to license its mostly component-level patent portfolio against component manufacturers, which resulted in many of ASUS' suppliers being licensed to Round Rock's patent portfolio. Upon further information and belief, in 2010 Round Rock began a campaign to license its mostly component-level patent portfolio, no longer targeting the primarily responsible component manufacturers, but rather targeting the buyers/customers of those components, such as ASUS, despite having already licensed many of ASUS' suppliers.

21. Upon information and belief, in execution of its campaign, Round Rock wrote a letter on or about March 30, 2011 to ASUS in Fremont, California, asserting that certain of ASUS' products "incorporate and use features and functionality covered by various Round Rock patents." The March 30, 2011 letter contained a table which listed, among other things, the '949 patent and the ASUS products Round Rock alleged applied to that patent.

22. ASUS was without knowledge of any of the patents listed in the March 30, 2011 letter prior to receiving the letter.

23. On or about April 14, 2011, Mr. Paul Riley of IP Value wrote another letter to ASUS in Fremont, California, asking to schedule a meeting with ASUS to discuss the Round Rock patents.

24. Upon information and belief, Round Rock met with ASUS on or about June 9, 2011, to discuss the purported value of Round Rock's portfolio of patents and pending applications. Upon information and belief, during the June 9, 2011 meeting, Round Rock demanded licensing and royalty payments from ASUS that were not fair and reasonable, including because Round Rock's portfolio is more related to component suppliers than ASUS' core business of consumer electronics products. The June 9, 2011 presentation identified at least four of the patents-in-suit, including the '276, '949, '520, and '353 patents.

25. ASUS was without knowledge of any of the additional patents presented in the June 9, 2011 meeting prior to attending the meeting.

26. Upon information and belief, in execution of the campaign to license its mostly component-level patent portfolio, on October 14, 2011, Round Rock sued ASUS and its parent

ASUSTeK Computer Inc. in the U.S. District Court for the District of Delaware (Civil Action No. 1:11cv978) ("Delaware Action") claiming that one or more claims of nine other patents not at issue in this case were being infringed by certain of ASUS' products and/or activities.

27. Upon information and belief, in further execution of this campaign, on October 14, 2011, Round Rock also sued Dell, Inc., another system-level product manufacturer and seller, in the U.S. District Court for the District of Delaware (Civil Action No. 1:11cv976) asserting the same patents as in the Delaware Action against ASUS.

28. On December 5, 2011, Round Rock sent a letter to ASUS with a copy to IP Value that identified the '053 patent and various products of ASUS that Round Rock alleged were infringed by the '053 patent.

29. On December 6, 2011, Round Rock amended its complaint against Dell and added the '053 patent to its infringement contentions against Dell.

30. On December 6, 2011, Round Rock amended its complaint against ASUS in the Delaware Action and added an additional U.S. patent to its infringement contentions against ASUS.

31. On December 23, 2011, ASUS filed a declaratory judgment action in the Northern District of California against Round Rock on the ten patents asserted in the Delaware Action (none of which overlap with the patents-in-suit of this case), and seeking indemnification and defense costs from certain of ASUS' suppliers. *ASUSTeK Computer Inc. v. Round Rock Research, LLC*, No. 4:11-cv-6636-CW, D.I. 1 (N.D. Cal. Dec. 23, 2011).

32. Despite the ongoing litigation in the Northern District of California and the District of Delaware, despite Round Rock's patents being primarily focused on components rather than systems, and despite Round Rock knowing that many of ASUS' suppliers are licensed, Round Rock has continued to assert its patent portfolio, including the patents-in-suit, against ASUS.

33. On March 7, 2012, Round Rock provided a presentation that identified at least the '791, '053, and '520 patents.

34. On April 5, 2012, ASUS and Round Rock met in Palo Alto, California to discuss Round Rock's lawsuits and patent portfolio.

35. On April 5, 2012, Round Rock filed counterclaims for patent infringement in the Northern District of California against SanDisk that included at least the '791 and '520 patents. *SanDisk Corp. v. Round Rock Research LLC*, No. 3:11-cv-05243-RS, D.I. 70 (N.D. Cal. Apr. 5, 2012). Thus, at least two of the patents-in-suit are already before the Northern District of California.

36. Upon information and belief, the asserted patents are focused on specific components supplied by third-party suppliers or a substantial portion of the claimed inventions is allegedly being infringed by such components. Because ASUS sells system-level consumer electronic products, not the allegedly infringing components, ASUS' suppliers are the real parties-in-interest.

37. Upon information and belief, Micron, the original owner of Round Rock's patent portfolio, has a history of licensing its patents to component-level manufacturers. For example, upon information and belief, Micron licensed its patent portfolio to SanDisk on or about December 20, 2002.

38. Upon information and belief and according to Round Rock's own website, Round Rock has also licensed its patent portfolio to, among others, Samsung and Micron, both of whom are or were component suppliers for ASUS' products. Therefore, the patents-in-suit are unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to ASUS by suppliers who have an express or implied license to one or more of the patents-in-suit, and/or unenforceable under the doctrine of patent exhaustion.

39. ASUS contends that it has the right to make, use, sell, and/or offer to sell its products and services in the United States, or import them into the United States unhampered by Round Rock. ASUS denies that its products infringe any valid and enforceable claim of the patents-in-suit. ASUS also contends that the patents-in-suit are invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, sections 102, 103 and 112, and unenforceable due to express or implied licenses and/or patent exhaustion. ASUS thus seeks a declaration that it

-8- COMPLAINT

does not infringe the patents-in-suit, that the patents-in-suit are invalid, and/or that the patents-in-suit are unenforceable.

40. At least two of the patents-in-suit (the '791 and '053 patents) have all named inventors listed as residing in the Northern District of California.

## INTRADISTRICT ASSIGNMENT & RELATED CASES

41. This action for a declaratory judgment of non-infringement, invalidity and unenforceability of patents is related to *SanDisk Corp. v. Round Rock Research LLC*, No. 3:11-cv-05243-RS (N.D. Cal.), which is currently pending before Judge Richard Seeborg in the Northern District of California. The *SanDisk* case and this case share the same defendant (Round Rock) and at least two patents-in-suit: the '791 and '520 patents.

42. This action is also related to *ASUSTeK Computer Inc. v. Round Rock Research, LLC*, No. 4:11-cv-6636-CW (N.D. Cal.), which is currently pending before Judge Claudia Wilken in the Northern District of California. While the patents-in-suit differ, the *ASUSTeK* case and this case both share overlapping parties, overlapping facts, and overlapping accused products.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief Regarding Non-Infringement of the '791 Patent

43. ASUS incorporates herein the allegations of paragraphs 1-42.

44. An actual and justiciable controversy exists between ASUS and Round Rock as to the non-infringement of the '791 patent, as set forth above.

45. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that ASUS does not infringe and has not infringed, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '791 patent.

## SECOND CLAIM FOR RELIEF

### Declaratory Relief Regarding Invalidity of the '791 Patent

46. ASUS incorporates herein the allegations of paragraphs 1-42.

47. An actual and justiciable controversy exists between ASUS and Round Rock as to the invalidity of the '791 patent, as set forth above.

78864-0001/LEGAL22374122.1

48. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that the '791 patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, sections 102, 103, and 112.

### THIRD CLAIM FOR RELIEF

### Declaratory Relief Regarding Unenforceability of the '791 Patent

### Including Due to License and/or Exhaustion

49. ASUS incorporates herein the allegations of paragraphs 1-42.

50. An actual and justiciable controversy exists between ASUS and Round Rock as to the unenforceability of the '791 patent, as set forth above.

51. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that the '791 patent is unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to ASUS by suppliers who have or had express licenses to the '791 patent.

52. ASUS further requests the declaration of the Court that the '791 patent is unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to ASUS by suppliers who have implied licenses to the '791 patent.

53. ASUS further requests the declaration of the Court that the '791 patent is unenforceable under the doctrine of patent exhaustion.

### FOURTH CLAIM FOR RELIEF

### Declaratory Relief Regarding Non-Infringement of the '276 Patent

54. ASUS incorporates herein the allegations of paragraphs 1-42.

55. An actual and justiciable controversy exists between ASUS and Round Rock as to the non-infringement of the '276 patent, as set forth above.

56. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that ASUS does not infringe and has not infringed, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '276 patent.

## FIFTH CLAIM FOR RELIEF

### Declaratory Relief Regarding Invalidity of the '276 Patent

57. ASUS incorporates herein the allegations of paragraphs 1-42.

58. An actual and justiciable controversy exists between ASUS and Round Rock as to the invalidity of the '276 patent, as set forth above.

59. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that the '276 patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, sections 102, 103, and 112.

## SIXTH CLAIM FOR RELIEF

### Declaratory Relief Regarding Unenforceability of the '276 Patent
### Including Due to License and/or Exhaustion

60. ASUS incorporates herein the allegations of paragraphs 1-42.

61. An actual and justiciable controversy exists between ASUS and Round Rock as to the unenforceability of the '276 patent, as set forth above.

62. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that the '276 patent is unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to ASUS by suppliers who have or had express licenses to the '276 patent.

63. ASUS further requests the declaration of the Court that the '276 patent is unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to ASUS by suppliers who have implied licenses to the '276 patent.

64. ASUS further requests the declaration of the Court that the '276 patent is unenforceable under the doctrine of patent exhaustion.

## SEVENTH CLAIM FOR RELIEF

### Declaratory Relief Regarding Non-Infringement of the '053 Patent

65. ASUS incorporates herein the allegations of paragraphs 1-42.

66. An actual and justiciable controversy exists between ASUS and Round Rock as to the non-infringement of the '053 patent, as set forth above.

67. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that ASUS does not infringe and has not infringed, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '053 patent.

### EIGHTH CLAIM FOR RELIEF

**Declaratory Relief Regarding Invalidity of the '053 Patent**

68. ASUS incorporates herein the allegations of paragraphs 1-42.

69. An actual and justiciable controversy exists between ASUS and Round Rock as to the invalidity of the '053 patent, as set forth above.

70. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that the '053 patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, sections 102, 103, and 112.

### NINTH CLAIM FOR RELIEF

**Declaratory Relief Regarding Unenforceability of the '053 Patent Including Due to License and/or Exhaustion**

71. ASUS incorporates herein the allegations of paragraphs 1-42.

72. An actual and justiciable controversy exists between ASUS and Round Rock as to the unenforceability of the '053 patent, as set forth above.

73. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that the '053 patent is unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to ASUS by suppliers who have or had express licenses to the '053 patent.

74. ASUS further requests the declaration of the Court that the '053 patent is unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to ASUS by suppliers who have implied licenses to the '053 patent.

75. ASUS further requests the declaration of the Court that the '053 patent is unenforceable under the doctrine of patent exhaustion.

## TENTH CLAIM FOR RELIEF

### Declaratory Relief Regarding Non-Infringement of the '949 Patent

76. ASUS incorporates herein the allegations of paragraphs 1-42.

77. An actual and justiciable controversy exists between ASUS and Round Rock as to the non-infringement of the '949 patent, as set forth above.

78. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that ASUS does not infringe and has not infringed, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '949 patent.

## ELEVENTH CLAIM FOR RELIEF

### Declaratory Relief Regarding Invalidity of the '949 Patent

79. ASUS incorporates herein the allegations of paragraphs 1-42.

80. An actual and justiciable controversy exists between ASUS and Round Rock as to the invalidity of the '949 patent, as set forth above.

81. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that the '949 patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, sections 102, 103, and 112.

## TWELFTH CLAIM FOR RELIEF

### Declaratory Relief Regarding Unenforceability of the '949 Patent
### Including Due to License and/or Exhaustion

82. ASUS incorporates herein the allegations of paragraphs 1-42.

83. An actual and justiciable controversy exists between ASUS and Round Rock as to the unenforceability of the '949 patent, as set forth above.

84. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that the '949 patent is unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to ASUS by suppliers who have or had express licenses to the '949 patent.

78864-0001/LEGAL22374122.1

85. ASUS further requests the declaration of the Court that the '949 patent is unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to ASUS by suppliers who have implied licenses to the '949 patent.

86. ASUS further requests the declaration of the Court that the '949 patent is unenforceable under the doctrine of patent exhaustion.

### THIRTEENTH CLAIM FOR RELIEF

**Declaratory Relief Regarding Non-Infringement of the '520 Patent**

87. ASUS incorporates herein the allegations of paragraphs 1-42.

88. An actual and justiciable controversy exists between ASUS and Round Rock as to the non-infringement of the '520 patent, as set forth above.

89. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that ASUS does not infringe and has not infringed, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '520 patent.

### FOURTEENTH CLAIM FOR RELIEF

**Declaratory Relief Regarding Invalidity of the '520 Patent**

90. ASUS incorporates herein the allegations of paragraphs 1-42.

91. An actual and justiciable controversy exists between ASUS and Round Rock as to the invalidity of the '520 patent, as set forth above.

92. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that the '520 patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, sections 102, 103, and 112.

### FIFTEENTH CLAIM FOR RELIEF

**Declaratory Relief Regarding Unenforceability of the '520 Patent**
**Including Due to License and/or Exhaustion**

93. ASUS incorporates herein the allegations of paragraphs 1-42.

94. An actual and justiciable controversy exists between ASUS and Round Rock as to the unenforceability of the '520 patent, as set forth above.

78864-0001/LEGAL22374122.1

95. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that the '520 patent is unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to ASUS by suppliers who have or had express licenses to the '520 patent.

96. ASUS further requests the declaration of the Court that the '520 patent is unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to ASUS by suppliers who have implied licenses to the '520 patent.

97. ASUS further requests the declaration of the Court that the '520 patent is unenforceable under the doctrine of patent exhaustion.

## SIXTEENTH CLAIM FOR RELIEF

### Declaratory Relief Regarding Non-Infringement of the '353 Patent

98. ASUS incorporates herein the allegations of paragraphs 1-42.

99. An actual and justiciable controversy exists between ASUS and Round Rock as to the non-infringement of the '353 patent, as set forth above.

100. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that ASUS does not infringe and has not infringed, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '353 patent.

## SEVENTEENTH CLAIM FOR RELIEF

### Declaratory Relief Regarding Invalidity of the '353 Patent

101. ASUS incorporates herein the allegations of paragraphs 1-42.

102. An actual and justiciable controversy exists between ASUS and Round Rock as to the invalidity of the '353 patent, as set forth above.

103. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that the '353 patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, sections 102, 103, and 112.

## EIGHTEENTH CLAIM FOR RELIEF

### Declaratory Relief Regarding Unenforceability of the '353 Patent

### Including Due to License and/or Exhaustion

104. ASUS incorporates herein the allegations of paragraphs 1-42.

105. An actual and justiciable controversy exists between ASUS and Round Rock as to the unenforceability of the '353 patent, as set forth above.

106. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that the '353 patent is unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to ASUS by suppliers who have or had express licenses to the '353 patent.

107. ASUS further requests the declaration of the Court that the '353 patent is unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to ASUS by suppliers who have implied licenses to the '353 patent.

108. ASUS further requests the declaration of the Court that the '353 patent is unenforceable under the doctrine of patent exhaustion.

## PRAYER FOR RELIEF

WHEREFORE, ASUS prays that the Court enter declaratory judgment as follows:

(1) That ASUS and ASUS' products and services do not infringe and have not infringed, directly or indirectly, literally or under the Doctrine of Equivalents, any valid claim of the '791, '276, '053, '949, '520, or '353 patents;

(2) That the '791, '276, '053, '949, '520, or '353 patents are invalid;

(3) That the '791, '276, '053, '949, '520, or '353 patents are unenforceable;

(4) That Round Rock, and all persons acting on its behalf or in concert with it, including without limitation IP Value, be permanently enjoined and restrained from charging, orally or in writing, that the '791, '276, '053, '949, '520, or '353 patents are infringed by ASUS or any of ASUS' products or services, whether directly or indirectly, literally or under the Doctrine of Equivalents;

78864-0001/LEGAL22374122.1

(5) That ASUS be awarded its costs, expenses, and reasonable attorney fees in this action; and

(6) That ASUS be awarded such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

ASUS demands a trial by jury on all issues triable by a jury.

DATED: April 26, 2012

*/s/ John Schnurer*

JSchnurer@perkinscoie.com
**Perkins Coie LLP**
11988 El Camino Real, Suite 200
San Diego, CA 92130-3334
Telephone: 858.720.5700
Facsimile: 858.720.5799

Attorneys for Plaintiff

78864-0001/LEGAL22374122.1