BLACK CHANG & HAMILL LLP
Peter H. Chang (SBN 241467)
pchang@bchllp.com
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
333 Bush Street, Suite 2250
San Francisco, California 94104
Telephone: 415-813-6210
Facsimile:  415-813-6222

*Attorneys for Defendant and Counterclaim Plaintiff*
*Round Rock Research LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL,<br><br>*Plaintiff*,<br><br>v.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>*Defendant*.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>*Counterclaim Plaintiff*,<br><br>v.<br><br>ASUSTEK COMPUTER INC. and<br>ASUS COMPUTER INTERNATIONAL,<br>INC.,<br><br>*Counterclaim Defendants*. | Case No. 5:12-cv-02099-PSG<br><br>**ROUND ROCK RESEARCH, LLC'S<br>ANSWER AND COUNTERCLAIMS** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ROUND ROCK'S ANSWER AND COUNTERCLAIMS

Round Rock Research, LLC ("Round Rock"), hereby files its Answer and Counterclaims to plaintiff ASUS Computer International's Complaint as follows:

### ANSWER TO THE COMPLAINT

### The Parties

1.  Round Rock admits the allegations contained in paragraph 1 of the Complaint.

2.  Round Rock admits the allegations contained in paragraph 2 of the Complaint.

3.  Round Rock admits that it is a Delaware limited liability company and that its principal place of business is 26 Deer Creek Lane, Mount Kisco, New York 10549.

4.  Round Rock admits that it owns over 4000 patents and patent applications and licenses those patents to companies that use its intellectual property. To the extent that paragraph 4 of the Complaint contains any other or different allegations, they are denied.

### Jurisdiction And Venue

5.  Round Rock admits the allegations contained in paragraph 5 of the Complaint.

6.  Round Rock admits the allegations contained in paragraph 6 of the Complaint to the extent those allegations relate to the specific products accused of infringement in this action. To the extent that paragraph 6 of the Complaint contains any other or different allegations, they are denied.

7.  Round Rock admits the allegations contained in the first two sentences of paragraph 7 of the Complaint to the extent those allegations relate to the specific products accused of infringement in this action. To the extent that paragraph 7 of the Complaint contains any other or different allegations, they are denied.

8.  For the purposes of this case only, Round Rock does not contest that this Court has specific personal jurisdiction over Round Rock. To the extent that paragraph 8 of the Complaint contains any other or different allegations, they are denied.

9.  Round Rock admits that it has licensed patents to companies doing business in the United States. Round Rock denies the remaining allegations of paragraph 9.

10.     Round Rock admits that it sent a letter on or about March 30, 2011 that notified ASUSTeK Computer, Inc. ("ASUSTeK") in Taiwan and plaintiff – a wholly owned US subsidiary of ASUSTeK – that "[a] number of ASUSTeK products incorporate and use features and functionality covered by various Round Rock patents" and that "ASUSTeK therefore infringes these patents, either directly or indirectly." That letter noted Round Rock's appointment of IPVALUE Management, Inc. ("IPVALUE") as "[Round Rock's] agent to commercialize Round Rock's patents and other intellectual property rights worldwide." Mr. Gerard A. deBlasi is Vice President of Licensing at Round Rock and previously served as an Executive Vice President at IPVALUE from 2005 to 2011. He currently serves on IPVALUE's Board of Directors. To the extent that paragraph 10 of the Complaint contains any other or different allegations, they are denied.

11.     Round Rock admits that on or about April 14, 2011 IPVALUE sent a letter to ASUSTeK in Taiwan and to plaintiff stating, "IPVALUE Management, Inc. has been appointed by [Round Rock] as its agent to license the [Round Rock] patents." To the extent that paragraph 11 of the Complaint contains any other or different allegations, they are denied.

12.     Round Rock admits that it has continued to pursue licensing discussions with ASUSTeK and plaintiff, and that, at the invitation of ASUSTeK, Gerard deBlasi and Paul Riley met with representatives of ASUSTeK on April 5, 2012 in Palo Alto, California. To the extent that paragraph 12 of the Complaint contains any other or different allegations, they are denied.

13.     Round Rock admits that the court in *SanDisk Corp. v. Round Rock Research, LLC*, No. 3:11-cv-5243-RS (N.D. Cal.), found that it had specific personal jurisdiction over Round Rock in that case. To the extent that paragraph 13 of the Complaint contains any other or different allegations, they are denied.

14.     Round Rock admits that it filed counterclaims in *SanDisk Corp. v. Round Rock Research, LLC*, No. 3:11-cv-05243-RS (N.D. Cal.), including counterclaims for SanDisk's infringement of U.S. Patent Nos. 6,570,791 and 7,021,520. To the extent that paragraph 14 of the Complaint contains any other or different allegations, they are denied.

15.     Round Rock admits that IPVALUE is Round Rock's limited agent for the purpose of negotiating licenses to Round Rock's patent portfolio. Round Rock denies the remaining allegations in paragraph 15 of the Complaint.

16.     Round Rock admits that Apple, Sony, Micron, Samsung, Nokia, HTC, IBM, and LG have licensed Round Rock patents or are the recipients of a covenant not to sue. Round Rock lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint as they pertain to those companies and therefore denies them.

17.     Round Rock admits the allegations contained in paragraph 17 of the Complaint.

### General Allegations

18.     Round Rock admits that the Complaint purports to set forth an action involving six Round Rock patents, but denies that there are any factual or legal or legal bases for the plaintiff's claims.

19.     Round Rock admits the allegations contained in the first sentence of paragraph 19 of the Complaint. Round Rock lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and therefore denies them.

20.     Round Rock admits that Micron Technology, Inc. assigned patents to Round Rock in 2009. Round Rock further admits that its patent portfolio includes patents related to, among other things, semiconductor processing, DRAM, computers, microprocessors, packaging, flash, battery, and power management. To the extent that paragraph 20 of the Complaint contains any other or different allegations, they are denied.

21.     Round Rock admits that it sent a letter on or about March 30, 2011 that notified ASUSTeK in Taiwan and the plaintiff, ASUSTeK's wholly-owned US subsidiary, that ASUS-branded products infringe multiple Round Rock patents, including the '949 patent. To the extent that paragraph 21 of the Complaint contains any other or different allegations, they are denied.

22.     Round Rock denies the allegations contained in paragraph 22 of the Complaint.

23. Round Rock admits that on or about April 14, 2011 Mr. Paul Riley of IPVALUE sent a letter to ASUSTeK in Taiwan and to the plaintiff. That letter stated, "Mr. Desmarais and I would like to schedule a meeting with you in May to begin discussions regarding the RRR patents." To the extent that paragraph 23 of the Complaint contains any other or different allegations, they are denied.

24. Round Rock admits that it met with ASUSTeK in Taiwan on or about June 9, 2011. At that meeting, Round Rock put ASUSTeK and plaintiff on notice of its infringement of the '276, '949, '520, and '353 patents. To the extent that paragraph 24 of the Complaint contains any other or different allegations, they are denied.

25. Round Rock denies the allegations contained in paragraph 25 of the Complaint.

26. Round Rock admits that on October 14, 2011 it filed suit against ASUSTeK and the plaintiff in the District of Delaware, Civil Action No. 11-cv-978-RGA, for infringing nine Round Rock patents. To the extent that paragraph 26 of the Complaint contains any other or different allegations, they are denied.

27. Round Rock admits that it filed suit against Dell, Inc. on October 14, 2011 in the District of Delaware for infringing the same patents it asserted against ASUSTeK and the plaintiff. To the extent that paragraph 27 of the Complaint contains any other or different allegations, they are denied.

28. Round Rock admits it sent a letter to ASUSTeK in Taiwan identifying ASUSTeK's and plaintiff's infringement of the '053 patent. To the extent that paragraph 28 of the Complaint contains any other or different allegations, they are denied.

29. Round Rock admits the allegations contained in paragraph 29 of the Complaint.

30. Round Rock admits the allegations contained in paragraph 30 of the Complaint.

31. Round Rock admits that plaintiff and ASUSTeK filed a declaratory judgment action on December 23, 2012, and that none of the patents in that action are asserted in this action. Round Rock denies the remaining allegations contained in paragraph 31 of the Complaint.

32.     Round Rock admits that plaintiff has not licensed Round Rock's patents, despite the need to do so.  To the extent that paragraph 32 of the Complaint contains any other or different allegations, they are denied.

33.     Round Rock admits it met with ASUSTeK in Taiwan on March 7, 2012.  At that meeting Round Rock put ASUSTeK and plaintiff on notice of at least the '791, '520, and '053 patents.  To the extent that paragraph 33 of the Complaint contains any other or different allegations, they are denied.

34.     Round Rock admits that, at the invitation of ASUSTeK, it met representatives from ASUSTeK on April 5, 2012 in Palo Alto, California.

35.     Round Rock admits that it filed counterclaims for patent infringement, including of the '791 and '520 patents, against SanDisk on April 5, 2012 in the Northern District of California. To the extent that paragraph 35 of the Complaint contains any other or different allegations, they are denied.

36.     Round Rock denies the allegations contained in paragraph 36 of the Complaint.

37.     Round Rock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and therefore denies them.

38.     Round Rock admits that it executed license agreements with Samsung and Micron. Round Rock denies the remaining allegations of paragraph 38.

39.     Round Rock admits that the plaintiff purports to seek declaratory judgment that the patents-in-suit are not infringed, invalid, and unenforceable.  To the extent that paragraph 39 of the Complaint contains any other or different allegations, they are denied.

40.     Round Rock denies the allegations contained in paragraph 40 of the Complaint.

### Intradistrict Assignment & Related Cases

41.     Round Rock denies that this action is related to *SanDisk Corp. v. Round Rock Research, LLC*, No. 3:11-cv-5243-RS (N.D. Cal.).  Further, the Court denied ASUS's motion to administratively relate this action with the SanDisk action on May 10, 2012.  (D.I. 87 in case no. 3:11-cv-05243-RS.)

42. Round Rock denies that this action is related to *ASUSTeK Computer Inc. v. Round Rock Research, LLC*, No. 4:11-cv-6636-CW (N.D. Cal.). Further, the Court denied ASUS's motion to administratively relate this action with the ASUSTeK action on May 4, 2012. (D.I. 48 in case no. 4:11-cv-6636-CW.)

**First Claim for Relief**

**(Declaratory Judgment of Non-Infringement of the '791 Patent)**

43. With respect to paragraph 43 of the Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as set forth above.

44. Round Rock admits that there is an actual and justiciable controversy between the plaintiff and Round Rock regarding the infringement of the '791 patent. Round Rock otherwise denies the allegations of paragraph 44.

45. Paragraph 45 contains a request for relief that requires no response. To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations. Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

**Second Claim for Relief**

**(Declaratory Judgment of Invalidity of the '791 Patent)**

46. With respect to paragraph 46 of the Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as set forth above.

47. Round Rock admits that there is an actual and justiciable controversy between the plaintiff and Round Rock regarding the validity of the '791 patent. Round Rock otherwise denies the allegations of paragraph 47.

48. Paragraph 48 contains a request for relief that requires no response. To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations. Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

**Third Claim for Relief**

**(Declaratory Judgment of Unenforceability of the '791 Patent)**

49.     With respect to paragraph 49 of the Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as set forth above.

50.     Round Rock admits that there is an actual and justiciable controversy between the plaintiff and Round Rock regarding the enforceability of the '791 patent.

51.     Paragraph 51 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

52.     Paragraph 52 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

53.     Paragraph 53 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

**Fourth Claim for Relief**

**(Declaratory Judgment of Non-Infringement of the '276 Patent)**

54.     With respect to paragraph 54 of the Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as set forth above.

55.     Round Rock admits that there is an actual and justiciable controversy between the plaintiff and Round Rock regarding infringement of the '276 patent.

56.     Paragraph 56 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

**Fifth Claim for Relief**

**(Declaratory Judgment of Invalidity of the '276 Patent)**

57.     With respect to paragraph 57 of the Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as set forth above.

58.     Round Rock admits that there is an actual and justiciable controversy between the plaintiff and Round Rock regarding the validity of the '276 patent.

59.     Paragraph 59 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

**Sixth Claim for Relief**

**(Declaratory Judgment of Unenforceability of the '276 Patent)**

60.     With respect to paragraph 60 of the Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as set forth above.

61.     Round Rock admits that there is an actual and justiciable controversy between the plaintiff and Round Rock regarding the enforceability of the '276 patent

62.     Paragraph 62 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

63.     Paragraph 63 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

64.     Paragraph 64 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

1

**Seventh Claim for Relief**

2

**(Declaratory Judgment of Non-Infringement of the '053 Patent)**

3      65.     With respect to paragraph 65 of the Complaint, Round Rock incorporates by

4  reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as

5  set forth above.

6      66.     Round Rock admits that there is an actual and justiciable controversy between the

7  plaintiff and Round Rock regarding the infringement of the '053 patent.

8      67.     Paragraph 67 contains a request for relief that requires no response.  To the extent it is

9  construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round

10  Rock further denies that the plaintiff is entitled to any relief whatsoever.

11

**Eighth Claim for Relief**

12

**(Declaratory Judgment of Invalidity of the '053 Patent)**

13      68.     With respect to paragraph 68 of the Complaint, Round Rock incorporates by

14  reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as

15  set forth above.

16      69.     Round Rock admits that there is an actual and justiciable controversy between the

17  plaintiff and Round Rock regarding the validity of the '053 patent.

18      70.     Paragraph 70 contains a request for relief that requires no response.  To the extent it is

19  construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round

20  Rock further denies that the plaintiff is entitled to any relief whatsoever.

21

**Ninth Claim for Relief**

22

**(Declaratory Judgment of Unenforceability of the '053 Patent)**

23      71.     With respect to paragraph 71 of the Complaint, Round Rock incorporates by

24  reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as

25  set forth above.

26      72.     Round Rock admits that there is an actual and justiciable controversy between the

27  plaintiff and Round Rock regarding the enforceability of the '053 patent.

28

1   73.     Paragraph 73 contains a request for relief that requires no response.  To the extent it is

2   construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round

3   Rock further denies that the plaintiff is entitled to any relief whatsoever.

4   74.     Paragraph 74 contains a request for relief that requires no response.  To the extent it is

5   construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round

6   Rock further denies that the plaintiff is entitled to any relief whatsoever.

7   75.     Paragraph 75 contains a request for relief that requires no response.  To the extent it is

8   construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round

9   Rock further denies that the plaintiff is entitled to any relief whatsoever.

10   **Tenth Claim for Relief**

11   **(Declaratory Judgment of Non-Infringement of the '949 Patent)**

12   76.     With respect to paragraph 76 of the Complaint, Round Rock incorporates by

13   reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as

14   set forth above.

15   77.     Round Rock admits that there is an actual and justiciable controversy between the

16   plaintiff and Round Rock regarding the infringement of the '949 patent.

17   78.     Paragraph 78 contains a request for relief that requires no response.  To the extent it is

18   construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round

19   Rock further denies that the plaintiff is entitled to any relief whatsoever.

20   **Eleventh Claim for Relief**

21   **(Declaratory Judgment of Invalidity of the '949 Patent)**

22   79.     With respect to paragraph 79 of the Complaint, Round Rock incorporates by

23   reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as

24   set forth above.

25   80.     Round Rock admits that there is an actual and justiciable controversy between the

26   plaintiff and Round Rock regarding the validity of the '949 patent.

27

28

81.     Paragraph 81 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

### Twelfth Claim for Relief

### (Declaratory Judgment of Unenforceability of the '949 Patent)

82.     With respect to paragraph 82 of the Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as set forth above.

83.     Round Rock admits that there is an actual and justiciable controversy between the plaintiff and Round Rock regarding the enforceability of the '949 patent.

84.     Paragraph 84 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

85.     Paragraph 85 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

86.     Paragraph 86 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

### Thirteenth Claim for Relief

### (Declaratory Judgment of Non-Infringement of the '520 Patent)

87.     With respect to paragraph 87 of the Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as set forth above.

88.     Round Rock admits that there is an actual and justiciable controversy between the plaintiff and Round Rock regarding the infringement of the '520 patent.

89.     Paragraph 89 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

**Fourteenth Claim for Relief**

**(Declaratory Judgment of Invalidity of the '520 Patent)**

90.     With respect to paragraph 90 of the Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as set forth above.

91.     Round Rock admits that there is an actual and justiciable controversy between the plaintiff and Round Rock regarding the validity of the '520 patent.

92.     Paragraph 92 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

**Fifteenth Claim for Relief**

**(Declaratory Judgment of Unenforceability of the '520 Patent)**

93.     With respect to paragraph 93 of the Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as set forth above.

94.     Round Rock admits that there is an actual and justiciable controversy between the plaintiff and Round Rock regarding the enforceability of the '520 patent.

95.     Paragraph 95 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

96.     Paragraph 96 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

97.     Paragraph 97 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

**Sixteenth Claim for Relief**

**(Declaratory Judgment of Non-Infringement of the '353 Patent)**

98.     With respect to paragraph 98 of the First Amended Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 of the First Amended Complaint as set forth above.

99.     Round Rock admits that there is an actual and justiciable controversy between the plaintiff and Round Rock regarding the infringement of the '353 patent.

100.    Paragraph 100 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

**Seventeenth Claim for Relief**

**(Declaratory Judgment of Invalidity of the '353 Patent)**

101.    With respect to paragraph 101 of the Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as set forth above.

102.    Round Rock admits that there is an actual and justiciable controversy between the plaintiff and Round Rock regarding the validity of the '353 patent.

103.    Paragraph 103 contains a request for relief that requires no response.  To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

**Eighteenth Claim for Relief**

**(Declaratory Judgment of Unenforceability of the '353 Patent)**

104.    With respect to paragraph 104 of the Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 of the Complaint as set forth above.

105. Round Rock admits that there is an actual and justiciable controversy between the plaintiff and Round Rock regarding the enforceability of the '353 patent.

106. Paragraph 106 contains a request for relief that requires no response. To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations. Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

107. Paragraph 107 contains a request for relief that requires no response. To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations. Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

108. Paragraph 108 contains a request for relief that requires no response. To the extent it is construed to contain any factual or legal allegations, Round Rock denies those allegations. Round Rock further denies that the plaintiff is entitled to any relief whatsoever.

**Answer To Prayer For Relief**

Round Rock denies that the plaintiff is entitled to any relief whatsoever in this action, either as prayed for in the Complaint or otherwise. Specifically, Round Rock denies that the plaintiff is entitled to the relief prayed for in paragraphs (1), (2), (3), (4), (5), and (6).

Round Rock further denies each and every allegation contained in the Complaint to which it has not specifically responded.

**COUNTERCLAIMS**

Counterclaim Plaintiff Round Rock Research, LLC ("Round Rock Research"), for its counterclaims against Counterclaim Defendants ASUSTeK Computer Inc. ("ASUSTeK") and ASUS Computer International, Inc. ("ACI") (collectively, "ASUS"), hereby alleges as follows:

**The Parties**

1. Round Rock is a Delaware limited liability company with its principal place of business at 26 Deer Creek Lane, Mount Kisco, NY 10549.

2. ASUSTeK is a company organized and existing under the laws of Taiwan, Republic of China with its principal place of business at Nr. 15 Li-Te Road, Peitou Taipei, 112, Taiwan.

3.    ACI is a wholly-owned subsidiary of ASUSTeK and a California corporation with its principal place of business at 800 Corporate Way, Fremont, California 94539.  ACI has appointed Godwin Yan at 800 Corporate Way, Fremont, California 94539, as its agent for service of process.

**Nature Of The Action**

4.    This is a civil action for infringement of five United States patents (the "patents-in-suit") arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

**Jurisdiction And Venue**

5.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

6.    This Court has personal jurisdiction over ASUS because, among other things, ASUS has committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this judicial district and elsewhere that led to foreseeable harm and injury to Round Rock Research.

7.    This Court also has personal jurisdiction over because, among other things, ASUS has established minimum contacts within the forum such that the exercise of jurisdiction over will not offend traditional notions of fair play and substantial justice.  Moreover, ASUS has placed products that practice the claimed inventions of the Patents-in-Suit into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this judicial district.  And ASUS sold, advertised, marketed, and distributed in this judicial district products that practice the claimed inventions of the Patents-in-Suit.

8.    In addition, ASUS knowingly induced, and continue to knowingly induce, infringement of the Patents-in-Suit within this District by making, using, selling, offering for sale, and importing infringing products, as well as by contracting with others to use, market, sell, offer to sell, and import infringing products, all with knowledge of the Patents-in-Suit and their claims; with knowledge that its customers will use, market, sell, offer to sell, and import the infringing products in this District and elsewhere in the United States; and with the knowledge and intent to encourage and facilitate infringing sales and use of the products by others within this District and the United

States by creating and disseminating promotional and marketing materials, instructional materials and product manuals, and technical materials related to the infringing products.

9.     Moreover, ASUS knowingly contributed to the infringement of the Patents-in-Suit by others in this District, and continue to contribute to infringement of the Patents-in-Suit by others in this District, by selling, offering to sell, and importing components of infringing products in this District, which components constitute a material part of the inventions of the Patents-in-Suit; knowing of the Patents-in-Suit and their claims; knowing those components to be especially made or especially adapted for use to infringe the Patents-in-Suit; and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use.

10.     Further, jurisdiction is appropriate at least because of ASUS's use of this forum in *ASUSTeK Computer Inc. v. Round Rock Research, LLC*, No. 4:11-cv-6636-CW (N.D. Cal.).

11.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

**<u>The Patents-In-Suit</u>**

12.     On May 27, 2003, United States Patent No. 6,570,791 ("the '791 patent"), titled "Flash Memory with DDRAM Interface," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '791 patent is attached to the Complaint (D.I. 1) as Exhibit A.

13.     On July 20, 2004, United States Patent No. 6,765,276 ("the '276 patent"), titled "Bottom Antireflection Coating Color Filter Process for Fabricating Solid State Image Sensors," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '276 patent is attached to the Complaint (D.I. 1) as Exhibit B.

14.     On January 18, 2005, United States Patent No. 6,845,053 ("the '053 patent"), titled "Power Throughput Adjustment in Flash Memory," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '053 patent is attached to the Complaint (D.I. 1) as Exhibit C.

15.     On August 16, 2005, United States Patent No. 6,930,949 ("the '949 patent"), titled "Power Savings in Active Standby Mode," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '949 patent is attached to the Complaint (D.I. 1) as Exhibit D.

16.    On April 4, 2006, United States Patent No. 7,021,520 (the '520 patent), titled "Stacked Chip Connection Using Stand Off Stich Bonding," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '520 patent is attached to the Complaint (D.I. 1) as Exhibit E.

17.    On October 9, 2007, United States Patent No. 7,279,353 ("the '353 patent"), titled "Passivation Planarization," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '353 patent is attached to the Complaint (D.I. 1) as Exhibit F.

18.    Round Rock is the exclusive owner of all rights, title, and interest in each of the patents-in-suit, and has the right to bring this suit to recover damages for any current or past infringement of each of the patents-in-suit.

## COUNT I

### Infringement Of The '791 Patent

19.    Paragraphs 1 through 18 are incorporated by reference as if fully restated herein.

20.    Upon information and belief, ASUS has infringed, and continues to infringe, '791 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing into the United States products that contain embedded multimediacard flash ("eMMC") memory (collectively, the "'791 Infringing Products").

21.    ASUS has had knowledge of the '791 patent and its infringement since at least March 7, 2012, through a Round Rock presentation to ASUS concerning the '791 patent and that infringement.

22.    Upon information and belief, ASUS has indirectly infringed, and continues to indirectly infringe, the '791 patent by encouraging its customers and end users to implement and practice the claims of the '791 Patent.  ASUS's customers and end users directly infringe the '791 Patent by making, using, selling, offering for sale and/or importing '791 Infringing Products in the United States.

23.    Upon information and belief, ASUS has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '791 patent by making, using, offering for sale, importing, and selling '791 Infringing Products, as well as

by contracting with others to use, market, sell, offer to sell, and import '791 Infringing Products, all with knowledge of the '791 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import '791 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '791 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '791 Infringing Products.

24. Upon information and belief, ASUS has contributed to the infringement by others (e.g., ASUS's customers and the users of '791 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, and importing '791 Infringing Products into the United States, knowing that those systems constitute a material part of the inventions of the '791 patent, knowing those systems to be especially made or adapted to infringe the '791 patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

25. Round Rock Research has been and continues to be damaged by ASUS's infringement of the '791 patent.

26. Upon information and belief, ASUS has willfully infringed, and continues to willfully infringe, the '791 patent despite having received notice of its infringement from Round Rock Research.

## COUNT II

### Infringement Of The '276 Patent

27. Paragraphs 1 through 26 are incorporated by reference as if fully restated herein.

28. ASUS has infringed, and continues to infringe, '276 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing into the United States products that contain complementary metal-oxide-semiconductor (CMOS) image sensors (collectively, the "'276 Infringing Products"), including at least the K52 line of notebook computers.

29.    ASUS has had knowledge of and notice of the '276 patent and its infringement since at least June 9, 2011, through a presentation given by Round Rock to ASUS concerning the '276 patent and its infringement.

30.    ASUS has indirectly infringed, and continues to indirectly infringe, the '276 patent by encouraging its customers and end users to implement and practice the claims of the '276 patent. ASUS's customers and end users directly infringe the '276 patent by making, using, selling, offering for sale and/or importing '276 Infringing Products in the United States.

31.    ASUS has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '276 patent by making, using, offering for sale, importing, and selling '276 Infringing Products, as well as by contracting with others to use, market, sell, offer to sell, and import '276 Infringing Products, all with knowledge of the '276 patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import '276 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '276 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '276 Infringing Products.

32.    ASUS has contributed to the infringement by others (e.g., ASUS's customers and the users of '276 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, and importing '276 Infringing Products into the United States, knowing that those systems constitute a material part of the inventions of the '276 patent, knowing those systems to be especially made or adapted to infringe the '276 patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

33.    Round Rock Research has been and continues to be damaged by ASUS's infringement of the '276 patent.

34.    ASUS has willfully infringed, and continues to willfully infringe, the '276 Patent despite having received notice of its infringement from Round Rock Research.

**COUNT III**

**Infringement Of The '053 Patent**

35.     Paragraphs 1 through 34 are incorporated by reference as if fully restated herein.

36.     Upon information and belief, ASUS has infringed, and continues to infringe, '053 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing into the United States products that contain embedded multimediacard flash ("eMMC") memory (collectively, the "'053 Infringing Products").

37.     Upon information and belief, ASUS has had knowledge of and notice of the '053 patent and its infringement since at least December 5, 2011, through a letter sent by Round Rock to ASUSTeK and ACI concerning the '053 patent and its infringement.

38.     Upon information and belief, ASUS has indirectly infringed, and continues to indirectly infringe, the '053 patent by encouraging its customers and end users to implement and practice the claims of the '053 patent.  ASUS's customers and end users directly infringe the '053 patent by making, using, selling, offering for sale and/or importing '053 Infringing Products in the United States.

39.     Upon information and belief, ASUS has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '053 patent by making, using, offering for sale, importing, and selling '053 Infringing Products, as well as by contracting with others to use, market, sell, offer to sell, and import '053 Infringing Products, all with knowledge of the '053 patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import '053 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '053 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '053 Infringing Products.

40.     Upon information and belief, ASUS has contributed to the infringement by others (e.g., ASUS's customers and the users of '053 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, and importing '053 Infringing Products into the United States, knowing that those systems constitute a material part of the inventions of the '053

1   Patent, knowing those systems to be especially made or adapted to infringe the '053 patent, and

2   knowing that those systems are not staple articles or commodities of commerce suitable for

3   substantial non-infringing use.

4       41.    Round Rock Research has been and continues to be damaged by ASUS's

5   infringement of the '053 patent.

6       42.    ASUS has willfully infringed, and continues to willfully infringe, the '053 patent

7   despite having received notice of its infringement from Round Rock Research.

8   **COUNT IV**

9   **Infringement Of The '949 Patent**

10       43.    Paragraphs 1 through 42 are incorporated by reference as if fully restated herein.

11       44.    ASUS has infringed, and continues to infringe, '949 patent under 35 U.S.C. § 271,

12   either literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling,

13   and/or importing into the United States products that contain DDR3 memory (collectively, the "'949

14   Infringing Products"), including at least products from the following lines: Essentio and Eee desktop

15   computers; Eee tablets; U, N, F, M, X, G, K, A, F, K, and B notebook computers; T and R servers;

16   and AMD and Intel series motherboards.

17       45.    ASUS has had knowledge of and notice of the '949 patent and its infringement since

18   at least March 30, 2011, through a letter from Round Rock to ASUSTeK and ACI concerning the

19   '949 patent and that infringement.

20       46.    ASUS has indirectly infringed, and continues to indirectly infringe, the '949 patent by

21   encouraging its customers and end users to implement and practice the claims of the '949 patent.

22   ASUS's customers and end users directly infringe the '949 patent by making, using, selling, offering

23   for sale and/or importing '949 Infringing Products in the United States.

24       47.    ASUS has actively, knowingly, and intentionally induced, and continues to actively,

25   knowingly, and intentionally induce, infringement of the '949 patent by making, using, offering for

26   sale, importing, and selling '949 Infringing Products, as well as by contracting with others to use,

27   market, sell, offer to sell, and import '949 Infringing Products, all with knowledge of the '949 patent

28   and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell,

1   and import '949 Infringing Products; and with the knowledge and intent to encourage and facilitate

2   those infringing sales and uses of '949 Infringing Products through the creation and dissemination of

3   promotional and marketing materials, instructional materials, product manuals, and technical

4   materials related to '949 Infringing Products.

5       48.     ASUS has contributed to the infringement by others (e.g., ASUS's customers and the

6   users of '949 Infringing Products), and continues to contribute to infringement by others, by selling,

7   offering to sell, and importing '949 Infringing Products into the United States, knowing that those

8   systems constitute a material part of the inventions of the '949 patent, knowing those systems to be

9   especially made or adapted to infringe the '949 patent, and knowing that those systems are not staple

10  articles or commodities of commerce suitable for substantial non-infringing use.

11      49.     Round Rock Research has been and continues to be damaged by ASUS's

12  infringement of the '949 patent.

13      50.     ASUS has willfully infringed, and continues to willfully infringe, the '949 patent

14  despite having received notice of its infringement from Round Rock Research.

15                              **COUNT V**

16                  **Infringement Of The '353 Patent**

17      51.     Paragraphs 1 through 50 are incorporated by reference as if fully restated herein.

18      52.     ASUS has infringed, and continues to infringe, '353 patent under 35 U.S.C. § 271,

19  either literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling,

20  and/or importing into the United States products that contain complementary metal-oxide-

21  semiconductor (CMOS) image sensors (collectively, the "'353 Infringing Products"), including at

22  least the K52 line of notebook computers.

23      53.     ASUS has had knowledge of and notice of the '353 patent and its infringement since

24  at least June 9, 2011, through a Round Rock presentation to ASUS concerning the '353 patent and

25  its infringement.

26      54.     ASUS has indirectly infringed, and continues to indirectly infringe, the '353 patent by

27  encouraging its customers and end users to implement and practice the claims of the '353 patent.

28

1    ASUS's customers and end users directly infringe the '353 patent by making, using, selling, offering

2    for sale and/or importing '353 Infringing Products in the United States.

3           55.    ASUS has actively, knowingly, and intentionally induced, and continues to actively,

4    knowingly, and intentionally induce, infringement of the '353 patent by making, using, offering for

5    sale, importing, and selling '353 Infringing Products, as well as by contracting with others to use,

6    market, sell, offer to sell, and import '353 Infringing Products, all with knowledge of the '353 patent

7    and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell,

8    and import '353 Infringing Products; and with the knowledge and intent to encourage and facilitate

9    those infringing sales and uses of '353 Infringing Products through the creation and dissemination of

10   promotional and marketing materials, instructional materials, product manuals, and technical

11   materials related to '353 Infringing Products.

12          56.    ASUS has contributed to the infringement by others (e.g., ASUS's customers and the

13   users of '353 Infringing Products), and continues to contribute to infringement by others, by selling,

14   offering to sell, and importing '353 Infringing Products into the United States, knowing that those

15   systems constitute a material part of the inventions of the '353 Patent, knowing those systems to be

16   especially made or adapted to infringe the '353 Patent, and knowing that those systems are not staple

17   articles or commodities of commerce suitable for substantial non-infringing use.

18          57.    Round Rock Research has been and continues to be damaged by ASUS's

19   infringement of the '353 Patent.

20          58.    ASUS has willfully infringed, and continues to willfully infringe, the '353 Patent

21   despite having received notice of its infringement from Round Rock Research.

**<u>COUNT VI</u>**

**Infringement Of The '520 Patent**

24          59.    Paragraphs 1 through 58 are incorporated by reference as if fully restated herein.

25          60.    Upon information and belief, ASUS has infringed, and continues to infringe, '520

26   patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making,

27   using, offering for sale, selling, and/or importing into the United States products that contain

28   embedded multimediacard flash ("eMMC") memory (collectively, the "'520 Infringing Products").

61.     Upon information and belief, ASUS has had knowledge of and notice of the '520 patent and its infringement since at least June 9, 2011, through presentation made by Round Rock to ASUSTeK and ACI concerning the '520 patent and its infringement.

62.     Upon information and belief, ASUS has indirectly infringed, and continues to indirectly infringe, the '520 patent by encouraging its customers and end users to implement and practice the claims of the '520 patent.  ASUS's customers and end users directly infringe the '520 patent by making, using, selling, offering for sale and/or importing '520 Infringing Products in the United States.

63.     Upon information and belief, ASUS has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '520 patent by making, using, offering for sale, importing, and selling '520 Infringing Products, as well as by contracting with others to use, market, sell, offer to sell, and import '520 Infringing Products, all with knowledge of the '520 patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import '520 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '520 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '520 Infringing Products.

64.     Upon information and belief, ASUS has contributed to the infringement by others (e.g., ASUS's customers and the users of '520 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, and importing '520 Infringing Products into the United States, knowing that those systems constitute a material part of the inventions of the '520 Patent, knowing those systems to be especially made or adapted to infringe the '520 patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

65.     Round Rock Research has been and continues to be damaged by ASUS's infringement of the '520 patent.

66.     ASUS has willfully infringed, and continues to willfully infringe, the '520 patent despite having received notice of its infringement from Round Rock Research.

1

2                                    **Prayer For Relief**

3                 Wherefore, Counterclaim Plaintiff Round Rock Research respectfully requests that

4     this Court enter judgment against ASUS as follows:

5          a)      adjudging that the ASUS has infringed, induced infringement of, and/or contributorily

6     infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,570,791;

7          b)      adjudging that the ASUS has infringed, induced infringement of, and/or contributorily

8     infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,765,276;

9          c)      adjudging that the ASUS has infringed, induced infringement of, and/or contributorily

10    infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,845,053;

11         d)      adjudging that the ASUS has infringed, induced infringement of, and/or contributorily

12    infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,930,949;

13         e)      adjudging that the ASUS has infringed, induced infringement of, and/or contributorily

14    infringed, literally or under the doctrine of equivalents, U.S. Patent No. 7,021,520;

15         f)      adjudging that the ASUS has infringed, induced infringement of, and/or contributorily

16    infringed, literally or under the doctrine of equivalents, U.S. Patent No. 7,279,353;

17         g)      adjudging that the ASUS's infringement has been willful;

18         h)      awarding Round Rock Research the damages to which it is entitled under 35 U.S.C. §

19    284 for Counterclaim Defendants' past infringement and any continuing or future infringement up

20    until the date ASUS is finally and permanently enjoined from further infringement, including both

21    compensatory damages and enhanced/treble damages for willful infringement, and ordering a full

22    accounting of same;

23         i)      finding that this case is exceptional under 35 U.S.C. § 285;

24         j)      awarding Round Rock Research pre-judgment and post-judgment interest on its

25    damages; and

26         k)      awarding Round Rock Research such other and further relief in law or equity that the

27    Court deems just and proper.

28

1

## **Demand For Jury Trial**

2      Plaintiff Round Rock hereby demands a trial by jury on all issues so triable.

3

Dated:  May 18, 2012                              BLACK CHANG & HAMILL LLP

4
                                        By:    /s/ Peter H. Chang
5

6                                       *Attorneys for Defendant and Counterclaim
                                        Plaintiff Round Rock Research, LLC*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28