1  John P. Schnurer, Bar No. 185725
   JSchnurer@perkinscoie.com
2  Cheng (Jack) Ko, Bar No. 244630
   JKo@perkinscoie.com
3  Michael J. Engle, Bar No. 259476
   MEngle@perkinscoie.com
4  PERKINS COIE LLP
   11988 El Camino Real, Suite 200
5  San Diego, CA  92130-3334
   Telephone:  858.720.5700
6  Facsimile:  858.720.5799

7  James C. Pistorino, Bar No. 226496
   JPistorino@perkinscoie.com
8  PERKINS COIE LLP
   3150 Porter Drive
9  Palo Alto, CA  94304-1212
   Telephone:  650.838.4300
10 Facsimile:   650.838.4350

11 *Attorneys for Plaintiff and Counterclaim Defendant*
   *ASUS Computer International and*
12 *Counterclaim Defendant ASUSTeK Computer Inc.*
   *(additional counsel listed on signature page)*

13

14                    **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
15

16 ASUS COMPUTER INTERNATIONAL,          Case No. 3:12-cv-02099-WHA

17          *Plaintiff,*                  **JOINT CASE MANAGEMENT**
                                          **STATEMENT**
18          v.
                                          Date:    September 6, 2012
19 ROUND ROCK RESEARCH, LLC,              Time:   11:00 AM
                                          Judge:  Hon. William H. Alsup
20          *Defendant.*

21 ─────────────────────────────

22 ROUND ROCK RESEARCH, LLC,

23          *Counterclaim Plaintiff,*

24          v.

25 ASUSTEK COMPUTER INC. and
   ASUS COMPUTER INTERNATIONAL,
26
            *Counterclaim Defendants.*
27

28

Pursuant to Civil L.R. 16-9 and Fed. R. Civ. P. 26(f), Plaintiff and Counterclaim Defendants ASUS Computer International ("ACI") and ASUSTeK Computer Inc. ("ASUSTeK") (collectively "ASUS") and Defendant and Counterclaim Plaintiff Round Rock Research, LLC ("Round Rock") respectfully submit this Joint Case Management Statement.

**1. Jurisdiction, Venue, and Service**

The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the U.S. Patent Act, 35 U.S.C. § 101 *et seq.* (D.I. 1 ¶ 6; D.I. 8 ¶ 5.) For purposes of this case only, Round Rock does not contest personal jurisdiction. (D.I. 8 ¶ 8.) Round Rock was served on April 27, 2012. No party contests service.

**2. Facts**

    **a. ASUS' Statement of Facts**

Beginning on March 30, 2011, Round Rock sent a series of letters and emails to ASUS demanding that ASUS purchase a license to Round Rock's patent portfolio. (D.I. 1 ¶ 21.) Round Rock's patent portfolio (acquired from semiconductor component manufacturer Micron Technology, Inc.) is focused on component-level technologies, such as semiconductors and memory chips, which is different from ASUS' main business of making and selling system-level products such as computers or tablets. (D.I. 1 ¶ 20.) ASUS also believes many of its component suppliers already have licenses to Round Rock's patents. Nevertheless, Round Rock continued to threaten its component-level patents against ASUS' system-level products.

The parties are already involved in patent litigation regarding ten patents not at issue in this case in both Delaware and the Northern District of California. (D.I. 1 ¶¶ 26, 31.) Both litigations are currently in jurisdictional discovery. At least one of ASUS' suppliers (SanDisk) is also engaged in a declaratory judgment action against Round Rock in the Northern District of California that involves three of the patents-in-suit here (U.S. Patent Nos. 6,570,791; 6,845,053; and 7,021,520). *SanDisk Corp. v. Round Rock Research LLC*, No. 11-cv-05243-RS.

Despite the ongoing litigations in California and Delaware, despite Round Rock's patents being primarily focused on components rather than systems, and despite Round Rock knowing

JOINT CASE MANAGEMENT STATEMENT
Case No.: 3:12-cv-02099-WHA

many of ASUS' suppliers are licensed, Round Rock has continued to assert its patent portfolio, which includes the patents-in-suit, against ASUS. (D.I. 1 ¶ 32.) ASUS filed this declaratory judgment action to make clear that ASUS does not infringe, that Round Rock's patents are invalid, and/or that its patents are unenforceable, including because ASUS' suppliers are licensed.

### b. Round Rock's Statement of Facts

Round Rock is a Delaware limited liability company with its principal place of business in Mount Kisco, New York. Round Rock has a portfolio of over four thousand patents and pending patent applications that Round Rock acquired from Micron Technology, Inc. in 2009. Round Rock actively licenses its portfolio to many of the leading technology companies in the world. Round Rock's patented inventions span many different technical fields, ranging from semiconductor components and manufacturing processes to consumer products and systems. Among those patents are U.S. Patent Nos. 6,570,791, 6,765,276, 6,845,053, 6,930,949, 7,021,520, and 7,279,353 (collectively the "patents-in-suit"). (D.I. 8 ¶¶ 12-18.)

Round Rock has engaged ASUS in licensing discussions since at least March 30, 2011. Despite having met with representatives from ASUS on several occasions, ASUS continues to use Round Rock's patented technology without a license by making, using, selling, and/or importing infringing products into the United States. The parties continue to discuss licensing terms.

As a result of ASUS's unlicensed use of Round Rock's intellectual property, Round Rock filed a patent infringement action in the District of Delaware seeking damages for ASUS's infringement of U.S. Patent Nos. 5,255,109; 5,787,174; 5,938,794; 5,991,843; 6,002,613; 7,101,727; 7,138,823; 7,285,979; and 7,389,369. *Round Rock Research, LLC v. ASUSTeK Computer Inc.*, 11-CV-978-RGA (D. Del.) ("the Delaware litigation"). On December 6, 2011 Round Rock amended its Delaware complaint to add an additional patent-in-suit, U.S. Patent No. 7,336,531. On December 23, 2011, ASUS filed an action in the Northern District of California seeking declaratory judgment of non-infringement and invalidity against Round Rock of the same patents as the Delaware litigation. *ASUSTeK Computer Inc., et al. v. Round Rock Research, LLC, et al.*, 4:11-cv-6636-CW (N.D. Cal.). That action has been stayed pending resolution of ASUS's jurisdictional challenge to the Delaware litigation. Plaintiff ACI filed the instant Complaint on

April 26, 2012, seeking declaratory judgment of non-infringement and invalidity for all patents-in-suit.  (D.I. 1.)  On May 18, 2012, Round Rock answered the Complaint and asserted Counterclaims against ACI and ASUSTeK for infringement of five of the patents-in-suit:  U.S. Patent Nos. 6,570,791, 6,765,276, 6,845,053, 6,930,949, 7,021,520, and 7,279,353.  (D.I. 8.)

### 3.  Legal Issues

Based on the current posture of the litigation, the parties submit that some of the disputed points of law include:  (a) whether ASUS has infringed the patents-in-suit under 35 U.S.C. § 271, (b) whether ASUS's alleged infringement has been willful, (c) whether the patents-in-suit are invalid, (d) whether the patents-in-suit are unenforceable, (e) whether Round Rock is entitled to damages under 35 U.S.C. § 284, (f) whether ASUS or Round Rock is entitled to attorneys' fees and costs under 35 U.S.C. § 285, and (g) whether ASUS should be preliminarily or permanently enjoined from further infringing or inducing the infringement of the patents-in-suit.

### 4.  Motions & Amendment of Pleadings

There are no pending motions.  The parties do not currently anticipate any amendments.

### 5.  Evidence Preservation

The parties have taken reasonable steps to preserve evidence relevant to the issues reasonably related to the claims and defenses in this action.

### 6.  Disclosures

The parties will exchange initial disclosures 14 days after Round Rock serves its infringement contentions.

### 7.  Discovery

On July 11, 2012, ASUS served its First Set of Requests for Production, consisting of a single request related to Round Rock's licenses.  No other discovery has been taken to date.

#### a.  Protective Order

The parties agree that a protective order will be necessary in this case in light of the sensitive and proprietary information that will be exchanged during discovery.

ASUS agrees to the Court's Patent Local Rule 2-2 Interim Model Protective Order with several modifications.  First, no in-house counsel shall have access to confidential material of

another party. Second, because Round Rock does not develop or sell any products and thus has no confidential information regarding the technology at issue, whereas ASUS actively does develop and sell its own products and thus has significant confidential information that Round Rock could improperly use in reexamination, model paragraph 8 should be modified as follows:

> Counsel receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may not use such information to provide advice or opinions to facilitate prosecution of any patents, to otherwise attempt to secure patent claims (e.g., reissue, reexamination, and certificates of correction), or for any purpose not related to this case. This prohibition is not intended to preclude counsel from participating in reexamination proceedings on behalf of a party challenging the validity of a patent, where counsel will not be involved in crafting claims, but it is intended to preclude counsel from participating directly or indirectly in reexamination proceedings on behalf of a patentee. Confidential information shall be used solely for the prosecution of this litigation.

> No individual who, on behalf of the patent owner, has had access to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by any other party or third party in this litigation may prosecute, supervise, or assist in the prosecution of any patent application on behalf of the patent owner involving the particular technology or information disclosed in the produced information for a period ending two (2) years after the final resolution of this litigation. For purposes of this paragraph, prohibited prosecution shall include, without limitation: invention identification, invention evaluation, the decision whether to file a patent application for an invention, preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications, claim drafting, drafting of any document to be filed with the United States Patents and Trademark Office or any foreign patent office, or consultation on any of the above matters with others performing these activities.

Round Rock proposes that the parties adopt a Protective Order based on the protective order already entered by the Delaware Court in the Delaware litigations.

Should the Court decide to enter the Interim Model Protective Order, Round Rock proposes modifying model paragraph 8 as follows:.

> Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to dynamic random-access memory (DRAM); CMOS image sensors; and FLASH memory, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party before a domestic or foreign agency in connection with a reissue protest, ex parte reexamination or inter partes

JOINT CASE MANAGEMENT STATEMENT
Case No.: 3:12-cv-02099-WHA

1
2

<u>reexamination.</u>   This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

3    Round Rock further contends that ASUS's modification to the default, model prosecution

4    bar is overbroad and not justified.  ASUS offers no justification for its asymmetrical proposal

5    regarding counsel's participation in reexamination proceedings, which enables ASUS's litigation

6    counsel to be involved and advise ASUS in any reexamination proceedings, but seeks to deprive

7    Round Rock of the same.

8    The parties have agreed that Round Rock's employees, including John Desmarais, Gerard

9    deBlasi, and James Burris, will not act as outside counsel or in-house counsel for Round Rock or

10   have access to ASUS' confidential information.

11   **b.  Limits to Discovery Requests and Depositions**

12   Given six patents-in-suit with an unknown number of asserted claims against an unknown

13   number of products, ASUS proposes a limit of 60 interrogatories, 60 requests for admission (not

14   including authentication requests), and 80 deposition hours per side exclusive of third party

15   depositions.  Due to the need for a significant amount of third party discovery relating to

16   inventorship, ownership of the patents-in-suit, embodying products, and prior art, ASUS proposes

17   no limits on third party depositions beyond those set forth in the Federal Rules of Civil Procedure.

18   Round Rock proposes that the following discovery limits shall apply: 25 interrogatories;

19   50 requests for admission (not including authentication requests); and 100 deposition hours per

20   side inclusive of third party depositions.

21   **c.  Electronically Stored Information (ESI)**

22   The parties agree that an E-discovery protocol is desirable, and propose separately

23   negotiating exact parameters of that protocol and filing it with the Court.

24   **8.  Class Actions**

25   Not applicable.

26   **9.  Related Cases**

27   There are no related cases to this lawsuit. (D.I. 5; *see also* D.I. 48 in case no. 4:11-cv-

28   6636-CW.)  As noted in the Statement of Facts above, there are several cases involving some of

the same patents and/or parties, including Case Nos. 4:11-cv-6636-CW (N.D. Cal.), 3:11-cv-05243-RS (N.D. Cal.), and 11-cv-978-RGA (D. Del.).

**10. Relief**

ASUS seeks declaratory judgment that it does not infringe any of the patents-in-suit; that the patents-in-suit are invalid; that the patents-in-suit are unenforceable, including because ASUS' suppliers are licensed; that Round Rock, and all persons acting on its behalf including IPValue, be permanently enjoined from charging that any of the patents-in-suit are infringed by ASUS; that ASUS be awarded its costs, expenses, and reasonable attorney fees; and that ASUS be awarded such other and further relief as the Court may deem appropriate.

Round Rock seeks (1) a judgment awarding it damages for ASUS's past, continuing, and future infringement of the patents-in-suit, (2) a judgment of willful infringement and trebling of damages, (3) a finding that this case is exceptional under 35 U.S.C. § 285, (4) attorneys' fees, costs, and expenses that Round Rock incurs in prosecuting this action, and (5) a preliminary and permanent injunction preventing ASUS from directly, contributorily, or inducing the infringement of the patents-in-suit.

**11. Settlement and ADR**

The parties have engaged in licensing discussions, but have been unable so far to reach agreement on terms.  The parties last met to discuss settlement in Palo Alto, California on April 5, 2012.  The parties agree to attend mediation within 90 days of a claim construction order.

**12. Consent to a Magistrate Judge For All Purposes & Other References**

The parties have not consented to a Magistrate Judge conducting all proceedings here. The parties do not believe this case is suitable for binding arbitration or a special master.

**13. Narrowing of Issues**

The parties believe it is premature to narrow issues for trial and that discovery will better position the parties to negotiate towards a resolution and narrowing of issues.

**14. Scheduling**

The parties propose the following case schedules.  The parties are not amenable to an expedited case management schedule.

JOINT CASE MANAGEMENT STATEMENT
Case No.: 3:12-cv-02099-WHA

To keep the case manageable given six patents-in-suit, ASUS proposes Round Rock be required to limit the number of claims at issue prior to claim construction briefing.

Round Rock does not agree to ASUS's specific proposal to limit the number of claims, but would agree to a deliberate, staged procedure for narrowing the asserted claims and invalidity references as this case moves forward, after substantive disclosure of ASUS's non-infringement positions and invalidity contentions.

| ASUS Proposal | Round Rock's Proposal | Event |
|---|---|---|
| 14 Days after Initial Case Management Conference | 30 Days after Initial Case Management Conference | Round Rock's Infringement Contentions, Patent L.R. 3-1 & 3-2 |
| 14 days after service of Infringement Contentions | | Exchange of initial disclosures |
| 45 days after service of Infringement Contentions | | ASUS' Invalidity Contentions, Patent L.R. 3-3 & -4 |
| 7 days after service of Invalidity Contentions | | Round Rock identifies no more than a total of twenty claims that it wishes to continue to assert |
| 14 days after service of Invalidity Contentions | | Exchange of Proposed Claim Construction Terms, Patent L.R. 4-1 |
| 21 days after exchange of proposed claim construction terms | | Exchange of Preliminary Claim Constructions and extrinsic evidence, Patent L.R. 4-2 |
| 60 days after service of Invalidity Contentions | | File Joint Claim Construction and Pre-hearing Statement, Patent L.R. 4-3 |
| 30 days after filing of joint claim construction and prehearing statement | | Complete Claim Construction Discovery, Patent L.R. 4-4 |
| 45 days after filing of joint claim construction and prehearing statement | | Round Rock's Opening Claim Construction Brief, Patent L.R. 4-5(a) |
| 14 days after opening claim construction brief | | ASUS's Responsive Claim Construction Brief, Patent L.R. 4-5(b) |
| 7 days after responsive claim construction brief | | Round Rock's Reply Claim Construction Brief, Patent L.R. 4-5(c) |
| 14 days after reply claim construction brief, subject to the Court's convenience | | Claim Construction Hearing, Patent L.R. 4-6 |
| 30 days after claim construction order | | Close of fact discovery |
| 60 days after claim construction order | | Disclosure of experts |
| 120 days after claim construction order | | Close of expert discovery |
| TBD | | Deadline for filing dispositive motions |
| TBD | | Hearing for dispositive motions |
| TBD | | Motions in limine and trial disclosures |
| TBD | | Final pretrial conference |
| TBD | | Trial |

JOINT CASE MANAGEMENT STATEMENT
Case No.: 3:12-cv-02099-WHA

1    Additionally, given the large number of patents-in-suit, ASUS suggests that bifurcating

2  discovery, such as phasing the case into smaller groups of patents, may make the case more

3  manageable for the Court and parties.  Round Rock opposes that suggestion.  In Round Rock's

4  view, bifurcation of discovery as ASUS suggests would only delay the progress of the action,

5  would likely require duplicative and inefficient discovery (*e.g.*, repetitive written and deposition

6  discovery about different aspects of the same accused products), and would substantially diminish

7  the parties' ability to obtain information sufficient to aid in any reasonable amicable resolution.

8    **15. Trial**

9    The parties request a jury trial.

10    With six patents-in-suit involving an unknown number of claims against an unknown

11  number of accused products, ASUS believes the precise structuring of trial should be determined

12  at a later point and can only estimate that at least 12 court days will be required to present the

13  evidence for all the patents, products, and prior art in this case.  At the Court's discretion, ASUS

14  suggests that bifurcating trial, such as by having separate trials for smaller groups of patents, may

15  help make trial more manageable for the Court and easier to understand for the jury.

16    Round Rock estimates a 3-day trial, and contends that 12 court days is excessive.  Round

17  Rock disagrees that bifurcation is necessary and opposes that suggestion.  In Round Rock's view,

18  bifurcation would be inefficient, and would not only require substantially more of the Court's

19  time, but would also substantially delay the resolution of this action.

20    **16. Disclosure of Non-party Interested Entities or Persons**

21    The parties have filed Certifications of Interested Entities or Persons.  (D.I. 7 & 15.)

22    **17. Claim Construction Hearing & Technology Tutorial**

23    ASUS estimates that for six patents-in-suit, at least one full day should be scheduled for

24  the claim construction hearing and any technology tutorial.  The time should be divided equally

25  between the parties.  ASUS suggests completing both sides' arguments for one patent before

26  moving on to the next patent.  As the declaratory judgment plaintiff, ASUS believes presentations

27  should be made in the following order:  Round Rock's opening; ASUS' opening; Round Rock's

28  response; ASUS' response.  At the Court's discretion, ASUS believes a technology tutorial may

-9-          JOINT CASE MANAGEMENT STATEMENT
            Case No.: 3:12-cv-02099-WHA

1    be helpful to the Court and if so, ASUS suggests doing the technology tutorial immediately

2    before the claim construction hearing.  Additionally, given the large number of patents-in-suit

3    (currently 6) and wide range of unrelated technologies, ASUS believes that having separate claim

4    construction briefing and/or claim construction hearings for smaller groups of patents may help

5    make the claim construction process more manageable for the Court and parties.

6         Round Rock contends that a three-hour Claim Construction hearing on all patents-in-suit

7    is sufficient, with time split equally between the parties.  Round Rock further submits that the

8    Court may not need or want argument on all disputed claim terms.  Round Rock agrees to provide

9    a technology tutorial should the Court desire one.

10   Dated:  August 30, 2012                    PERKINS COIE LLP

11                                               By: */s/ John P. Schnurer*
                                                     John P. Schnurer
12

13                                               John P. Schnurer, Bar No. 185725
                                                 JSchnurer@perkinscoie.com
14                                               Cheng (Jack) Ko, Bar No. 244630
                                                 JKo@perkinscoie.com
15                                               Michael J. Engle, Bar No. 259476
                                                 MEngle@perkinscoie.com
16                                               Perkins Coie LLP
                                                 11988 El Camino Real, Suite 200
17                                               San Diego, CA  92130
                                                 Tel:  858-720-5700
18                                               Fax:  858-720-5799

19                                               James C. Pistorino, Bar No. 226496
                                                 JPistorino@perkinscoie.com
20                                               Perkins Coie LLP
                                                 3150 Porter Drive
21                                               Palo Alto, CA 94304-1212
                                                 Tel:  650.838.4300
22                                               Fax:  650.838.4350

23                                               *Attorneys for ASUS Computer International and*
                                                 *ASUSTeK Computer, Inc.*
24                                               BLACK CHANG & HAMILL, LLP

25                                               By:    */s/ Peter H. Chang*
                                                        Peter H. Chang
26

27                                               BLACK CHANG & HAMILL LLP
                                                 Peter H. Chang (SBN 241467)
28                                               pchang@bchllp.com

                                   -10-      JOINT CASE MANAGEMENT STATEMENT
                                             Case No.: 3:12-cv-02099-WHA

1   Bradford J. Black (SBN 252031)
    bblack@bchllp.com

2

3   4 Embarcadero Center, Suite 1400
    San Francisco, California 94111
4   Telephone:      415-813-6210
    Facsimile:      415-813-6222

5

6   DESMARAIS LLP
    Paul A. Bondor (*pro hac vice*)
7   pbondor@desmaraisllp.com
    Jonas R. McDavit (*pro hac vice*)
8   jmcdavit@desmaraisllp.com
    Lauren M. Nowierski (*pro hac vice*)
9   lnowierski@desmaraisllp.com
    230 Park Avenue
10  New York, NY 10169
    Telephone:      212-351-3400
11  Facsimile:      212-351-3401

12

13  *Attorneys for Round Rock Research, LLC.*

14

15      I, John P. Schnurer, the filer attest that concurrence from Round Rock Research, LLC's

16  outside counsel in the filing of the document has been obtained.

17

18  PERKINS COIE LLP

19  By:   */s/ John P. Schnurer*
            John P. Schnurer

20  John P. Schnurer, Bar No. 185725
    JSchnurer@perkinscoie.com
21  Cheng (Jack) Ko, Bar No. 244630
    JKo@perkinscoie.com
22  Michael J. Engle, Bar No. 259476
    MEngle@perkinscoie.com
23  Perkins Coie LLP
    11988 El Camino Real, Suite 200
24  San Diego, CA  92130
    Tel:  858-720-5700
25  Fax:  858-720-5799

26  James C. Pistorino, Bar No. 226496
    JPistorino@perkinscoie.com
27  Perkins Coie LLP
    3150 Porter Drive

28

JOINT CASE MANAGEMENT STATEMENT
                   Case No.: 3:12-cv-02099-WHA

Palo Alto, CA 94304-1212
Tel:  650.838.4300
Fax:  650.838.4350

*Attorneys for ASUS Computer International and*
*ASUSTeK Computer, Inc.*

JOINT CASE MANAGEMENT STATEMENT
Case No.: 3:12-cv-02099-WHA

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____

UNITED STATES DISTRICT JUDGE

JOINT CASE MANAGEMENT STATEMENT
Case No.: 3:12-cv-02099-WHA