John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Cheng (Jack) Ko, Bar No. 244630
JKo@perkinscoie.com
Michael J. Engle, Bar No. 259476
MEngle@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130-3334
Telephone: 858.720.5700
Facsimile: 858.720.5799

James C. Pistorino, Bar No. 226496
JPistorino@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Plaintiff ASUS COMPUTER
INTERNATIONAL and Counterclaim Defendant
ASUSTEK COMPUTER INC. and ASUS
COMPUTER INTERNATIONAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>Defendant. | Case No. 3:12-cv-02099-WHA<br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT TO PATENT LOCAL RULE 4-3**<br><br>Judge: Hon. William H. Alsup |
| ROUND ROCK RESEARCH, LLC,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>Counterclaim Defendants. | |

Pursuant to Patent Local Rule 4-3 of the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California and the Court's Case Management Order [D.I. 34] and Order re Schedule for Claim Construction [D.I. 38], Plaintiff and Counterclaim Defendant ASUSTeK Computer Inc. and Counterclaim Defendant ASUS Computer International (collectively "ASUS") and Defendant and Counterclaim Plaintiff Round Rock Research, LLC ("Round Rock"), by and through their respective undersigned counsel, submit the following Joint Claim Construction and Prehearing Statement ("Joint Statement").

**I.     Construction Of Claim Terms On Which The Parties Agree (Patent L.R. 4.3(a))**

The chart below lists the constructions of the claim terms, phrases, and clauses of U.S. Patent Nos. 6,570,791, 6,765,276, 6,845,053, 6,930,949, 7,021,520, and 7,279,353 (respectively referred to as the "'791 patent," "'276 patent," "'053 patent," "'949 patent," "'520 patent," and the "'353 patent") (collectively "Patents-in-Suit") on which the parties agree. The parties have agreed to the constructions of the following claim terms, phrases, and clauses:

| Patent / Claim | Term, Phrase, or Clause | Agreed Construction |
|---|---|---|
| '949 patent, claims 1-3, 5-7, 20, 24 | "more than one clock cycle" | "two or more clock cycles" |
| '353 patent, claims 10, 18 | "CMOS" | Plain and ordinary meaning |

Pursuant to Patent Local Rule 4-3(a), the chart attached as Appendix A to this statement sets forth both parties' constructions for certain claim terms, phrases, and/or clauses from Patents-In-Suit. This chart identifies those terms, phrases, and/or clauses from the Patents-In-Suit for which no agreed-upon construction could be reached.

Attached hereto as Appendix B are ASUS's preliminary claim constructions and preliminary extrinsic evidence for each of the Patents-in-Suit. Claim terms and phrases not expressly defined therein should be accorded their plain meaning to persons of ordinary skill in the art. ASUS expressly reserves the right to propose additional and/or responsive claim

constructions as per the Patent Local Rules and in light of Round Rock's preliminary claim constructions and ongoing discovery, including any depositions.

Attached hereto as Appendix C are Round Rock's preliminary claim constructions and preliminary extrinsic evidence for each of the Patents-in-Suit. Claim terms and phrases not expressly defined therein should be accorded their plain meaning to persons of ordinary skill in the art. Round Rock expressly reserves the right to propose additional and/or responsive claim constructions as per the Patent Local Rules and in light of ASUS's preliminary claim constructions and ongoing discovery, including any depositions.

## II.     Proposed Construction Of The Disputed Terms (Patent L.R. 4.3(b))

Appendixes A, B, and C attached to this Joint Statement identify the terms, phrases, and clauses of the Patents-in-Suit on which the parties do not agree, each party's proposed constructions, the intrinsic evidence that supports each party's proposed constructions, and any extrinsic evidence known to each party on which it intends to rely, either to support its proposed construction of the claim, or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses, in accordance with Patent L.R. 4-3(b).

ASUS reserves the right to amend or supplement its proposed claim constructions and supporting evidence as claim construction discovery progresses and the parties fully brief the issues, including amending or supplementing its proposed claim constructions and supporting evidence based on newly identified evidence such as discovery requested but not yet received from Round Rock or the presentation of rebuttal declarations or testimony.

Round Rock also reserves the right to amend or supplement its proposed claim constructions and supporting evidence as claim construction discovery progresses and the parties fully brief the issues, including amending or supplementing its proposed claim constructions and supporting evidence based on newly identified evidence such as discovery requested but not yet received from ASUS or the presentation of rebuttal declarations or testimony.

### III. Most Significant and Dispositive Terms (Patent L.R. 4.3(c), Case Management Order [D.34] ¶4, and Order re Schedule for Claim Construction [D.38])

The chart below lists the constructions of the terms, phrases, and clauses of the Patents-in-Suit that either ASUS,[1] Round Rock,[2] or both contend are the most significant terms in dispute as required by Patent L.R. 4.3(c) and the Court's Case Management Order [D.I. 34] and Order re Schedule for Claim Construction [D.I. 38].  The parties submit that the construction of each of these terms may be case and/or claim dispositive.

| Term, Phrase, or Clause | ASUS's Construction | Round Rock's Construction |
|---|---|---|
| "bottom antireflection coating" ('276 patent) | "coating that is disposed between a patterning resist layer and underlying reflective structures to enhance control of critical dimensions in the patterning resist layer by suppressing reflective notching, standing wave effects, and the swing ratio caused by thin film interference" | "a coating that has an index of refraction, an extinction coefficient, and a thickness." |
| planarizing ('353 patent) | "uniformly flattening" | Plain meaning<br><br>or, in the alternative:<br><br>"processing or preparing by eliminating convex and/or |

---

[1] The parties only agreed on one term as the most important term for construction.  Although all of the terms Round Rock initially proposed for construction pursuant to Patent L.R. 4-1 are now on the list of terms to be construed for the hearing or have substantially agreed to constructions, Round Rock insists that ASUS should not be permitted to propose a sixth term for the claim construction hearing.  ASUS disagrees with Round Rock's interpretation of Patent L.R. 4-3; however, in the interest of timely submitting a Joint Claim Construction Statement, ASUS has removed the single term in the '053 patent proposed as the most important -- "adjustable current consumption being set to the low power mode in response to a state of the mode control bit" -- from the list of terms in Section III.  Given that there are six Patents-in-Suit and that the parties substantially disagree as to the most important terms for construction, ASUS believes that construction of more than six terms or phrases would aid in efficient resolution of this matter.  Thus, ASUS respectfully requests that the Court permit the parties to propose a limited number of additional terms for construction at the claim construction hearing.

[2] During a January 11, 2013 meet and confer, the parties agreed that the term "active standby mode" is one of the most significant terms in dispute as required by Patent Local Rule 4-3.  Given that the parties agreed to one term, Round Rock submits that each party is entitled to name an additional two terms pursuant to Local Patent Rule 4-3(c) and the Court's October 1, 2012 Order re Schedule for Claim Construction (D.I. 38).  The two additional terms Round Rock proposes are "over" ('353 patent) and "differential voltage from the array of non-volatile memory cells" ('791 patent).

| Term, Phrase, or Clause | ASUS's Construction | Round Rock's Construction |
|---|---|---|
| | | concave regions" |
| "active standby mode" ('949 patent) | "mode where a delay compensation circuit is suspended in active power down mode" | "the mode when CKE is high and there is at least one row active in any memory bank" |
| "over" ('353 patent) | "on top of and without intervening structures" | Plain meaning<br><br>Or, in the alternative, "above" |
| "differential voltage from the array of non-volatile memory cells" ('791 patent) | "difference in voltage between two bit lines from the array of non-volatile memory cells" | Round Rock submits that the proper term for construction should be "differential voltage," which should be construed as follows:<br><br>Plain meaning<br><br>Or, in the alternative,<br><br>"determines the difference between the voltage in the array of nonvolatile memory cells and a reference voltage" |

### IV. Length of Time for Claim Construction Hearing (Patent L.R. 4.3(d))

The tutorial and claim construction hearing are presently scheduled for April 17, 2013 at 1:30 PM and May 1, 2013 at 1:30 PM, respectively. ASUS anticipates that the claim tutorial and the claim construction hearing will each last no longer than 3 hours. Round Rock anticipates that the claim tutorial and the claim construction hearing will each last no longer than 1.5 hours.

### V. Witnesses To Be Called At Claim Construction Hearing (Patent L.R. 4.3(e))

The parties identify the following witnesses to be called at the claim construction hearing.

#### A. Witnesses ASUS May Call

Pursuant to the Court's Case Management Order [D.I. 38] ¶4, ASUS may call one or more experts, including Joseph McAlexander, to address points outside of the intrinsic record or points made by Round Rock should they arise.[3] Mr. McAlexander may explain the technology, the

---

[3] ASUS does not currently plan to call Mr. McAlexander to testify in support of ASUS's claim construction positions. However, as the Court's Case Management Order [D.I. 34] states that "all sides may have an expert present to address points outside of the intrinsic record should they arise," Mr. McAlexander may be present at the hearing for such a purpose. Round Rock has not identified any facts

state-of-the-art at the time the patent applications of the Patents-in-Suit were filed, the meaning of claim terms as they would be understood by one of ordinary skill in the art at the time of the invention, the proper construction of various claim terms, and the level of ordinary skill in the relevant art.

At this time ASUS does not plan to rely on the testimony of any fact witness regarding the proposed constructions. However, ASUS reserves the right to rely upon one or more witnesses, including Mr. McAlexander, the named inventors of the Patents-in-Suit, any other person involved with the invention and prosecution of the patents-in-suit, any Round Rock employee, and any witness called by Round Rock, to offer testimony if necessary to respond to Round Rock's contentions, to respond to any expert or fact witness testimony offered by Round Rock, or for the Court's benefit. Such rebuttal testimony may include an explanation of the technology, the state-of-the-art at the time the patent applications of the Patents-in-Suit were filed, the meaning of the claim terms as they would be understood by one of ordinary skill in the art at the time of the invention, the proper construction of various claim terms, and the level of ordinary skill in the relevant art.

B.   **Witnesses Round Rock May Call**

Pursuant to the Court's Case Management Order [D.I. 38] ¶4, Round Rock may call one or more experts to rebut points made by ASUS should they arise.[4] Round Rock's expert(s) may

---

or expert testimony or opinions that it plans to present through witnesses in support of its claim construction positions, or the names of any such witnesses. However, it describes as part of the extrinsic evidence it may rely on "rebuttal inventor testimony concerning what the inventor invented and how a person of ordinary skill in the art at the time the patent was filed would understand the term and "rebuttal expert testimony and supporting publications concerning how a person of ordinary skill in the art at the time the patent was filed would understand the term." *See, e.g.,* Ex. C at 1. To the extent Round Rock offers any facts, testimony, or expert opinions not disclosed in accordance with the Local Patent Rules and the case management order in the case, ASUS will move to strike such facts, testimony, or expert opinions.

[4] To date, ASUS has not identified any specific facts or expert testimony or opinions that it plans to present through witnesses in support of its claim construction positions. *See, e.g.*, Ex. B at 1 ("Inventor testimony concerning what the inventor invented and how a person of ordinary skill in the art at the time the patent was filed would understand the term. Expert testimony and supporting publications concerning how a person of ordinary skill in the art at the time the patent was filed would understand the term."). In addition, ASUS disclosed for the first time on the date that this pleading was filed that it intends to call Mr. McAlexander to testify in support of its claim construction positions. ASUS was required to make such disclosures when it provided its Patent L.R. 4-2 contentions on December 17, 2012. Patent L.R. 4-2(b). Therefore, Round Rock intends to move to strike any facts, testimony, or expert testimony not disclosed in accordance with the Local Patent Rules and the case management order in the case.

explain the technology, the state-of-the-art at the time the patent applications of the Patents-in-Suit were filed, the meaning of claim terms as they would be understood by one of ordinary skill in the art at the time of the invention, the proper construction of various claim terms, and the level of ordinary skill in the relevant art.

At this time Round Rock does not plan to rely on the testimony of any fact witness regarding the proposed constructions. However, Round Rock reserves the right to rely upon one or more witnesses, including an expert witness, the named inventors of the Patents-in-Suit, any other person involved with the invention and prosecution of the patents-in-suit, any Round Rock employee, and any witness called by ASUS, to offer testimony if necessary to respond to ASUS's contentions, to respond to any expert or fact witness testimony ASUS offers, or for the Court's benefit. Such rebuttal testimony may include an explanation of the technology, the state-of-the-art at the time the patent applications of the Patents-in-Suit were filed, the meaning of the claim terms as they would be understood by one of ordinary skill in the art at the time of the invention, the proper construction of various claim terms, and the level of ordinary skill in the relevant art.

Dated: January 11, 2013

PERKINS COIE LLP

By: */s/ John P. Schnurer*
      John P. Schnurer

John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Cheng (Jack) Ko, Bar No. 244630
JKo@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 200
San Diego, CA  92130
Tel:  858-720-5700
Fax:  858-720-5799

James C. Pistorino, Bar No. 226496
JPistorino@perkinscoie.com
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel:  650-838-4300
Fax:  650-838-4350

Attorneys for Plaintiffs
ASUS COMPUTER INTERNATIONAL and
ASUSTEK COMPUTER, INC.

BLACK CHANG & HAMILL, LLP

By: */s/ Peter H. Chang*
    Peter H. Chang

BLACK CHANG & HAMILL LLP
Peter H. Chang (SBN 241467)
pchang@bchllp.com
Bradford J. Black (SBN 252031)
bblack@bchllp.com
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Tel:  415-813-6210
Fax:  415-813-6222

DESMARAIS LLP
Paul A. Bondor (*pro hac vice*)
pbondor@desmaraisllp.com
Jonas R. McDavit (*pro hac vice*)
jmcdavit@desmaraisllp.com
Lauren M. Nowierski (*pro hac vice*)
lnowierski@desmaraisllp.com
230 Park Avenue
New York, NY 10169
Tel:     212-351-3400
Fax:     212-351-3401

Attorneys for Defendant
ROUND ROCK RESEARCH, LLC.

I, John P. Schnurer, the filer attest that concurrence from Round Rock Research, LLC's outside counsel in the filing of the document has been obtained.

PERKINS COIE LLP

By: */s/ John P. Schnurer*
    John P. Schnurer

John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Cheng (Jack) Ko, Bar No. 244630
JKo@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 200
San Diego, CA  92130
Tel:  858-720-5700
Fax:  858-720-5799

James C. Pistorino, Bar No. 226496
JPistorino@perkinscoie.com
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650.838.4300
Fax: 650.838.4350

Attorneys for Plaintiffs
ASUS COMPUTER INTERNATIONAL and
ASUSTEK COMPUTER, INC.