BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: 415-813-6210
Facsimile:  415-813-6222

DESMARAIS LLP
Paul A. Bondor (admitted pro hac vice)
pbondor@desmaraisllp.com
Justin P.D. Wilcox (admitted pro hac vice)
jwilcox@desmaraisllp.com
Jonas R. McDavit (admitted pro hac vice)
jmcdavit@desmaraisllp.com
Lauren M. Nowierski (admitted pro hac vice)
lnowierski@desmaraisllp.com
230 Park Avenue
New York, New York 10169
Telephone: 212-351-3400
Facsimile:  212-351-3401

*Attorneys for Defendant and Counterclaim Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ROUND ROCK RESEARCH, LLC, <br><br> *Defendant*. <br><br><hr> ROUND ROCK RESEARCH, LLC, <br><br> *Counterclaim Plaintiff*, <br><br> v. <br><br> ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, INC., <br><br> *Counterclaim Defendant*. | Case No. 3:12-cv-02099-JST <br><br> **DECLARATION OF JUSTIN P.D. WILCOX IN SUPPORT OF DEFENDANT ROUND ROCK RESEARCH, LLC'S OPPOSITION TO ASUS'S MOTION TO DISMISS AND RULE 56(d) MOTION TO DEFER CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** |

I, Justin P.D. Wilcox, declare as follows:

1.     I make this declaration based upon my personal knowledge.

2.     I am of counsel to Desmarais LLP, which is counsel for defendant, counterclaim plaintiff Round Rock Research, LLC in this action.

3.     I submit this declaration in support of Round Rock's Opposition to ASUSTeK Computer Inc. and ASUS Computer International's Motion for Summary Judgment of Non-Infringement and Round Rock's Motion to Defer Consideration of ASUS's Motion for Summary Judgment of Non-Infringement Under Rule 56(d).   This declaration describes the discovery that Round Rock currently seeks and intends to take if given additional time to oppose ASUS's motion and its relevance to the arguments that ASUS raises in that motion.   The declaration also shows that Round Rock has diligently pursued this discovery.

**I.     Round Rock's Discovery Efforts in this Case**

4.     Round Rock served its First Set of Document Requests (Nos. 1-57) on September 28, 2012.

5.     Round Rock served its First Set of Interrogatories (Nos. 1-11) on October 5, 2012.

6.     Based upon ASUS's identification of certain flash memory, double data rate RAM, and image sensors included in certain of its Accused Products, Round Rock issued subpoenas for documents to the following third parties on January 9, 2013:   Aptina Imaging; Himax Imaging; Kingston Technologies; Omnivision Technologies; and Pixart Imaging.   Round Rock subsequently issued subpoenas for testimony to these same parties on September 12, 2013.   Round Rock is still seeking the requested discovery from these entities and has continued to confer with these entities in pursuit of that discovery.

7.     Round Rock served its Second Set of Document Request (Nos. 58-77) on August 26, 2013.

8.     Round Rock served its Second Set of Interrogatories (Nos. 12-15) on August 28, 2013.

9.     Based upon ASUS's identification in its August 30, 2013 Motion for Summary Judgment of Non-Infringement of additional flash memory, double data rate RAM, and image

sensors included in certain of its Accused Products, Round Rock issued document and deposition subpoenas to the following third parties on September 12, 2013:  ADATA Technology (USA); BYD America Corporation; Macronix America; Nanya Technology; SK Hynix America; and Silicon Storage Technology.

10.    On September 12, 2013, Round Rock served Rule 30(b)(1) deposition notices for ASUS employees:  Simon Chen, Godwin Yan, Wen-Bin Jian, and Yvette Wang.

11.    On September 12, 2013, Round Rock served a Rule 30(b)(6) deposition notice for corporate testimony on ASUS.

## II.    ASUS' General Theories of Non-Infringement

### A.    "That The Non-U.S. Products Listed In Exhibit A Of The Chen Declaration Are Subject To The United States Patent Laws Or That Any Acts of Infringement Have Occurred"

12.    ASUS argues that there is no evidence that certain ASUS products accused of infringement are imported or sold into the United States by ASUS and therefore do not infringe under patent laws of the United States.  ASUS first raised this contention during its summary judgment briefing served on August 30, 2013.  ASUS relies on new facts and information submitted in the declaration of ASUS employee Simon Chen and ASUS's counsel James Pistorino.  Round Rock has diligently sought discovery of facts that would rebut this contention and supporting declaration testimony throughout the litigation.

13.    Round Rock's First Set of Document Requests seek, among other things, documents regarding ASUS's sales, offers for sale, and importation of Accused Products into the United States.  For example, Request No. 35 seeks:  "Documents sufficient to identify the Accused Products made, used, licensed, distributed, supplied, sold, or offered for sale in the United States, or imported into the United States…."  ASUS did not provide documents pursuant to this Request.

14.    Round Rock served a Rule 30(b)(6) Deposition Notice on September 12, 2013, seeking deposition testimony from an ASUS corporate representative on topics related to, among other things, the distribution channels of ASUS's Accused Products, and sales, offers for sale, and importation of those products into the United States.  For example, Topic No. 1 of Round Rock's Rule 30(b)(6) Notice seeks testimony regarding:  "The date on which ASUS first made, used,

imported, offered for sale, and/or sold each Accused Product in the United States."  By way of another example, Topic No. 8 of Round Rock's Rule 30(b)(6) Notice seeks testimony regarding: "The sales and distribution chain for the Accused Products, including without limitation from the location of origin (e.g., manufacture or assembly) to the point of sale or delivery in the United States."  The facts and testimony sought through these topics will test the bases for the declaration testimony relied upon by ASUS, including whether ASUS's non-infringement theory is based upon the fact that ASUS may not directly import certain Accused Products into the United States, but instead sells products through third party distributors into the United States, which could still be an infringing act.

15.    Round Rock served a personal deposition notice on Simon Chen on September 12, 2013.  Through the deposition of Mr. Chen, Round Rock also seeks facts and testimony to test the bases for the declaration testimony relied upon by ASUS, including whether ASUS's non-infringement theory is based upon the fact that ASUS may not directly import certain Accused Products into the United States, but instead sells products through third party distributors into the United States, which could still be an infringing act.

16.    The discovery described above will elicit facts to rebut ASUS's assertion that it does not import or sell certain Accused Products into the United States by discovering facts regarding the channels of distribution of products into the United States and which products and sales actually touch the United States and would be subject to the patent laws of the United States.

**B.    "That The B121 And EP121 Use eMMC Flash Memory Of Any Type (And Therefore Could Even Allegedly Infringe The '791 or '053 Patent)"**

17.    ASUS argues that there is no evidence that the B121 and EP121 use eMMC flash memory of any type.  ASUS relies on the declaration of ASUS employee Simon Chen.  Round Rock has diligently sought discovery of facts that would rebut this contention and supporting declaration testimony throughout the litigation.

18.    Round Rock seeks documents regarding ASUS's service guides, user manuals, and other documentation for the B121 and EP121 products.  For example, Request No. 76 seeks:  "All versions of the service guides relating to the Accused Products, including … for the … Eee Slate

1  B121, Eee Slate EP121….”  By way of another example, Request No. 77 seeks:  “All user manuals

2  or other documentation provide with the sale of the Accused Products …, including … for the …

3  Eee Slate B121, Eee Slate EP121….”  Round Rock expects these documents to identify whether

4  these products include flash memory, and if so, whether the flash memory is of the eMMC type.

5      19.    Round Rock served a Rule 30(b)(6) Deposition Notice on September 12, 2013,

6  seeking deposition testimony from an ASUS corporate representative on topics related to, among

7  other things, the identification of Accused Products that include eMMC Flash Memory and the

8  operation of flash memory included in the Accused Products.  For example, Topic No. 27 of Round

9  Rock’s Rule 30(b)(6) Notice seeks testimony regarding:  “The identification of any and all ASUS

10  products imported, offered for sale, and/or sold into the United States that include eMMC flash

11  memory.”  By way of another example, Topic No. 35 of Round Rock’s Rule 30(b)(6) Notice seeks

12  testimony regarding:  “The design, structure, and function of flash memory contained in the ‘791

13  Accused Products….”  The facts and testimony sought through these topics will elicit whether these

14  products include flash memory, and if so, whether the flash memory is of the eMMC type.

15      20.    Round Rock served a personal deposition notice on Simon Chen on September 12,

16  2013.  Through the deposition of Mr. Chen, Round Rock also seeks facts and testimony to test the

17  bases for the declaration testimony relied upon by ASUS, including whether these products include

18  flash memory, and if so, whether the flash memory is of the eMMC type.

19
20
**C.**    **“That The 41 Products Listed In Exhibit D Of The Chen Declaration Have DDR3 SDRAM (And Therefore Could Even Allegedly Infringe The ’949 Patent)”**

21      21.    ASUS argues that there is no evidence that the 41 Products listed in Exhibit D of the

22  Chen Declaration include DDR SDRAM.  ASUS first raised this contention during its summary

23  judgment briefing served on August 30, 2013.  ASUS relies on new facts and information submitted

24  in the declaration of ASUS employee Simon Chen.  Round Rock has diligently sought discovery of

25  facts that would rebut this contention and supporting declaration testimony throughout the litigation.

26      22.    Round Rock propounded Interrogatory No. 4, which states:  “Identify each and every

27  ASUS product containing Double Data Rate 3 (‘DDR3’) memory.”  ASUS’s response and

28  supplemental response to this Interrogatory did not identify the specific ASUS products that contain

DDR3 memory, but instead simply listed two categories of ASUS Products—"K52DR" and "Other Products sold into the U.S." and listed the various DDR3 Manufacturers that provide memory for those product categories.  Because ASUS did not specifically identify each product that includes DDR Memory, Round Rock was unaware of ASUS's assertion that the 41 products listed in the Chen Declaration do not have DDR3 memory.

23.     Round Rock seeks documents regarding ASUS's service guides, user manuals, and other documentation for the 41 products.  For example, Request No. 76 seeks:  "All versions of the service guides relating to the Accused Products, including … for the … Eee PCs, … K line notebook computers, … T servers (Tower servers), and R servers (Rack Servers)."  By way of another example, Request No. 77 seeks:  "All user manuals or other documentation provide with the sale of the Accused Products …, including … for the … Eee PCs, … K line notebook computers, … T servers (Tower servers), and R servers (Rack Servers)."  Round Rock expects these documents to identify whether these products include DDR3 memory.

24.     Round Rock served a Rule 30(b)(6) Deposition Notice on September 12, 2013, seeking deposition testimony from an ASUS corporate representative on topics related to, among other things, the identification of Accused Products that include DDR3 memory.  For example, Topic No. 31 of Round Rock's Rule 30(b)(6) Notice seeks testimony regarding:  "The identification of any and all ASUS products imported, offered for sale, and/or sold into the United States that include DDR3 Memory."  By way of another example, Topic No. 43 of Round Rock's Rule 30(b)(6) Notice seeks testimony regarding:  "The design, structure, and function of dynamic random access memory contained in the '949 Accused Products…."  The facts and testimony sought through these topics will elicit whether the 41 products include DDR3 memory.

25.     Round Rock served a personal deposition notice on Simon Chen on September 12, 2013.  Through the deposition of Mr. Chen, Round Rock also seeks facts and testimony to test the bases for the declaration testimony relied upon by ASUS, including whether the 41 products include DDR3 memory.

### D.    ASUS's License And/Or Patent Exhaustion Theories

███ ███ ASUS appears to contend that the affirmative defenses of license or patent exhaustion apply to certain of its Accused Products because they include ████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████

27.    Round Rock served a Rule 30(b)(6) Deposition Notice on September 12, 2013, seeking deposition testimony from an ASUS corporate representative on topics related to, among other things, facts and circumstances supporting its affirmative defenses of license and patent exhaustions.  For example, Topic No. 25 of Round Rock's Rule 30(b)(6) Notice seeks testimony regarding:  "Facts and circumstances that support ASUS's affirmative defenses that the Patents-in-Suit are unenforceable due to exhaustion, including without limitation the identification of (a) the components of ASUS's Accused Products that are purportedly licensed, (b) the manufacturer of those components, and (c) the purported license to the Patents-in-Suit…."  By way of another example, Topic No. 26 of Round Rock's Rule 30(b)(6) Notice seeks testimony regarding:  "Facts and circumstances that support ASUS's affirmative defenses that the Patents-in-Suit are unenforceable 'to the extent any allegedly infringing product or component is supplied, directly or indirectly, to ASUS by suppliers who have or had an express or implied license,' including without limitation the identification of (a) the components of ASUS's Accused Products that are purportedly licensed, (b) the manufacturer of those components, and (c) the purported license to the Patents-in-Suit."  The facts and testimony sought through these topics will permit Round Rock to gather facts to test the bases for ASUS's license and patent exhaustion theories and elicit rebuttal facts.

### III.    ASUS' Patent-Specific Theories Of Non-Infringement

### A.    The '791 Patent

28.    Round Rock has accused the following ASUS Products of infringement of the '791 patent:  Eee Pad Transformer TF101, Eee Pad Slider SL101, Transformer Pad Infinity TF700T,

1    Transformer Pad TF300T, Eee Slate B121, Eee Slate EP121, and Nexus 7 (collectively, "the '791

2    Accused Products").

3        29.    ASUS claims that there is no actual evidence that the '791 Accused Products practice

4    the following limitations of the '791 patent:  (1) "array of non-volatile memory cells," (2) "sense

5    amplifier circuitry coupled to the array," (3) "sense amplifier circuitry detects a differential voltage

6    from the array of non-volatile memory cells," (4) "a clock signal connection to receive a clock

7    signal," (5) "control circuitry coupled to the array," and (6) "a processor; and a double data rate flash

8    memory coupled to the processor."

9        30.    Round Rock's infringement theories for these limitations are based upon the

10   functionality of the flash memory incorporated in the '791 Accused Products.  Among other things,

11   Round Rock believes that the flash memory's practice of the JEDEC standard JESD84-A441 is

12   evidence of the practice of these limitations.  In addition, Round Rock has diligently sought

13   discovery of the design, architecture, and function of the different flash memory components

14   incorporated in the '791 Accused Products as explained below.

15       31.    Round Rock has served document requests upon ASUS that seek documents related

16   to the design, composition, and manufacture of the flash memory incorporated into the '791 Accused

17   Products.  For example, Round Rock's Request No. 33 seeks "[d]ocuments sufficient to identify all

18   persons involved in the design, development, manufacture, sales, and marketing of the Accused

19   Products, including an organizational chart."  Round Rock's Request No. 42 seeks "[d]ocuments

20   relating to ASUS's testing of flash memory, DDR3, and/or CMOS image sensors in the Accused

21   Products or in any ASUS product sold since May 18, 2006 that contains DDR3 memory, eMMC

22   flash memory, and/or CMOS image sensors."  Round Rock's Request No. 54 seeks "[d]ocuments

23   sufficient to identify any components, by manufacturer name and model number, contained or

24   integrated in ASUS products that have been made, used, licensed, distributed, supplied, sold, or

25   offered for sale in the United States, or imported into the United States since May 18, 2006,

26   including but not limited to the Accused Products, that perform or provide any of the following

27   functionalities:  DDR3 memory; eMMC Flash memory; CMOS image sensors."  Round Rock's

28   Request No. 56 seeks "[d]ocuments showing or describing the composition, operation, and/or

1  functionality of eMMC Flash memory, including but not limited to those eMMC Flash memory

2  contained or integrated into the Accused Products, or any other ASUS product that has been made,

3  used, licensed, distributed, supplied, sold, or offered for sale in the United States, or imported into

4  the United States since May 18, 2006."  And Round Rock's Request No. 58 seeks "[a]ll data sheets,

5  technical manuals, user guides, schematics, architectural drawings, service manuals, or other

6  documentation concerning the eMMC memory or that were provided with the purchase or

7  acquisition of the eMMC memory."  These requests should yield circuit and design schematics that

8  show the architecture of the flash memory in the '791 Accused Products.  These requests should also

9  yield data sheets and other product documentation that explains the functionality of the flash

10  memory in the '791 Accused Products.  Round Rock expects that the information in these documents

11  will provide facts to, for example, show that the '791 Accused Products include an array of non-

12  volatile memory cells, sense amplifier circuitry, and control circuitry, describe connections within

13  the '791 Accused Products, and describe the operation of circuitry within the '791 Accused

14  Products.

15         32.    Round Rock has also served subpoenas on third-parties ███████████████████

16  ████████████████████████████████████████████████████ for example,

17  seeking documents and testimony related to the design, manufacture, and function of the flash

18  memory incorporated into the '791 Accused Products.  For example, Round Rock's subpoena for

19  documents and things to ████████ includes a request for documents seeking "[d]ocuments sufficient

20  to illustrate and explain the manufacturing of any of the Products, including but not limited to

21  manuals, schematics, technical specifications, and technical reports."  That subpoena to ███████

22  additionally includes a request for "[d]ocuments sufficient to illustrate and explain the operation or

23  use of any of the Products, including but not limited to manuals, schematics, datasheets, user guides,

24  technical specifications, and technical reports."  It also includes a request for "[d]ocuments sufficient

25  to show the design, structure, and function of the Products, including the memory cells, sense

26  amplifier circuitry, MMC controllers, data connections, clock signals, clock circuitry, input circuitry,

27  bit or digit lines and/or output circuitry."  It further includes a request for "[d]ocuments sufficient to

28  show the operation of the Products in determining differential voltages between bit or digit lines

from non-volatile memory cells."  Round Rock's subpoena for testimony to ███████ includes, for example, the topic "[t]he operation or use of any of the Products, including but not limited to knowledge of manuals, schematics, datasheets, user guides, technical specifications, and technical reports."  These requests should yield manuals, circuit and design schematics, and testimony that illustrate the architecture of the flash memory in the '791 Accused Products.  These requests should also yield data sheets and other product documentation that explains the functionality of the flash memory in the '791 Accused Products.  Round Rock expects that the information elicited through these requests will provide facts to, for example, show that the '791 Accused Products include an array of non-volatile memory cells, sense amplifier circuitry, and control circuitry, describe connections within the '791 Accused Products, and describe the operation of circuitry within the '791 Accused Products.

33.   Round Rock has also served a notice for the deposition of ASUS pursuant to Federal Rule of Civil Procedure 30(b)(6) seeking testimony related to ASUS's infringement.  The topics enumerated in that deposition notice include, for example, "ASUS's requirements for components that provide an Accused Function, Capability, or Feature within the Accused Products, including the procedure by which ASUS selects a component for use in the Accused Products."  That deposition notice additionally requests that ASUS provide a witness on the topic of "[t]he design, structure, and function of flash memory contained in the '791 Accused Products, including the memory cells, sense amplifier circuitry, MMC controllers, data connections, clock signals, clock circuitry, input circuitry, bit  or digit lines and/or output circuitry."  The notice further requests that ASUS provide a witness on the topic of "[t]he operation of flash memory contained in the '791 Accused Products in determining differential voltages between bit or digit lines from non-volatile memory cells."  Round Rock expects that deposition of ASUS's witnesses will elicit additional facts evidencing ASUS's infringement of the '791 patent, including facts concerning the '791 Accused Products' inclusion an array of non-volatile memory cells, sense amplifier circuitry, and control circuitry, descriptions of connections within the '791 Accused Products, and descriptions of the operation of circuitry within the '791 Accused Products.

34.     The discovery described above will elicit facts to rebut ASUS's assertion that there is no actual evidence that the '791 Accused Products practice certain limitations of the '791 patent.

**a. The '053 Patent**

35.     Round Rock has accused the following ASUS Products of infringement of the '053 patent:  Eee Pad Transformer TF101, Eee Pad Slider SL101, Transformer Pad Infinity TF700T, Transformer Pad TF300T, Eee Slate B121, Eee Slate EP121, and Nexus 7 (collectively, "the '053 Accused Products").

36.     ASUS claims that there is no actual evidence that the '053 Accused Products practice the following limitations of the '053 patent:  (1) "a memory device having an adjustable current consumption," (2) "a memory array for storing data input into the memory device during a low power mode," and (3) "the adjustable current consumption being set to the low power mode in response to a state of the mode control bit."

37.     Round Rock's infringement theories for these limitations are based upon the functionality of the flash memory incorporated in the '053 Accused Products.  Among other things, Round Rock believes that the flash memory's practice of the JEDEC standard JESD84-A441 is evidence of the practice of these limitations.  In addition, Round Rock has diligently sought discovery of the design, architecture, and function of the different flash memory components incorporated in the '053 Accused Products as explained below.

38.     Round Rock has served document requests upon ASUS that seek documents related to the design, composition, and manufacture of the flash memory incorporated into the '053 Accused Products.  For example, Round Rock's Request No. 33 seeks "[d]ocuments sufficient to identify all persons involved in the design, development, manufacture, sales, and marketing of the Accused Products, including an organizational chart."  Round Rock's Request No. 42 seeks "[d]ocuments relating to ASUS's testing of flash memory, DDR3, and/or CMOS image sensors in the Accused Products or in any ASUS product sold since May 18, 2006 that contains DDR3 memory, eMMC flash memory, and/or CMOS image sensors."  Round Rock's Request No. 54 seeks "[d]ocuments sufficient to identify any components, by manufacturer name and model number, contained or integrated in ASUS products that have been made, used, licensed, distributed, supplied, sold, or

offered for sale in the United States, or imported into the United States since May 18, 2006, including but not limited to the Accused Products, that perform or provide any of the following functionalities: DDR3 memory; eMMC Flash memory; CMOS image sensors." Round Rock's Request No. 56 seeks "[d]ocuments showing or describing the composition, operation, and/or functionality of eMMC Flash memory, including but not limited to those eMMC Flash memory contained or integrated into the Accused Products, or any other ASUS product that has been made, used, licensed, distributed, supplied, sold, or offered for sale in the United States, or imported into the United States since May 18, 2006." And Round Rock's Request No. 58 seeks "[a]ll data sheets, technical manuals, user guides, schematics, architectural drawings, service manuals, or other documentation concerning the eMMC memory or that were provided with the purchase or acquisition of the eMMC memory." These requests should yield circuit and design schematics that show the architecture of the flash memory in the '053 Accused Products. These requests should also yield data sheets and other product documentation that explain the functionality of the flash memory in the '053 Accused Products. Round Rock expects that the information in these documents will provide facts to, for example, show that the '053 Accused Products include memory devices having an adjustable current consumption, a mode control bit, and a memory array.

39. Round Rock has also served subpoenas on third-parties ███████████████ ███████████████████████████████████████████ for example, seeking documents and testimony related to the design, composition, and manufacture of the flash memory incorporated into the '053 Accused Products. For example, Round Rock's subpoena for documents and things to ██████ includes a request for documents seeking "[d]ocuments sufficient to illustrate and explain the manufacturing of any of the Products, including but not limited to manuals, schematics, technical specifications, and technical reports." That subpoena to ██████ additionally includes a request for documents seeking "[d]ocuments sufficient to illustrate and explain the operation or use of any of the Products, including but not limited to manuals, schematics, datasheets, user guides, technical specifications, and technical reports." It also includes a request for documents seeking "[d]ocuments sufficient to show the design, structure, and function of the Products, including the memory cells, MMC controllers, clock signals, clock circuitry, registers,

mode registers, power mode registers, and/or power control registers."  It further includes a request for documents seeking "[d]ocuments sufficient to show the operation of the Products in adjusting power or current consumption."  Round Rock's subpoena for testimony to ███████ includes, for example, the topic "[t]he operation or use of any of the Products, including but not limited to knowledge of manuals, schematics, datasheets, user guides, technical specifications, and technical reports."  These requests should yield manuals, circuit and design schematics, and testimony that illustrate the architecture of the flash memory in the '053 Accused Products.  These requests should also yield data sheets and other product documentation that explains the function of the flash memory incorporated into the '053 Accused Products.  Round Rock expects that the information elicited through these requests will provide facts to, for example, show that the '053 Accused Products include memory devices having an adjustable current consumption, a mode control bit, and a memory array.

40.    Round Rock has also served a notice for the deposition of ASUS pursuant to Federal Rule of Civil Procedure 30(b)(6) seeking testimony related to ASUS's infringement.  The topics enumerated in that deposition notice include, for example, "ASUS's requirements for components that provide an Accused Function, Capability, or Feature within the Accused Products, including the procedure by which ASUS selects a component for use in the Accused Products."  That deposition notice additionally requests that ASUS provide a witness on the topic of "[t]he design, structure, and function of flash memory contained in the '053 Accused Products, including the memory cells, MMC controllers, clock signals, clock circuitry, registers, mode registers, power mode registers, and/or power control registers."  The notice further requests that ASUS provide a witness on the topic of "[t]he operation of flash memory contained in the '053 Accused Products in determining or selecting a power or current consumption mode of operation."  Round Rock expects that deposition of ASUS's witnesses will elicit additional facts evidencing ASUS's infringement of the '053 patent, including facts concerning '053 Accused Products' inclusion of memory devices having an adjustable current consumption, a mode control bit, and a memory array.

41.    The discovery described above will elicit facts to rebut ASUS's assertion that there is no actual evidence that the '053 Accused Products practice certain limitations of the '053 patent.

b. **The '353 Patent**

42.     Round Rock has accused the following ASUS Products of infringement of the '353 patent:   Eee Pad Transformer, Eee Pad Slider SL101, Transformer Pad Infinity TF700T, Transformer Pad TF300T, Eee Slate B121, Eee Slate EP121, Nexus 7, K52 Series (K52DE; K52DR; K52DY; K52F; K52JB; K52JC; K52JE; K52JK; K52JT; K52JU; K52JV; K52N) (collectively, "the '353 Accused Products").

43.     ASUS claims that there is no actual evidence that the '353 Accused Products practice the following limitations of the '353 patent:  (1) "providing a passivation layer located over a final metallization layer," (2) "planarizing a surface of said passivation layer," (3) "forming a second layer over said passivation layer," (4) "providing a color filter array layer over said second layer," (5) "planarizing a surface of said color filter array layer," and (6) "planarizing a top surface of said color filter array layer."

44.     Round Rock's infringement theories for these limitations are based upon the design, composition, and manufacture of the CMOS image sensors incorporated into the '353 Accused Products.  In addition, Round Rock has diligently sought discovery of the design, composition, and manufacture of the different CMOS image sensors incorporated into the '353 Accused Products as explained below.

45.     Round Rock has served document requests upon ASUS that seek documents related to the design, composition, and manufacture of the CMOS image sensors incorporated into the '353 Accused Products.  For example, Round Rock's Request No. 33 seeks "[d]ocuments sufficient to identify all persons involved in the design, development, manufacture, sales, and marketing of the Accused Products, including an organizational chart."   Round Rock's Request No. 54 seeks "[d]ocuments sufficient to identify any components, by manufacturer name and model number, contained or integrated in ASUS products that have been made, used, licensed, distributed, supplied, sold, or offered for sale in the United States, or imported into the United States since May 18, 2006, including but not limited to the Accused Products, that perform or provide any of the following functionalities:   DDR3 memory; eMMC Flash memory; CMOS image sensors."   Round Rock's Request No. 56 seeks "[d]ocuments showing or describing the composition, operation, and/or

1  functionality of CMOS image sensors, including but not limited to those CMOS image sensors

2  contained or integrated into the Accused Products, or any other ASUS product that has been made,

3  used, licensed, distributed, supplied, sold, or offered for sale in the United States, or imported into

4  the United States since May 18, 2006."  And Round Rock's Request No. 64 seeks "[a]ll data sheets,

5  technical manuals, user guides, schematics, architectural drawings, service manuals, or other

6  documentation concerning the Image Sensors or was provided with the purchase or acquisition of the

7  Image Sensors."  These requests should yield design schematics that show the composition and

8  architecture of the CMOS image sensors in the '353 Accused Products.  Round Rock expects that

9  the information in these documents will provide facts to, for example, show the planarization and

10  deposition steps used in the manufacture of the '353 Accused Products.

11      46.    Round Rock has also served subpoenas on third-parties ▮▮▮▮▮▮▮▮▮▮

12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ seeking

13  documents and testimony related to the design, composition, and manufacture of the CMOS image

14  sensors incorporated into the '353 Accused Products.  For example, Round Rock's subpoena for

15  documents and things to ▮▮▮▮▮▮▮▮ includes a request for documents seeking

16  "[d]ocuments sufficient to illustrate and explain the manufacture or fabrication of any of the

17  Products, including but not limited to manuals, schematics, user guides, technical specifications,

18  technical reports, and CMP recipes."  That subpoena to ▮▮▮▮▮▮. additionally includes a

19  request for documents seeking "[d]ocuments sufficient to show the process by which any materials,

20  ingredients, or components (including but not limited to any wafers or semiconductors) are

21  employed, used, or assembled in the manufacturing or fabrication process of any Products, including

22  but not limited to any image sensor."  Round Rock's subpoena for testimony to ▮▮▮▮▮▮

23  includes, for example, a topic concerning "[t]he process of constructing or forming, including the

24  use of any planarization techniques, the pixel cells, photodiodes, light sensing elements, passivation

25  layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or

26  lenses, of the image sensors contained in the Products."  These requests should yield design

27  schematics that show the composition and architecture of the CMOS image sensors in the '353

28  Accused Products.  Round Rock expects that the information elicited through these requests will

provide facts to, for example, show the planarization and deposition steps used in the manufacture of the '353 Accused Products.

47.     Round Rock has also served a notice for the deposition of ASUS pursuant to Federal Rule of Civil Procedure 30(b)(6) seeking testimony related to ASUS's infringement.   The topics enumerated in that deposition notice include, for example, "ASUS's requirements for components that provide an Accused Function, Capability, or Feature within the Accused Products, including the procedure by which ASUS selects a component for use in the Accused Products."   That deposition notice additionally requests that ASUS provide a witness on the topic of "[t]he design and structure of the image sensors contained in the '353 Accused Products, including the arrangement of the pixel cells, photodiodes, light sensing elements, passivation layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses."   The notice further requests that ASUS provide a witness on the topic of "[t]he process of constructing or forming, including the use of any planarization techniques, the pixel cells, photodiodes, light sensing elements, passivation layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses, of the image sensors contained in the '353 Accused Products."   Round Rock expects that deposition of ASUS's witnesses will elicit additional facts evidencing ASUS's infringement of the '353 patent.

48.     The discovery described above will elicit facts to rebut ASUS's assertion that there is no actual evidence that the '353 Accused Products practice certain limitations of the '353 patent.

### c.   The '276 Patent

49.     Round Rock has accused the following ASUS Products of infringement of the '276 patent:   Eee Pad Transformer, Eee Pad Slider SL101, Transformer Pad Infinity TF700T, Transformer Pad TF300T, Eee Slate B121, Eee Slate EP121, Nexus 7, and K52 Series (K52DE; K52DR;  K52DY;  K52F;  K52JB;  K52JC;  K52JE;  K52JK;  K52JT;  K52JU;  K52JV;  K52N) (collectively, "the '276 Accused Products").

50.     ASUS claims that there is no actual evidence that the '276 Accused Products practice the following limitations of the '276 patent:   "a bottom antireflection coating disposed in each light transmission path between the color filter array and the active image sensing device structure, wherein the bottom antireflection coating has a thickness of less than approximately 200 nm."

51.     Round Rock's infringement theories for these limitations are based upon the design, composition, and manufacture of the CMOS image sensors incorporated into the '276 Accused Products.  In addition, Round Rock has diligently sought discovery of the design, composition, and manufacture of the different CMOS image sensors incorporated into the '276 Accused Products as explained below.

52.     Round Rock has served document requests upon ASUS that seek documents related to the design, composition, and manufacture of the CMOS image sensors incorporated into the '276 Accused Products.  For example, Round Rock's Request No. 33 seeks "[d]ocuments sufficient to identify all persons involved in the design, development, manufacture, sales, and marketing of the Accused Products, including an organizational chart."  Round Rock's Request No. 54 request seeks "[d]ocuments sufficient to identify any components, by manufacturer name and model number, contained or integrated in ASUS products that have been made, used, licensed, distributed, supplied, sold, or offered for sale in the United States, or imported into the United States since May 18, 2006, including but not limited to the Accused Products, that perform or provide any of the following functionalities:  DDR3 memory; eMMC Flash memory; CMOS image sensors."  Round Rock's Request No. 56 seeks "[d]ocuments showing or describing the composition, operation, and/or functionality of CMOS image sensors, including but not limited to those CMOS image sensors contained or integrated into the Accused Products, or any other ASUS product that has been made, used, licensed, distributed, supplied, sold, or offered for sale in the United States, or imported into the United States since May 18, 2006."  And Round Rock's Request No. 64 seeks "[a]ll data sheets, technical manuals, user guides, schematics, architectural drawings, service manuals, or other documentation concerning the Image Sensors or was provided with the purchase or acquisition of the Image Sensors."  These requests should yield design schematics that show the composition and architecture of the CMOS image sensors in the '276 Accused Products.  Round Rock expects that the information in these documents will provide facts to, for example, show the composition and disposition of the bottom antireflection coating incorporated into the '276 Accused Products.

53.     Round Rock has also served subpoenas on third-parties ███████████████ seeking

documents and testimony related to the design, composition, and manufacture of the CMOS image sensors incorporated into the '276 Accused Products.  For example, Round Rock's subpoena for documents and things to ███████████. includes a request for documents seeking "[d]ocuments sufficient to illustrate and explain the manufacture or fabrication of any of the Products, including but not limited to manuals, schematics, user guides, technical specifications, technical reports, and CMP recipes."  That subpoena to ██████████. additionally includes a request for documents seeking "[d]ocuments sufficient to show the process by which any materials, ingredients, or components (including but not limited to any wafers or semiconductors) are employed, used, or assembled in the manufacturing or fabrication process of any Products, including but not limited to any image sensor."  Round Rock's subpoena for testimony to ████████████ includes, for example, a topic concerning "[t]he process of constructing or forming, including the use of any planarization techniques, the pixel cells, photodiodes, light sensing elements, passivation layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses, of the image sensors contained in the Products."  These requests should yield design schematics that show the composition and architecture of the CMOS image sensors in the '276 Accused Products.  Round Rock expects that the information elicited through these requests will show, for example, the composition and disposition of the bottom antireflection coating incorporated into the '276 Accused Products.

54.     Round Rock has also served a notice for the deposition of ASUS pursuant to Federal Rule of Civil Procedure 30(b)(6) seeking testimony related to ASUS's infringement.  The topics enumerated in that deposition notice include, for example, "ASUS's requirements for components that provide an Accused Function, Capability, or Feature within the Accused Products, including the procedure by which ASUS selects a component for use in the Accused Products."  That deposition notice additionally requests that ASUS provide a witness on the topic of "[t]he design and structure of the image sensors contained in the '276 Accused Products, including the arrangement of the photodiodes, light sensing elements, color filters, and/or antireflection coatings."  The notice further requests that ASUS provide a witness on the topic of "[t]he composition of the photodiodes, light sensing elements, color filters, and/or antireflection coatings of the image sensors contained in the

'276 Accused Products."   Round Rock expects that deposition of ASUS's witnesses will elicit additional facts evidencing ASUS's infringement of the '276 patent.

55.   The discovery described above will elicit facts to rebut ASUS's assertion that there is no actual evidence that the '276 Accused Products practice certain limitations of the '276 patent.

### d. The '949 Patent

56.   Round Rock has accused the following ASUS Products of infringement of the '949 patent:   ET2701INKI; ET2410IUTS; ET2411IUTI; ET1611PUT; ET2210IUTS; ET2012EUTS; CM1740; CM1831; CM6870; Essentio CM6730; Essentio CM6830; Eee PC 1225B; Eee PC 1011CX; Eee PC 1025C; Eee PC 1025CE; Eee PC T101MT; Eee PC X101; Eee PC X101CH; Eee PC 1011PX; Eee PC 1015B; Eee PC 1015BX; Eee PC 1015CX; Eee PC 1015PE; Eee PC 1015PD; Eee PC 1015PED; Eee PC 1015PEM; Eee PC 1015PN; Eee PC 1015PX; Eee PC 1015T; Eee PC 1016P; Eee PC X101H; Eee PC 1215B; Eee PC 1215BT; Eee PC 1215T; Eee PC 1225B; Eee PC 1225C; EeeBox PC EB1007P; EeeBox PC EB1503; EeeBox PC EB1021, EeeBox PC EB1033; A42 Series; A52 Series; A72 Series; B23 Series; B33 Series; B43 Series; B53 Series; G51 Series; G53 Series; G55 Series; G60 Series; G73 Series; G74 Series; G75 Series; K42 Series; K43 Series; K45 Series; K46 Series; K52 Series; K53 Series; K55 Series; K56 Series; K62 Series; K72 Series; K73 Series; K75 Series; K93 Series; K95 Series; N43 Series; N45 Series; N46 Series; N53 Series; N55 Series; N56 Series; N61 Series; N71 Series; N73 Series; N75 Series; N76 Series; N82 Series; NX90 Series; P31 Series; P41 Series; P43 Series; P53 Series; S46 Series; S56 Series; U47 Series; U24 Series; U30 Series; U31 Series; U32 Series; U33 Series; U35 Series; U36 Series; U40 Series; U41 Series; U43 Series; U44 Series; U45 Series; U46 Series; U53 Series; U56 Series; U82 Series; UL20 Series; UL30 Series; UL50 Series; UL80 Series; UX21 Series; UX31 Series; UX32 Series; X44 Series; X45 Series; X54 Series; X55 Series; X75 Series; X301 Series; X401 Series; X501 Series; Bamboo Series; NX90 Series; VX5 Series; VX7 Series; TS700-E7/RS8; TS100-E7/PI14; TS300-E7/PS4;   TS700-E6/RS8;   TS500-E6/PS4;   RS920A-E6/RS8;   RS924A-E6/RS9;   RS500A-E6/PS4; RS500A-S6/PS4;   RS500A-X6/PS4;   RS700DA-E6/PS4;   RS704DA-E6/PS4;   RS720QA-E6/RS12; RS724QA-E6/RS12; RS920-E7/RS8; RS926-E7/RS8; RS500-E7/PS4; RS700-E7/RS4-C; RS700-X7/PS4;   RS720-X7/RS8;   RS726Q-E7/RS12;   RS724Q-E7/RS12;   RS720Q-E7/RS12;   RS720-

1   E7/RS12-E;  RS720-E7/RS12;  RS700-E7/RS8;  RS700-E7/RS4;  RS100-E7/PI2;  RS100-X7;  RS300-

2   E7/PS4;  RS500-E6/PS4;  RS520-E6/ERS8;  RS700D-E6/PS8;  RS700-E6/ERS4;  RS702D-E6/PS8;

3   RS704D-E6/PS8;   RS720-E6/ERS12;   RS720-E6/RS12;   RS720Q-E6/RS12;   RS724Q-E6/RS12;

4   RS100-E6/PI2; RS300-E6/PS2; and RS300-E6/PS4 (collectively, "the '949 Accused Products").[1]

5        57.    ASUS claims that there is no actual evidence that the '949 Accused Products practice

6   the following limitations of the '949 Accused Products:  (1) "a circuit to enable selection of a power

7   saving mode for a dynamic random access memory," (2) "the power savings mode comprising

8   exiting an active power down mode of operation of the dynamic random access memory in more

9   than one clock cycle," (3) "transition(ing) from an active standby mode to a normal operation mode

10  takes place in a period of more than one clock cycle," (4) "a circuit to enable selection of a power

11  saving mode for a double data rate synchronous dynamic random access memory," (5) "the power

12  savings mode comprising exiting an active power down mode of operation of the double data rate

13  synchronous dynamic random access memory in more than one clock cycle."

14       58.    Round Rock's infringement theories for these limitations are based upon the

15  functionality of the double data rate memory incorporated in the '949 Accused Products.  Among

16  other things, Round Rock believes that the double data rate memory's practice of JEDEC standard

17  JESD89-3E is evidence that the '949 Accused Products practice of these limitations.  In addition,

18  Round Rock has diligently sought discovery of the design, architecture, and function of the different

19  double data rate memory components incorporated in the '949 Accused Products as explained

20  below.

21       59.    Round Rock has served document requests upon ASUS that seek documents related

22  to the design, operation, and function of the double data rate memory incorporated into the '949

23  Accused Products.  For example, Round Rock's Request No. 33 seeks "[d]ocuments sufficient to

24  identify all persons involved in the design, development, manufacture, sales, and marketing of the

25

---

26  [1] Individual product numbers within each series are enumerated in Exhibit 1 to Round Rock

27  Research, LLC's Infringement Contentions.

28

Accused Products, including an organizational chart."   Round Rock's Request No. 54 seeks "[d]ocuments sufficient to identify any components, by manufacturer name and model number, contained or integrated in ASUS products that have been made, used, licensed, distributed, supplied, sold, or offered for sale in the United States, or imported into the United States since May 18, 2006, including but not limited to the Accused Products, that perform or provide any of the following functionalities:  DDR3 memory; eMMC Flash memory; CMOS image sensors."   Round Rock's Request No. 55 seeks "[d]ocuments showing or describing the composition, operation, and/or functionality of DDR3 memory, including but not limited to those DDR3 memory contained or integrated into the Accused Products, or any other ASUS product that has been made, used, licensed, distributed, supplied, sold, or offered for sale in the United States, or imported into the United States since May 18, 2006."   Round Rock's Request No. 70 seeks "[a]ll data sheets, technical manuals, user guides, schematics, architectural drawings, service manuals, or other documentation concerning the DDR Memory Chips or that is or was provided with the purchase of the DDR Memory Chips."   And Round Rock's Request No. 74 seeks "[d]ocuments sufficient to show whether any or all of the DDR Memory Chips comply the JEDEC DDR3 SDRAM Standard No. JESD 79-3E (July 2009)."   These requests should yield documents that show the design, operation, and function of the double data rate memory incorporated into the '949 Accused Products.   These requests should also yield data sheets and other product documentation that shows the double data rate memory incorporated into the '949 Accused Products complies with JESD89-3E.   Round Rock expects that the information in these documents will provide facts to show the different modes that memory operates in, the mechanics of the transition between those modes, and the circuitry of that memory.

60.   Round Rock has also served subpoenas on third-parties ███████████████ ████████████████████████████████████████████████████ seeking documents and testimony related to the design, operation, and function of the double data rate memory incorporated into the '949 Accused Products.   For example, Round Rock's subpoena for documents and things to ████████ includes a request for documents seeking "[d]ocuments sufficient to illustrate and explain the manufacturing of any of the Products, including but not limited to manuals, schematics, technical specifications, and technical reports."   That subpoena to ████████

additionally includes a request for documents seeking "[d]ocuments sufficient to illustrate and explain the operation or use of any of the Products, including but not limited to manuals, schematics, datasheets, user guides, technical specifications, and technical reports."   And a request for documents seeking "[d]ocuments sufficient to show the operation of the Products in exiting a standby or active standby mode."  Round Rock's subpoena for testimony to ███████ includes, for example, the topic "[t]he operation or use of any of the Products, including but not limited to knowledge of manuals, schematics, datasheets, user guides, technical specifications, and technical reports."  These requests should yield documents and testimony evidencing the design, operation, functionality, and architecture of the double data rate memory incorporated into the '949 Accused Products.  These requests should also yield documents and testimony evidencing that the double data rate memory incorporated into the '949 Accused Products complies with JESD89-3E.  Round Rock expects that the information elicited through these requests will provide, for example, facts to show the different modes that memory operates in, the mechanics of the transition between those modes, the circuitry used to select between modes, and other information relevant to ASUS's infringement of Round Rock's patents.

61.   Round Rock has also served a notice for the deposition of ASUS pursuant to Federal Rule of Civil Procedure 30(b)(6) seeking testimony related to ASUS's infringement.  The topics enumerated in that deposition notice include, for example, "ASUS's requirements for components that provide an Accused Function, Capability, or Feature within the Accused Products, including the procedure by which ASUS selects a component for use in the Accused Products."  That deposition notice additionally requests that ASUS provide a witness on the topic of "[t]he operation of dynamic random access memory contained in the '949 Accused Products in exiting a standby or active standby mode."  The notice further requests that ASUS provide a witness on the topic of "[t]he operation of dynamic random access memory contained in the '949 Accused Products in exiting a power-down mode, pre-charge power-down mode (IDD2P), or active power-down mode (IDD3P)."  Round Rock expects that deposition of ASUS's witnesses will elicit additional facts evidencing ASUS's infringement of the '949 patent, including facts concerning the operation of double data rate memory incorporated into the '949 Accused Products with respect to a power saving mode.

62.     The discovery described above will elicit facts to rebut ASUS's assertion that there is no actual evidence that the '949 Accused Products practice certain limitations of the '949 patent.

**IV.     Forthcoming Expert Opinions**

63.     In addition to the outstanding discovery described above, expert reports and testimony are forthcoming in this case.  Per the Court's May 10, 2013, scheduling order (D.I. 75), Opening Expert Reports are due on October 13, 2013.  At the appropriate time, in accordance with the Court's orders, Round Rock will submit expert reports demonstrating ASUS's infringement of the patents-in-suit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 13, 2013, in New York, New York.


                                        */s/ Justin P.D. Wilcox*
                                        Justin P.D. Wilcox