# EXHIBIT 15

| | |
|---|---|
| 1 | John P. Schnurer, Bar No. 185725 |
| | JSchnurer@perkinscoie.com |
| 2 | Cheng (Jack) Ko, Bar No. 244630 |
| | JKo@perkinscoie.com |
| 3 | Michael J. Engle, Bar No. 259476 |
| | MEngle@perkinscoie.com |
| 4 | PERKINS COIE LLP |
| | 11988 El Camino Real, Suite 200 |
| 5 | San Diego, CA  92130-3334 |
| | Telephone:  858.720.5700 |
| 6 | Facsimile:  858.720.5799 |
| 7 | James C. Pistorino, Bar No. 226496 |
| | JPistorino@perkinscoie.com |
| 8 | PERKINS COIE LLP |
| | 3150 Porter Drive |
| 9 | Palo Alto, CA  94304-1212 |
| | Telephone:  650.838.4300 |
| 10 | Facsimile:  650.838.4350 |
| 11 | Attorneys for Plaintiff ASUS Computer International and Counterclaim Defendant ASUSTeK Computer |
| 12 | Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL, | Case No. 5:12-cv-02099-WHA |
| Plaintiff, | PLAINTIFF AND COUNTERCLAIM DEFENDANTS ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL'S FIRST SET OF INTERROGATORIES (Nos. 1-14) |
| v. | |
| ROUND ROCK RESEARCH, LLC, | |
| Defendant. | |

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff and Counterclaim Defendants ASUSTEK COMPUTER, INC. and ASUS COMPUTER INTERNATIONAL |
| RESPONDING PARTY: | Defendant ROUND ROCK RESEARCH, LLC |
| SET NUMBER: | ONE (Nos. 1-14) |

-1-   FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim Defendants ASUSTeK Computer, Inc. and ASUS Computer International request that Round Rock Research, LLC answer the following interrogatories separately, fully, and under oath within thirty (30) days of service. Round Rock is subject to a duty to supplement all responses to these interrogatories in accordance with Federal Rule of Civil Procedure 26(e).

## **DEFINITIONS**

A. The terms "Round Rock," "You," or "Your" shall mean Round Rock Research, LLC and any parent, predecessor, successor, subsidiary, division, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it; all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf; and any person in privity with them regarding the matters inquired about herein, including without limitation IP Value Management Inc.

B. The term "Micron" shall mean Micron Technology, Inc. and any parent, predecessor, successor, subsidiary, division, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it (including, but not limited to, Agilent Technologies, Inc.); all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf; and any person in privity with them regarding the matters inquired about herein.

C. The term "Prior Patent Owner" shall mean any Person that owned any interest to any Patent-in-Suit or any application leading to any Patent-in-Suit, including without limitation Micron; Micron Technology, Inc.; Agilent Technologies, Inc.; and any inventor of any Patent-in-Suit.

D. The term "ASUS" shall mean defendants ASUSTeK Computer, Inc. and ASUS Computer International, and their officers, directors, agents, attorneys, consultants, accountants, employees, representatives, affiliates, and any other persons acting or purporting to act for or on their behalf.

E. The term "the '791 Patent" shall mean U.S. Patent No. 6,570,791.

F. The term "the '276 Patent" shall mean U.S. Patent No. 6,765,276.

1       G.      The term "the '053 Patent" shall mean U.S. Patent No. 6,845,053.

2       H.      The term "the '949 Patent" shall mean U.S. Patent No. 6,930,949.

3       I.      The term "the '520 Patent" shall mean U.S. Patent No. 7,021,520.

4       J.      The term "the '353 Patent" shall mean U.S. Patent No. 7,279,353.

5       K.      The terms "Patent-in-Suit" or "Patents-in-Suit" shall mean the '791 Patent, '276 Patent, '053 Patent, '949 Patent, '520 Patent, '353 Patent, and any other patent added to this litigation by amended pleading or complaint.

      L.      The terms "Related Patent" and "Related Patents" mean all patents and patent applications, including without limitation any patent, continuation, continuation-in-part, divisional, reexamination, reissue, or foreign counterpart patent or patent application, related directly or indirectly to any Patent-in-Suit.

      M.      The phrase "Accused Product" shall mean any ASUS product, device, apparatus, process, method, act, or other instrumentality that Round Rock contends infringes any claim of any Patent-in-Suit, including without limitation any ASUS product disclosed by Round Rock in its Answer & Counterclaims, Amended Answer & Counterclaims, infringement contentions, or any subsequently amended counterclaims or infringement contentions.

      N.      The phrase "Alleged Embodying Product" shall mean any Round Rock or Prior Patent Owner product, device, apparatus, process, method, act, or other instrumentality that was or is made, sold, offered for sale, used, or imported in the United States, which Round Rock or any Prior Patent Owner contends or believes (or ever contended or believed) to meet all elements of any claim of any Patent-in-Suit.

      O.      The phrase "Licensee Embodying Product" shall mean any product, device, apparatus, process, method, act, or other instrumentality that was or is made, sold, offered for sale, used, or imported by any current or former licensee (including any recipient of a covenant not to sue) of any Patent-in-Suit, which Round Rock or any Prior Patent Owner contends or believes (or ever contended or believed) to meet all elements of any claim of any Patent-in-Suit.

      P.      The terms "refer to," "referring to," "relate to," and "relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing,


identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

Q. The words "and" or "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

1. In answering the following interrogatories, you are required to provide all information that is available to you or within your control, including information in the possession of your attorneys, investigators, employees, agents, representatives, and guardians or any other person acting on your behalf, and not merely information from your own personal knowledge.

2. If you cannot answer any interrogatory in full, answer to the extent you are able to do so, state the reason for your inability to answer further, and state the knowledge or information available to you concerning the unanswered portion.

3. If you object to any of the interrogatories, you must state the grounds for any objection(s) in the detail required under the governing rules and procedures. If you object to only part of an interrogatory, you must state the objection and the grounds for any objection(s) and respond to the remainder of the interrogatory.

4. Each answer should be preceded by a reiteration of the full interrogatory to which it responds.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail the alleged invention, priority date (including claims of priority under 35 U.S.C. § 119 or 120), conception, reduction to practice, and diligence in the reduction to practice of the subject matter of each asserted claim of each Patent-in-Suit, including but not limited to the dates and locations of invention, conception, reduction to practice, and diligence for each asserted claim; the identity of all persons having knowledge about such invention, conception, reduction to practice, or diligence; each named inventor's role or contribution in the

alleged invention, conception, reduction to practice, and diligence; and the full basis for your contention that each claim is entitled to the alleged invention date, including identifying any documents supporting or contradicting your contentions.

**INTERROGATORY NO. 2:**

State in full the facts and circumstances concerning the first disclosure of the claimed invention of each asserted claim of each Patent-in-Suit to anyone other than the patent owner at the time of the disclosure; first sale of the claimed invention; first offer for sale of the claimed invention; first publication of the claimed invention; and first public use of the claimed invention, including without limitation identifying dates, locations, persons involved, and what was disclosed, sold, offered, published, or used.

**INTERROGATORY NO. 3:**

Explain in detail the facts related to ownership of each Patent-in-Suit from the time the patent application was filed to the present, including without limitation identifying all present ownership interests in each Patent-in-Suit, all assignments from the named inventors, all assignments to Round Rock, and all assignments to any Prior Patent Owner.

**INTERROGATORY NO. 4:**

Identify each and every piece of prior art or alleged prior art of which Round Rock or any Prior Patent Owner is or ever has been aware for each Patent-in-Suit, including without limitation any prior art or alleged prior art identified by any third party after the issuance of the patent such as in litigation or licensing negotiations.

**INTERROGATORY NO. 5:**

Identify all Alleged Embodying Products and Licensee Embodying Products for each asserted claim of each Patent-in-Suit, including without limitation identifying the product manufacturer; product name or number; the time periods during which each product was manufactured, sold, offered for sale, or used by Round Rock, any Prior Patent Owner, or any Licensee; which claims are embodied by the product; and the persons most knowledgeable regarding the product, including the role and responsibilities of such person regarding the product.

**INTERROGATORY NO. 6:**

Describe in detail any marking of or efforts to mark the Alleged Embodying Products and Licensee Embodying Products with patent or patent application numbers, including without limitation identifying the number of any patent or patent application with which the product was or has ever been marked; the period(s) during which the product was so marked; the quantity and percentage of units of the product that were so marked for each such period; the manner in which the product was marked for each such period (including the physical location of any marking); and all efforts Round Rock or any Prior Patent Owner has made to mark or monitor the marking of the product with the patent number of any of the Patents-in-Suit.

**INTERROGATORY NO. 7:**

State in full the basis for your contention that the asserted claims are valid, including for each asserted claim you contend to be valid a detailed description of your factual basis for contending that the prior art identified by ASUS do not invalidate the claim and any secondary considerations of non-obviousness you rely on for your contention, including without limitation commercial success, long-felt need, failure of others, skepticism by experts or persons of ordinary skill, praise, unexpected results, prompt copying by others, teaching away, the taking of licenses, and the absence or presence of contemporaneous invention by others.

**INTERROGATORY NO. 8:**

Identify all past and current agreements, express or implied, that license or covenant not to sue any Patent-in-Suit or Related Patent, including without limitation identifying the parties to each such agreement; the effective dates of the agreement; the activities covered by the agreements; the expiration dates of the agreement; the royalty or lump sum provided for in the agreement; and what portion of the royalty or lump sum is attributable to each of the Patents-in-Suit.

**INTERROGATORY NO. 9:**

Describe in detail the involvement of Round Rock or any Prior Patent Owners in setting industry standards relating to flash memory, SDRAM memory, or image sensors, including without limitation identifying all past and current standard setting organizations (including

without limitation JEDEC ) to which Round Rock or any Prior Patent Owner belongs or has ever belonged; whether any Patent-in-Suit or Related Patent was ever disclosed to such standard setting organization; the date and contents of any such disclosure; the persons knowledgeable regarding the disclosure; and if such a disclosure was not made, why the Patent-in-Suit was not disclosed to the standard setting organization.

**INTERROGATORY NO. 10:**

State in full the circumstances under which you contend ASUS first became aware of each of the Patents-in-Suit and Round Rock's allegations of infringement of that Patent-in-Suit, including without limitation identifying the date you contend ASUS first became aware of each of the Patents-in-Suit; the date you contend ASUS first became aware of Round Rock's allegations of infringement of each of the Patents-in-Suit; how ASUS became aware; what specific products or components Round Rock has identified as infringing each of the Patents-in-Suit; the date each such product was first identified as infringing; persons knowledgeable regarding ASUS' awareness; and documents supporting your assertions.

**INTERROGATORY NO. 11:**

Identify each investigation, evaluation, study, test, analysis, reverse engineering, comparison, inspection, report, or opinion of counsel (collectively "test") performed by or on behalf of Round Rock or a Prior Patent Owner with respect to each Accused Product, and identify the persons who requested or conducted each test; the date and location of each test; and any documents, records, or technical data generated during each test or that otherwise reported the results of the test; and describe with particularity both the methods used to conduct each test and the results of the test.

**INTERROGATORY NO. 12:**

State in full the circumstances surrounding any person or entity contending that any claim of any Patent-in-Suit or Related Patent is invalid, not infringed, or unenforceable, including an identification of the person or entity who made such a contention; the nature of the contention; whether the contention was made as part of a legal proceeding such as litigation or reexamination; and all factual and legal bases that support, contradict, or otherwise relate to the contention,

including any alleged bases for the invalidity, non-infringement, or unenforceability that were communicated to Round Rock or any Prior Patent Owner.

**INTERROGATORY NO. 13:**

Explain in detail your contentions regarding the amount of damages that Round Rock is entitled to recover for each Patent-in-Suit, including without limitation identifying the reasonable royalty rate and royalty base or lump sum corresponding to such damages for each of the Patents-in-Suit; when Round Rock contends that the damages period begins to run for each of the Patents-in-Suit and the basis for such contention; when Round Rock contends that the damages period ends and why that date was selected; and your methods of computation, including identifying all facts and documents supporting, refuting, or rebutting such contentions, all persons with knowledge of any facts relied on by you in making such contentions, and all experts and consultants retained to prepare damages calculations.

**INTERROGATORY NO. 14:**

Explain in detail the basis for your contention that the alleged infringement of each of the Patents-in-Suit has been willful, including without limitation identifying for each of the Patents-in-Suit all factual bases and documents that support, refute, or rebut your contention and all persons with knowledge of facts relied on by you in making such contention.

DATED:  November 6, 2012         */s/ Michael J. Engle*
                                 Michael J. Engle
                                 MEngle@perkinscoie.com
                                 **Perkins Coie LLP**
                                 11988 El Camino Real, Suite 200
                                 San Diego, CA  92130-3334
                                 Telephone: 858.720.5700
                                 Facsimile: 858.720.5799

                                 *Attorneys for Plaintiff ASUS Computer International and Counterclaim Defendant ASUSTeK Computer Inc.*