1   BLACK CHANG & HAMILL LLP
    Bradford J. Black (SBN 252031)
2   bblack@bchllp.com
    Andrew G. Hamill (SBN 251156)
3   ahamill@bchllp.com
    4 Embarcadero Center, Suite 1400
4   San Francisco, California 94111
    Telephone: 415-813-6210
5   Facsimile: 415-813-6222

6   DESMARAIS LLP
    Paul A. Bondor (admitted *pro hac vice*)
7   pbondor@desmaraisllp.com
    Justin P.D. Wilcox (admitted *pro hac vice*)
8   jwilcox@desmaraisllp.com
    Jonas R. McDavit (admitted *pro hac vice*)
9   jmcdavit@desmaraisllp.com
    Lauren M. Nowierski (admitted *pro hac vice*)
10  lnowierski@desmaraisllp.com
    230 Park Avenue
11  New York, NY 10169
    (212) 351-3400 (Telephone)
12  (212) 351-3401 (Facsimile)

13  *Attorneys for Defendant and Counterclaim Plaintiff*

14              **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
15
                  **SAN FRANCISCO DIVISION**
16
    _____
17  ASUS COMPUTER INTERNATIONAL,          )
                                          )
18      *Plaintiff*,                      )        Civil Action No. 3:12-cv-02099-JST
                                          )
19      v.                                )        JURY TRIAL DEMANDED
                                          )
20  ROUND ROCK RESEARCH, LLC,             )
                                          )
21      *Defendant*.                      )
                                          )
22  _____
    ROUND ROCK RESEARCH, LLC,             )        REDACTED VERSION
23                                        )
        *Counterclaim Plaintiff*,         )
24                                        )
        v.                                )
25                                        )
    ASUSTEK COMPUTER INC. AND             )
26  ASUS COMPUTER INTERNATIONAL,          )
                                          )
27      *Counterclaim Defendants*.        )
    _____)
28

1

**ROUND ROCK'S RESPONSIVE BRIEF TO ASUS'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

2

3

**[FILED UNDER SEAL]**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...............................................................................1

II.    FACTS ...............................................................................................2

    A.    Overview of ASUS's Declaratory Judgment Action ...................2

        1.    Parties.............................................................................2

        2.    Patents-In-Suit................................................................3

    B.    Procedural History ......................................................................4

    1.    Patent Local Rules Disclosures..................................................5

    2.    Discovery ...................................................................................5

    C.    Round Rock's Infringement Contentions ...................................9

III.    LEGAL principles...........................................................................12

    A.    Summary Judgment Principles ..................................................12

    B.    Patent Infringement Principles..................................................13

IV.    ARGUMENT ..................................................................................15

    A.    As A Threshold Issue, If The Court Concludes That The Allegedly Uncharted Products Are Not Properly Accused In This Case, Summary Judgment Is Improper. ..................................................................15

    B.    ASUS's Motion Is Premature And Should Be Denied Or Continued Under Rule 56(d). ...................................................................17

        1.    Round Rock Believes Evidence Exists Regarding ASUS's General Theories of Non-Infringement That Round Rock Has Not Yet Obtained In Discovery. ......................................18

        2.    Round Rock Believes Evidence Exists Regarding ASUS's Theories of Non-Infringement For The Patents-in-Suit That Round Rock Has Not Yet Obtained In Discovery.........................20

    C.    Summary Judgment Is Inappropriate Because Round Rock's Infringement Contentions Are Adequate For All Products. .....................20

        1.    Round Rock's Infringement Contentions Disclosed Round Rock's Infringement Theories For All Accused Products, Including The Allegedly Uncharted Products................................21

        2.    Round Rock's Infringement Contentions Adequately Raise A Reasonable Inference That All Accused Products Infringe, And

**Page**

Round Rock Should Not Be Barred From Seeking Or Offering
Evidence Of Infringement..............................................................24

V.      CONCLUSION.......................................................................................................25

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)..........................................................................................................12, 13

*Apple Inc. v. Samsung Elecs. Co.*,
   2013 U.S. Dist. LEXIS 91450 (N.D. Cal. June 26, 2013) .........................................................24

*ASUS Computer Int'l v. Round Rock Research*, *LLC*,
   4:11-6636-CW (N.D. Cal.) ......................................................................................................4

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 331, 106 S. Ct. 2548, 2557, 91 L. Ed. 2d 265 (1986)............................................20

*Chafin v. Chafin*,
   133 S.Ct. 1017 (2013) ...........................................................................................................15

*Chevron Corp. v. Pennzoil Co.*,
   974 F.2d 1156 (9th Cir. 1992) ................................................................................................12

*Creagri, Inc. v. Pinnaclife Inc.*, *LLC*,
   No. 11-cv-06635-LHK, 2012 U.S. Dist. LEXIS 158540 (N.D. Cal. Nov. 2, 2012)....................14

*Eagle Comtronics, Inc. v. John Mezzalingua Assoc., Inc.*,
   198 F.R.D. 351 (N.D.N.Y. 2000).............................................................................................15

*France Telecom, S.A.*,
   2013 U.S. Dist. LEXIS 63823 ............................................................................................15, 21

*Freeman v. Arpaio*,
   125 F. 3d 732 (9th Cir. 1997) ................................................................................................12

*Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010) .............................................................14

*Icon-IP Pty Ltd v. Specialized Bicycle Components, Inc.*,
   12-cv-03844-JST, D.I. 44 (N.D. Cal. Apr. 29, 2013) ...............................................................16

*Infineon Techs. AG v. Volterra Semiconductor*,
   No. C 11-06239, 2013 U.S. Dist. LEXIS 109165 (N.D. Cal. July 31, 2013).............................14

*InterTrust Techs. Corp. v. Microsoft Corp.*,
   No. C 01-1640 SBA, 2003 U.S. Dist. LEXIS 22736 (N.D. Cal. Dec. 1, 2003) ....................13, 14

*Jumpsport Inc. v. Hedstrom Corp.*,
   No. C 04-0199-PJH, 2004 WL 2203556 (N.D. Cal. Sept. 29, 2004) .........................................16

**Page(s)**

*Lewis v. Continental Bank Corp.*,
494 U.S. 472 (1990)................................................................................................. 15

*Mehmet v. Paypal, Inc.*,
No. C-08-01961, 2008 U.S. Dist. LEXIS 64018 (N.D. Cal. Aug. 12, 2008) .............................. 13

*Metabolife Int'l, Inc. v. Wornick*,
264 F.3d 832, 846 (9th Cir. 2001) .......................................................................... 13

*Monsanto Co. v. Scruggs*,
459 F.3d 1328 ............................................................................................................ 19

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006)............................................................................. 16, 24

*Renesas Tech. Corp. v. Nanya Tech. Corp.*,
No. C 03-05709, 2005 U.S. Dist. LEXIS 44138 (N.D. Cal. Aug. 18, 2005).............................. 14

*Round Rock Research, LLC v. ASUSTeK Computer Inc.*,
1:11-cv-00978-RGA (D. Del.)................................................................................. 4

*Sage Electrochromics, Inc. v. View Inc.*,
No. C-12-06441-JST, 2013 U.S. Dist. LEXIS 127598, at *6 (N.D. Cal. Sept. 6, 2013). 14, 15, 21, 24

*Tessera, Inc. v. Motorola Inc.*,
No. C 12-692-CW, 2013 U.S. Dist. LEXIS 114459 (N.D. Cal. Aug. 13, 2013)................... 14, 21

*Tommy Bahama Group, Inc. v. Sexton*,
No. 07-cv-6360-EDL, 2009 WL 4673863 (N.D. Cal. Dec. 3, 2009) ......................................... 13

**Statutes**

35 U.S.C. § 271.......................................................................................................... 13

**Rules**

*Burlington N. Santa Fe. R.R. Co. v. Assinoine and Sioux Tribes*, 323 F.3d 767, 773 (9th Cir. 2003) 13

*Carborundum Co. v. Molten Metal Equipment Innovations, Inc.*,
72 F.3d 872 (Fed. Cir. 1995)................................................................................... 19

Fed. R. Civ. P. 56.................................................................................................. passim

## I.   **INTRODUCTION**

ASUSTeK Computer Inc. ("ASUSTeK") and ASUS Computer International's ("ACI") (collectively, "ASUS") move for summary judgment of non-infringement for those five patents for almost all of the accused products two months before the October 31, 2013 close of fact discovery and deadline for opening expert reports after providing only nominal discovery to date. But ASUS's Motion is premature and runs afoul of Rule 56(d), seeking to short-circuit the case schedule adopted by the Court and deprive Defendant and counterclaim Plaintiff Round Rock Research, LLC ("Round Rock") of evidence to show that the accused products infringe the asserted claims of the patents-in-suit. On this basis alone, ASUS's Motion should be denied or continued until fact and expert discovery are complete.

ASUS's Motion boils down to a single argument—that Round Rock's Infringement Contentions, which chart representative accused products, are deficient under the Patent Local Rules, and, therefore, Round Rock is not entitled to discovery on the products that were not specifically charted (hereinafter, the "allegedly Uncharted Products") because those products are not at issue in the case. But that argument forms the basis for a motion to strike, not summary judgment. Indeed, if ASUS is correct that the allegedly Uncharted Products are not at issue in this case, ASUS's Motion is nothing more than a request for an advisory opinion that should be rejected. Indeed, granting summary judgment of non-infringement on allegedly Uncharted Products for which Round Rock was precluded from litigating or taking discovery would be wholly improper.

Contrary to ASUS's arguments, Round Rock's infringement contentions comply with the Patent Local Rules. As even ASUS admits in its briefing, courts in this jurisdiction allow a party to chart representative products to satisfy its required infringement contentions under the Patent Local Rules. That approach is permitted when there is commonality among the elements. Thus it is especially useful in—but not limited to—cases in which a party's infringement theory is based on an industry standard, which is true here for at least three of the five patents-in-suit. The representative product approach is also critical in cases like this one in which it is virtually impossible to determine the different models of chip, sensor, or memory device that an accused infringer uses for the same feature (e.g., flash memory) of an accused product. Such information is not publically available.

And, ASUS's briefing makes clear that most of its products use multiple different for each feature. Indeed, without discovery from ASUS—which Round Rock has been seeking for nearly a year, and ASUS has intentionally withheld until now—Round Rock would be forced to purchase every unit of every accused product ever made to definitively determine all the different models of components that provide infringing functionalities in the accused products.   But the law and Patent Local Rules do not require such an onerous task.  Round Rock's Infringement Contentions appropriately adopted a representative product approach, Round Rock's contentions provide Round Rock's infringement theories for all accused products—charted or otherwise, demonstrating a disputed issue of fact and precluding summary judgment.

Finally, ASUS's Motion does not address the merits of Round Rock's infringement theories for even a single element of a single asserted claim.  ASUS's only proffered factual support for its Motion is that Round Rock lacks facts and discovery that ASUS has intentionally withheld from Round Rock based upon its unilateral decision that the allegedly Uncharted Products are not part of this case.  In short, ASUS's attempt to file this lawsuit, evade providing discovery, and then move for early summary judgment based on the same facts and discovery it intentionally withheld from Round Rock for months without legal justification should be denied.

**II.    FACTS**

    **A.    Overview of ASUS's Declaratory Judgment Action**

        **1.  Parties**

Round Rock is a Delaware limited liability company with its principal place of business in Jersey City, NJ.  Round Rock has a portfolio of over 4,000 patents and pending patent applications that Round Rock acquired from Micron Technology, Inc. in 2009.   Round Rock's patented inventions span many different technological fields, ranging from semiconductor components and manufacturing processes to consumer electronics products and systems. Among those patents are U.S. Patent Nos. 6,570,791 ("the '791 patent"), 6,765,276 ("the '276 patent"), 6,845,053 ("the '053 patent"), 6,930,949 ("the '949 patent"), and 7,279,353 ("the '353 patent") (collectively the "patents-in-suit"). (D.I. 8 ¶¶ 12-18.)

ASUSTeK is a Taiwan-based computer manufacturer who offers its products, including

laptop, tablet, and desktop computers, for sale worldwide.   ACI is a wholly-owned subsidiary of ASUSTeK which acts as its sales and marketing arm for ASUSTeK's products in the United States.

## 2.   Patents-In-Suit

The five patents-in-suit claim novel inventions related to flash memory, complementary metal-oxide semiconductor ("CMOS") image sensors, and dynamic random access memory ("DRAM") (specifically, double data rate ("DDR") memory).

Two of the patents-in-suit relate to flash memory technology—the '791 and '053 patents (collectively, the "Flash Memory Patents").  The '791 patent claims flash memory devices and methods for reading flash memory comprising data communication synchronized to transitions of a clock signal.  (D.I. 1 at Ex. A, col. 5:57 – 8:23.)  Round Rock is asserting claims 1, 3, 4, and 14 against seven ASUS products containing embedded MultiMediaCard ("eMMC") flash memory.[1] The '053 patent claims flash memory devices and methods for programming flash memory devices comprising a mode control bit stored in non-volatile memory which selects one of the memory device's plurality of modes including a high data throughput mode and a low power mode.  (*Id.* at Ex. C, col. 1:40-48; col. 5:61 – col. 8:43.)  Round Rock is asserting claims 1, and 3 against seven ASUS products containing embedded MultiMediaCard ("eMMC") flash memory.[2]

Two of the patents-in-suit relate to CMOS image sensors—the '276 and '353 patents (collectively the "Image Sensor Patents").  The '276 patent claims image sensor systems comprising a bottom antireflection coating.  Round Rock is asserting claims 1, 3, 5, 8, 9, and 11 of the '276 patent against seven ASUS products[3] and one ASUS product series[4] all of which contain CMOS

---

[1] Nowierski Decl. at Ex. 1, at Exs. A, 1.  Those seven products include the ASUS Eee Pad Transformer (TF101), the ASUS Eee Pad Slider SL101, the ASUS Transformer Pad Infinity TF700T, the ASUS Transformer Pad TF300T, the ASUS  Eee Slate B121, the ASUS Eee Slate EP121, and the ASUS Nexus 7.  (*Id.*)

[2] Nowierski Decl. Ex. 1, at Exs. C, 1.  Those seven accused ASUS products for the '053 patent are the same seven as accused for the '791 patent.  (*Id.*)

[3] Nowierski Decl. Ex. 1, at Exs. B, 1.  Those seven products include the ASUS Eee Pad Transformer (TF101), the ASUS Eee Pad Slider SL101, the ASUS  Eee Slate B121, the ASUS Eee Slate EP121, the ASUS Transformer Pad Infinity TF700T, the ASUS Transformer Pad TF300T, and the ASUS Nexus 7.  (*Id.*)

[4] Nowierski Decl. Ex. 1, at Exs. B, 1.  That one ASUS product series includes the K52 line of notebook computers (including K52DE; K52DR; K52DY; K52F; K52JB; K52JC; K52JE; K52JK; K52JT; K52JU; K52JV; and K52N).  (*Id.*)

1   image sensors.  The '353 patent claims novel methods for forming color CMOS image sensors with

2   a planarized passivation layer.  (*Id.* at Ex. F at col. 1:5-7; col. 6:54 – 8:36.)  Round Rock is asserting

3   claims 1, 2, 10, 13, 17, and 18 of the '353 patent against seven ASUS products and one ASUS

4   product series containing CMOS image sensors.[5]

5        The '949 patent claims novel apparatuses and methods for reducing the power consumed by

6   a memory device.  Round Rock is asserting claims 1-3, 5-7, 20, and 24 the '949 patent against all

7   ASUS products containing DDR3 memory, which constitutes eighteen product lines.[6]

8        **B.    Procedural History**

9        Round Rock and ASUS have engaged in licensing discussions relating to Round Rock's

10  patent portfolio as early as March 2011.  (D.I. 8, ¶ 10.)   After some correspondence, in October

11  2011, Round Rock filed a lawsuit in Delaware asserting ten patents against various ASUS products.[7]

12  None of those ten patents overlap with the patents at suit in this case.  ASUS moved to dismiss that

13  case, or alternatively, transfer to this district, and shortly thereafter, filed a declaratory judgment

14  action in this district for non-infringement, invalidity, and unenforceability of those same ten

15  patents.[8]  Round Rock decided to pursue its infringement claims in the Northern District, and

16  voluntarily dismissed the Delaware action on September 11, 2013.

17       Plaintiff ACI filed this action for a declaratory judgment of non-infringement, invalidity, and

18  unenforceability of six patents unrelated to those asserted in the other two litigations on April 26,

19  2012.  (D.I. 1.)  Round Rock answered the declaratory judgment complaint and counterclaimed

20  against ASUS for infringement of those six patents on May 18, 2012, but subsequently dismissed its

21

22  [5] Nowierski Decl. Ex. 1, at Exs. F, 1.  Round Rock is asserting the '353 patent claims against the same seven ASUS products and one ASUS product line as it asserting the '276 patent claims.  (*Id.*)

23  [6] Nowierski Decl. Ex. 1, at Exs. D, 1.  Those eighteen product lines include the ASUS All-in-One PCs, the Essentio Desktop PCs, the Eee PCs, the Eee Box PCs, the A, B, G, K, N, P, S, U, UL, UX, X line notebook computers, the Special Edition Notebook Computers, and the T & R Servers.  (*Id.*)

24  [7] *Round Rock Research, LLC v. ASUSTeK Computer Inc.*, 1:11-cv-00978-RGA (D. Del.).

25  [8] *ASUS Computer Int'l v. Round Rock Research, LLC*, 4:11-6636-CW (N.D. Cal.).  Those two mirror-image cases were essentially stayed until the Delaware judge decided on ASUS's motion this August 20, 2013.  (D.I. 61 in No. 1:11-cv-00978-RGA (D. Del.).)  Round Rock decided to pursue its infringement claims in the Northern District, and voluntarily

26  dismissed the Delaware action on September 11, 2013.  (D.I. 64 in No. 1:11-cv-00978-RGA (D. Del.).)

27

28

counterclaims as to one patent.  (D.I. 8.)  ASUS answered those counterclaims on June 11, 2012.  (D.I. 11.)  The case was assigned to Judge Alsup on June 22, 2012, and the initial Case Management Conference was held on September 6, 2012.  (D.I. 14, 35.)  The original case schedule was issued following the conference on September 6.  (D.I. 34.)

### 1. Patent Local Rules Disclosures

Pursuant to Patent Local Rule 3-1, Round Rock served on ASUS its Disclosure of Asserted Claims and Infringement Contentions on September 20, 2012.[9]  On that date, Round Rock also served on ASUS its document production accompanying that disclosure pursuant to Patent Local Rule 3-2.[10]  ASUS served on Round Rock its Preliminary Invalidity Contentions and accompanying document production pursuant to Patent Local Rules 3-3, 3-4, and 3-5 on November 8, 2012.[11]  Neither party has moved to amend or strike any party's contentions.

On November 26, 2012, the parties exchanged proposed claim terms for construction, as required by Patent Local Rule 4-1.  The parties exchanged their Patent Local Rule 4-2 preliminary claim constructions and extrinsic evidence on December 17, 2012.  The parties filed the Patent Local Rule 4-3 Joint Claim Construction and Prehearing Statement on January 11, 2013.  (D.I. 43.)  The parties completed their claim construction briefing in February and March.  (D.I. 52, 55, 58.)  A claim construction tutorial was held on April 16, 2013 (D.I. 64) and a *Markman* hearing was held on May 1, 2013.  (D.I. 71.)  The Court issued its claim construction order on August 9, 2013.  (D.I. 82.)

### 2. Discovery

Fact discovery is ongoing and is currently scheduled to close on October 31, 2013.  (D.I. 75.)  Opening expert reports are also currently scheduled for October 31, 2013, and expert discovery is scheduled to close on December 4, 2013.  (*Id.*)

### i. Discovery Taken To Date

---

[9] Nowierski Decl. Ex. 1.
[10] Nowierski Decl. Ex. 2.
[11] Nowierski Decl. Ex. 3.

1       Round Rock has served two sets of requests for production on ASUS—its first set on

2   September 28, 2012 and its second set on August 26, 2013.[12]   ASUS provided its responses and

3   objections to Round Rock's First set of document requests on November 1, 2012.[13]   ASUS's

4   responses to Round Rock's second set of requests for production are not yet due.  ASUS has only

5   produced just over 5,300 pages to date.[14]

6       ASUS has served two sets of requests for production on Round Rock— its first set on July

7   11, 2012 and its second set on November 1, 2012—to which Round Rock timely provided its

8   responses and objections.[15]   Round Rock produced documents to ASUS on a rolling basis beginning

9   on August 28, 2012 responsive to those document requests.[16]   Round Rock's document production to

10  date comprises over 118,500 pages.

11      Both parties have served interrogatories and responses to interrogatories.  On October 5,

12  2012, Round Rock served its first set of interrogatories on ASUS, which included several

13  interrogatories relating to identifying ASUS's component suppliers and specific flash memory,

14  image sensors, and DDR3 memory components.[17]   ASUS served objections and responses to Round

15  Rock's First Set of Interrogatories on November 8, 2012.[18]   At that time, ASUS only identified (1)

16  the image sensor components in the seven products and one product line Round Rock accused of

17  infringing the image sensor patents, and (2) the flash memory suppliers for the seven accused

18  products for the flash memory patents.  *Id.*  ASUS provided neither the component information for

19  the accused flash memory products  nor any information relating to its DDR suppliers or DDR

20  

[12] Nowierski Decl. Exs. 4, 5 (Round Rock's First and Second Sets of RFPs to ASUS)..

21  [13] Nowierski Decl. Ex. 6 (ASUS's Responses to Round Rock's First Set of RFPs).
[14] 3,300 of those 5,300 pages were produced pursuant to Patent Local Rule 3-4.  (Nowierski Decl. Ex. 7 (Nov. 8, 2012

22  Letter from G. Wilder to P. Bondor).)  Moreover, ASUS only produced certain, limited documents relating to the
following six accused products and one accused product line:  the ASUS Eee Slate B121, the ASUS Eee Slate EP121,

23  the ASUS Eee Pad Transformer (TF101), the ASUS Eee Slider (SL101), the ASUS Nexus 7, The ASUS Eee
Transformer Pad TF300T, and the ASUS K52 series notebooks.  For most of these products, ASUS has only produced

24  less than ten documents.
[15] Nowierski Decl. Exs. 8, 9, 10, & 11.

25  [16] Nowierski Decl. Exs. 12.
[17] Nowierski Decl. Ex. 13.

26  [18] Nowierski Decl. Ex. 14 (filed under seal).

27  

28

1  components for even a single product Round Rock accused of infringing the '949 patent.  *Id.*

2      ASUS served its First Set of Interrogatories on Round Rock on November 11, 2012.[19]  Round

3  Rock served its responses on December 10, 2012. [20]  ASUS has neither served additional

4  interrogatories, nor sent any correspondence regarding any of Round Rock's discovery responses.

5      Round Rock's counsel sent ASUS's counsel correspondence dated January 24, 2013

6  regarding ASUS's responses to Round Rock's First Set of Document Requests, Round Rock First

7  Set of Interrogatories, and ASUS's Invalidity Contentions.[21]  ASUS's counsel agreed to meet and

8  confer in lieu of a written response, and the parties met and conferred on January 30, 2013.[22]

9  Notably, during that meet and confer, Round Rock's counsel requested that ASUS's counsel provide

10  any legal support or justification for refusing to provide discovery.  ASUS's counsel noted that it

11  still had not reviewed the case law Round Rock had provided in its January 24, 2013 correspondence

12  (as well as its October 12, 2012 correspondence), but agreed to do so.  Round Rock's counsel sent

13  ASUS's counsel follow up correspondence on February 4, 2013, and ASUS's counsel ultimately

14  provided its reply on February 19, 2013.[23]  ASUS did not provide a single case to justify withholding

15  discovery from Round Rock, nor did ASUS provide a single case that supported its position that

16  Round Rock's infringement contentions did not comply with the Patent Local Rules.  In any event,

17  ASUS agreed to supplement certain discovery responses.

18      After correspondence and meet-and-confers between the parties, ASUS supplemented its

19  responses to Interrogatories Nos. 3-5 on April 30, 2013.[24]  Those supplemental interrogatory

20  _____

[19] Nowierski Decl. Ex. 15.

21  [20] Nowierski Decl. Ex. 16 (filed under seal).

[21] Nowierski Decl. Ex. 17 (Jan. 24, 2013 Letter from L. Nowierski to J. Schnurer.).

22  [22] Round Rock disputes ASUS's creative interpretation of the parties' January 30, 2013 meet and confer, as ASUS set forth in its briefing (D.I. 85 at 6-7.)  Round Rock's counsel never represented that Round Rock "had not investigated

23  alleged infringement by the allegedly Uncharted Products because doing so would be burdensome."  (D.I. 85, at 6.)  Instead, Round Rock's counsel expressed that it did not reverse engineer every single accused product to allow it to

24  name every single component in every version of every accused product because doing so would be unduly burdensome, if not impossible.

25  [23] Nowierski Decl. Ex. 18.  Round Rock also disputes ASUS's creative interpretations of the parties' January 30, 2013 meet and confer set forth in ASUS's February 19, 2013 correspondence.

26  [24] Nowierski Decl. Ex. 19 (ASUS's Supplemental Interrogatory Responses to Nos. 3-5) (filed under seal).

27

28

1    responses provided additional information regarding the image sensor components, information

2    regarding the flash memory components, and supplier information regarding DDR3 memory.  *Id.*

3    Those supplemental responses did not endeavor to even name a single component in any accused

4    product for the '949 patent, nor did they identify any documents ASUS produced from which Round

5    Rock could derive such information. ASUS has not supplemented any other interrogatory responses.

6         In addition, both parties have served several third party subpoenas.  In January, Round Rock

7    served subpoenas duces tecum on all known component suppliers:  Omnivision Technologies,

8    Himax Imaging, Kingston Technology, and Pixart Imaging.[25]  In June of this year, ASUS served

9    subpoenas on Toshiba, Micron, and Hynix.[26]  Most of that discovery is still ongoing.

10            **ii.    Ongoing Discovery**

11        In addition to the categories of documents ASUS has yet to produce in response to Round

12   Rock's First Set of Document Requests—for example, ASUS has not produced any sales documents

13   or product schematics for the accused products it does not dispute are at issue in the case—responses

14   to various other discovery are outstanding.  ASUS's responses to Round Rock's Second Set of

15   Requests for Production and Round Rock's Second Set of Interrogatories are due later this month.

16   Round Rock has served a deposition notice pursuant to FRCP 30(b)(6) on ASUS and four FRCP

17   30(b)(1) notices to depose ASUS employees.  Moreover, in response to new facts and information in

18   ASUS's Motion, Round Rock served document and deposition subpoenas to the following entities:

19   SK Hynix America, Silicon Storage Technology, Macronix America, Inc, BYD American Corp.,

20   ADATA Technology (USA), Nanya Technology Corp., Kingston Technology Co., Omnivision

21

22   [25] Nowierski Decl. Ex. 20 (Notice of subpoenas.)  ASUS's brief suggests that the Central District of California's decision quashing Round Rock's subpoena to third-party Himax Imaging is somehow dispositive of its motion for summary judgment and justifies the approach to discovery it has taken in this case.  (D.I. 85, at 7-8).  That sentiment is simply

23   incorrect because that case—an out of district case relating to Round Rock's third party subpoena on Himax for documents relating to the Himax's CMOS image sensors—is not controlling here.  Moreover, Judge Otero's

24   interpretation of the Northern District's Patent Local Rules is simply incorrect.  If the Himax court was correct, parties would be required to (1) reverse engineer multiple versions of every single accused product to try to determine every

25   third party component present in them; (2) move to amend their contentions every time it learned of a new component. The Patent Local Rules and the law of this district do not impose such burdens.

26   [26] Nowierski Decl. Ex. 21 (Notice of subpoenas.)

27

28

1   Technologies, and Pixart Imaging (USA), Inc.  In addition, at least Round Rock's negotiations with

2   various third parties served with subpoenas earlier in 2013 remain ongoing, including Omnivision,

3   Pixart, and Kingston.

4         **C.**      **Round Rock's Infringement Contentions**

5         Round Rock served its Infringement Contentions pursuant to Patent Local Rule 3-1 on

6   September 20, 2012.[27]  As the Patent Local Rule requires, Round Rock's contentions contain (1) a

7   cover pleading listing all asserted claims (PLR 3-1(a)), their priority dates (PLR 3-1(f)), the bases for

8   Round Rock's willfulness allegations (PLR 3-1(h)), a statement relating to doctrine of equivalents

9   (PLR 3-1(e)); and disclosures under PLR 3-2; (2) one exhibit listing all accused products (PLR 3-

10   1(b)); and (3) six charts showing separately where each limitation of each asserted claim is found

11   within each accused product (PLR 3-1(c)) and how each claim is directly or indirectly infringed

12   (PLR 3-1(d)).[28]  Specifically, Exhibit 1 to Round Rock's Infringement Contentions lists all accused

13   products for each patent.

14         For the '791 and '053 patents, Round Rock accuses seven ASUS products which include

15   eMMC flash memory compliant with the JEDEC 4.41 industry standard.  Exhibit A to the

16   contentions is a chart showing where each separate limitation of each asserted claim of the '791

17   patent is found within each '791 accused product.  In Exhibit A, Round Rock charted the Eee Pad

18   Transformer (TF101) as a representative example of the seven products it listed as infringing the

19   '791 patent in Exhibit 1.[29]  Those seven products all contain JEDEC 4.41 compliant eMMC flash

20   memory.  The Exhibit A chart specifically shows how JEDEC 4.41 compliant eMMC flash

21   memory—███████████████████████████████— infringes claims 1, 3, 4, and 14 of

22   the '791 patent.  Round Rock's chart makes clear why the Eee Pad Transformer is a representative

23   product— it, like all other products accused of infringing the '791 patent, contains eMMC memory

24   _____

25   [27] Nowierski Decl. Ex. 1.

[28] Round Rock did not preserve its right to rely on the assertion that any of its own apparatuses, products, devices,

26   processes, methods, acts, or other instrumentality practices any of the claimed inventions.  PLR 3-1(g).

[29] Nowierski Decl. Ex. 1, at A.

27

28

1  compliant with the JEDEC 4.41 industry standard.  Round Rock's identification of the accused

2  product and components "was as specific as possible," as PLR 3-2(b) requires, in that it disclosed all

3  known components of the accused products.

4          Exhibit C is a chart showing where each separate limitation of each asserted claim of the

5  '053 patent is found within each '053 accused product.  Similarly to the '791 chart, Round Rock

6  charted the Eee Pad Transformer (TF101) as a representative product for all seven accused products.

7  Exhibit C specifically shows how JEDEC 4.41 compliant eMMC flash memory—▮▮▮▮▮▮▮▮▮▮

8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ infringes claims 1 and 3 of the '053 patent.  Round Rock's chart

9  makes clear why the Eee Pad Transformer is an appropriate representative product— it, like all other

10 products accused of infringing the '053 patent, contains eMMC memory compliant with the JEDEC

11 4.41 industry standard.

12         For the '949 patent, Round Rock accuses eighteen ASUS product lines, all of which include

13 DDR3 memory compliant with the JEDEC DDR3 SDRAM Industry Standard No. JESD 79-3E.

14 Exhibit D is a chart showing where each separate limitation of each asserted claim of the '949 patent

15 is found within each '949 accused product.  For that chart, Round Rock used the ASUS K52DR as a

16 representative example of the nineteen product lines it accuses of infringing the '949 patent, as listed

17 in Exhibit 1.  Those product lines all contain DDR3 compliant with the JEDEC DDR3 SDRAM

18 Industry Standard No. JESD 79-3E.  The Exhibit D chart specifically shows how DDR3 memory—

19 like the Kingston DDR3 memory found in the ASUS K52DR— infringes claims 1, 2, 3, 5, 6, 7, 20

20 and 24 of the '949 patent.   Round Rock's chart makes clear why the ASUS K52DR is a

21 representative product— it, like all other products accused of infringing the '949 patent, contains

22 DDR3 memory compliant with the JEDEC DDR3 SDRAM Industry Standard No. JESD 79-3E.

23 Round Rock's identification of the accused product and components "was as specific as possible," as

24 PLR 3-2(b) requires, because, as described above, ascertaining with any degree of certainty each and

25 every DDR3 ASUS uses in manufacturing any given accused product would be impossible without

26 the discovery Round Rock seeks in this litigation.

27         For the '276 and '353 patents, Round Rock accuses seven ASUS products and one ASUS

28 product line which include CMOS image sensors, which are capable of taking digital pictures.

1    Exhibit B is a chart showing where each separate limitation of each asserted claim of the '276 patent

2    is found within each '276 accused product, and Exhibit F is a chart showing where each separate

3    limitation of each asserted claim of the '353 patent is found within each '353 accused product.  For

4    those charts, Round Rock charted the Eee Slate EP121 as a representative example of the seven

5    products and one product line it listed as infringing the '276 and '353 patents in Exhibit 1. Those

6    products all contain CMOS image sensors within their digital camera feature.  The charts in Exhibits

7    B and F specifically show how such image sensors—like ███████████████████████

8    ████— infringe claims 1, 3, 5, 8, 9 and 11 of the '276 patent and claims 1, 2, 10, 13, 17, and 18 of

9    the '353 patent.  Round Rock's charts make clear why the Eee Slate EP121 is a representative

10   product— it, like all other products accused of infringing the '276 and '353 patents, contains

11   common elements present in a CMOS image sensor capable of taking digital images with a

12   reasonable quality (around two megapixels).  Further, based on the quality of the images that those

13   image sensors have the capability to take and in view of the claim construction order this court

14   issued, the accused products have a reasonable likelihood of infringing the '276 and '353 patents.[31]

15                                      **3.   Correspondence**

16   On October 10, 2012, ASUS's counsel wrote to Round Rock alleging various deficiencies in Round

17   Rock's Infringement Contentions.[32]  That correspondence raised three issues: (1) Round Rock's

18   phrasing of its priority dates, (2) Round Rock's representative approach to charting the accused

19   products, and (3) deficiencies in the chart for the '520 patent, which is no longer in suit.  Round

20   Rock replied on October 12, 2012 in turn to each issue ASUS raised, and provided case law to

21   support its representative products approach.[33]  Round Rock expressly invited ASUS to provide "any

22

23   ─────────────────────
     [30] "OV284AB" represents the die markings that Round Rock observed on the image sensor chip while reverse
24   engineering the Eee Slate EP121.  That image sensor system appears to be called the "Omnivision OV2655."  The
     current subpoenas outstanding to Omnivision should confirm that fact.
     [31] Further analysis will be shown in expert reports, which are currently scheduled to be served on October 31, 2013.
25   [32] Nowierski Decl. Ex. 22 (Oct. 10, 2012 Letter from J. Pistorino to L. Nowierski).
     [33] Nowierski Decl. Ex. 23 (Oct. 12, 2012 Letter from L. Nowierski to J. Pistorino) (citing *Renesas Tech. Corp. v. Nanya*
26   *Tech. Corp.*, Civ. A. No. C03-05709, 2004 U.S. Dist. LEXIS 23601(N.D. Cal. Nov. 10, 2004) (quoting *View*

                                                                          (continued…)

27

28

authority that you believe supports your contention that Round Rock's charting of exemplary

products is 'not acceptable for Infringement Contentions and . . . explicitly barred.'"[34]  Notably,

ASUS's final response did not provide any authority, and simply directed Round Rock back to the

Patent Local Rule 3-1 and stated that "ASUS understands from your letter of October 12 that Round

Rock's failure to provide charts for each Accused Instrumentality was a deliberate decision and will

proceed accordingly."[35]  The parties did not continue correspondence until January 24, 2013.[36]

ASUS never provided a single case supporting its decision to withhold discovery nor did it move to

strike Round Rock's contentions.

## III.   **LEGAL PRINCIPLES**

### A.    **Summary Judgment Principles**

Summary judgment is proper only upon a showing that there is no genuine issue of material

fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A fact is

"material" if it "might affect the outcome of the suit under the governing law."  *See Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is "genuine" when "the evidence is such

that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  A court must view facts

in the light most favorable to the non-moving party and allow the non-moving party the benefit of all

reasonable inferences to be drawn from the evidence.  *Freeman v. Arpaio*, 125 F. 3d 732, 735 (9th

Cir. 1997); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992).

Under Rule 56(d), the Court may "defer considering or deny" a motion for summary

judgment to "allow time … to take discovery" if the nonmoving party demonstrates that "it cannot

---

(…continued)

*Eng'g, Inc. v. Robotic Vision Sys.*, 208 F.3d 981 (Fed. Cir. 2000)); *Duraflame, Inc. v. Hearthmark, LLC*, Civ. A. No. 12-01205 RS, 2012 U.S. Dist. LEXIS 132509, at *9 (N.D. Cal. Sept. 17, 2012) (*citing Renesas*).

[34] *Id.*

[35] Nowierski Decl. Ex. 24 (Oct. 22, 2012 Letter from J. Pistorino to L. Nowierski).

[36] Nowierski Decl. Ex.17.

present facts essential to justify its opposition" to the motion.  Fed. R. Civ. P. 56(d).  "To prevail under this Rule, parties opposing a motion for summary judgment must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists."  *Tommy Bahama Group, Inc. v. Sexton*, No. 07-cv-6360-EDL, 2009 WL 4673863, at *15 (N.D. Cal. Dec. 3, 2009) (internal quotation omitted).  The nonmoving party must also show that it has been diligent in pursuing discovery and that the information sought, if discovered, would preclude summary judgment.  *Id.*

Faced with a premature summary judgment motion filed "before a party has had any realistic opportunity to pursue discovery . . . , district courts should grant any Rule 56(f) motion fairly freely."  *Burlington N. Santa Fe. R.R. Co. v. Assinoine and Sioux Tribes*, 323 F.3d 767, 773 (9th Cir. 2003).  Rule 56(d) "requir[es], rather than merely permit[s] discovery 'where the non-moving party has not had the opportunity to discover information that is essential to his opposition.'"  *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (*quoting Anderson*, 477 U.S. at 250 n.5).  A continuance or denial of summary judgment without prejudice "should be granted as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence."  *Mehmet v. Paypal, Inc.*, No. C-08-01961, 2008 U.S. Dist. LEXIS 64018, at *12 (N.D. Cal. Aug. 12, 2008).

## B.     Patent Infringement Principles

An accused infringer directly infringes a patent when it "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor."  35 U.S.C. § 271(a).

The Patent Local Rules provide procedures that require disclosure of infringement theories to "make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims."  *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 U.S. Dist. LEXIS 22736, at *6 (N.D. Cal. Dec. 1, 2003).  Patent Local Rule 3-1 governs a party's infringement contentions.  That rule requires, in part, that a party's infringement contentions contain "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act or other instrumentality ('Accused Instrumentality') of each opposing party *of which the party is aware.*  The identification *shall be as specific as*

*possible*." N.D. Cal. Patent L.R. 3-1(b).   A party's infringement contentions are intended to provide an accused infringer with reasonable notice as to how it infringes the patents-in-suit.  *Sage Electrochromics, Inc. v. View Inc*., No. C-12-06441-JST, 2013 U.S. Dist. LEXIS 127598, at *6 (N.D. Cal. Sept. 6, 2013).   A party's Infringement Contentions are not required to **prove** infringement:

> **Patent Local Rule 3-1 does not 'require the disclosure of specific evidence [or] require a plaintiff to prove its infringement case**.' . . . .'But to the extent appropriate information is reasonably available to it, a patentee must nevertheless disclose the elements in each accused instrumentality that it contends practices each and every limitation of each asserted claim.'

*Sage Electrochromics*, 2013 U.S. Dist. LEXIS 127598, at *6 (*citing Creagri, Inc. v. Pinnaclife Inc.*, LLC, No. 11-cv-06635-LHK, 2012 U.S. Dist. LEXIS 158540, at *2 (N.D. Cal. Nov. 2, 2012)); *see also Renesas Tech. Corp. v. Nanya Tech. Corp.*, No. C 03-05709, 2005 U.S. Dist. LEXIS 44138, at *14 (N.D. Cal. Aug. 18, 2005).

    To satisfy its requirements under Patent Local Rule 3-1, a party may chart representative products when "there is commonality among the elements."  *See, e.g.*, *Tessera, Inc. v. Motorola Inc.*, No. C 12-692-CW, 2013 U.S. Dist. LEXIS 114459, at *6 (N.D. Cal. Aug. 13, 2013); *Infineon Techs. AG v. Volterra Semiconductor*, No. C 11-06239, 2013 U.S. Dist. LEXIS 109165, at *6 n.1, *15 (N.D. Cal. July 31, 2013) ("A patentee is not require to provide a claim chart for each accused product if the chart provided is representative of the other accused products.").  That is in part because a party alleging infringement may rely on an industry standard to disclose its theory of infringement.  *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010) (holding that a district court may rely on an industry standard in analyzing infringement); *see also*, *e.g.*, *France Telecom, S.A.*, 2013 U.S. Dist. LEXIS 63823, at *6-7.  Moreover, the Patent Local Rules require "a plaintiff to disclose its patent claims, the defendant's products that allegedly infringe the patent claims, and how they do so," not necessarily to list every third-party component that the accused products include.  *E.g.*, *InterTrust Techs.*, 2003 U.S. Dist. LEXIS 22736, at *8.

    Moreover, the Patent Local Rules do not require a party alleging infringement to reverse engineer every single product it has accused to provide specific information regarding every single enclosed component, especially where the information is not reasonably available to the public and

the party's infringement theory is based on an industry standard.  *Sage Electrochromics*, 2013 U.S. Dist. LEXIS 127598, at *8; *France Telecom, S.A.*, 2013 U.S. Dist. LEXIS 63823, at *6-7 (collecting cases).  The courts in the Northern District have recognized that the level of specificity in a party's infringement contentions may be "restricted by defendants' sole possession of the information plaintiffs need."  *France Telecom, S.A.*, 2013 U.S. Dist. LEXIS 63823, at *11.

## IV.   ARGUMENT

### A.   As A Threshold Issue, If The Court Concludes That The Allegedly Uncharted Products Are Not Properly Accused In This Case, Summary Judgment Is Improper.

ASUS's central argument in this Motion is that the allegedly Uncharted Products or "uncharted versions of charted products" are not properly accused in this case because they were purportedly not charted in Round Rock's infringement contentions in violation of the Patent Local Rules.  ASUS contends that as a result, the allegedly Uncharted Products are excluded from the case, Round Rock is not entitled to discovery on those products, and Round Rock must actually move for leave to amend its infringement contentions to add the products to the case.  If ASUS is correct— which Round Rock explains is not the case below—summary judgment regarding the allegedly Uncharted Products is improper because those products are not within the scope of this litigation, and therefore not the subject of Round Rock's infringement counterclaims.

The Court has no jurisdiction to rule on matters that are not in dispute or the subject of a claim before the Court.  "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990).  Based upon its own theory that the allegedly Uncharted Products are not part of this litigation, ASUS's Motion is nothing more than an improper request for an advisory opinion in contravention of the fundamental principles of Article III jurisdiction.  *Chafin v. Chafin*, 133 S.Ct. 1017, 1023 (2013) ("Federal courts may not … give opinions advising what the law would be upon a hypothetical state of facts.") (internal quotation omitted).  Accordingly, the Court should deny ASUS's Motion.  *See Eagle Comtronics, Inc. v. John Mezzalingua Assoc., Inc.*, 198 F.R.D. 351, 354 (N.D.N.Y. 2000) (denying summary judgment where motion "is actually a request for an advisory opinion" because "the question of whether the [product] infringes … has not been placed before this

1    court").

2           The Court also should deny ASUS's Motion on the allegedly Uncharted Products because the

3    res judicata effect of such a judgment would improperly bar Round Rock from bringing infringement

4    claims on those products in a future suit despite having been deprived of any opportunity to litigate

5    its infringement claims on those products in the first instance here.  Indeed, this Court previously

6    denied a similar attempt to preclude future litigation on accused products because of their exclusion

7    from a case for non-compliance with the Local Patent Rules.  *See Jumpsport Inc. v. Hedstrom Corp.*,

8    No. C 04-0199-PJH, 2004 WL 2203556 (N.D. Cal. Sept. 29, 2004).  In *Jumpsport*, the court granted

9    the accused infringer's motion in limine to preclude a subset of accused products—the "non-

10   JumpGuard products"—from being tried to the jury because the infringement contentions on those

11   products did not comply with Local Patent Rules 3-6 and 3-7.  *Id.* at *2.  The court concluded that

12   the "non-JumpGuard products" "were not actually within the scope of the litigation at hand" despite

13   the fact that both parties conducted discovery on those products.  *Id.*  The accused infringer

14   subsequently moved for summary judgment of res judicata that the patentee was precluded from

15   litigating patent claims on the "non-JumpGuard products" in a new infringement suit.  The court

16   denied summary judgment, concluding that because the "non-JumpGuard products" were excluded

17   from the first case, the patentee "cannot be found to have had a full opportunity to litigate the non-

18   JumpGuard claims in the first action."  *Id.*

19          Nor has ASUS cited any case where a court granted summary judgment of non-infringement

20   on accused products that were excluded from or found not to be part of a litigation because

21   supporting infringement contentions did not comply with the Local Rules.  ASUS relies principally

22   on *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n. 12 (Fed. Cir. 2006).

23   But in that case, there was no dispute as to whether those uncharted products were part of the

24   litigation or whether discovery could be obtained on the accused product—the Federal Circuit

25   affirmed the district court's denial of leave to amend infringement contentions for the accused

26   product to assert a *new theory of infringement*.  ASUS's reliance on *Icon-IP Pty Ltd v. Specialized*

27   *Bicycle Components, Inc.*, 12-cv-03844-JST, D.I. 44 (N.D. Cal. Apr. 29, 2013) is similarly

28   inapposite.  In that case, this Court denied a motion for leave to amend infringement contentions to

add more accused products ("additional accused products") to the case based upon non-compliance with the Local Rules.  Significantly, the patentee filed a new suit on the additional accused products because those products had been "excluded from" the first suit, and this Court subsequently related the two cases.  *Id.*, (D.I. 54 at 2, D.I. 58.)  Thus, the *Icon* litigation demonstrates that, if the Court agrees with ASUS that Round Rock's contentions regarding the allegedly Uncharted Products do not comply with the Local Rules, those products should at most be stricken or excluded from this litigation—there should be no final judgment on the merits that would have res judicata effect.[37]

**B.    ASUS's Motion Is Premature And Should Be Denied Or Continued Under Rule 56(d).**

ASUS's Motion should be denied or continued as premature under Rule 56(d).  ASUS filed its Motion on August 30, 2013—two months before fact discovery is scheduled to close and opening expert reports are due on October 31, 2013.  (D.I. 85.)  Furthermore, ASUS contends that Round Rock not be allowed to pursue discovery of the allegedly Uncharted Products at issue in the motion because they are not accused in the case and the Local Rules do not permit discovery on products not in the case.  (*Id.* at 16-19).  But the timing of ASUS's Motion and its central argument against discovery run afoul of Rule 56(d), which requires that a party responding to a summary judgment motion be afforded the opportunity to gather obtain discovery of facts necessary to respond to the motion.  Therefore, the Court should either deny or continue ASUS's Motion to permit Round Rock the opportunity to complete discovery.

Round Rock lacks facts essential to oppose ASUS's Motion but has a basis for believing those facts exist.  ASUS claims that "there is no evidence (and therefore no genuine issue of material fact) of alleged infringement" of the allegedly Uncharted Products.  (D.I. 85 at 12.)  ASUS further

---

[37] Disputes regarding the sufficiency of infringement contentions and their compliance with the Local Rules should be presented to the Court in the form of a motion to compel or motion to strike, not a motion for summary judgment.  *See, e.g.*, *Teknowledge Corp. v. Akamai Techs., Inc.*, No. C 02-5741 SI, 2003 WL 23861926 (N.D. Cal. Oct. 21, 2003) (denying Defendant's motion to compel further Preliminary Infringement Contentions under Patent L.R. 3–1); *Infineon Techs. AG v. Volterra Semiconductor Corp.*, No. C 11-6239 MMC DMR, 2012 WL 6184394 (N.D. Cal. Dec. 11, 2012) (denying defendant's motion to strike plaintiff's infringement contentions because they comply with the specificity requirements of Patent Local Rule 3–1(b)).

claims that "there is no actual evidence that each of the Accused (but uncharted) Instrumentalities meet" certain limitations of the patents-in-suit and challenges Round Rock to come "forward with actual evidence demonstrating that [each] Accused Instrumentality meets each" of those limitations. (*Id.* at 12-13.)[38]   But as ASUS should know, Round Rock lacks such evidence because ASUS stonewalled Round Rock on discovery, refusing to produce any documents relating to the allegedly Uncharted Products.   Therefore, Round Rock requests additional time to obtain discovery on the allegedly Uncharted Products under Rule 56(d).   This Request is supported by the Wilcox Declaration, which describes facts and evidence bearing on ASUS's Motion for Summary Judgment that Round Rock expects to develop through discovery.   Action now on ASUS's premature Motion would deprive Round Rock of a fair opportunity to respond to the Motion with the benefit of discovery, including documents, deposition testimony, and expert opinions.

### 1. Round Rock Believes Evidence Exists Regarding ASUS's General Theories of Non-Infringement That Round Rock Has Not Yet Obtained In Discovery.

ASUS provides a bullet-point list of several general theories of non-infringement for which it claims there is no evidence of infringement.  (D.I. 85, at 12-13.)  Summary judgment should be denied on each of those theories because either (a) Round Rock requires discovery of facts regarding those theories, or (b) ASUS bears the burden of proof for the theory.

The first three theories ASUS sets forth allege non-infringement because either the products are purportedly "non-US products" or do not contain an infringing functionality.  Round Rock is entitled to discovery on each of these items.  As an initial matter, ASUS relies on the Chen and Pistorino declarations and their accompanying summary tables and exhibits (that are not actual ASUS documents in the ordinary course) to support those theories.  Round Rock is entitled to discovery of the basis for Messrs. Chen's and Pistorino's testimony and exhibits, including the

---

[38] ASUS's motion is based solely on a theory that Round Rock has not met its burden or production on its infringement claims. Significantly, ASUS does not argue that Round Rock cannot as a matter of law show infringement based upon any of the Court's claim constructions or some specific non-infringement argument based upon the operation of the allegedly Uncharted Accused Products.

documents on which they relied in preparing their testimony and exhibits.  Significantly, prior to the disclosures in the Chen and Pistorino declarations, ASUS did not produce documents or provide interrogatory responses containing any of the underlying information regarding the allegedly Uncharted Products (with the exception of identifying some of the image sensors).  Round Rock has not received any discovery from ASUS on the allegedly Uncharted Products despite its repeated requests.  Furthermore, Round Rock should be permitted to depose Mr. Chen to discover the bases and test the factual assertions in his declaration.  Furthermore, as described in the Wilcox Declaration, Round Rock has sought and continues to seek discovery of facts to respond to these theories.

ASUS's remaining general theories do not pertain to non-infringement, but are instead ASUS's contentions regarding why it believes the allegedly Uncharted Products are either licensed to the patents-in-suit or the patents-in-suit are exhausted.  Indeed, ASUS claims that it purchases certain components that include infringing functionality from entities that have taken licenses from Round Rock, such as Samsung.  As a threshold matter, whether certain components of ASUS Accused Products are licensed to the patents-in-suit or the patents-in-suit have been exhausted is an affirmative defense for which ASUS bears the burden of proof—not Round Rock.  *Carborundum Co. v. Molten Metal Equipment Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995)[39]; *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1334 (Fed. Cir. 2006).[40]  But ASUS has not set forth a prima facie case of license or exhaustion, much less recited the required elements of either defense, failing to meet its burden of production on its defense.  In addition, because ASUS has not provided any evidence to

---

[39] To establish an affirmative defense of implied license based on a licensee's sale of an infringing item, an alleged infringer must prove (1) the item involved has no non-infringing uses and (2) "the circumstances of the sale must 'plainly indicate that the grant of a license should be inferred'" *Zenith Electronics Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1360 (Fed. Cir. 2008) (citation omitted).  For an alleged infringer to prove the presence of an implied license from the existence of an express licensed granted to the manufacture of the infringing product, the alleged infringer must show that the licensor  gave "a clear, broad grant of patent rights. . .with no restrictions embodied in the operative, binding provisions of the agreements" regarding the use of the patented parts.  *Id.* at 1362.

[40] To establish an affirmative defense of patent exhaustion an alleged infringer must prove the patent holder (1) authorized the sale of (2) an item that (3) substantially embodies the patented invention (4) for consideration.  *LifeScan, Inc. v. Shasta Techs., LLC*, No. 5:11-CV-04494-EJD, 2013 WL 1149827 *3-7 (N.D. Cal. Mar. 19, 2013).

1  support its license defense, other than the mere mention of the existence of certain licenses, there are

2  no factual issues on which Round Rock can or must respond. *See Celotex Corp. v. Catrett*, 477 U.S.

3  317, 331, 106 S. Ct. 2548, 2557, 91 L. Ed. 2d 265 (1986). In any event, as described in the Wilcox

4  Declaration, Round Rock has sought and continues to seek discovery of facts to respond to these

5  theories. In short, the Court should deny ASUS's motion for summary judgment.

6          **2.    Round Rock Believes Evidence Exists Regarding ASUS's Theories of
                   Non-Infringement For The Patents-in-Suit That Round Rock Has Not

7                  Yet Obtained In Discovery.**

8          In its Motion, ASUS claims that none of the allegedly Uncharted Products infringe any of the

9  patents-in-suit. (D.I. 85, at 12-13.) ASUS does not provide any facts or theory why those products

10 do not infringe, but instead merely recites verbatim certain claim elements of the asserted claims of

11 those patents and claims that there is no infringement. (*Id.*) At bottom, ASUS contends that because

12 the allegedly Uncharted Products are not in the case and it has produced no documents on those

13 products, there is no evidence of infringement and summary judgment should be granted.

14         The Court should deny summary judgment on these issues because Round Rock should be

15 permitted to obtain discovery on the allegedly Uncharted Products." As detailed in the Wilcox

16 Declaration, Round Rock has served document requests and interrogatories that seek information

17 that will show these products infringe. In addition, Round Rock has served third party subpoenas

18 seeking documents and deposition testimony that will show these products infringe. Furthermore,

19 Round Rock has served individual and Rule 30(b)(6) subpoenas on ASUS, seeking deposition

20 testimony that will also provide facts and evidence demonstrating that the allegedly Uncharted

21 Products infringe. In short, the Court should deny or continue ASUS's motion for summary

22 judgment on its patent-specific non-infringement theories pursuant to Rule 56(d).

23         **C.    Summary Judgment Is Inappropriate Because Round Rock's
                  Infringement Contentions Are Adequate For All Products.**
24

25         ASUS's motion for summary judgment only addresses whether Round Rock's Infringement

26 Contentions are adequate to prove infringement, but do not address any of Round Rock's

27 infringement theories on the merits. ASUS argues that Round Rock (1) did not disclose any theories

28 of infringement; (2) did not provide evidence of infringement; and therefore should be barred from

1  offering evidence of infringement.  Because Round Rock's infringement contentions disclose an

2  infringement theory for all asserted claims for all patents in suit and raise a reasonable inference that

3  all accused products infringe the patents-in-suit, genuine issues of material fact exist, and summary

4  judgment of non-infringement is inappropriate.

5             **1.  Round Rock's Infringement Contentions Disclosed Round Rock's Infringement Theories For All Accused Products, Including The**

6                 **Allegedly Uncharted Products.**

7         Round Rock's Infringement Contentions disclose its infringement theories for all accused

8  products—including the allegedly Uncharted Products— because Round Rock charted accused

9  products for each patent which are representative of the products it did not chart, an approach

10  allowable in this district.  *E.g.*, *Tessera, Inc.*, 2013 U.S. Dist. LEXIS 114459, at *6 (holding that a

11  party may chart a representative product under the Local Rules when there is a commonality among

12  the elements of the group).  Round Rock's approach, developed in-part because its infringement

13  theories for three of the five patents (the Flash Memory Patents and the DRAM Patents) rely on an

14  industry standard, and because there are common elements of the CMOS image sensors present in

15  the products accused of infringing the Image Sensor Patents.  *Id.*; *see also France Telecom*, 2013

16  U.S. Dist. LEXIS 63823, at *6 (permitting a party to base its infringement theory on an industry

17  standard).  Round Rock's charts provide ASUS with the requisite notice as to how both the charted

18  and allegedly Uncharted Products infringe the patents-in-suit because Round Rock provides one

19  example per chart as to how all the accused products infringe each asserted claim element.  *Sage*

20  *Electrochromics, Inc.*, 2013 U.S. Dist. LEXIS 127598, at *6.  It is clear from both the representative

21  nature of the charts and the charts themselves that the infringement theory set forth in any given

22  chart applies equally to the charted products as to both the allegedly Uncharted Products" and the

23  "uncharted versions of the charted products."  Thus, ASUS has definite notice as to Round Rock's

24  theory for each product.

25         Round Rock's chart for each Flash Memory Patent is sufficient to meet the requirements of

26  the Patent Local Rules because that chart provides ASUS with notice as to how it infringes the '791

27  and '053 patents.  As explained above in Part II.C.1, with respect to the Flash Memory Patents,

28  Round Rock's Infringement Contentions charted the Eee Pad Transformer (TF101) as a

Case3:12-cv-02099-JST   Document98   Filed09/16/13   Page28 of 33

representative product of the seven products it accuses of infringing the '791 and '053 patents.
Round Rock listed all seven products by their product name.  Round Rock reverse engineered the
TF101 to determine that it contained the ███████████████  eMMC memory and set forth this
detail in its contentions, which is as specific as Round Rock could be.  N.D. Cal. P.L.R. 3-1(b)
(providing that the identification must be "as specific as possible").  Round Rock's Infringement
contentions set forth that this product is representative because, like the other six accused products
with flash memory, the TF101 contains flash memory that complies with the JEDEC industry
standard for eMMC flash memory.[41]  Thus, Round Rock's infringement charts for the '791 and '053
patents provide ASUS with its infringement theory for the flash memory patents—that products
containing JEDEC-compliant flash memory infringe the Flash Memory Patents— because those
charts show, on an element-by-element basis why a reverse-engineered representative product
infringes the Flash Memory Patents and why that product is representative, and otherwise meet all
other elements of the Patent Local Rules.  *See, e.g.*, N.D. Cal. Pat. L.R. 3-1.

Similarly, Round Rock's chart for the '949 patent is sufficient to meet the requirements of
the Patent Local Rules because that chart provides ASUS with the requisite notice as to how it
infringes the '949 patent.  As explained above in Part II.C.2,  Round Rock's Infringement
Contentions charted the ASUS K52DR as a representative product for the eighteen product lines it
accuses of infringing the '949 patent.  Round Rock's Infringement Contentions specifically named
all product lines it accused of infringing the '949 patent.  As an example, Round Rock reverse
engineered the K52DR to determine that it contains Kingston DDR3 memory modules, and set forth
that specific detail in its contentions, which was as much as it was aware.  Round Rock's
Infringement contentions set forth that the K52DR is representative because, like the other accused
products with DDR3, the K52DR contains DDR3 memory that complies with the JEDEC industry

---

[41] ASUS's briefing states that the B121 and EP121 products do not have memory that complies with the JEDEC industry
standard for eMMC flash memory.  However, other than its briefing, ASUS has not provided any further discovery as to
that allegation.

ROUND ROCK'S RESPONSIVE BRIEF TO ASUS'S MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT                           22                    Case No. 3:12-cv-02099-JST

1    standard for that type of memory.  Although ASUS's briefing focuses on the "over 300 products"

2    Round Rock accused of infringing this patent and that Round Rock accuses over 2,000 different

3    products if one counts by version, that is of no consequence because all products accused of

4    infringing the '949 patent infringe that patent in an identical way.  Round Rock's Infringement

5    Contentions make ASUS aware of its infringement theory that any product containing DDR3

6    memory that complies with the JEDEC industry standard infringes the '949 patent in the same way.

7    Round Rock's chart clearly explains how products that comply with that standard infringe on a

8    claim-by-claim basis.  Accordingly, Round Rock's infringement chart for the '949 patent adequately

9    provides ASUS with notice of its infringement theory for **all products** accused of infringing the '949

10   patents because that chart (1) charts a reverse-engineered representative product—the K52DR—on a

11   claim-by-claim basis, (2) shows why the K52DR is representative, and (3) otherwise meets all other

12   elements of the Patent Local Rules.

13           Finally, Round Rock's charts for the Image Sensor Patents are sufficient to meet the

14   requirements of the Patent Local Rules because those charts provide ASUS with the requisite notice

15   as to how it infringes the '353 and '276 patents.  As explained above in Part II.C.3, Round Rock's

16   Infringement contentions charted the EeeSlate EP121 as a representative product of the seven

17   products and one product line it accuses of infringing the '276 and '353 patents.  Round Rock

18   specifically accused seven products and one product line by listing their names.  As an example,

19   Round Rock reverse engineered the EeeSlate EP121 as well as its Omnivision image sensor, and set

20   forth that specific detail in its contentions.  Round Rock's Infringement Contentions set forth that the

21   EeeSlate EP121 is representative, because like other accused products with CMOS image sensors,

22   the enclosed image sensor has the same common features.[42]  Thus, Round Rock's infringement

23

24   _____
     [42] In its briefing ASUS states that the Nexus 7 uses the ███████ (D.I. 85, at 12).  However, other than stating so,

25   ASUS has not yet provided any evidence to corroborate its apparent license defense, nor has it provided any further
     discovery relating to the Nexus 7, with the exception of less than a handful of produced documents, and no further

26   discovery as to the image sensor contained in that product.  Accordingly, Round Rock is seeking further discovery on
     this product.

27

28

1  charts for the '276 and '353 patents provide ASUS with notice of Round Rock's infringement theory

2  for all accused products— because those charts (1) chart a reverse-engineered representative product

3  (the Eee Slate EP121), (2) show why the Eee Slate EP121 is representative, and (3) meet all other

4  elements of the Patent Local Rules.

5      Because Round Rock's infringement contentions set forth, on an element-by-element basis

6  where the claimed element can be found in ASUS's products accused of infringing the patents-in-

7  suit, Round Rock has provided its infringement theories to ASUS for every element of every

8  asserted claim.  Although ASUS cites *O2 Micro* for the proposition that "numerous courts" have

9  precluded patentees from resisting motions for summary judgment by offering evidence in support

10 of undisclosed theories of infringement —but that case is inapplicable here because Round Rock's

11 infringement theories are ***not undisclosed***.  (D.I. 85 at 12 (citing *O2 Micro*, 467 F.3d 1355).)

12      Because genuine issues of material fact exist with respect to infringement of ***all asserted***

13 ***claims*** and ***all accused products***, summary judgment is inappropriate.

14          **2.   Round Rock's Infringement Contentions Adequately Raise A Reasonable**
              **Inference That All Accused Products Infringe, And Round Rock Should**
15            **Not Be Barred From Seeking Or Offering Evidence Of Infringement.**

16      Contrary to ASUS's allegations, Round Rock's Infringement Contentions need not prove

17 infringement nor provide all evidence of infringement.  *See, e.g.*, *Sage Electrochromics, Inc.*, 2013

18 U.S. Dist. LEXIS 127598, at *6-7; *Apple Inc. v. Samsung Elecs. Co.*, 2013 U.S. Dist. LEXIS 91450,

19 at *34-35 (N.D. Cal. June 26, 2013).  Round Rock's infringement contentions need only set forth its

20 infringement theories as to adequately raise a reasonable inference that all accused products infringe.

21 *E.g.*, *Sage Electrochromics, Inc.*, 2013 U.S. Dist. LEXIS 127598, at *6-7.  Round Rock's

22 infringement contentions set forth evidence, but not all evidence, as the law both permits.  The law

23 certainly does not require a patentee, and certainly not a defendant-patentee, to provide all evidence

24 in its infringement contentions—which are due a mere fourteen days after the initial case

25 management conference.  In any event, as explained above, Round Rock's infringement contentions

26 set forth its infringement theories for all accused products, demonstrating the existence of disputed

27 issues of material fact regarding infringement.

28      ASUS merely provides lists of reasons why summary judgment should be granted without

1   any explanation.  In Part II.B.2 of its brief, ASUS lists a series of facts that allegedly support

2   ASUS's position summary judgment should be granted.  All items in this list go to ASUS's defenses,

3   for which ASUS bears the burden of proof, and has provided Round Rock with either minimal or no

4   discovery on.  Nor did ASUS set forth in any detail any of its affirmative defenses.  Thus, ASUS did

5   not provide any evidence refuting Round Rock's claim of infringement.  Furthermore, in Part

6   II.B.2.a-e of its opening brief, ASUS sets forth bullet point lists of twenty-one claim elements it

7   alleges lack evidence, and therefore, according to ASUS, warrant summary judgment.  However,

8   ASUS has not even endeavored to explain as to how Round Rock's infringement contentions have

9   not at least adequately raised a reasonable interference as to even a single one of those 21 elements.

10   In any event, Round Rock's infringement contentions are not required to set out ***all*** the evidence,

11   they merely need to adequately raise an inference of infringement.  Indeed, Round Rock has already

12   disclosed to ASUS its infringement theories for all the claim elements of all asserted claims for all

13   Accused Products.  Thus, Round Rock's contentions raise an inference of infringement, which

14   ASUS has not disputed on the merits.

15       Finally, ASUS argues that Round Rock should be barred from offering evidence of infringement

16   of any of the allegedly Uncharted Products and that Round Rock should not be allowed to seek to

17   amend or supplement its infringement contentions because it was not diligent to seek leave to amend

18   its contentions.  But Round Rock's Infringement Contentions comport with the Patent Local Rules,

19   as detailed in Parts II.C.1 above, and therefore, Round Rock does not seek amendment now.[43]  In any

20   event fact discovery is still open, and Round Rock intends to pursue discovery on all accused

21   products.

22   **V.    <u>CONCLUSION</u>**

23       For the foregoing reasons, Round Rock respectfully requests that this Court deny ASUS's

24   motion for summary judgment.

25   
    _____

26   [43] Round Rock reserves the right to amend based on future discovery it learns due to the discovery ASUS finally
     provided in connection with its Motion.

27

28

DATED:  September 13, 2013

Respectfully submitted,

By: /s/ Lauren M. Nowierski
Lauren M. Nowierski (admitted pro hac vice)
lnowierski@desmaraisllp.com

Paul A. Bondor (admitted pro hac vice)
pbondor@desmaraisllp.com
Justin P.D. Wilcox (admitted pro hac vice)
jwilcox@desmaraisllp.com
Jonas R. McDavit (admitted pro hac vice)
jmcdavit@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff*
*Round Rock Research, LLC*

BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Peter H. Chang (SBN 241467)
pchang@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: 415-813-6210
Facsimile: 415-813-6222

*Local Counsel for Plaintiff*
*Round Rock Research, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 13th day of September, 2013, the foregoing Round Rock's Response to ASUS's Motion for Summary Judgment of Non-Infringement was caused to be served via the Court's CM/ECF System per Local Rule 5-5(b) on the following:

John P. Schnurer
Cheng (Jack) Ko
Tawen Chang
Michael J. Engle
Miguel Bombach
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130-3334
Tel: (858) 720-5700
JSchnurer@perkinscoie.com
Jko@ perkinscoie.com
Tchang@perkinscoie.com
Mengle@perkinscoie.com
Mbombach@perkinscoie.com

James C. Pistorino
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: (650)838-4300
Jpistorino@perkinscoie.com

Dated:  September 13, 2013          /s/ Lauren M. Nowierski

                                    Lauren M. Nowierski