UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL,<br><br>    Plaintiff,<br><br>    v.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>    Defendant. | Case No. 12-cv-02099-JST<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**<br><br>Re: ECF No. 85 |

Before the Court is the motion for summary judgment filed by Plaintiffs ASUSTeK Computer Inc. and ASUS Computer International (collectively, "ASUS"). ECF No. 85. The motion will be denied without prejudice as premature, for the reasons discussed below.[1]

ASUS filed this action for declaratory judgment of patent non-infringement, invalidity, and unenforceability against Defendant and Counterclaim Plaintiff Round Rock Research, LLC relating to six of Round Rock's patents: US Patent Nos. 6,570,791 ("the '791 patent"); 6,765,276 ("the '276 patent"); 6,845,053 ("the '053 patent"); 6,930,949 ("the '949 patent"); 7,021,520 ("the '520 patent"); and 7,279,353 ("the '353 patent"). ECF No. 1 (April 26, 2012). Those patents relate to computer memory, flash memory, and digital image sensors. Round Rock counterclaimed against ASUS, alleging infringement of each patent. ECF No. 8 (May 18, 2012).

Round Rock served its infringement contentions on September 20, 2012. Those infringement contentions accuse three products that Round Rock contends infringe upon the five

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that the parties' briefs have thoroughly addressed the issues, rendering the matter suitable for disposition without oral argument. The hearing on this matter is therefore VACATED.

remaining patents-in-suit.[2] The infringement contentions state that the three accused products are representative of hundreds of others that infringe in the same manner. For example, Round Rock accuses seven products of infringing the '791 and '053 patents because they contain eMMC flash memory compliant with the JEDEC 4.41 industry standard. Pursuant to Patent Local Rule 3-2, Round Rock produced two charts detailing how each limitation in the asserted claims of each of the two patents applies to one of the accused products: the Eee Pad Transformer (TF101). But Round Rock did not chart the remaining six products, explaining instead that the remaining six products infringe in the same way the Eee Pad Transformer (TF101) does. Round Rock's infringement theory hinges, with respect to those seven products, on the allegation that each product contains an eMMC flash memory component that complies with the JEDEC standard in the same manner, and that infringes the asserted patents in the same manner.

For the '949 patent, Round Rock charted a single product — the ASUS K52DR notebook computer — as representative of each product in eighteen ASUS product lines, each of which Round Rock alleges infringe the patent because they contain DDR3 memory compliant with the JEDEC DDR3 SDRAM Industry Standard No. JESD 79-3E.

For the '276 and '353 patents, Round Rock produced two charts, one for each patent, charting the limitations of the asserted claims against the CMOS image sensor found in the ASUS Eee Slate EP121 as representative of eighteen products. Each accused product is alleged to contain a CMOS image sensor that infringes in the same manner as the CMOS image sensor found in the Eee Slate EP121.

ASUS now moves for summary judgment of non-infringement with respect to every accused product except the three representative products in Round Rock's infringement contentions. Round Rock opposes the motion by invoking Federal Rule of Civil Procedure 56(d), which provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3)

---

[2] Round Rock voluntarily dismissed the '520 patent.

issue any other appropriate order.").

Without addressing the merits of the motion for summary judgment, the Court finds Round Rock has adequately shown through sworn declarations that the outstanding discovery Round Rock seeks from ASUS and third parties is essential to oppose summary judgment. See California Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998) (discussing standard for continuance under predecessor Rule 56(f)).

In particular, the Court finds the motion for summary judgment premature. The fact discovery period ends on October 31, 2013. After that, expert discovery begins. The Court expects that expert discovery will bear on the representativeness, or lack thereof, of the three charted products. This Court's Claim Construction Order was issued on August 9, 2013, less than two months ago, and the deadline for dispositive motions does not elapse until January 16, 2014.

It is to be expected that a "no evidence" summary judgment motion – i.e., a motion for summary judgment on the ground that no evidence exists supporting a contention – will frequently draw a request for continuance to obtain more evidence when the discovery period has not even closed. The Court agrees that Round Rock is entitled to avail itself of the remainder of the discovery period, and of expert discovery, prior to responding to such a motion.[3] That Round Rock has not previously moved to compel further discovery from ASUS is irrelevant, because Round Rock may still do so, several discovery requests remain outstanding, and ASUS remains under the obligation to supplement its discovery. Moreover, expert discovery, which has not yet begun, will likely bear on the question of representativeness and will include substantial discovery relevant to Round Rock's infringement contentions. Until discovery is closed, the Court cannot enter judgment against Round Rock for failure to marshal evidence that is still subject to ongoing discovery.

ASUS argues that the infringement contentions are improper because Round Rock chose to use representative products rather than charting each accused product separately. The Court

---

[3] The parties devote significant portions of their briefs to the question of how much discovery has already taken place in the case. The answer to that question does not help the Court decide whether Round Rock needs further discovery to respond to ASUS' summary judgment motion.

1 disagrees. First, the Court notes that ASUS never moved to strike the contentions, as other
2 accused infringers have done when presented with infringement contentions they believe are too
3 insubstantial to provide notice of the alleged infringement. Instead, it said nothing until almost a
4 year after the contentions were filed, but still long before the close of discovery, to seek judgment
5 in its favor on the uncharted products. ASUS' year-old dissatisfaction with Round Rock's
6 infringement contentions is not a reason to deprive Round Rock of the entirety of the discovery
7 period.

8 Second, Round Rock alleges that each accused product infringes in the same way: by
9 containing components that infringe in the same manner as the representative, charted product.
10 Courts have previously held that the representative method of disclosing infringement contentions
11 is appropriate, provided the infringement contentions provide reasonable notice of the patent
12 owner's theories of infringement. See, e.g., Network Prot. Sciences, LLC v. Fortinet, Inc., No. 12-
13 cv-01106-WHA, 2013 WL 5402089, at *3 (N.D. Cal. Sept. 26, 2013) (holding representative
14 charting of over seventy products in infringement contentions was appropriate; denying summary
15 judgment after close of discovery because patent owner's expert report argued the uncharted
16 accused products infringed in the same manner as the charted product); Infineon Technologies AG
17 v. Volterra Semiconductor, No. 11-cv-06239-MMC (DMR), 2013 WL 5366131, at *4 (N.D. Cal.
18 July 31, 2013) ("A patentee is not require to provide a claim chart for each accused product if the
19 chart provided is representative of the other accused products.") (citing Renesas Tech. Corp. v.
20 Nanya Tech. Corp., No. 03–cv–5709-JF (HRL), 2004 WL 2600466, at *2 (N.D. Cal. Nov. 10,
21 2004) (Patent Local Rule 3–1 does not require a claim chart for every accused product; plaintiff
22 need only provide enough information to "permit a reasonable inference that all accused products
23 infringe"); Implicit Networks Inc. v. Hewlett–Packard Co., No. 10–cv–3746-SI, 2011 WL
24 3954809 (N.D. Cal. Sept. 7, 2011) (same)). Here, ASUS has failed to explain why the
25 infringement contentions fail to give notice of Round Rock's theories of infringement. After
26 reviewing the infringement contentions at issue here, the Court finds that the infringement
27 contentions adequately do so.

28 Finally, ASUS presents some evidence concerning particular uncharted products it claims

1  do not contain the allegedly infringing components and that summary judgment must be granted in
2  its favor with respect to those products. The Court's conclusions concerning ongoing discovery
3  with respect to all the uncharted products apply to those products equally.
4      For the foregoing reasons, the Court ORDERS as follows:
5      1. The motion for summary judgment is DENIED without prejudice pursuant to
6  Federal Rule of Civil Procedure 56(d). ASUS may re-file a motion for summary judgment once
7  the record is complete.
8      2. Going forward, the Court encourages both parties to file a single dispositive
9  motion, if any, rather than serial, piecemeal motions.
10      3. Round Rock's motion for leave to file supplemental expert declarations in support
11  of its opposition to the motion for summary judgment, ECF No. 109, is DENIED as moot.
12      4. The Clerk shall terminate as moot the parties' administrative motions to file under
13  seal located at docket numbers 101, 102, and 103. The Court did not consider or rely upon the
14  documents or information lodged with the Court in conjunction with those administrative motions.
15  This Order does not authorize any party to file under seal any document or information in the
16  future as contemplated by Civil Local Rule 79-5(f). Nor does this Order authorize the filing in the
17  public record of any documents or information designated confidential by another party or third
18  party. The Court will destroy the documents and redacted copies of briefs lodged by the parties.
19  **IT IS SO ORDERED.**
20  Dated: October 8, 2013

                                              JON S. TIGAR
                                          United States District Judge

United States District Court
Northern District of California