1  Duane H. Mathiowetz (SBN 111831)
   SCHIFF HARDIN LLP
2  One Market, Spear Street Tower
   32nd Floor
3  San Francisco, CA 94105
   (415) 901-8645
4  dmathiowetz@schiffhardin.com

5  Attorneys for
   PIXART IMAGING (U.S.A.), INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL, <br><br> Plaintiffs, <br><br> v. <br><br> ROUND ROCK RESEARCH, LLC, AMERICAN MEGATRENDS INC., SAMSUNG ELECTRONICS CO., LTD., <br><br> Defendants. | Case No. 3:12-cv-02099-JST <br><br> **NON-PARTY PIXART IMAGING (U.S.A.), INC.'S MOTION TO QUASH DEPOSITION SUBPOENA; REQUEST FOR SANCTIONS** <br><br> DATE: December 5, 2013 <br> TIME: 2:00 p.m. <br> COURTROOM: 9 <br> JUDGE: Hon. Jon S. Tigar |

# NOTICE OF MOTION AND MOTION TO QUASH AND FOR SANCTIONS

Please take notice that on December 5, 2013, at 2:00 p.m., or as soon thereafter as the parties to this motion may be heard, in Courtroom 9 of the United States District Court for the Northern District of California, Non-Party PixArt Imaging (U.S.A.), Inc. (hereinafter "PixArt USA") will move this Court to quash the Subpoena to Appear and Testify at a Deposition in a Civil Action (the "Deposition Subpoena") served upon it on or about September 12, 2013, by Round Rock Research, LLC. As explained below, the Deposition Subpoena must be quashed because it would impose an undue burden on PixArt USA insofar as it possesses no information responsive to the topics identified in the subpoena. Sanctions under Rule 45(d)(1) are appropriate in this case as PixArt USA has timely objected to the Deposition Subpoena in its entirety and to each of the topics presented therein on the basis that PixArt USA has no relevant information, but Round Rock has refused to withdraw the subpoena or confirm that it does not intend to enforce it, despite multiple requests by PixArt USA that it do so.

# MEMORANDUM IN SUPPORT OF NON-PARTY PIXART IMAGING (U.S.A.), INC'S MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

## I.   FACTUAL BACKGROUND

PixArt USA is a California corporation with its principal (and only) place of business in Santa Clara, California. It is a wholly-owned subsidiary of PixArt Imaging, Inc. of Taiwan. Neither PixArt USA nor its parent is a party to the present litigation.

On or about September 12, 2013, Round Rock caused the Deposition Subpoena to be served upon PixArt USA's registered agent for service of process. The Deposition Subpoena, which is Exhibit 1 to the Declaration of Duane Mathiowetz ("Mathiowetz Decl.") filed in support of this motion, required one or more individuals to provide testimony on October 9, 2013, on twenty-five topics set forth in Schedule A to the subpoena, all of which relate to "Products" defined as follows:

> "Products" means any PixArt image sensor, which You either manufacture(d), sell, sold, or offered to sell to Plaintiff since 2005, or which Plaintiff has in any other way procured

through You directly or via any other entity, including but not limited to the PixArt PAS6311LT image sensor."

Although the Deposition Subpoena was directed to and served upon PixArt USA, "PixArt" and "You" and "Your" were defined to mean "PixArt Imaging, Inc. and all predecessors, subsidiaries, joint ventures, parents, affiliates, and other legal entities that are wholly or partially owned or controlled by PixArt, either directly or indirectly, and including but not limited to *all* past or present directors, officers, agents, employees, consultants, attorneys, and others acting on behalf of these same entities." PixArt USA has objected to that definition as overbroad, burdensome and oppressive in that it has unreasonably and without justification expands the identification of the responding party to include PixArt USA's parent. Mathiowetz Decl., Exh. 5.

The Deposition Subpoena was the second subpoena issued to PixArt USA in this litigation. On or about January 7, 2013, Round Rock served a subpoena *duces tecum* on PixArt USA demanding the production of fifteen categories of documents pertaining to the manufacture, sale or offer to sell "Products" to Plaintiffs ASUSTek Computer, Inc. and ASUS Computer International. The same definitions were given for "PixArt," "You," Your," and "Product." In response to the subpoena *duces tecum*, counsel for PixArt USA called Round Rock's counsel on January 10, 2013, and advised her that PixArt USA does not manufacture, sell or offer to sell, nor has it done so in the past, the PixArt PAS6311LT image sensor that is the subject of that subpoena. Round Rock's counsel was further informed that PixArt USA has no documents identified in the subpoena in its possession, custody or control, and therefore would not be producing any documents in response to the subpoena. Mathiowetz Decl., ¶3. That conversation was confirmed in writing on January 15, 2013. Mathiowetz Decl., Exhibit 2.

PixArt's response to the subpoena *duces tecum* apparently satisfied Round Rock, as it received no further correspondence on the matter until August 29, 2013, when PixArt USA's counsel received an email from Round Rock's counsel indicating that she was "interested in understanding a bit more about your response to our subpoena." Mathiowetz Decl., ¶4, Exhibit 3. PixArt's counsel subsequently spoke directly with Round Rock's counsel on September 13, 2013,

1   and explained, again, that PixArt USA has no documents subject to the subpoena. Mathiowetz
2   Decl., ¶5. Round Rock's counsel asked if PixArt USA had <u>access</u> to any such documents, and
3   was told that it does not have possession, custody or control of documents pertaining to the
4   identified "Product," and that PixArt USA has nothing to do with the design, manufacture or sale
5   of the product, which is completely within the realm of PixArt Imaging, Inc., the parent company
6   located in Taiwan. *Id.* Interestingly, Round Rock's counsel did not disclose during that
7   conversation that Round Rock had caused the Deposition Subpoena to issue on September 12.

8         On September 25, 2013, counsel for PixArt USA confirmed his September 13
9   conversation via email, specifically noting again that PixArt USA does not have possession,
10  custody or control of the documents requested in the subpoena *duces tecum*. He also indicated
11  that PixArt USA has no information pertaining to the Deposition Subpoena topics, and provided
12  PixArt USA's timely objections to the Deposition Subpoena. Mathiowetz Decl., ¶6, Exhibits 4,
13  5. Finally, he requested that Round Rock withdraw the Deposition Subpoena or agree that no
14  appearance is necessary, and if such action was not taken, PixArt USA would file a motion to
15  quash and seek appropriate fees and sanctions. *Id.*

16        Round Rock's counsel responded to a follow-up status inquiry, on October 1, 2013,
17  indicating that Round Rock wanted more time to consider PixArt USA's objections to the
18  Deposition Subpoena, and agreed that the new response date for the subpoena would be Friday,
19  October 18, 2013. Mathiowetz Decl., ¶7, Exhibit 6. PixArt USA's counsel agreed to the new
20  date, and again requested that Round Rock "withdraw the subpoena as soon as possible." *Id.*

21        With the second deadline approaching and still not having received a definite answer from
22  Round Rock, on October 16, 2013, counsel for PixArt USA may yet another email
23  inquiry/request for a decision regarding the subpoena. On October 17, 2013, he called Round
24  Rock's counsel and was told that she would call back within an hour with a decision. Mathiowetz
25  Decl., ¶8. By the morning of October 18, 2013, the agreed date for responding to the subpoena,
26  Round Rock still had not responded, and PixArt USA's counsel sent yet another email, requesting
27  that the subpoena be withdrawn or Round Rock agree to a new response date of November 11,
28  2013, if Round Rock needed still more time to reach a decision. Mathiowetz Decl., Exhibit 7.

Round Rock did not respond, and PixArt USA was left with no option other than to move to quash to avoid potential sanctions for failing to respond to the Deposition Subpoena.

## II. ARGUMENT AND AUTHORITIES SUPPORTING THE MOTION TO QUASH

Rule 45 provides that "on timely motion, the court for the district where compliance is required must quash or modify a subpoena that, *inter alia*, subjects a person to undue burden." Round Rock's refusal to either withdraw the Deposition Subpoena or agree that it will not seek to enforce it has placed an undue burden on PixArt USA, and this Court should quash that subpoena.

The Deposition Subpoena seeks information that PixArt USA simply does not possess or control. PixArt USA has not made, used, sold or offered to sell any "Product" identified in the Deposition Subpoena, nor has it provided any component that is incorporated into any product sold by Plaintiffs ASUSTek Computer Inc. or ASUS Computer International. Further, as has been pointed out to Round Rock on <u>multiple</u> occasions, PixArt USA has no information in its possession, custody or control concerning such products. There is absolutely nothing to be learned from deposing a representative of PixArt USA that will lead to the discovery of admissible evidence in the present litigation.

Round Rock defined "Products" in the Deposition Subpoena (and earlier subpoena *duces tecum*) to include "any PixArt image sensor . . ., including but not limited to the PixArt PAS6311LT image sensor," and defined "PixArt" to include "PixArt Imaging, Inc. and all predecessors, subsidiaries, joint ventures, parents, affiliates, and other legal entities that are wholly or partially owned or controlled by PixArt, either directly or indirectly." <u>PixArt Imaging, Inc.</u>, which is not a party to this litigation, does manufacture and sell the PAS6311LT image sensor, but all such activity occurs outside the United States. However, the subpoena is directed to and was served on PixArt USA. PixArt USA is a separate corporate entity from its parent, does not exercise control over its parent, and is not required to obtain information or records that are in the possession, custody or control of its parent.

Furthermore, even if PixArt USA had access to documents or other information pertaining to image sensors manufactured and sold by PixArt Imaging, Inc.—which it does not—such information would be irrelevant in any event. PixArt is informed and believes that "PixArt"

image sensor PAS6311LT, identified in the Deposition Subpoena, has not been identified by Round Rock in its infringement contentions. Under the Patent Local Rules, Round Rock is required to identify all accused products with specificity. P.L.R. 3-1(b). Courts in this district have uniformly interpreted this rule as prohibiting discovery concerning allegedly infringing products that are not identified in the infringement contentions. *See, e.g., Mediatek, Inc. v. Freescale Semiconductor, Inc.,* No. 11-5341 YGR (JSC), 2013 WL 588760, at *4 (N.D. Cal. Feb. 13, 2013); *Kelora Sys., LLC v. Target Corp.,* No. C 11-01548 CW (LB), 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011); *Oracle Am., Inc. v. Google Inc.,* No. C 10-03561 WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26, 2011). Rule 3-1 "does not tolerate broad categorical definitions or the use of mere representative examples." *Infineon,* 2012 Wl 6184394, at *3 (internal quotation marks omitted.) The infringement contentions purportedly do not specifically identify the PAS6311LT image sensor, although Plaintiffs have apparently disclosed to Round Rock that it uses such sensor in some of its products. Therefore, Rule 3-1 bars discovery on the "PixArt" sensor.

### III. PIXART USA SHOULD BE AWARDED FEES AND COSTS INCURRED IN RESPONDING TO THE DEPOSITION SUBPOENA

Rule 45(d) provides:

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

As set forth in the background section above, PixArt USA has complied with its obligation to respond to the Deposition Subpoena by timely serving formal written objections to it. PixArt USA has also communicated with Round Rock on multiple occasions to explain that PixArt USA does not have any involvement in the manufacture or sale of the identified "Products," not does it have in its possession, custody or control any documents or information pertaining to said "Products." Such information may be available, through appropriate discovery channels, from PixArt Imaging, Inc. in Taiwan, but it is not available from PixArt USA.

PixArt USA has tried to avoid filing this motion by asking Round Rock to either withdraw the subpoena or indicate that it will not seek to enforce it, the last such request being made on the morning of October 18, 2013, before PixArt USA's counsel would be forced to prepare a motion to quash and file it. Round Rock has simply, and inexcusably, failed to agree. Accordingly, the Court should award PixArt fees and costs incurred in filing the present motion.

Dated: October 18, 2013

Respectfully submitted,

SCHIFF HARDIN LLP

By: /s/ *Duane H. Mathiowetz*
Duane H. Mathiowetz
Attorneys for PixArt Imaging
(U.S.A.), Inc.

42519-0000
SF\320854210.1