Duane H. Mathiowetz (SBN 111831)
SCHIFF HARDIN LLP
One Market, Spear Street Tower
32nd Floor
San Francisco, CA 94105
(415) 901-8645
dmathiowetz@schiffhardin.com

Attorneys for
PIXART IMAGING (U.S.A.), INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiffs,<br><br>v.<br><br>ROUND ROCK RESEARCH, LLC, AMERICAN MEGATRENDS INC., SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendants. | Case No. 3:12-cv-02099-JST<br><br>**DECLARATION OF DUANE H. MATHIOWETZ IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA TO NON-PARTY PIXART IMAGING (U.S.A.), INC. AND REQUEST FOR SANCTIONS**<br><br>DATE: December 5, 2013<br>TIME: 2:00 p.m.<br>COURTROOM: 9<br>JUDGE: Hon. Jon S. Tigar |

I, Duane Mathiowetz, declare as follows:

1. I am a partner in the law firm of Schiff Hardin LLP, counsel for PixArt Imaging (U.S.A.) ("PixArt USA") in the above-captioned case and a member of the Bar of this Court. I make each of the statements below based on my own personal knowledge, and if called as a witness, I could and would testify competently to the contents of this declaration.

2. On or about September 12, 2013, Round Rock caused the Deposition Subpoena attached hereto as Exhibit 1 to be served upon PixArt USA's registered agent for service of

process. The Deposition Subpoena requires one or more individuals to provide testimony on October 9, 2013, on twenty-five topics set forth in Schedule A to the subpoena.

3. On or about January 7, 2013, Round Rock had served a subpoena *duces tecum* on PixArt USA demanding the production of fifteen categories of documents pertaining to the manufacture, sale or offer to sell "Products" to Plaintiffs ASUSTek Computer, Inc. and ASUS Computer International. The same definitions were given for "PixArt," "You," Your," and "Product" in that subpoena as in its Deposition Subpoena. In response to the subpoena *duces tecum*, I called Round Rock's counsel, Lauren Nowierski of the Desmarais LLP firm, on January 10, 2013, and advised her that PixArt USA does not manufacture, sell or offer to sell, nor has it done so in the past, the PixArt PAS6311LT image sensor that is the subject of that subpoena. I further informed Ms. Nowierski that PixArt USA has no documents identified in the subpoena in its possession, custody or control, and therefore would not be producing any documents in response to the subpoena. I confirmed our conversation in writing on January 15, 2013, a copy of which is attached as Exhibit 2.

4. PixArt's response to the subpoena *duces tecum* apparently satisfied Round Rock, or so I thought, as I received no further correspondence on the matter until August 29, 2013, when I received an email from Round Rock's counsel indicating that she was "interested in understanding a bit more about your response to our subpoena." That correspondence is attached as Exhibit 3.

5. I subsequently spoke with Ms. Nowierski on September 13, 2013, and explained, again, that PixArt USA has no documents subject to the subpoena. She asked if PixArt USA had <u>access</u> to any such documents, and I told her that it does not have possession, custody or control of documents pertaining to the identified "Product," and that PixArt USA has nothing to do with the design, manufacture or sale of the product, which is completely within the realm of PixArt Imaging, Inc., the parent company located in Taiwan. Interestingly, Round Rock's counsel did not disclose during that conversation that Round Rock had caused the Deposition Subpoena to issue on September 12.

6. On September 25, 2013, I confirmed my September 13 conversation with Ms.

1  Nowierski via email, specifically noting again that PixArt USA does not have possession, custody
2  or control of the documents requested in the subpoena *duces tecum*. I also indicated that PixArt
3  USA has no information pertaining to the Deposition Subpoena topics, and provided PixArt
4  USA's timely objections to the Deposition Subpoena. Finally, I requested that Round Rock
5  withdraw the Deposition Subpoena or agree that no appearance is necessary, and if such action
6  was not taken, PixArt USA would file a motion to quash and seek appropriate fees and sanctions.
7  That email correspondence is attached as Exhibit 4, and the objections served pursuant to Rule
8  45(d)(2)(B) are attached hereto as Exhibit 5.

9      7.  I made a follow-up inquiry by email to Ms. Nowierski, to which she responded on
10 October 1, 2013, indicating that Round Rock wanted more time to consider PixArt USA's
11 objections to the Deposition Subpoena, and offered that a new response date for the subpoena
12 would be Friday, October 18, 2013. I agreed to the new date, and again requested that Round
13 Rock "withdraw the subpoena as soon as possible." Ms. Nowierski's October 1 email and my
14 response of the same date are attached as Exhibit 6.

15     8.  On October 16, 2013, with the October 18 deadline approaching and still not
16 having received a definitive answer from Round Rock, I sent Round Rock's counsel Ms.
17 Nowierski yet another email inquiry/request for a decision on the subpoena. On October 17,
18 2013, I called Ms. Nowierski and she told me she was in a meeting but would call back within an
19 hour with a decision. By the morning of October 18, 2013, Ms. Nowierski and Round Rock still
20 had not responded. Hoping to avoid filing a motion to quash and in order to preserve PixArt
21 USA's rights, I sent yet another email, requesting that the subpoena be withdrawn or Round Rock
22 agree to a new response date of November 11, 2013, if it needed still more time to reach a
23 decision. That email correspondence is attached as Exhibit 7. As of the filing of the motion to
24 quash and this declaration, Round Rock has not responded.

25     I declare under penalty of perjury under the laws of the State of California that the
26 foregoing is true and correct.

1  Executed on October 18, 2013 at San Francisco, California.

_____
Duane H. Mathiowetz

42519-0000
SF\320854269.1