**EXHIBIT 1**

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL | ) |
| *Plaintiff* | ) |
| v. | ) |
| ROUND ROCK RESEARCH, LLC. | ) |
| *Defendant* | ) |

Civil Action No.   3:12-CV-0299-JST

(If the action is pending in another district, state where:
Northern District of California     )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Pixart Imaging (USA), Inc., 3028 Oakmead Village Court, Santa Clara, CA, Inc.;
     Reg. Agent: Katherine Chao, 333 Twin Dolphin Drive, Redwood City, CA 94065

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Schedule A

| Place: Black Chang & Hamill LLP | Date and Time: |
|---|---|
| 4 Embarcadero Center, Suite 1400 San Francisco, CA 94111 | 10/04/2013 9:00 am |

The deposition will be recorded by this method:   Stenographic, audio, audio-visual, real-time monitoring

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/12/2013

CLERK OF COURT

OR

_____                     _____
Signature of Clerk or Deputy Clerk                     Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Round Rock Research, LLC _____ , who issues or requests this subpoena, are:

Justin Wilcox
Desmarais LLP
230 Park Ave, New York, NY 10169, (212) 351-3400, jwilcox@desmaraisllp.com

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:12-CV-0299-JST

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#9633;  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

&#9633;  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A TO CIVIL SUBPOENA

### INTRODUCTION

For a statement of Your obligation in producing someone for deposition under this subpoena, please see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena.

### DEFINITIONS AND INSTRUCTIONS

1. "Pixart," "You," or "Your" means Pixart Imaging, Inc. and all predecessors, subsidiaries, joint ventures, parents, affiliates, and other legal entities that are wholly or partially owned or controlled by Pixart, either directly or indirectly, and including but not limited to *all* past or present directors, officers, agents, employees, consultants, attorneys, and others acting on behalf of these same entities.

2. As used herein, "Round Rock" means Round Rock Research, LLC.

3. As used herein, "Plaintiff" means ASUSTeK Computer, Inc. and ASUS Computer International.

4. As used herein, "this Action" means *ASUS Computer International v. Round Rock Research, LLC* and *Round Rock Research, LLC v. ASUSTeK Computer, Inc. and ASUS Computer International,* Civil Action No. 3:12-cv-02099-WHA, in the United States District Court for the Northern District of California.

5. As used herein, "Products" means any Pixart image sensor, which You either manufacture(d), sell, sold, or offered to sell to Plaintiff since 2005, or which Plaintiff has in any other way procured through You directly or via any other entity, including but not limited to the Pixart PAS6311LT image sensor.

6. "Person" means any natural person or individual, and any and *all* legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

7. As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

8. As used herein, "and" and "or" shall be construed conjunctively and disjunctively, so as to acquire the broadest possible meaning.

9. The term "any" includes "all," and the term "all" includes "any," and the terms "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest possible meaning.

10. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest possible meaning.

11. The singular of any term includes the plural of that term, and the plural includes the singular.

12. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate and to give the noun or pronoun the broadest possible meaning.

13. As used herein, "relating to" means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to the particular subject matter identified.

14. The term "concerning" means identifying, referring to, concerning, regarding evidencing, demonstrating, summarizing, reflecting, constituting, containing, embodying, mentioning, pertaining to, commenting upon, connected with, discussing, describing, analyzing, showing, comprising, or relating to in any relevant way to a particular subject, in whole or in part, either directly or indirectly.

15. The document requests herein shall be deemed to include any and all relevant documents within the possession, custody or control of Pixart, including documents located in the files of any and all past and present association members, subsidiaries, parents, sisters, partnerships, directors, officers, agents, representatives, employees, attorneys, and accountants of Pixart.

16. "Document" shall have the broadest meaning and scope ascribed under Rule 34 of the Federal Rules of Civil Procedure, and include all tangible things which come within the meaning of the terms "writings and recordings"" as used in Federal Rule of Evidence 1001 and all electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

17. If, after conducting a reasonable investigation, a full answer cannot be provided for any request for the production of documents, state that such is the case and answer to the fullest extent possible, stating what responsive documents or information are available, what documents or information cannot be provided, why the documents or information are unavailable, and what efforts were made to obtain the unavailable documents or information.

18. If any of the documents requested herein are no longer in Your possession, custody or control, You shall identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and to provide a summary of its pertinent contents.

19. If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, and the date of such destruction.

20. "Production Subpoena" shall mean the Subpoena for production of documents issued by Round Rock on You on September 12, 2013

## DEPOSITION TOPICS

You are required to provide one or more individuals who are knowledgeable and competent to provide testimony about the following topics:

1. Your efforts to collect and locate documents and things responsive to the Production Subpoena.

2. Your policies, practices and/or procedures for publishing and maintaining the documents requested for production in the Production Subpoena.

3. The factual background and circumstances related to Your policies, practices and/or procedures for publishing and maintaining the documents requested for production in the Production Subpoena.

4. The promulgation of the documents requested for production in the Production Subpoena to Round Rock.

5. Confirm whether the documents requested for production in the Production Subpoena are true and correct copies, are made at or near the time by someone with knowledge, are kept in the ordinary course of business, and that making and maintaining those documents is part of Your regular business practice.

6. Any and all sales of any of the Products to the Plaintiff, or procurement of any of the Products by the Plaintiff from You, including but not limited to knowledge of sales records, shipment records, and bills of lading.

7. The manufacturing or fabrication of any of the Products, including but not limited to knowledge of manuals, schematics, technical specifications, and technical reports.

8. The operation or use of any of the Products, including but not limited to knowledge of manuals, schematics, datasheets, user guides, technical specifications, and technical reports.

9. Identification of all the Products, including internal working names, external names, commercially used names, and code names.

10. The identity of all the manufacturers for all Products and their components, including any third party manufacturers.

11. The identity of the locations relating to the design, assembly, fabrication, and manufacture of any of the Products.

12. The process by which any materials, ingredients, or components (including but not limited to any wafers or semiconductors) are employed, used, or assembled in the manufacturing or fabrication process of any Products, including but not limited to any image sensor.

13. The training of any Person involved in the process of manufacturing the Products, including but not limited to the processes of chemical mechanical polishing (CMP), dry etching, metals deposition, any type of chemical vapor deposition (CVD), photolithography, ion implantation, plasma deposition, and ion milling.

14. The identify the manufacturers of any equipment used in any process relating to the manufacture, assembly, or fabrication of any Products (including any image sensor), including but not limited to the processes of CMP, dry etching, metals deposition, any type of CVD, photolithography, ion implantation, plasma deposition, and ion milling.

15. Communications between Plaintiff and You relating to Round Rock.

16. Communications between Plaintiff and You relating to the Products.

17. Communications between Plaintiff and You relating to this Action.

18. Any request for indemnification by Plaintiff in connection with patent infringement claims asserted by Round Rock.

19. Your marketing, advertising, or promotion of the Products.

20. The market demand for the Products including, but not limited to, knowledge of market studies, technical reports, consultant reports, surveys, and any reports or studies relating to customer demand of any Products' features or decisions to include or exclude any such features for any Products.

21. The design and structure of the image sensors contained in the Products, including the arrangement of the photodiodes, light sensing elements, color filters, and/or antireflection coatings.

22. The composition of the photodiodes, light sensing elements, color filters, and/or antireflection coatings of the image sensors contained in the Products.

23. The design and structure of the image sensors contained in the Products, including the arrangement of the pixel cells, photodiodes, light sensing elements, passivation layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses.

24. The composition of the pixel cells, photodiodes, light sensing elements, passivation layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses of the image sensors contained in the Products.

25. The process of constructing or forming, including the use of any planarization techniques, the pixel cells, photodiodes, light sensing elements, passivation layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses, of the image sensors contained in the Products.

**EXHIBIT 2**



SCHIFF HARDIN LLP

Duane H. Mathiowetz
415-901-8645
dmathiowetz@schiffhardin.com

ONE MARKET
SPEAR STREET TOWER
THIRTY-SECOND FLOOR
SAN FRANCISCO, CA  94105
*t* 415.901.8700
*f* 415.901.8701
www.schiffhardin.com

January 15, 2013

Lauren M. Nowierski
DESMARAIS LLP
230 Park Avenue
New York, NY 10169

      Re:    Civil Action No. 3:12-cv-0299-WHA
              Subpoena Directed to PixArt Imaging (USA), Inc.

Dear Ms. Nowierski:

      We have been retained by PixArt Imaging (USA), Inc. to respond to the subpoena which you issued on behalf of Round Rock Research, LLC in the referenced litigation.

      As I indicated in my phone conversation with you on January 10, 2012, PixArt Imaging (USA), Inc. does not manufacture, sell or offer to sell, nor has it done so in the past, the PixArt PAS6311LT image sensor that is the subject of your subpoena.  PixArt Imaging (USA), Inc. has no documents identified in the subpoena in its possession, custody or control, and therefore will not be producing any documents in response to the subpoena.

      If you have any questions, please feel free to give me a call.

                         Very truly yours,

                         Duane H. Mathiowetz

DHM:bn

cc:    Bradford J. Black
       John P. Schnurer
       James C. Pistorino

**EXHIBIT 3**

| From: | Lauren Nowierski |
|---|---|
| To: | Mathiowetz, Duane H. |
| Cc: | Edward Terchunian; Justin Wilcox |
| Subject: | ASUSTek Computer Inc. v. Round Rock Research, LLC, Civ. A. No. 3:12-2099-JST (N.D. Cal.) - Subpoena to PixArt Imaging (USA), Inc. |
| Date: | Thursday, August 29, 2013 12:14:01 PM |
| Attachments: | 2013 01 15 Ltr from Mathiowetz to Nowierski.pdf |

Duane:

We spoke quite some time ago regarding Round Rock's subpoena on PixArt Imaging (USA) in the above referenced matter.  I have attached our previous correspondence for your convenience.  As this case has progressed, I am interested in understanding a bit more about your response to our subpoena.

Please let me know if you have any time over the next week to briefly touch base.

Kind regards,
Lauren

Lauren M. Nowierski
**Desmarais** LLP
230 Park Avenue
New York, NY 10169
D: (212) 351-3426
M: (212) 351-3400
F: (212) 351-3401
lnowierski@desmaraisllp.com


This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

**EXHIBIT 4**

**Mathiowetz, Duane H.**

| | |
|---|---|
| **From:** | Mathiowetz, Duane H. |
| **Sent:** | Wednesday, September 25, 2013 4:44 PM |
| **To:** | 'Lauren Nowierski' |
| **Cc:** | Justin Wilcox; Edward Terchunian; Robert Harrits; Pistorino, James C. (Perkins Coie) |
| **Subject:** | RE: ASUS v. Round Rock Research, LLC, Civ. A. No. 3:12-2099 - Subpoena to Pixart USA |
| **Attachments:** | PixArt Objections to Subpoena.pdf |

Lauren:

This will confirm our conversation on September 13, 2013, that PixArt Imaging (U.S.A.), Inc. does not have possession, custody or control of the documents requested in the January subpoena. Therefore, PixArt has not produced any documents in response to the subpoena.

With respect to the deposition subpoena served on PixArt Imaging (U.S.A.) on September 12, 2013, I enclose PixArt Imaging (U.S.A.)'s objections to the subpoena and the topics identified therein. Please note that my client has no information pertaining to the deposition subpoena topics. We respectfully request that you withdraw the deposition subpoena upon receipt of this email. If you do not withdraw it, or at a minimum agree that no appearance is necessary, we will file a motion to quash and seek appropriate fees and costs.

If you want to discuss the subpoena any further, please do not hesitate to give me a call.

Regards,
Duane

 SCHIFFHARDIN LLP

Download vCard
View Bio

**Duane H. Mathiowetz**
Partner

One Market
Spear Street Tower, Suite 3200
San Francisco, CA 94105
www.schiffhardin.com

*t* 415.901.8645
*f* 415.901.8701
*e* dmathiowetz@schiffhardin.com

**From:** Lauren Nowierski [mailto:LNowierski@desmaraisllp.com]
**Sent:** Thursday, September 19, 2013 4:12 PM
**To:** Mathiowetz, Duane H.
**Cc:** Justin Wilcox; Edward Terchunian; Robert Harrits
**Subject:** ASUS v. Round Rock Research, LLC, Civ. A. No. 3:12-2099 - Subpoena to Pixart USA


Duane:

Thanks again for agreeing to speak with us last week regarding Round Rock's subpoena to Pixart USA.

Please confirm whether it is Pixart USA's position that Pixart USA does not have access to any documents relating to Pixart's image sensor: PAS6311LT, as requested by the subpoena.

Please let us know Pixart USA's position as soon as possible, but no later than next Wednesday, September 25, 2013.

Thanks very much,
Lauren

Lauren M. Nowierski
**Desmarais** LLP
230 Park Avenue
New York, NY 10169
D: (212) 351-3426
M: (212) 351-3400
F: (212) 351-3401
lnowierski@desmaraisllp.com

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

**EXHIBIT 5**

1  Duane H. Mathiowetz, SBN 111831
   SCHIFF HARDIN LLP
2  One Market, Spear Street Tower
   36th Floor
3  San Francisco, CA 94105
   (415) 901-8645
4  dmathiowetz@schiffhardin.com

5  Attorneys for
   PIXART IMAGING (U.S.A.), INC.
6

7

8
                        UNITED STATES DISTRICT COURT
9
                       NORTHERN DISTRICT OF CALIFORNIA
10
                            SAN FRANCISCO DIVISION
11

12
   ASUSTEK COMPUTER INC. AND          Case No. 3:12-cv-02099-JST
13 ASUS COMPUTER INTERNATIONAL,

14              Plaintiffs,
                                      **NON-PARTY PIXART IMAGING (U.S.A.),**
15        v.                          **INC.'S OBJECTIONS TO SUBPOENA TO**
                                      **TESTIFY DATED 9/12/2013**
16 ROUND ROCK RESEARCH, LLC,
   AMERICAN MEGATRENDS INC.,
17 SAMSUNG ELECTRONICS CO., LTD.,

18              Defendants.

19

20        Pursuant to Rule of Civil Procedure 45(d), PixArt Imaging (U.S.A.), Inc. ("PixArt USA")

21 objects to the Subpoena to Testify at a Deposition in a Civil Action served upon it on September

22 12, 2013, for the reasons set forth below.

23 <u>**General Objections**</u>

24        PixArt USA objects to paragraph 1 of the Definitions and Instructions as overbroad,

25 burdensome and oppressive, and not reasonably calculated to lead to the production of admissible

26 evidence.  In particular, although the subpoena is directed to and was served on PixArt Imaging

27 (U.S.A.), Inc., the terms "Pixart," "You," and "Your" have been defined to mean "Pixart Imaging,

28 Inc.," which is the parent company of PixArt USA, "and all predecessors, subsidiaries, joint

ventures, parents, affiliates, and other legal entities that are wholly or partially owned or controlled by Pixart, either directly or indirectly, and including but not limited to all past or present directors, officers, agents, employees, consultants, attorneys, and others acting on behalf of these same entities." PixArt USA is a separate corporate entity from its parent, does not exercise control over its parent, and is not required to obtain information or records that are in the possession, custody or control of its parent. PixArt USA also objects to this definition to the extent that it seeks information from PixArt USA's attorneys, on the grounds that such information is not subject to discovery pursuant to attorney client privilege or as attorney work product.

PixArt USA objects to the definition of "Products" in paragraph 5 as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence. In particular, "Products" has been defined to include "any Pixart image sensor . . ., including but not limited to the Pixart PAS6311LT image sensor." Although Pixart has not been provided with a copy of Round Rock's infringement contentions, it is informed and believes that the only "Pixart" image sensor identified in the litigation is the PAS6311LT image sensor. Therefore, the definition is overbroad, and requesting information for sensors that are not identified in the infringement contentions is burdensome and oppressive and not reasonably calculated to lead to the production of admissible evidence. Accordingly, PixArt USA will interpret "Products" to mean only the PAS6311LT image sensor. Moreover, PixArt USA does not make, use, sell or offer to sell the PAS6311LT image sensor, nor does it have in its possession, custody or control any information about the design, manufacture, sale or offers to sell the PAS6311LT image sensor.

PixArt USA objects to the instruction set forth in paragraph 15 as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence, for the reasons set forth with respect to its objections to the definition of "Pixart," incorporated herein by reference.

OBJECTIONS TO SUBPOENA TO TESTIFY
Case No. 3:12-cv-02099-JST

**Objections to Deposition Topics**

In addition to the General Objections, PixArt USA objects to each and every topic that is set forth in Schedule A to Civil Subpoena for the reasons set forth below. The General Objections are incorporated by reference into each of the objections to deposition topics.

**1. Your efforts to collect and locate documents and things responsive to the Production Subpoena.**

PixArt objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving these objections, PixArt USA states that it is not aware of a Product Subpoena dated September 12, 2013, and therefore has no documents and things to collect pursuant to same.

**2. Your policies, practices and/or procedures for publishing and maintaining the documents requested for production in the Production Subpoena.**

PixArt objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Moreover, PixArt USA states that it is not aware of a Product Subpoena dated September 12, 2013, and therefore its policies, practices and/or procedures for publishing and maintaining documents are irrelevant, and it also objects to this topic on that basis.

**3. The factual background and circumstances related to your policies, practices and/or procedures for publishing and maintaining the documents requested for production in the Production Subpoena.**

OBJECTIONS TO SUBPOENA TO TESTIFY
Case No. 3:12-cv-02099-JST

PixArt objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. PixArt USA also objects to this request as vague and ambiguous and unintelligible with respect to what is meant by "factual background and circumstances related to its policies, practices and/or procedures for publishing and maintaining the documents." Furthermore, PixArt USA states that it is not aware of a Product Subpoena dated September 12, 2013, and therefore its policies, practices and/or procedures for publishing and maintaining documents are irrelevant, and it also objects to this topic on that basis.

**4. The promulgation of the documents requested for production in the Production Subpoena to Round Rock.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. PixArt USA also objects to this request as vague and ambiguous and unintelligible with respect to what is meant by "promulgation of the documents." Without waiving the foregoing objections, PixArt USA states that it is not aware of a Production Subpoena dated September 12, 2013, and therefore there are no facts pertaining to "promulgation of documents."

**5. Confirm whether the documents requested for production in the Production Subpoena are true and correct copies, are made at or near the time by someone with knowledge, are kept in the ordinary course of business, and that making and maintaining those documents is part of your regular business practice.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. PixArt USA also objects to this request as vague and ambiguous and unintelligible with respect to what is meant by "promulgation of the documents." Without waiving the foregoing objections, PixArt USA states that it is not aware of a Product Subpoena dated September 12, 2013, and therefore there are no documents with respect to which it can respond.

6.  **Any and all sales of any of the Products to the Plaintiff, or procurement of any of the Products by the Plaintiff from you, including but not limited to knowledge of sales records, shipment records, and bills of lading.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT image sensor, nor does it have in its possession, custody or control any information about the design, manufacture, sale, offers to sell, or shipments of the PAS6311LT image sensor.

7.  **The manufacturing or fabrication of any of the Products, including but not limited to knowledge of manuals, schematics, technical specifications, and technical reports.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT

image sensor, nor does it have in its possession, custody or control any information about the design, manufacture, sale or offers to sell the PAS6311LT image sensor.

**8. The operation or use of any of the Products, including but not limited to knowledge of manuals, schematics, datasheets, user guides, technical specifications, and technical reports.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT image sensor, nor does it have in its possession, custody or control any information about the design, manufacture, sale or offers to sell the PAS6311LT image sensor.

**9. Identification of all the Products, including internal working names, external names, commercially used names, and code names.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT image sensor, nor does it have in its possession, custody or control any information about the design, manufacture, sale, offers to sell, or identifications of the PAS6311LT image sensor.

**10. The identity of all the manufacturers for all Products and their components, including any third party manufacturers.**

1    PixArt USA objects to this request as overbroad, burdensome and oppressive, and not
2    reasonably calculated to lead to the production of admissible evidence to the extent that it
3    seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which
4    PixArt USA does not have possession, custody or control. Without waiving the foregoing
5    objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT
6    image sensor, nor does it have in its possession, custody or control any information about the
7    design, manufacture, sale or offers to sell the PAS6311LT image sensor.
8

9    **11. The identity of the locations relating to the design, assembly, fabrication, and**
10   **manufacture of any of the Products.**
11
12       PixArt USA objects to this request as overbroad, burdensome and oppressive, and not
13   reasonably calculated to lead to the production of admissible evidence to the extent that it
14   seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which
15   PixArt USA does not have possession, custody or control. Without waiving the foregoing
16   objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT
17   image sensor, nor does it have in its possession, custody or control any information about the
18   design, manufacture, sale or offers to sell the PAS6311LT image sensor.
19
20   **12. The process by which any materials, ingredients, or components (including but not**
21   **limited to any wafers or semiconductors) are employed, used, or assembled in the**
22   **manufacturing or fabrication process of any Products, including but not limited to any**
23   **image sensor.**
24       PixArt USA objects to this request as overbroad, burdensome and oppressive, and not
25   reasonably calculated to lead to the production of admissible evidence to the extent that it
26   seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which
27   PixArt USA does not have possession, custody or control. Without waiving the foregoing
28   objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT

image sensor, nor does it have in its possession, custody or control any information about the design, manufacture, sale or offers to sell the PAS6311LT image sensor.

**13. The training of any Person involved in the process of manufacturing the Products, including but not limited to the processes of chemical mechanical polishing (CMP), dry etching, metals deposition, any type of chemical vapor deposition (CVD), photolithography, ion implantation, plasma deposition, and ion milling.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT image sensor, nor does it have in its possession, custody or control any information about the design, manufacture, sale, offers to sell, or training of any persons involved in the manufacture of the PAS6311LT image sensor.

**14. The identify the manufacturers of any equipment used in any process relating to the manufacture, assembly, or fabrication of any Products (including any image sensor), including but not limited to the processes of CMP, dry etching, metals deposition, any type of CVD, photolithography, ion implantation, plasma deposition, and ion milling.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT image sensor, nor does it have in its possession, custody or control any information about the design, manufacture, sale or offers to sell the PAS6311LT image sensor.

1

2

**15. Communications between Plaintiff and you relating to Round Rock.**

3

4       PixArt USA objects to this request as overbroad, burdensome and oppressive, and not

reasonably calculated to lead to the production of admissible evidence to the extent that it

5

6       seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which

7       PixArt USA does not have possession, custody or control. Without waiving the foregoing

objections, PixArt USA responds that it does not have any information pertaining to

8

9       communications between it and Plaintiff relating to Round Rock.

10

11      **16. Communications between Plaintiff and you relating to the Products.**

12      PixArt USA objects to this request as overbroad, burdensome and oppressive, and not

reasonably calculated to lead to the production of admissible evidence to the extent that it

13

14      seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which

15      PixArt USA does not have possession, custody or control. Without waiving the foregoing

objections, PixArt USA responds that it does not have any information pertaining to

16

17      communications between it and Plaintiff relating to the PAS6311LT image sensor.

18

19      **17. Communications between Plaintiff and you relating to this Action.**

20      PixArt USA objects to this request as overbroad, burdensome and oppressive, and not

reasonably calculated to lead to the production of admissible evidence to the extent that it

21

22      seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which

23      PixArt USA does not have possession, custody or control. Without waiving the foregoing

objections, PixArt USA responds that it does not have any information not covered by the

24

25      attorney client privilege pertaining to communications between it and Plaintiff relating to this

Action.

26

27

28

**18. Any request for indemnification by Plaintiff in connection with patent infringement claims asserted by Round Rock.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing objections, PixArt USA responds that it does not have any information pertaining to any request for indemnification by Plaintiff in connection with patent infringement claims asserted by Round Rock communications.

**19. Your marketing, advertising, or promotion of the Products.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT image sensor, nor does it have in its possession, custody or control any information about the marketing, advertising, or promotion of the PAS6311LT image sensor.

**20. The market demand for the Products including, but not limited to, knowledge of market studies, technical reports, consultant reports, surveys, and any reports or studies relating to customer demand of any Products' features or decisions to include or exclude any such features for any Products.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing

objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT image sensor, nor does it have in its possession, custody or control any information about the market demand for the PAS6311LT image sensor.

**21. The design and structure of the image sensors contained in the Products, including the arrangement of the photodiodes, light sensing elements, color filters, and/or antireflection coatings.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT image sensor, nor does it have in its possession, custody or control any information about the design and structure of the image sensors contained in the PAS6311LT image sensor.

**22. The composition of the photodiodes, light sensing elements, color filters, and/or antireflection coatings of the image sensors contained in the Products.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT image sensor, nor does it have in its possession, custody or control any information about the composition of the photodiodes, light sensing elements, color filters, and/or antireflection coatings of the image sensors contained in the PAS6311LT image sensor.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**23. The design and structure of the image sensors contained in the Products, including the arrangement of the pixel cells, photodiodes, light sensing elements, passivation layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT image sensor, nor does it have in its possession, custody or control any information about the design and structure of the image sensors contained in the PAS6311LT image sensor.

**24. The composition of the pixel cells, photodiodes, light sensing, elements, passivation layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses of the image sensors contained in the Products.**

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT image sensor, nor does it have in its possession, custody or control any information about the composition of the pixel cells, photodiodes, light sensing, elements, passivation layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses of the image sensors contained in the PAS6311LT image sensor.

**25. The process of constructing or forming, including the use of any planarization techniques, the pixel cells, photodiodes, light sensing elements, passivation layers,**

metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses, of the image sensors contained in the Products.

PixArt USA objects to this request as overbroad, burdensome and oppressive, and not reasonably calculated to lead to the production of admissible evidence to the extent that it seeks information from PixArt Imaging, Inc., PixArt USA's parent company, over which PixArt USA does not have possession, custody or control. Without waiving the foregoing objections, PixArt USA responds that it does not make, use, sell or offer to sell the PAS6311LT image sensor, nor does it have in its possession, custody or control any information about the process of constructing or forming, including the use of any planarization techniques, the pixel cells, photodiodes, light sensing elements, passivation layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses, of the image sensors contained in the PAS6311LT image sensor.

Dated: September 25, 2013

By:    /Duane H. Mathiowetz/

Duane H. Mathiowetz
Schiff Hardin LLP
One Market, Spear Street Tower
36th Floor
San Francisco, CA 94105
(415) 901-8645
dmathiowetz@schiffhardin.com

Attorneys for PixArt Imaging (U.S.A.), Inc.

OBJECTIONS TO SUBPOENA TO TESTIFY
Case No. 3:12-cv-02099-JST

**EXHIBIT 6**

**Mathiowetz, Duane H.**

| | |
|---|---|
| **From:** | Mathiowetz, Duane H. |
| **Sent:** | Tuesday, October 01, 2013 5:46 PM |
| **To:** | Lauren Nowierski |
| **Subject:** | RE: Deposition Subpoena Directed to PixArt Imaging (U.S.A.) |

Lauren:

Thanks for the response.  Your proposal is fine.  PixArt's response to the deposition subpoena will now be due on or before October 18, 2013.  However, I again urge Round Rock to withdraw the subpoena as soon as possible.

Regards,

Duane

 SCHIFF HARDIN LLP

Download vCard
View Bio

**Duane H. Mathiowetz**
Partner

One Market
Spear Street Tower, Suite 3200
San Francisco, CA 94105
www.schiffhardin.com

*t* 415.901.8645
*f* 415.901.8701
*e* dmathiowetz@schiffhardin.com

**From:** Lauren Nowierski [mailto:LNowierski@desmaraisllp.com]
**Sent:** Tuesday, October 01, 2013 5:12 PM
**To:** Mathiowetz, Duane H.
**Cc:** Round Rock PC Assertion Service
**Subject:** RE: Deposition Subpoena Directed to PixArt Imaging (U.S.A.)

Duane:

I apologize for the delay in my response.  We would like more time to consider Pixart Imaging's objections to the subpoena for testimony.

In light of that, I propose that we continue the date of the subpoena from Friday, October 4, 2013 to Friday, October 18, 2013 to provide us with the time necessary to fully consider Pixart's objections.  I will provide you with our response to your email as soon as I can.

Please let me know if you have any questions or concerns with that proposed course.

Kind regards,

Lauren

**From:** Mathiowetz, Duane H. [mailto:DMathiowetz@schiffhardin.com]
**Sent:** Monday, September 30, 2013 7:16 PM

**To:** Lauren Nowierski
**Subject:** RE: Deposition Subpoena Directed to PixArt Imaging (U.S.A.)

Thanks, Lauren. I do need your response by Tuesday, to give me time to prepare the motion to quash prior to the date of the deposition.

 SCHIFFHARDIN LLP

Download vCard
View Bio

| **Duane H. Mathiowetz** | One Market | t 415.901.8645 |
| Partner | Spear Street Tower, Suite 3200 | f 415.901.8701 |
| | San Francisco, CA 94105 | e dmathiowetz@schiffhardin.com |
| | www.schiffhardin.com | |

**From:** Lauren Nowierski [mailto:LNowierski@desmaraisllp.com]
**Sent:** Saturday, September 28, 2013 1:40 AM
**To:** Mathiowetz, Duane H.
**Cc:** Justin Wilcox; Edward Terchunian
**Subject:** RE: Deposition Subpoena Directed to PixArt Imaging (U.S.A.)

Duane:

I apologize, I am out on vacation this week, and will not be returning to the office until Monday. I will reply to your email on Monday.

Kind regards,

Lauren

**From:** Mathiowetz, Duane H. [mailto:DMathiowetz@schiffhardin.com]
**Sent:** Friday, September 27, 2013 3:47 PM
**To:** Lauren Nowierski
**Subject:** Deposition Subpoena Directed to PixArt Imaging (U.S.A.)

Dear Lauren:

On Wednesday, I sent you PixArt U.S.A.'s objections to the deposition subpoena served on it on September 12, 2013, with a request that Round Rock either withdraw the subpoena or provide written confirmation that it does not intend to go forward with the deposition. I have not received a response. Please advise us today of Round Rock's position so that we can either close the matter or prepare a motion to quash, as appropriate.

Thanks and regards,

Duane

**EXHIBIT 7**

**Mathiowetz, Duane H.**

| | |
|---|---|
| **From:** | Mathiowetz, Duane H. |
| **Sent:** | Friday, October 18, 2013 6:25 AM |
| **To:** | Lauren Nowierski |
| **Subject:** | Re: Deposition Subpoena Directed to PixArt Imaging (U.S.A.) |

Lauren,


Yesterday you told me over the phone that you would provide a response within an hour.  I still have not heard from you.  If your decision requires more time, I propose that a new date for subpoena compliance be set.  I will be out of the office for at least two to three weeks, so I propose a date no earlier than November 11.  However, PixArt USA's  position remains the same: it does not have relevant documents or information, and the deposition subpoena should be withdrawn.


Regards,

Duane

Sent from my iPad


On Oct 16, 2013, at 8:31 AM, "Mathiowetz, Duane H." <DMathiowetz@schiffhardin.com> wrote:

> Lauren:
>
> Any decision on the subpoena?  Let me know today, if possible.
>
> Regards,
>
> Duane


<image001.gif>                                                          Download vCard
                                                                          View Bio

**Duane H. Mathiowetz**       One Market                    t 415.901.8645
Partner                      Spear Street Tower, Suite 3200  f 415.901.8701
                             San Francisco, CA 94105         e dmathiowetz@schiffhardin.com
                             www.schiffhardin.com

**From:** Lauren Nowierski [mailto:LNowierski@desmaraisllp.com]
**Sent:** Tuesday, October 01, 2013 5:12 PM
**To:** Mathiowetz, Duane H.
**Cc:** Round Rock PC Assertion Service
**Subject:** RE: Deposition Subpoena Directed to PixArt Imaging (U.S.A.)

Duane:

I apologize for the delay in my response.  We would like more time to consider Pixart Imaging's objections to the subpoena for testimony.

In light of that, I propose that we continue the date of the subpoena from Friday, October 4, 2013 to Friday, October 18, 2013 to provide us with the time necessary to fully consider Pixart's objections.  I will provide you with our response to your email as soon as I can.

Please let me know if you have any questions or concerns with that proposed course.

Kind regards,

Lauren

---

**From:** Mathiowetz, Duane H. [mailto:DMathiowetz@schiffhardin.com]
**Sent:** Monday, September 30, 2013 7:16 PM
**To:** Lauren Nowierski
**Subject:** RE: Deposition Subpoena Directed to PixArt Imaging (U.S.A.)

Thanks, Lauren.  I do need your response by Tuesday, to give me time to prepare the motion to quash prior to the date of the deposition.

<image001.gif>

Download vCard
View Bio

| **Duane H. Mathiowetz**<br>Partner | One Market<br>Spear Street Tower, Suite 3200<br>San Francisco, CA 94105<br>www.schiffhardin.com | *t* 415.901.8645<br>*f* 415.901.8701<br>*e* dmathiowetz@schiffhardin.com |
|---|---|---|

---

**From:** Lauren Nowierski [mailto:LNowierski@desmaraisllp.com]
**Sent:** Saturday, September 28, 2013 1:40 AM
**To:** Mathiowetz, Duane H.
**Cc:** Justin Wilcox; Edward Terchunian
**Subject:** RE: Deposition Subpoena Directed to PixArt Imaging (U.S.A.)

Duane:

I apologize, I am out on vacation this week, and will not be returning to the office until Monday.  I will reply to your email on Monday.

Kind regards,

Lauren

**From:** Mathiowetz, Duane H. [mailto:DMathiowetz@schiffhardin.com]
**Sent:** Friday, September 27, 2013 3:47 PM
**To:** Lauren Nowierski
**Subject:** Deposition Subpoena Directed to PixArt Imaging (U.S.A.)

Dear Lauren:

On Wednesday, I sent you PixArt U.S.A.'s objections to the deposition subpoena served on it on September 12, 2013, with a request that Round Rock either withdraw the subpoena or provide written confirmation that it does not intend to go forward with the deposition. I have not received a response. Please advise us today of Round Rock's position so that we can either close the matter or prepare a motion to quash, as appropriate.

Thanks and regards,

Duane

<image001.gif>                                                                      Download vCard
                                                                                     View Bio

**Duane H. Mathiowetz**      One Market                       t 415.901.8645
Partner                      Spear Street Tower, Suite 3200   f 415.901.8701
                             San Francisco, CA 94105          e dmathiowetz@schiffhardin.com
                             www.schiffhardin.com

------------------------------------------------------------
```
Tax Matters: To the extent this message or any attachment concerns
tax matters, it is not intended or written to be used, and cannot
be used by a taxpayer, for the purpose of avoiding penalties
that may be imposed on the taxpayer under law.
```
------------------------------------------------------------
```
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
```
------------------------------------------------------------

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.