BLACK & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@blackhamill.com
Andrew G. Hamill (SBN 251156)
ahamill@blackhamill.com
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: 415-813-6210
Facsimile: 415-813-6222

DESMARAIS LLP
Paul A. Bondor (admitted *pro hac vice*)
pbondor@desmaraisllp.com
Justin P.D. Wilcox (admitted *pro hac vice*)
jwilcox@desmaraisllp.com
Jonas R. McDavit (admitted *pro hac vice*)
jmcdavit@desmaraisllp.com
Lauren M. Nowierski (admitted *pro hac vice*)
lnowierski@desmaraisllp.com
Edward Terchunian (admitted *pro hac vice*)
eterchunian@desmaraisllp.com
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Attorneys for Defendant and Counterclaim Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL,<br><br>*Plaintiff,*<br><br>v.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>*Defendant.* | Civil Action No. 3:12-cv-02099-JST<br><br>**ROUND ROCK'S OPPOSITION TO NON-PARTY PIXART IMAGING (U.S.A.), INC.'S MOTION TO QUASH DEPOSITION SUBPOENA; REQUEST FOR SANCTIONS**<br><br>Date: November 6, 2013<br>Time: 1:00 pm<br>Courtroom: A, 15th Floor<br>Judge: Hon. Nathaniel M. Cousins |
| ROUND ROCK RESEARCH, LLC,<br><br>*Counterclaim Plaintiff,*<br><br>v.<br><br>ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL,<br><br>*Counterclaim Defendants.* | |

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................... 3
II. RELEVANT FACTUAL BACKGROUND ............................................................... 4
    A. Underlying Litigation: Civ. A. No. 3:12-2099-JST ........................................ 4
    B. Round Rock's Subpoenas to PixArt And The Parties' Correspondence ......... 5
    C. Publically Available Information Relating to PixArt ..................................... 7
III. LEGAL STANDARDS ............................................................................................. 8
IV. ARGUMENT ........................................................................................................... 10
    A. Round Rock's Subpoena For Testimony To PixArt Is Not Unduly Burdensome. ................................................................................................... 10
        1. Round Rock's Subpoena Seeks Relevant Information. ...................... 10
        2. Round Rock Seeks Essential Information And Has Minimized Any Burden To PixArt. ............................................................................... 12
    B. Awarding PixArt Its Fees and Costs Incurred Responding to Round Rock's Subpoena for Testimony Is Inappropriate ........................................................ 13
V. CONCLUSION ........................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Beinin v. Ctr. for Study of Popular Culture*,
 No. C06-2298JW(RS), 2007 WL 832962 (N.D. Cal. Mar. 16, 2007) ......................................... 12

*EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*,
 No. 12-CV-080082-LHK PSG, 2012 WL 1980361 (N.D. Cal. June 1, 2012) ............................... 9

*Epstein v. MCA, Inc.*,
 54 F.3d 1422 (9th Cir. 1995) ......................................................................................................... 9

*Geller v. Von Hagens*,
 No. C11-80269 LHK HRL, 2012 WL 1413461 (N.D. Cal. Apr. 23, 2012) ............................ 9, 12

*LSI Corp. v. Vizio, Inc.*,
 No. A-12-CV-191 LY, 2012 WL 1883998 (W.D. Tex. May 22, 2012) ................................ 11, 13

*Sirota v. Penske Truck Leasing Corp.*,
 No. C05-03296 SI, 2006 WL 708910 (N.D. Cal. Mar. 17, 2006) ................................................. 9

**Statutes**

Fed. R. Civ. P. 26(b)(1) .................................................................................................................... 9

Fed. R. Civ. P. 45 ................................................................................................................. 8, 9, 13

# MEMORANDUM IN OPPOSITION TO NON-PARTY PIXART IMAGING (U.S.A.), INC.'S MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

## I. INTRODUCTION

PixArt Imaging (U.S.A.), Inc.'s ("PixArt") motion to quash Round Rock Research, LLC's ("Round Rock") subpoena for testimony should be denied because Round Rock's subpoena seeks information that is relevant to Round Rock's claims and defenses in the underlying patent litigation. PixArt has not met its burden to show that the subpoena is unduly burdensome. Round Rock has issued two subpoenas in this litigation to PixArt—one for documents and one for testimony. Both of Round Rock's subpoenas to PixArt seek very narrowly focused discovery relating to a particular complementary metal-oxide semiconductor ("CMOS") image sensor: the PixArt PAS6311LT. That image sensor is a component of one of ASUS's products accused of infringing two of Round Rock's patents relating to image sensors. Thus, the documents and testimony Round Rock seeks from PixArt is directly relevant to the infringement claims and defenses at issue in the underlying litigation.

PixArt bases its motion on its claim that it is essentially immune from discovery because PixArt is said to have no relevant information in its possession, custody, or control. Rather, Pixart asserts that any relevant information is instead in the possession of its Taiwanese parent company PixArt Imaging, Inc. ("PixArt Taiwan"). PixArt does not dispute that PixArt is a wholly owned subsidiary of PixArt Taiwan. Nor does PixArt dispute that PixArt Taiwan has discoverable information. Nor does PixArt argue or even assert that it does not have access to the requested documents or information in the regular course of its business. For the reasons set forth below, Round Rock is entitled to the discovery sought, and at the very least to explore by deposition the factual bases for PixArt's claim that lacks possession, custody, or control of the information Round Rock seeks.

Notably, Pixart does not provide *any* legal authority for its claim that it is immune from discovery, other than providing authority that purports to support PixArt assertion that Round Rock's infringement contentions in the underlying case are somehow inadequate. Yet on October 8, 2013, ruling on a similar objection lodged by plaintiff and counterclaim defendant ASUS, Judge Tigar

1 recently decided that issue in Round Rock's favor. In short, there can be no dispute that the PixArt PAS6311LT image sensor is a component of an accused ASUS product, and that the information Round Rock seeks is directly related to that component.

Finally, PixArt's accompanying request for sanctions—based solely on a refusal to withdraw a subpoena seeking lawful, narrowly tailored third-party discovery relevant to an ongoing federal litigation—is equally unsupported by the law, and the Court should deny it. For the reasons explained below, Round Rock is entitled to discovery from PixArt to determine (1) whether PixArt has any information relating to the PixArt PAS6311LT image sensor, and what that information is, and (2) whether PixArt has access, custody or control over PixArt Taiwan's documents, and what those documents are. Accordingly, the Court should deny PixArt's motion in its entirety, and compel PixArt to provide a witness in response to the subpoena.

## II. **RELEVANT FACTUAL BACKGROUND**
### A. Underlying Litigation: Civ. A. No. 3:12-2099-JST

Round Rock is a Delaware limited liability company with its principal place of business in Jersey City, New Jersey. Round Rock has a portfolio of over 4,000 patents and pending patent applications that Round Rock acquired from Micron Technology, Inc. in 2009. Round Rock's patented novel inventions span many different technological fields, ranging from semiconductor components and manufacturing processes to consumer electronics products and systems. Among those patents are U.S. Patent Nos. 6,570,791 ("the '791 patent"), 6,765,276 ("the '276 patent"), 6,845,053 ("the '053 patent"), 6,930,949 ("the '949 patent"), and 7,279,353 ("the '353 patent") (collectively the patents-in-suit"). (D.I. 8 ¶¶ 12-18.) Round Rock has licensed its patents to some of the world's leading technology companies including Dell, Apple, IBM, Samsung, Google, HTC, Nokia, and NVIDIA. ASUSTeK Computer Inc. ("ASUSTeK") is a Taiwan-based computer manufacturer who offers its products, including laptop, tablet, and desktop computers, for sale worldwide. ASUS Computer International ("ACI") is a wholly-owned subsidiary of ASUSTeK acting as the sales and marketing arm for ASUSTeK's products in the United States. Round Rock accuses both ASUSTeK and ACI of patent infringement in the underlying litigation.

1   In connection with this litigation, ACI brought suit against Round Rock on April 26, 2012,
seeking a declaratory judgment of non-infringement, invalidity, and unenforceability of six of Round
Rock's patents (including the five patents-in-suit). (D.I. 1.) Round Rock responded with
infringement counterclaims asserting all six patents[1] against ACI and its Taiwanese parent
ASUSTeK (collectively, "ASUS"). (D.I. 8.) Two of the patents-in-suit—the '276 and '353
patents—relate to CMOS image sensors (collectively, the "Image Sensor Patents"). The '276 patent
claims certain image sensor systems comprising a bottom antireflection coating, and Round Rock
has asserted claims 1, 3, 5, 8, 9, and 11 of the '276 patent against seven ASUS products and one
ASUS product series. All of the accused products contain CMOS image sensors. The '353 patent
relates to other aspects of CMOS image sensors; specifically, novel methods for forming color
CMOS image sensors with a planarized passivation layer. Round Rock has asserted claims 1, 2, 10,
13, 17, and 18 of the '353 patent against the same seven ASUS products and one ASUS product
series at issue with respect to the '276 patent.

**B.      Round Rock's Subpoenas to PixArt And The Parties' Correspondence**

Discovery from ASUS confirmed that at least one of the accused ASUS products contains a
specific, identified PixArt CMOS image sensor: the PAS6311LT. In light of ASUS's claims that it
does not have particularized information regarding that sensor—ASUS claims merely to purchase
the component directly from PixArt and install it in the accused computers—Round Rock served
PixArt Imaging (U.S.A.), Inc. with a subpoena dated January 7, 2013 seeking documents and
information concerning that image sensor. (*See* Ex. A.)[2] On January 10, 2013, PixArt's counsel
called Round Rock's counsel asserting that PixArt was not likely have documents in its possession,
custody, or control relating to that image sensor. (Nowierski Decl.¶ 3.) PixArt's counsel later sent
a letter by U.S. mail dated January 15, 2013 (Ex. B) stating that "PixArt Imaging (USA), Inc. does
not manufacture, sell, or offer to sell, nor has it done so in the past, the PixArt PAS6311LT." (*Id.* ¶
3.) PixArt never served formal objections to that subpoena, electronically or otherwise. As

---
[1] Since the case was originally filed, the parties have agreed to drop all claims relating to one of the six patents-in-suit.
[2] All Exhibits cited herein are Exhibits to the declaration of Lauren M. Nowierski ("Nowierski Decl."), filed concurrently with this brief.

1 discovery in the case progressed, Round Rock sought further information regarding the components
2 of the accused products from party ASUS.  In the absence of such information from ASUS, on
3 August 29, 2013, Round Rock's counsel again contacted PixArt's counsel to follow up Round
4 Rock's discovery request, and to seek clarification regarding the bases for PixArt's assertions in its
5 January correspondence.  (*See* Ex. C.)  In particular, Round Rock sought to discover (1) what
6 business PixArt claimed to be in, if not relating to image sensors, and (2) further information as to
7 whether PixArt had access to the documents it contended were in PixArt Taiwan's possession.  The
8 parties met and conferred on September 13, 2013.  (Nowierski Decl. ¶ 7.)  At that time, PixArt's
9 counsel neither identified what PixArt's business comprised of, nor confirmed whether PixArt had
10 access to PixArt Taiwan's documents or other information.  (*Id.*)

11 On September 12, 2013, in an effort to ensure that it received relevant information in
12 PixArt's custody or control, Round Rock served another subpoena on PixArt—this time, for
13 testimony.  (*See* Ex. D.)  The topics were directed to information relating to the image sensor as well
14 as information related to PixArt's efforts to collect documents in response to the subpoena for
15 documents and its policies, practices, and procedures relating to maintaining the documents
16 requested by the subpoena for documents.  (*Id.*)  Thus, Round Rock's most recent subpoena for
17 testimony is directed to understanding (1) what information PixArt has relating to the image sensor
18 and (2) if PixArt claims that the information is not in its possession, whether PixArt has any control
19 over the information from PixArt Taiwan (including why PixArt contends it does not have access to
20 such documents).  On September 25, 2013, PixArt's counsel formally served objections and
21 responses to Round Rock's subpoena for testimony and requested that Round Rock withdraw the
22 subpoena.  (*See* Ex. E.)  In that correspondence, PixArt's counsel reiterated PixArt's assertion that
23 PixArt did not have any documents in its possession, custody, or control, but did not provide any
24 information as to whether (1) why, given PixArt's status as a wholly-owned US subsidiary of PixArt
25 Taiwan dedicated to marketing and selling, among other things, the accused sensors, PixArt claimed
26 that it lacked any information regarding the CMOS sensor at issue, or (2) whether PixArt has access
27 over documents responsive to the subpoena for documents.  (*Id.*)
28

1    In an attempt to resolve any issues between the parties and in an attempt to obtain discovery

2    while minimizing any asserted burden, on October 1, 2013, Round Rock agreed to further consider

3    PixArt's objections and responses, and offered an extension for the response date from October 4,

4    2013 to October 18, 2013.  (Ex. F.)  In that communication, Round Rock's counsel did not suggest

5    that Round Rock would be moving to compel a witness to testify pursuant to the subpoena.  *Id.*

6    PixArt's counsel responded to that communication on the same day, reiterating his request that

7    Round Rock simply withdraw the subpoena.  At that time, PixArt's counsel did not state any

8    intention to burden the Court with a motion to quash.

9    Several days before that extended date, on October 16, PixArt's counsel sent e-mail

10   correspondence seeking to follow up regarding the subpoena.  However, before counsel had an

11   opportunity to respond, PixArt's counsel called and briefly spoke to Round Rock's counsel on

12   October 17, 2013.  (Nowierski Decl. ¶ 7.)  At that time, Round Rock's counsel indicated that she

13   could not provide an answer at that time, but hoped that she would able to respond within the hour.

14   (*Id.*)  On that phone call, PixArt's counsel did not state that PixArt intended to move to quash, nor

15   did Round Rock's counsel express that Round Rock had reached a decision with respect to how to

16   proceed.  (*Id.*)  Nor did Round Rock's counsel indicate in any way that Round Rock expected to go

17   forward with a deposition the following day.  (*Id.*)  As a factual matter, Round Rock was still

18   making best efforts to work with PixArt to obtain the requested discovery, while minimizing the

19   burden on PixArt.  Yet before Round Rock's counsel had a chance to respond, PixArt filed its

20   motion to quash.  (D.I. 117.)

21   **C.     Publically Available Information Relating to PixArt**

22   PixArt is headquartered in Santa Clara, California.  According to PixArt Taiwan's annual

23   report, PixArt is a wholly-owned subsidiary of PixArt Taiwan.  (*See* Ex. I, PixArt Imaging Inc. 2012

24   Annual Report at 110, *available at*

25   http://www.pixart.com.tw/Upload/Annual%20Report_101_English_20131002114505.pdf.)  PixArt

26   Taiwan's products include CMOS image sensors, mouse products, game consoles, and optical touch

27   devices.  (Ex. I, at 38.)  According to that Annual Report, PixArt International (Samoa) Ltd. ("PixArt

28   Samoa") established PixArt in 2012, and PixArt Taiwan touted the establishment of PixArt as

having "establish[ed] business presence in . . . the United States."  (*Id.* at 110, 1.)  Even before "establishing business presence" in the United States, PixArt Taiwan enjoyed NT $10,280,000 of American customer revenue in 2011. (*Id.* at 154.)  Indeed, according to PixArt, the United States is one of the three major markets for image sensors.  (*Id.* at 34-35 ("CMOS image sensor has a wide range of application. The main markets include functional/ smart mobile phone, PC/ NB camera, mouse, digital camera, household electrical appliances, video conference, security system, automobile parking sensor, driving recorder, game console, toy, medical usage, and etc. For the standard CMOS image sensor market, companies within this industry are mainly from United States, Japan, and Korea.").)  PixArt's business as a PixArt Taiwan entity expressly includes "technical support activities," (Ex. I, at 97, 108)—presumably including technical support activities involving PixArt's PAS6311LT.  In addition, PixArt Taiwan's public website specifically identifies PixArt's Santa Clara offices as PixArt Taiwan's North American office for "sales service."  (*See* Ex. J, *available at* http://www.pixart.com.tw/sales.asp).  According to PixArt Taiwan, that office is reachable through the email address sales_us@pixart.com.  (*Id.*)  Moreover, PixArt Taiwan's entities are aggregated for business purposes.  (Ex. I, at 154 ("[PixArt Taiwan's] chief operating decision maker reviews the overall operating results to make decisions about resources to be allocated to and evaluates the overall performance.  Therefore, the Company and subsidiaries are aggregated into a single segment.").)  Indeed, the Chairman of PixArt Taiwan is the Director of both PixArt and PixArt Samoa.  (*See id.*, at 175-76.)  Neither PixArt's counsel to date nor PixArt's website (including the available annual reports), provides insight as to the full scope of PixArt's business.  However, from publically available information, it appears that PixArt's business relates primarily to sales and technical support of PixArt Taiwan's products in the United States.

III. **LEGAL STANDARDS**

Rule 45 permits a party to federal litigation to seek relevant discovery from third parties by subpoena, and that rule sets out the applicable scope of such third-party discovery.  Fed. R. Civ. P. 45; Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules.")  Pursuant to the Federal Rules, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense" and this "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "A 'relevant matter' under Rule 26(b)(1) is any matter that 'bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Sirota v. Penske Truck Leasing Corp.*, No. C05-03296 SI, 2006 WL 708910, at *1 (N.D. Cal. Mar. 17, 2006) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Relevancy should be 'construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case.'" *Id.* (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)). "[W]ide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995). A party may pursue these goals by issuing a subpoena commanding a nonparty to produce documents, electronically stored information, or tangible things in its possession, custody or control, or to attend a deposition. *See* Fed. R. Civ. P. 45(a)(1)(B); Fed. R. Civ. P. 45(a)(1)(D); Fed. R. Civ. P. 45(a)(1)(A)(iii).

On timely motion, the court may quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3)(A)-(B). Federal Rule of Civil Procedure 45(c)(3) sets forth conditions under which the Court is required or permitted to quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3). In order to quash or modify a subpoena that allows a reasonable time to comply and does not require a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person, the moving party has the burden of persuasion to show that the subpoena is unduly burdensome. Fed. R. Civ. P. 45(c)(3)(A)(iv); *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 12-CV-080082-LHK PSG, 2012 WL 1980361, at *1 (N.D. Cal. June 1, 2012). To determine whether a subpoena constitutes an undue burden, courts must "consider 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Geller v. Von Hagens*, No. C11-80269 LHK HRL, 2012 WL 1413461, at *3 (N.D. Cal. Apr. 23, 2012) (*citing Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)).

## IV. ARGUMENT

### A. Round Rock's Subpoena For Testimony To PixArt Is Not Unduly Burdensome.

PixArt has not met its burden to quash Round Rock's subpoena for testimony because PixArt has not shown that the subpoena is unduly burdensome. PixArt argues that "Round Rock's refusal to either withdraw the Deposition Subpoena or agree that it will not seek to enforce it has placed an undue burden on PixArt . . . ." (D.I. 117, at 4.) Its main contention is that PixArt does not have any responsive information in its possession, custody, or control because that information is in the possession of its parent company, PixArt Taiwan. (*Id.*) PixArt additionally argues that responsive information is irrelevant. (*Id.* at 4-5.) But contrary to PixArt's contentions, the requested information is directly relevant to ASUS's infringement of Round Rock's patents.

More important, PixArt's motion neither states nor conducts the relevant analysis for undue burden. Nor has PixArt cited even a single case that supports its position that Round Rock seeks irrelevant testimony or that Round Rock should be foreclosed from testing PixArt's assertion that it lacks possession, custody, or control of relevant information, particularly given the ample conflicting statements publically made by PixArt's parent, PixArt Taiwan. Moreover, PixArt does not address Round Rock's legitimate interest in discovery of information relating to the relationship between PixArt and PixArt Taiwan—an entity PixArt admits has information that Round Rock seeks.

#### 1. Round Rock's Subpoena Seeks Relevant Information.

Contrary to PixArt's assertions, Round Rock's subpoena for testimony is not unduly burdensome because it seeks relevant information. Round Rock's narrowly drafted subpoena seeks testimony relating to a particular PixArt product, the PAS6311LT, which ASUS identified as an image sensor component of one ASUS product Round Rock accuses of infringing the Image Sensor Patents in the underlying case. (*See, e.g.*, D.I. 85, Chen Decl., Ex. B at 1.) In addition, Round Rock's subpoena also seeks testimony relating to PixArt's efforts to collect documents in response to the subpoena *duces tecum*, which includes information relating to the relationship between PixArt and PixArt Taiwan.

PixArt appears to dispute whether information relating to that image sensor is relevant to the underlying dispute because it contends Round Rock's infringement contentions do not comply with

the Local Patent Rule 3-1, and therefore, that Round Rock has somehow not properly accused the ASUS product containing the PixArt image sensor at issue. (D.I. 117 at 4-5.) However, the adequacy of Round Rock's Infringement Contentions has already been considered and determined by Judge Tigar in Round Rock's favor. (*See* D.I. 111, at 4-5 (confirming the adequacy of Round Rock's infringement contentions, noting that Round Rock was entitled to discovery on all accused products).) Because ASUS has identified the PixArt PAS6311LT as the particular CMOS sensor in one of the accused ASUS products, Round Rock's requested discovery is directly relevant to its infringement claims and are the proper subject of third party discovery.

PixArt does not dispute that at least PixArt Taiwan has information relating to the PixArt PAS6311LT. PixArt's parent's own public statements, made in the ordinary course of its U.S. and worldwide business, specifically identifies PixArt as the United States sales arm of PixArt Taiwan (Ex. J) and that PixArt is the United States technical support arm of PixArt Taiwan. *See* Ex. I at 97, 108. Despite those public statements, PixArt appears to assert that it has no information of any kind relating to the PAS6311LT. (*E.g.*, Exs. B, E; D.I. 117, at 4.) Yet that assertion flies in the face of its' own parent's statements about PixArt's purpose and function in the United States, which plainly suggest that PixArt has access (and therefore custody and control) to the relevant information. Moreover, throughout its responses to Round Rock's discovery efforts, PixArt's counsel has never denied that PixArt ***could obtain*** the relevant materials and information—as one would expect from a sales, marketing, and technical support entity. Instead, PixArt has maintained the formal assertion that it does not have the information, despite PixArt's contrary statements. Given PixArt's stated function, and PixArt Taiwan's public statements, Round Rock appropriately seeks testimony relating to PixArt's knowledge of the image sensor at issue. Round Rock should at the very least be entitled to focused discovery regarding PixArt's claims that it lacks possession, custody, or control of relevant information regarding the sensor at issue. *See, e.g.*, *LSI Corp. v. Vizio, Inc.*, No. A-12-CV-191 LY, 2012 WL 1883998, at *4 (W.D. Tex. May 22, 2012) ("As LSI points out, courts have regularly permitted discovery of information from one corporation based on its relationship with, and ability to obtain documents from, a related corporate entity. Accordingly, the Court declines to

quash the deposition of a MediaTek Wireless corporate representative directed at the 8 topics set forth above.").

2. **Round Rock Seeks Essential Information And Has Minimized Any Burden To PixArt.**

To determine whether a third-party subpoena imposes an undue burden, courts weigh the issuing party's need against the recipient's burden. *See, e.g.*, *Geller*, 2012 WL 1413461, at *3; *Beinin v. Ctr. for Study of Popular Culture*, No. C06-2298JW(RS), 2007 WL 832962 (N.D. Cal. Mar. 16, 2007) ("Courts balance the need for discovery against the burden imposed on the person from whom documents are sought, and the status of the person as a nonparty is a factor that weighs against disclosure."). Here, the scales balance in Round Rock's favor. Round Rock needs the requested testimony from PixArt to help resolve the underlying patent infringement dispute between it and ASUS. ASUS filed the underlying lawsuit seeking a declaratory judgment of non-infringement of its computer products for the five patents-in-suit, including the two Image Sensor Patents. (D.I. 1.) Round Rock counterclaimed for ASUS's infringement of those patents, including the Image Sensor Patents, accusing seven ASUS products and one ASUS product line of infringing the image sensor patents. Accordingly, Round Rock seeks information including the design, manufacture, fabrication, composition, and operation of the image sensors ASUS has identified as components of the notebook computers that are accused of infringement in this action—including the PixArt PAS6311LT. That information is directly relevant to both ASUS's declaratory judgment claims and Round Rock's counterclaims, as well as ASUS's defenses.

Based on publically available information (*see* Part II.C, above), PixArt appears most likely to have discoverable information relating to the PixArt PAS6311LT. To date, plaintiff ASUS has not been able to provide any evidence relating to the PixArt PAS6311LT image sensor, nor any evidence relating to the manufacture, fabrication, and operation of any of the image sensors contained in its products for which it sought a declaratory judgment. To the contrary, here, PixArt expressly claims that PixArt Taiwan manufactures and sells the image sensor at issue. (D.I. 117 at 4.) Accordingly, it is clear that at least PixArt Taiwan has information needed to resolve the

1 | underlying dispute between ASUS and Round Rock[3]. According to publically available evidence,
2 | PixArt appears to be involved with both U.S. sales and technical support for PixArt Taiwan.
3 | Therefore, PixArt itself appears to be the best source for evidence Round Rock seeks relating to the
4 | PAS6311LT image sensor in the United States.

On the other hand, the burden on PixArt is minimal because the discovery sought is narrowly tailored to a single product and a single issue. Round Rock seeks testimony regarding a single PixArt product that is essential to Round Rock's infringement counterclaims and that cannot be obtained from plaintiff ASUS. Round Rock also seeks testimony relating to the relationship between PixArt and PixArt Taiwan—narrow discovery which courts routinely allow in similar circumstances. *LSI Corp.*, 2012 WL 1883998, at *4 n.4 (citing cases). Round Rock has worked and has expressed that it is willing to work with PixArt to even further narrow its requests and in order to further reduce any burden to PixArt. Accordingly, all testimony Round Rock seeks is narrow in scope and cannot be obtained from ASUS or any public source. Measured against Round Rock's need to discover relevant information from PixArt, the burden on PixArt is particularly minimal.

### B. Awarding PixArt Its Fees and Costs Incurred Responding to Round Rock's Subpoena for Testimony Is Inappropriate.

PixArt's request for sanctions is baseless and should be denied. PixArt argues that Round Rock should bear its fees and costs incurred in filing the present motion because Round Rock "simply, and inexcusably, failed to agree" to "withdraw the subpoena or indicate that it would not seek to enforce it." (D.I. 117 at 6.) Notably, PixArt has not provided any legal support for the proposition that it should be awarded sanctions other than stating Rule 45.

PixArt's request for sanctions under Rule 45(c)(1) implicitly alleges that Round Rock did not take reasonable steps to avoid imposing undue burden or expense on PixArt. *See* Fed. R. Civ. P. 45(d). Under Federal Rule of Civil Procedure 45(c)(1), Round Rock is required to "take reasonable

---

[3] Notably,Taiwan is not a party to the Hague Convention on Evidence, and there are no other ways to compel evidence from a Taiwanese company in the United States. *In re Factor VIII or IX Concentrate Blood Products Liab. Litig.,* MDL 986, 2009 WL 2143764 (N.D. Ill. July 14, 2009) *aff'd sub nom. Chang v. Baxter Healthcare Corp.*, 599 F.3d 728 (7th Cir. 2010); *See also LSI Corp. v. Vizio, Inc.,* No. A-12-CV-191 LY, 2012 WL 1883998, at *1 n.1 (W.D. Tex. May 22, 2012) ("Taiwan is not a signatory to the Hague Convention, and thus MediaTek–Taiwan cannot be served with a subpoena, or otherwise compelled by LSI to provide discovery in this matter.").

1 steps to avoid imposing undue burden or expense" on PixArt—which Round Rock has done. *See*
2 Fed. R. Civ. P. 45(c)(1). Round Rock's subpoena for testimony was properly issued and seeks
3 relevant, admissible evidence. *See* Part IV.A, *supra*. Accordingly, Round Rock was not required to
4 withdraw its subpoena. Round Rock has worked and has been willing to work with PixArt to
5 minimize any burden imposed by Round Rock's subpoena. Round Rock agreed to narrow its
6 requests to the specific PixArt component ASUS, the accused infringer in this case, identified, and
7 sought clarification from PixArt on its position with respect to that one component as well as the
8 relationship between PixArt Taiwan and PixArt. (D.I. 117-2 at 15.) And rather than push forward
9 with a deposition despite PixArt's claims that it has no responsive information, Round Rock delayed
10 any deposition in order to fully consider PixArt's position. (D.I. 117-2 at 32.) Accordingly, the
11 Court should deny any sanctions PixArt seeks with respect to its motion and preparing objections
12 and responses to Round Rock's subpoena.

## V. **CONCLUSION**

For the foregoing reasons, Round Rock respectfully requests that this Court deny PixArt's motion to quash Round Rock's subpoena for testimony and PixArt's request for sanctions.

DATED: October 25, 2013          Respectfully submitted,

By: /s/ Lauren M. Nowierski
Lauren M. Nowierski (admitted pro hac vice)
lnowierski@desmaraisllp.com

Paul A. Bondor (admitted pro hac vice)
pbondor@desmaraisllp.com
Justin P.D. Wilcox (admitted pro hac vice)
jwilcox@desmaraisllp.com
Jonas R. McDavit (admitted pro hac vice)
jmcdavit@desmaraisllp.com
Edward Terchunian (admitted *pro hac vice*)
eterchunian@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff*
*Round Rock Research, LLC*

BLACK & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@blackhamill.com
Andrew G. Hamill (SBN 251156)
ahamill@blackhamill.com
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: 415-813-6210
Facsimile: 415-813-6222

*Local Counsel for Plaintiff*
*Round Rock Research, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of October, 2013, the foregoing Round Rock's Response to ASUS's Motion for Summary Judgment of Non-Infringement was caused to be served via the Court's CM/ECF System per Local Rule 5-5(b) on the following:

John P. Schnurer
Cheng (Jack) Ko
Tawen Chang
Michael J. Engle
Miguel Bombach
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130-3334
Tel: (858) 720-5700
JSchnurer@perkinscoie.com
Jko@ perkinscoie.com
Tchang@perkinscoie.com
Mengle@perkinscoie.com
Mbombach@perkinscoie.com

James C. Pistorino
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: (650)838-4300
Jpistorino@perkinscoie.com

Dated: October 25, 2013          /s/ Lauren M. Nowierski

                                 Lauren M. Nowierski