BLACK & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@blackhamill.com
Andrew G. Hamill (SBN 251156)
ahamill@blackhamill.com
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: 415-813-6210
Facsimile:  415-813-6222

DESMARAIS LLP
Paul A. Bondor (admitted pro hac vice)
pbondor@desmaraisllp.com
Justin P.D. Wilcox (admitted pro hac vice)
jwilcox@desmaraisllp.com
Jonas R. McDavit (admitted pro hac vice)
jmcdavit@desmaraisllp.com
Lauren M. Nowierski (admitted pro hac vice)
lnowierski@desmaraisllp.com
230 Park Avenue
New York, New York 10169
Telephone: 212-351-3400
Facsimile:  212-351-3401

*Attorneys for Defendant and Counterclaim Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> ROUND ROCK RESEARCH, LLC, <br><br> *Defendant.* <br><br> ROUND ROCK RESEARCH, LLC, <br><br> *Counterclaim Plaintiff,* <br><br> v. <br><br> ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, INC., <br><br> *Counterclaim Defendant.* | Case No. 3:12-cv-02099-JST <br><br> **DECLARATION OF LAUREN M. NOWIERSKI IN SUPPORT OF DEFENDANT ROUND ROCK RESEARCH, LLC'S OPPOSITION TO NON-PARTY PIXART IMAGING (U.S.A.), INC.'S MOTION TO QUASH DEPOSITION SUBPOENA; REQUEST FOR SANCTIONS** |

I, Lauren M. Nowierski, declare as follows:

1. I am an attorney at the law firm Desmarais LLP, counsel for defendant Round Rock Research, LLC ("Round Rock") in this action. I am admitted *pro hac vice* to appear before the Court on Round Rock's behalf in this action. I have personal knowledge of the information presented herein, and if called as a witness, I could competently testify regarding the matters set forth herein. I submit this declaration in support of Round Rock Research, LLC's Opposition to Non-Party PixArt Imaging (U.S.A.), Inc.'s Motion to Quash Deposition Subpoena; Request for Sanctions.

2. On or about January 7, 2013, Round Rock caused to be served a subpoena *duces tecum* on PixArt Imaging (USA), Inc. Attached hereto as Exhibit A is a true and accurate copy of Round Rock Research, LLC's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil action to PixArt Imaging (USA), Inc., served on or about January 7, 2013, signed by Lauren M. Nowierski of Desmarais LLP (hereinafter "Document Subpoena").

3. On or about January 10, 2013, I received a call from counsel for Pixart Imaging (USA), Inc., Duane Mathiowetz from Schiff Hardin regarding the Document Subpoena. On that call, Mr. Mathiowetz advised me that it was unlikely that Pixart Imaging (USA), Inc. had documents responsive to the subpoena. Mr. Mathiowetz also advised me that he would be following up in writing.

4. On or about January 19, 2013, I received a letter sent by U.S. mail from Mr. Mathiowetz dated January 15, 2013. Attached hereto as Exhibit B is a true and accurate copy of a letter from Mr. Duane H. Mathiowetz to Lauren M. Nowierski dated January 15, 2013.

5. On or about August 29, 2013, I emailed Mr. Mathiowetz requesting to follow up with him regarding his January 15, 2013 letter. Attached hereto as Exhibit C is a true and accurate copy of an electronic mail message from Lauren M. Nowierski to Duane H. Mathiowetz dated August 29, 2013.

6. On or about September 12, 2013, Round Rock served a subpoena for testimony on Pixart Imaging (USA), Inc. Attached hereto as Exhibit D is a true and accurate copy of Round Rock Research, LLC's Subpoena to Testify at a Deposition in a Civil Action to PixArt Imaging (USA),

1 | Inc., served on or about September 12, 2013, signed by Justin P.D. Wilcox of Desmarais LLP (hereinafter "Deposition Subpoena").

7. On or about September 13, 2013, I spoke with Mr. Mathiowetz by telephone regarding my August 29, 2013 request to speak. During that September 13, 2013 conversation, I sought further information from Mr. Mathiowetz regarding Pixart Imaging (USA), Inc.'s business as well as whether PixArt had access to the documents.

8. On September 25, 2013, I received an email from Mr. Mathiowetz regarding our September 13, 2013 discussion and the Deposition Subpoena. Attached hereto as Exhibit E is a true and accurate copy of an electronic mail message from Duane H. Mathiowetz to Lauren M. Nowierski dated September 25, 2013.

9. On October 1, 2013, I sent Mr. Mathiowetz an email stating that Round Rock "would like more time to consider Pixart Imaging's objections to the subpoena for testimony" and proposed continuing the date of the subpoena from Friday, October 4, 2013 to Friday, October 18, 2013. Attached hereto as Exhibit F is a true and accurate copy of an electronic mail message from Lauren M. Nowierski to Duane H. Mathiowetz dated October 1, 2013.

10. On October 16, 2013, Mr. Mathiowetz sent e-mail correspondence regarding Round Rock's subpoena on October 16. Attached hereto as Exhibit G is a true and accurate copy of an electronic mail message from Duane H. Mathiowetz to Lauren M. Nowierski dated October 16, 2013.

11. On Thursday, October 17, 2013, before I had an opportunity to reply to the October 16 email, Mr. Mathiowetz called, and we spoke briefly. I indicated that I could not provide an answer to PixArt's request that Round Rock withdraw its subpoena at that time, but expressed the hope that I would be able to respond to his request within the hour. Mr. Mathiowetz did not state on that phone call that PixArt intended to move to quash Round Rock's subpoena imminently, and neither I nor PixArt's counsel indicated in any way that a deposition would go forward the following day. I also neither expressed that Round Rock had reached a decision with respect to how Round Rock would proceed nor that Round Rock expected to go forward with a deposition the following day.

1  12. On Friday, October 18, 2013, Mr. Mathiowetz sent email correspondence regarding his request from the prior day. That email did not indicate that PixArt intended to file a motion to quash. Before I was able to reply, Mr. Mathiowetz filed the motion to quash. (D.I. 112.)

13. On Monday, October 21, 2013 I sent Mr. Mathiowetz email correspondence in response to his October 18, 2013 request. Attached hereto as Exhibit H is a true and accurate copy of an electronic mail message from Lauren M. Nowierski to Duane H. Mathiowetz dated October 21, 2013.

14. Attached hereto as Exhibit I is a true and accurate copy, with highlighting added, of excerpts from PixArt Imaging Inc.'s 2012 Annual Report, dated May 7, 2013, downloaded on October 25, 2013 and available at http://www.pixart.com.tw/Upload/Annual%20Report_101_English_20131002114505.pdf.

15. Attached hereto as Exhibit J is a true and accurate copy of a webpage titled "Pixart – Sales Info." downloaded on October 25, 2013 and available at http://www.pixart.com.tw/sales.asp.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 25, 2013, in New York, New York.

Lauren M. Nowierski