# EXHIBIT D

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL | ) |
| _Plaintiff_ | ) |
| v. | ) |
| ROUND ROCK RESEARCH, LLC. | ) |
| _Defendant_ | ) |

Civil Action No.   3:12-CV-0299-JST

(If the action is pending in another district, state where:

Northern District of California          )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Pixart Imaging (USA), Inc., 3028 Oakmead Village Court, Santa Clara, CA, Inc.;
Reg. Agent: Katherine Chao, 333 Twin Dolphin Drive, Redwood City, CA 94065

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Schedule A

| Place: Black Chang & Hamill LLP<br>4 Embarcadero Center, Suite 1400<br>San Francsico, CA 94111 | Date and Time:<br><br>10/04/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic, audio, audio-visual, real-time monitoring

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:      09/12/2013

_CLERK OF COURT_

OR

_____
_Signature of Clerk or Deputy Clerk_

_____
_Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ _____
Round Rock Research, LLC _____ , who issues or requests this subpoena, are:
Justin Wilcox
Desmarais LLP
230 Park Ave, New York, NY 10169, (212) 351-3400, jwilcox@desmaraisllp.com

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:12-CV-0299-JST

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction   which may include lost earnings and reasonable attorney's fees     on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises     or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person     except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

<u>SCHEDULE A TO CIVIL SUBPOENA</u>

## INTRODUCTION

For a statement of Your obligation in producing someone for deposition under this subpoena, please see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena.

## DEFINITIONS AND INSTRUCTIONS

1. "Pixart," "You," or "Your" means Pixart Imaging, Inc. and all predecessors, subsidiaries, joint ventures, parents, affiliates, and other legal entities that are wholly or partially owned or controlled by Pixart, either directly or indirectly, and including but not limited to *all* past or present directors, officers, agents, employees, consultants, attorneys, and others acting on behalf of these same entities.

2. As used herein, "Round Rock" means Round Rock Research, LLC.

3. As used herein, "Plaintiff" means ASUSTeK Computer, Inc. and ASUS Computer International.

4. As used herein, "this Action" means *ASUS Computer International v. Round Rock Research, LLC* and *Round Rock Research, LLC v. ASUSTeK Computer, Inc. and ASUS Computer International*, Civil Action No. 3:12-cv-02099-WHA, in the United States District Court for the Northern District of California.

5. As used herein, "Products" means any Pixart image sensor, which You either manufacture(d), sell, sold, or offered to sell to Plaintiff since 2005, or which Plaintiff has in any other way procured through You directly or via any other entity, including but not limited to the Pixart PAS6311LT image sensor.

6. "Person" means any natural person or individual, and any and *all* legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

7. As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

8. As used herein, "and" and "or" shall be construed conjunctively and disjunctively, so as to acquire the broadest possible meaning.

9. The term "any" includes "all," and the term "all" includes "any," and the terms "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest possible meaning.

10. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest possible meaning.

11. The singular of any term includes the plural of that term, and the plural includes the singular.

12. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate and to give the noun or pronoun the broadest possible meaning.

13. As used herein, "relating to" means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to the particular subject matter identified.

14. The term "concerning" means identifying, referring to, concerning, regarding evidencing, demonstrating, summarizing, reflecting, constituting, containing, embodying, mentioning, pertaining to, commenting upon, connected with, discussing, describing, analyzing, showing, comprising, or relating to in any relevant way to a particular subject, in whole or in part, either directly or indirectly.

15. The document requests herein shall be deemed to include any and all relevant documents within the possession, custody or control of Pixart, including documents located in the files of any and all past and present association members, subsidiaries, parents, sisters, partnerships, directors, officers, agents, representatives, employees, attorneys, and accountants of Pixart.

16. "Document" shall have the broadest meaning and scope ascribed under Rule 34 of the Federal Rules of Civil Procedure, and include all tangible things which come within the meaning of the terms "writings and recordings"" as used in Federal Rule of Evidence 1001 and all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

17. If, after conducting a reasonable investigation, a full answer cannot be provided for any request for the production of documents, state that such is the case and answer to the fullest extent possible, stating what responsive documents or information are available, what documents or information cannot be provided, why the documents or information are unavailable, and what efforts were made to obtain the unavailable documents or information.

18. If any of the documents requested herein are no longer in Your possession, custody or control, You shall identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and to provide a summary of its pertinent contents.

19. If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, and the date of such destruction.

20. "Production Subpoena" shall mean the Subpoena for production of documents issued by Round Rock on You on September 12, 2013

**DEPOSITION TOPICS**

You are required to provide one or more individuals who are knowledgeable and competent to provide testimony about the following topics:

1. Your efforts to collect and locate documents and things responsive to the Production Subpoena.

2. Your policies, practices and/or procedures for publishing and maintaining the documents requested for production in the Production Subpoena.

3. The factual background and circumstances related to Your policies, practices and/or procedures for publishing and maintaining the documents requested for production in the Production Subpoena.

4. The promulgation of the documents requested for production in the Production Subpoena to Round Rock.

5. Confirm whether the documents requested for production in the Production Subpoena are true and correct copies, are made at or near the time by someone with knowledge, are kept in the ordinary course of business, and that making and maintaining those documents is part of Your regular business practice.

6. Any and all sales of any of the Products to the Plaintiff, or procurement of any of the Products by the Plaintiff from You, including but not limited to knowledge of sales records, shipment records, and bills of lading.

7. The manufacturing or fabrication of any of the Products, including but not limited to knowledge of manuals, schematics, technical specifications, and technical reports.

8. The operation or use of any of the Products, including but not limited to knowledge of manuals, schematics, datasheets, user guides, technical specifications, and technical reports.

9. Identification of all the Products, including internal working names, external names, commercially used names, and code names.

10. The identity of all the manufacturers for all Products and their components, including any third party manufacturers.

11. The identity of the locations relating to the design, assembly, fabrication, and manufacture of any of the Products.

12. The process by which any materials, ingredients, or components (including but not limited to any wafers or semiconductors) are employed, used, or assembled in the manufacturing or fabrication process of any Products, including but not limited to any image sensor.

13. The training of any Person involved in the process of manufacturing the Products, including but not limited to the processes of chemical mechanical polishing (CMP), dry etching, metals deposition, any type of chemical vapor deposition (CVD), photolithography, ion implantation, plasma deposition, and ion milling.

14. The identify the manufacturers of any equipment used in any process relating to the manufacture, assembly, or fabrication of any Products (including any image sensor), including but not limited to the processes of CMP, dry etching, metals deposition, any type of CVD, photolithography, ion implantation, plasma deposition, and ion milling.

15. Communications between Plaintiff and You relating to Round Rock.

16. Communications between Plaintiff and You relating to the Products.

17. Communications between Plaintiff and You relating to this Action.

18. Any request for indemnification by Plaintiff in connection with patent infringement claims asserted by Round Rock.

19. Your marketing, advertising, or promotion of the Products.

20. The market demand for the Products including, but not limited to, knowledge of market studies, technical reports, consultant reports, surveys, and any reports or studies relating to customer demand of any Products' features or decisions to include or exclude any such features for any Products.

21. The design and structure of the image sensors contained in the Products, including the arrangement of the photodiodes, light sensing elements, color filters, and/or antireflection coatings.

22. The composition of the photodiodes, light sensing elements, color filters, and/or antireflection coatings of the image sensors contained in the Products.

23. The design and structure of the image sensors contained in the Products, including the arrangement of the pixel cells, photodiodes, light sensing elements, passivation layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses.

24. The composition of the pixel cells, photodiodes, light sensing elements, passivation layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses of the image sensors contained in the Products.

25. The process of constructing or forming, including the use of any planarization techniques, the pixel cells, photodiodes, light sensing elements, passivation layers, metallization layers, oxide passivation layers, nitride passivation layers, color filters, and/or lenses, of the image sensors contained in the Products.