Duane H. Mathiowetz (SBN 111831)
SCHIFF HARDIN LLP
One Market, Spear Street Tower
32nd Floor
San Francisco, CA 94105
(415) 901-8645
dmathiowetz@schiffhardin.com

Attorneys for
PIXART IMAGING (U.S.A.), INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiffs,<br><br>v.<br><br>ROUND ROCK RESEARCH, LLC, AMERICAN MEGATRENDS INC., SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendants. | Case No. 3:12-cv-02099-JST<br><br>**NON-PARTY PIXART IMAGING (U.S.A.), INC.'S REPLY TO OPPOSITION TO MOTION TO QUASH DEPOSITION SUBPOENA; REQUEST FOR SANCTIONS**<br><br>DATE:        November 6, 2013<br>TIME:         1:00 p.m.<br>COURTROOM: A, 15th Floor<br>JUDGE:       Hon. Nathanael Cousins |

I. **INTRODUCTION**

Round Rock is barking up the wrong tree. At least as early as January 10, 2013,[1] Round Rock became aware that the proper target of its request for documents and other information pertaining to the PAS6311LT was PixArt Imaging Inc. Yet Round Rock made no attempt to obtain such information directly from PixArt Imaging Inc. Instead, faced with the imminent close of discovery and lacking information critical to its infringement case, Round Rock issued a Deposition Subpoena to PixArt USA on September 12, 2013, seeking to force PixArt USA to do what Round Rock failed to do—ask PixArt Imaging Inc. to provide the information. Faced with the prospect that PixArt USA does not have possession of the documents or information it seeks, Round Rock converts the standard for discovery from "possession, custody or control" to "access," and contends that PixArt USA has "access" simply based on the fact it is a subsidiary of the company in possession. But PixArt USA has no more right to obtain the documents and information from PixArt Imaging Inc. than any other party. Even if the Court allows the deposition to go forward, at the end of the day Round Rock will be left without the information it is seeking. The Court should put an immediate end to Round Rock's trolling expedition and the undue burden placed on PixArt USA.

II. **DISCUSSION**

   A.  **PixArt USA Has No Relevant Information in Its Possession, Custody or Control, Nor Legal Right to Obtain Such Information on Demand**

Rule 45 provides that a subpoena may command each person to whom it is directed to attend and testify and produce designated documents, electrically stored information, or tangible things **in that person's possession, custody, or control**. "Control" is defined as "the legal right to obtain required documents on demand." *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1898). Such discovery is subject to the restrictions of

---

[1] Responding to the subpoena *duces tecum* dated January 7, 2013, PixArt USA's counsel told Round Rock's counsel on January 10, 2013, that PixArt USA did not have such documents, but that the information was possessed by PixArt Imaging Inc., the parent company based in Taiwan. Notably, Round Rock never sought to compel production of documents pursuant to that subpoena.

1  Rule 26(b). The party seeking production of the documents bears the burden of proving that the
2  opposing party has such control. *Id.*
3     PixArt USA has made it clear to Round Rock on multiple occasions that it does not have
4  possession, custody or control of any documents pertaining to the PAS6311LT. It does not deny
5  the existence of such documents, only that it does not possess them. Round Rock simply refuses
6  to take PixArt USA at its word. Portraying itself as more knowledgeable of PixArt USA's
7  business than PixArt USA itself, Round Rock asks the Court to assume, based on very general
8  statements on PixArt Imaging's website and in its annual report, that PixArt USA must provide
9  "sales service" to PixArt Imaging customers of the PAS6311 LT and therefore must have relevant
10 information.
11    The appropriate focus is not on whether PixArt USA's business relates primarily to sales
12 and technical support of PixArt Imaging's products, but whether PixArt USA provides or has
13 provided sales and technical support for the specific product identified by Round Rock. Indeed,
14 Round Rock insists throughout its Opposition that it has narrowed the scope of its discovery to
15 only the PAS6311LT.[2] Nothing in PixArt Imaging's annual report or on the PixArt Imaging's
16 website contradicts PixArt USA's position that it does not have information pertaining to the
17 PAS6311LT. PixArt Imaging's website identifies multiple products, including image sensors,
18 that it sells. PixArt USA supports some of those products, but the PAS6311LT is not among
19 them.
20    To further drive home the fact that PixArt USA does not possess information pertaining to
21 the PAS6311LT, PixArt USA submits herewith the declaration of Brian Chou, its Office
22 Manager, which confirms that "all design, marketing and sales of that particular sensor was done
23 by PixArt Imaging Inc. in Taiwan, with no assistance from [PixArt USA]. There are no
24 documents or other information called for in the Deposition Subpoena in [PixArt USA's] office
25 or within the possession, custody and control of PixArt Imaging (U.S.A.), Inc. pertaining to the

---

[2] While Round Rock argues that its focus is narrowly drawn to the PAS6311LT, its subpoena in fact asks for information pertaining to multiple products, which it defines as "any PixArt image sensor, which You either manufacture(d), sell, sold or offered to sell to Plaintiff since 2005, or which Plaintiff in any other way procured through you directly or via any other entity, including but not limited to the Pixart PAS6311LT image sensor."

PAS6311LT." Mr. Chou goes on to explain that "because the PAS6311LT was sold directly by PixArt Imaging Inc. to a third party distributor in Asia, and all servicing of that product is the responsibility of PixArt Imaging Inc., there is no need for PixArt Imaging (U.S.A.), Inc. to have any documents pertaining to the PAS6311LT in its possession, and no need for anyone at PixArt Imaging (U.S.A.), Inc. to access any information pertaining to that sensor." Declaration of Brian Chou in Support of Motion to Quash Deposition Subpoena to Non-Party PixArt Imaging (U.S.A.), Inc. ("Chou Declaration"), ¶ 4.

Round Rock insists, however, that even if PixArt USA does not "possess" such information, by virtue of being a subsidiary of PixArt Imaging Inc., PixArt USA surely has access to it. Round Rock supports its argument with a single case from the Western District of Texas, *LSI Corp. v. Vizio Inc.*, No. A-12-CV-191 LY, 2012 (W.D. Tex. May 22, 2012), wherein the district court allowed discovery directed to the subsidiary to go forward based on the facts of that case and its assessment that "courts have regularly permitted discovery of information from one corporation based on its relationship with, and ability to obtain documents from, a related corporate entity." *Id.* at *6-7. However, that case turned on the district court's rejection of the declaration testimony offered by MediaTek USA, the party subject to the subpoena. MediaTek USA submitted a declaration from its parent, MediaTek Taiwan, wherein the parent company stated that MediaTek USA had only limited access to the documents being sought. The district court rejected that declaration as being insufficient because "it is not apparent how [a Manager at the parent company MediaTek Taiwan] could have personal knowledge of the extent to which responsive documents are in the 'possession, custody or control' of MediaTek USA." *Id.* at *5.

The Declaration of Mr. Chou removes any such doubt about PixArt USA's access to the documents being sought by Round Rock. As set forth above, Mr. Chou unequivocally states that PixArt Imaging USA does not have any of the subpoenaed documents in its possession, nor does it have a need for such documents since it is not involved in any way with servicing the product. Furthermore, PixArt Imaging has no right to demand the production of documents pertaining to the PAS6311LT. "[D]istribution of documents and information pertaining to PixArt image sensors generally and PAS6311LT image sensor, in particular, is within the sole discretion of

PixArt Imaging Inc." Chou Declaration, ¶ 5. PixArt USA simply does not have "the legal right to obtain required documents on demand," and therefore does not have control over such documents.

**B.    The Deposition Subpoena Places Undue Burden on PixArt USA**

Round Rock contends that the burden on PixArt USA to respond to the Deposition Subpoena is minimal, whereas it has no alternative means to obtain information pertaining to the design and manufacture of the PAS6311LT since "Taiwan is not a party to the Hague Convention on Evidence, and there are no other ways to compel evidence for a Taiwanese company in the United States." Neither conclusion is correct.

First, as discussed above, PixArt USA has no more right to access to the requested information than does Round Rock. The burden unduly imposed on PixArt USA is that PixArt USA must devote its resources and pay legal fees to present a witness for deposition who will have no relevant information and who will testify that the PixArt USA has no right to obtain such information. All such fees and costs could have, and should have, been avoided by Round Rock.

Second, Round Rock has not demonstrated that it made any effort to obtain the information from PixArt Imaging Inc. While it is true that Taiwan is not a signatory to the Hague Convention on Evidence, foreign entities are not precluded from requesting documents pursuant to letters rogatory issued by a U.S. district court. A foreign court may request a Taiwanese court to assist in the investigation and gathering of evidence for use in the foreign litigation. If a witness is willing to be deposed, the deposition may be conducted before a properly authorized entity of the American Institute in Taiwan, the de facto American embassy/consulate in Taiwan.[3] If a witness is unwilling to voluntarily submit to deposition, involvement of the Taiwanese court is required. A litigant may request a Taiwanese court, via letters rogatory, to conduct the interrogation of the witness. The Taiwanese court will conduct the questioning, and a copy of the transcript will be sent to the foreign court. The process may take up to 120 days. See, "Product

---

[3] AIT is a nonprofit corporation incorporated under the laws of the District of Columbia. Acts performed by authorized employees of the AIT are valid and of like force and effect within the United States, as if performed by any other person authorized under the laws of the United States to perform such acts. See, www.ait.org.tw.

Liability Litigation with Non-U.S. Entities: 'Dos and Don't's' and Recent Trends," C.Y. Huang, Taipei, Taiwan (downloaded October 30, 2013 at www.thefederation.org/documents/ 20%20Huang.pdf).

Round Rock has failed to demonstrate that it made any attempt whatsoever to ask the Taiwanese courts for assistance. It had more than enough time to do so given that it was informed as early as January 10, 2013, that the information lies solely in the possession, custody and control of PixArt Imaging Inc. Had it asked this court to issue a letter rogatory to the Taiwanese court seeking the deposition of a corporate designee with relevant knowledge, it may have avoided seeking such information from PixArt USA altogether.

### C. PixArt Should Be Awarded Its Fees and Costs

Rule 45(c)(1) requires Round Rock to take reasonable steps to avoid imposing undue burden and expense on PixArt USA. It has not done so. It persists in its request that PixArt USA produce the information notwithstanding PixArt USA has made it clear on multiple occasions that it does not have possession, custody or control of information pertaining to the PAS6311LT. Moreover, contrary to its present assertion, Round Rock has not agreed to narrow its requests to the specific PixArt Imaging component identified by ASUS. Its Deposition Subpoena seeks information concerning PixArt products, which it defines as "**any PixArt image sensor**, which You either manufacture(d), sell, sold or offered to sell to Plaintiff since 2005, or which Plaintiff in any other way procured through you directly or via any other entity, **including but not limited to the Pixart PAS6311LT image sensor**." (emphasis added) At no time prior to its Opposition did Round Rock clarify that it will only seek information pertaining to the PAS6311LT. But, even with the narrower scope Round Rock now suggests, the response by PixArt USA is the same.

Finally, Round Rock implies that it was surprised that PixArt USA filed the present motion. Round Rock put PixArt USA in the untenable position of either ignoring the October 18, 2013, deadline that Round Rock had set and facing contempt charges under Rule 45(e), or filing this motion to quash to preserve its rights. Indeed, counsel for PixArt made a last ditch effort to avoid filing this motion by suggesting that Round Rock either withdraw the subpoena, agree in writing that it would not enforce the subpoena, or extend the date for response by three weeks.

Mathiowetz Decl., ¶ 7, Exhibit 7. Round Rock never responded, and PixArt took the only prudent course. Consequently, Round Rock should be ordered to reimburse PixArt Imaging for the fees and expenses related to its motion and preparing objections and responses to Round Rock's subpoena.

### III. CONCLUSION

PixArt USA does not have possession, custody or control of, or access to, the documents and information being sought by Round Rock. PixArt has made this clear on multiple occasions. Round Rock's continued insistence that PixArt USA must have the information because it is a wholly-owned subsidiary of PixArt Imaging Inc. will not change the facts. Round Rock ignored PixArt USA's request to withdraw the subpoena or extend the response date, essentially forcing PixArt USA to file its motion to quash. The Court should quash the subpoena and award PixArt USA its costs and fees.

Dated: October 30, 2013         By:    /s/ Duane H. Mathiowetz

Duane H. Mathiowetz
Schiff Hardin LLP
One Market, Spear Street Tower
36th Floor
San Francisco, CA 94105
(415) 901-8645
dmathiowetz@schiffhardin.com

Attorneys for PixArt Imaging (U.S.A.), Inc.