# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiffs,<br><br>v.<br><br>ROUND ROCK RESEARCH, LLC, and others,<br><br>Defendants. | Case No. 12-cv-02099 JST (NC)<br><br>**ORDER GRANTING MOTION TO QUASH**<br><br>Re: Dkt. No. 117 |

Non-party PixArt Imaging U.S.A. Inc. ("PixArt U.S.A.") moves to quash the deposition subpoena served on it by defendant Round Rock Research, LLC.  Dkt. No. 117. The issue before the Court is whether PixArt U.S.A. has possession, custody, or control of documents and information held by its foreign parent corporation, PixArt Imaging, Inc. of Taiwan.  Because Round Rock has not established that the subsidiary has control over documents and information held by the foreign parent corporation, the Court GRANTS PixArt U.S.A.'s motion to quash the subpoena.

# I. BACKGROUND

On April 26, 2012, ASUS Computer International brought suit against Round Rock seeking a declaratory judgment of non-infringement, invalidity, and unenforceability of six of Round Rock's patents.  Dkt. No. 1.  Round Rock responded by asserting counterclaims of infringement of all six patents against ASUS Computer International and its Taiwanese parent, ASUSTeK.  Dkt. No. 8.

According to non-party PixArt U.S.A., "PixArt U.S.A. is a California corporation with its principal (and only) place of business in Santa Clara, California.  It is a wholly-owned subsidiary of PixArt Imaging, Inc. of Taiwan."  Dkt. No. 117 at 1.  On September 12, 2013, Round Rock served PixArt U.S.A. with a deposition subpoena requiring one or more PixArt U.S.A. employees to provide testimony and produce documents related to the PAS6311LT, which is a PixArt CMOS image sensor.  *Id.* at 1-2.  Counsel for PixArt U.S.A. informed counsel for Round Rock that PixArt U.S.A. had no information or documents related to the PAS6311LT sensor, and requested that Round Rock withdraw its subpoena.  *Id.* at 3.  Round Rock refused to do so, and consequently on October 18, 2013, PixArt U.S.A. filed the motion to quash presently before the Court.

Judge Tigar referred the motion to the undersigned magistrate judge under Local Rule 72-1.  Dkt. 118.  The Court held a hearing on November 6, 2013.  Dkt. No. 133.

# II. LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. The rule provides that a party may command a non-party to testify at a deposition and "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control."  Fed. R. Civ. P. 45(a)(1)(A)(iii).  Control is defined as "the legal right to obtain required documents on demand."  *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989).  "The party seeking production of the documents … bears the burden of proving that the opposing party has such control."  *Id.*

A party or attorney responsible for issuing and serving a subpoena must take

1  reasonable steps to avoid imposing undue burden or expense on a person subject to the

2  subpoena. Fed. R. Civ. P. 45(c)(1). In turn, the court "must protect a person who is neither

3  a party nor a party's officer from significant expense resulting from compliance." Fed. R.

4  Civ. P. 45(c)(2)(B)(ii). The court may modify or quash a subpoena that subjects a person to

5  undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv). And, the court "must impose an appropriate

6  sanction" on any party or attorney who fails to comply with these limitations on discovery

7  by subpoena. Fed. R. Civ. P. 45(c)(1).

8  ### III. DISCUSSION

9  Round Rock has not met its burden of proving that PixArt U.S.A. has control over

10  documents regarding the PAS6311LT that are held by PixArt U.S.A.'s parent corporation in

11  Taiwan. At the hearing, Round Rock pointed to public statements made by PixArt Taiwan

12  that indicate that PixArt U.S.A. offers technical support and sales support for PixArt

13  Taiwan in the U.S. These vague statements and counsel's speculation that a PixArt U.S.A.

14  employee could access the documents in Taiwan are insufficient to prove that PixArt

15  U.S.A. has "the legal right to obtain required documents on demand." Round Rock's bare

16  assertions are also contradicted by the sworn declaration of PixArt U.S.A's office manager,

17  Brian Chou, who declared that "[b]ecause the PAS6311LT was sold directly by PixArt

18  Imaging Inc. to a third-party distributor or customer in Asia, and all servicing of that

19  product is the responsibility of PixArt Imaging, Inc., there is no need for PixArt Imaging

20  (U.S.A.), Inc. to have any documents pertaining the PAS6311LT in its possession, and no

21  need for anyone at PixArt Imaging (U.S.A.), Inc. to access any information pertaining to

22  that sensor." Dkt. No. 125-1. Chou further declared that PixArt U.S.A. "has no right to

23  demand the production of documents from PixArt Imaging Inc. pertaining to the

24  PAS6311LT." *Id.*

25  Nor has Round Rock provided any controlling legal authority indicating that courts

26  have ordered a subsidiary to produce documents held by its foreign parent. Round Rock

27  cites one case from the Western District of Texas, *LSI Corp. v. Vizio Inc.*, No. A-12-cv-191

28  LY, 2012 WL 1883998 (W.D. Tex. May 22, 2012), which is factually distinguishable and

unpersuasive.  There, the court held that the declaration of a manager of the foreign parent was insufficient to support the subsidiary's contentions that it could not access certain of the parent's documents, since the manager did not have personal knowledge about the operations of the subsidiary.  *LSI Corp.*, 2012 WL 1883998, at *3.  In contrast, here the office manager of the subpoenaed subsidiary, PixArt U.S.A., has declared under penalty of perjury that no one at PixArt U.S.A. has knowledge about PAS6311LT and that PixArt U.S.A. does not have legal authority to request documents about PAS6311LT from PixArt Taiwan.

This case is more akin to *In re Citric Acid Litigation*, in which the Ninth Circuit upheld a district court's order quashing a subpoena that sought documents from a U.S. corporation, which the company's foreign affiliate had refused to produce.  *In re Citric Acid Litig.*, 191 F.3d 1090 (9th Cir. 1999).  The court found that the U.S. company was not in control of the documents since the foreign affiliate "could legally—and without breaching any contract—continue to refuse to turn over such documents."  *Id.* at 1108.  As noted, Chou's declaration indicates that PixArt U.S.A. has no legal right to request the documents held by its parent in Taiwan.  Round Rock has provided no facts to contradict Chou's declaration, and therefore Round Rock has not met its burden to prove that the documents it seeks are in the possession, custody, or control of PixArt U.S.A.

### IV. CONCLUSION

For the reasons described, the Court GRANTS PixArt U.S.A.'s motion to quash Round Rock's deposition subpoena.  The Court further ORDERS the parties to meet and confer regarding the issue of PixArt U.S.A.'s request for attorney's fees.  The parties must notify the Court within 14 days as to whether they have reached an agreement on fees.  If they are not able to resolve the issue through the meet and confer process, PixArt U.S.A. may, within 14 days of this order, file a motion for attorney's fees in accordance with Local Rule 37-4 that is supported by a declaration itemizing with particularity the fees requested, and describing in detail the efforts made by PixArt U.S.A. to secure compliance without Court intervention.  Round Rock will then have 7 days to respond to the motion.

1     Any party may object to this decision to the District Court within 14 days of this

2 order.  Fed. R. Civ. P. 72(a).

3

4     IT IS SO ORDERED.

5     Date:  November 12, 2013

6                                         _____

7                                         Nathanael M. Cousins
                                          United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 12-cv-02099 JST (NC)
ORDER GRANTING MOTION TO          5
QUASH