UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ASUS COMPUTER INT'L,

    Plaintiff,

  v.

ROUND ROCK RESEARCH, LLC,

    Defendant.

Case No. 12-cv-02099 JST (NC)

**ORDER ON DISCOVERY LETTER BRIEF**

Re: Dkt. No. 121

The parties filed a joint letter brief on October 29, 2013, outlining several disputed discovery matters in this patent infringement case. Dkt. No. 121. ASUS filed a complaint on April 26, 2012, seeking a declaratory judgment of non-infringement of patents against Round Rock. Dkt. No. 1. Round Rock counterclaimed for patent infringement, alleging that hundreds of ASUS products infringe upon six Round Rock patents. Dkt. No. 8. Judge Jon S. Tigar referred the pending discovery dispute to the undersigned magistrate judge. Dkt. No. 123. The Court held a hearing on November 8, 2013. Dkt. No. 133. Having balanced the relevance of the requested information against the burden to plaintiff and the need for proportionality, the Court GRANTS IN PART and DENIES IN PART Round Rock's requests to compel production of documents and interrogatory responses.

## I. LEGAL STANDARD

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information is relevant for discovery purposes if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, the Court must limit the scope of discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). In other words, the Court seeks to "strike[] the proper balance between permitting relevant discovery and limiting the scope and burdens of the discovery to what is proportional to the case." *Kaiser v. BMW of N. Am., LLC*, No. 12-cv-01311 DMR, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013).

## II. ANALYSIS

The parties have outlined five categories of information in dispute. The Court addresses each in turn.

First, Round Rock requests the production of "product schematics and technical drawings for the products accused of infringing the '791, '053, and '949 patents, including any schematics or technical drawings for the components in those products." Dkt. No. 121 at 3. The Court finds the requested information relevant to the issue of infringement, and ASUS has failed to demonstrate how production of the information would impose a significant burden. *See* Patent L. R. 3-4(a). Therefore, the Court GRANTS Round Rock's request to compel the production of product schematics and technical drawings for products accused of infringing the '791, '053, and '949 patents.

Second, the parties dispute the adequacy of already-produced sales data for accused products. Round Rock insists that ASUS has not produced "documents showing cost or profits of the accused products on a monthly, quarterly, or annual basis," nor "any documents showing projected sales of any of the accused products." *Id.* at 3. However, ASUS represents that it has produced "annual sales of each accused product by unit and

dollar amount, as well as the costs of these products." *Id.* at 7.  ASUS also states that it has produced some market analysis documents that include projected sales, and that apart from those documents it "has not located any sales projections after a reasonable search." *Id.* The Court finds that Round Rock has not shown the inadequacy of already-produced sales data or the need for sales data in a quarterly, rather than annual, basis.  Nor has Round Rock demonstrated that ASUS has not conducted a reasonable search for sales projections.  Therefore, the Court DENIES Round Rock's request to compel production of further sales data.

        Third, Round Rock seeks production of product requirement or product development documents, including "sales kits" for each of the accused products.  Dkt. No. 121 at 4.  Round Rock argues that these documents are relevant to proving demand for the innovative features claimed in the patents at issue.  *Id.*  ASUS argues that these documents were not encompassed in Round Rock's requests for production, and that ASUS has already produced certain sales kits and bills of materials.  *Id.* at 8.  The Court finds that this category of documents is relevant and was included in Round Rock's document requests, but also finds that the burden of producing these documents for the hundreds of accused products would be disproportionate to the benefit to defendant.  Because Round Rock charted three products as representative of hundreds of others that allegedly infringe in the same manner, the Court finds that product development documents for the charted documents will serve to demonstrate the demand for the innovative features of the patents, without unduly burdening ASUS.  Therefore, the Court ORDERS ASUS to produce all product requirement documents or product development documents for the charted products, including sales kits, or to identify which already-produced documents satisfy this category.

        Fourth, Round Rock requests that the Court compel ASUS to identify "all license agreements and indemnification agreements concerning any accused product." *Id.* at 4. Round Rock contends that these agreements are relevant for damages purposes, and the Court agrees.  To the extent that ASUS raises concerns for the privacy interests of third

Case No. 12-cv-02099 JST (NC)
ORDER ON DISCOVERY LETTER BRIEF    3

parties, the Court encourages the parties to agree upon a protective order that serves to protect those interests. Therefore, the Court ORDERS ASUS to identify and produce any license or indemnification agreements concerning an accused product, subject to a protective order.

Finally, Round Rock asks the Court to compel ASUS to respond to an interrogatory regarding ASUS' non-infringement contentions. *Id.* at 8. ASUS argues that the request is premature, and that the exchange of infringement contentions should be mutual. The Court agrees that the parties should mutually exchange infringement and non-infringement contentions, but finds that the time has come to do so. *See* Patent L. R. 3-1, 3-3. The Court ORDERS the parties to exchange these contentions within 14 days.

## III. CONCLUSION

The Court ORDERS the parties, within 7 days of this order, to submit a joint proposed protective order, or in the alternative, separate proposed protective orders. The Court further ORDERS the parties to exchange infringement or non-infringement contentions within 14 days of this order. The Court ORDERS ASUS, no later than 14 days after the Court enters a protective order, to produce to Round Rock the following: 1) product schematics and technical drawings for the products accused of infringing the '791, '053, and '949 patents, including any schematics or technical drawings for the components in those products; 2) all product requirement documents or product development documents for the charted products, including sales kits, or to identify which already-produced documents satisfy this category; 3) all license agreements and indemnification agreements concerning any accused product.

1  Any party may object to this order to Judge Tigar within 14 days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: November 20, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge