1    BLACK & HAMILL LLP
     Bradford J. Black (SBN 252031)
2    bblack@blackhamill.com
     Andrew G. Hamill (SBN 251156)
3    ahamill@blackhamill.com
     4 Embarcadero Center, Suite 1400
4    San Francisco, California 94111
     Telephone: 415-813-6210
5    Facsimile: 415-813-6222

6    DESMARAIS LLP
     Paul A. Bondor (admitted *pro hac vice*)
7    pbondor@desmaraisllp.com
     Justin P.D. Wilcox (admitted *pro hac vice*)
8    jwilcox@desmaraisllp.com
     Jonas R. McDavit (admitted *pro hac vice*)
9    jmcdavit@desmaraisllp.com
     Lauren M. Nowierski (admitted *pro hac vice*)
10    lnowierski@desmaraisllp.com
     Edward Terchunian (admitted *pro hac vice*)
11    eterchunian@desmaraisllp.com
     230 Park Avenue
12    New York, NY 10169
     (212) 351-3400 (Telephone)
13    (212) 351-3401 (Facsimile)

14    *Attorneys for Defendant and Counterclaim Plaintiff*

15          **UNITED STATES DISTRICT COURT**
         **NORTHERN DISTRICT OF CALIFORNIA**

16
           **SAN FRANCISCO DIVISION**

17

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL, | Civil Action No. 3:12-cv-02099-JST |
|      *Plaintiff,* | **ROUND ROCK'S MOTION FOR LEAVE TO SUPPLEMENT ITS INFRINGEMENT CONTENTIONS** |
|      v. | |
| ROUND ROCK RESEARCH, LLC, | Date: February 6, 2014 |
|      *Defendant.* | Time: 2:00 p.m. |
| | Courtroom: 9, 19th Floor |
| | Judge: Hon. Jon S. Tigar |
| ROUND ROCK RESEARCH, LLC, | |
|      *Counterclaim Plaintiff,* | |
|      v. | |
| ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL, | |
|      *Counterclaim Defendants.* | |

1

2

## <u>TABLE OF CONTENTS</u>

I.   **INTRODUCTION** ................................................................................................... **2**

II.   **RELEVANT FACTUAL BACKGROUND** ........................................................ **3**

    **A.   Round Rock's Initial Infringement Contentions** ................................... **3**

    **B.   ASUS's Deficient Document Productions** .............................................. **4**

    **C.   This Court Ruled That All Products Listed In Round Rock's Infringement Contentions Are Properly Accused And Documents Related To Them Are Discoverable ... 4**

    **D.   Round Rock Diligently Supplemented Its Infringement Contentions After Receiving ASUS's December 10, 2013 Document Production Related to the eMMC Flash Memory Patents and DDR Memory Patents** ........................................................................ **5**

    **E.   This Court Ruled That Round Rock Could Not Seek Discovery Related To The Image Sensor Patents From Certain Third Parties** .......................................................... **5**

    **F.   Round Rock Diligently Reverse Engineered Additional Products Already Accused Of Infringing The Image Sensor Patents And Amended Its Infringement Contentions** ........... **6**

III.   **LEGAL STANDARD** .......................................................................................... **6**

IV.   **ARGUMENT** ........................................................................................................ **8**

    **A.   Round Rock's Supplemental Infringement Contentions Relating to the eMMC and DDR Memory Patents Are For Good Cause.** ........................................................ **8**

        1.   **Round Rock Acted With Diligence In Supplementing Its Infringement Contentions Relating To The eMMC Flash Memory and DDR Memory Patents.** .... **8**

        2.   **ASUS Will Not Be Prejudiced By An Order Allowing Round Rock To Supplement Its Infringement Contentions Relating To the eMMC Flash Memory and DDR Memory Patents.** ............................................................................ **10**

    **B.   Round Rock's Supplement Of Its Infringement Contentions Relating To The Image Sensor Patents Is For Good Cause.** .................................................................... **10**

1         1.    **Round Rock Acted With Diligence In Supplementing Its Infringement**

2         **Contentions Related To The Image Sensor Patents**....................................................**11**

3         2.    **ASUS Will Not Be Prejudiced By An Order Allowing Round Rock To Amend**

4         **Its Infringement Contentions Relating To the Image Sensor Patents.** ......................**11**

5   V.    **CONCLUSION**..........................................................................................................**12**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2 **CASES**

3
*Advanced Micro Devices v. Samsung Elecs. Co.*,
4      No. 08-00986, 2010 WL 1293374, at *3 (N.D. Cal., Mar. 31, 2010).................................... 10, 12

5 *Apple Inc. v. Samsung Elecs. Co.*,
     No. 12-CV-0630-LHK, 2013 U.S. Dist. LEXIS 91450 (N.D. Cal. June 26, 2013) ................ 8, 12
6

7 *Barco N.V. v. Tech. Properties Ltd.*,
     No. 5:08-cv-053998, 2011 WL 3957390 (N.D. Cal. Sept. 7, 2011)............................................ 7

8 *DCG Sys. v. Checkpoint Techs., LLC*,
9      No. 11-cv-03792-PSG, 2012 U.S. Dist. LEXIS 53193 (N.D. Cal., Apr. 16, 2012) ....... 7, 8, 10, 11

10 *GPNE Corp. v. Apple, Inc.*,
     No. 5:12-cv-02885, 2013 U.S. Dist. LEXIS 166723 (N.D. Cal. Nov. 22, 2013) ................... 8, 11
11

12 *Halo Elecs., Inc. v. Bel Fuse Inc.*,
     No. C07-06222 RMW (HRL), 2010 U.S. Dist. LEXIS 97640, 2010 WL 3489593 (N.D.Cal. Sep.
13      3, 2010) ....................................................................................................................................... 7

14 *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
     467 F.3d 1355 (Fed. Cir. 2006)............................................................................................... 7, 8
15

16 *Seiko Epson Corp. v. Coretronic Corp.*,
     No. C 06-06946, 2008 WL 2563383 (N.D. Cal., Jun. 23, 2008)................................................ 7

17 **RULES**

18 Patent L.R. 3-4(b) .......................................................................................................................... 4, 10

19 Patent L.R. 3-6(c).............................................................................................................................. 7, 8

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant and Counterclaim Plaintiff Round Rock Research, LLC ("Round Rock"), moves the Court, pursuant to Fed. R. Civ. P. 15(a), Civ. L.R. 7, and Patent L.R. 3-6, for leave to supplement its infringement contentions based upon newly available information against "Accused Instrumentalities" already identified as infringing in Round Rock's Infringement Contentions.  The hearing on this motion is scheduled for February 6, 2014 at 2:00 p.m.

Round Rock's motion is based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Lauren M. Nowierski in support of this motion and supporting exhibits, the pleadings and other papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before a hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

Round Rock seeks leave of the Court pursuant to Patent Local Rule 3-6 to supplement its infringement contentions to include newly available information.[1] That information includes facts from approximately 20,000 pages of non-public schematics and technical information regarding ASUS's accused products first produced by ASUS between December 5 and December 11, 2013, pursuant to the Court's November 20, 2013 Order granting Round Rock's motion to compel (D.I. 145). In addition, Round Rock seeks to include information from newly available reverse engineering reports of ASUS's accused products that Round Rock was required to pursue because ASUS and its third party image sensor suppliers purportedly do not possess the granularity of information required by the asserted claims of the image sensor patents-in-suit. Indeed, on November 12, 2013, this Court granted non-party Pixart Imaging (USA) Inc.'s Motion to Quash Round Rock's subpoena seeking documents relating to one image sensor (No. PAS6311LT) Pixart Imaging Inc. sells to ASUS for incorporation into some accused ASUS products. (D.I. 134.) That ruling indicated that the Court would not allow Round Rock to seek discovery from other similarly-situated third parties (U.S. arms of foreign entities) who design and manufacture other image sensor components included in ASUS products accused of infringing the two image-sensor related patents-in-suit. (*Id.*) As a result, Round Rock immediately undertook expensive, time-sensitive reverse engineering to further confirm the structure and manufacture of the image sensor components provided by those third parties. Round Rock received those reverse engineering reports in two batches—one on December 10, 2013 and one on December 19, 2013. The schematics and reverse engineering reports Round Rock has obtained in the last two weeks of discovery relate to products that Round Rock accused of infringement in its Initial Patent Local Rule 3-1 Infringement Contentions. By supplementing its Infringement Contentions approximately within three days of receiving the final reverse engineering reports for the accused image sensors and a mere nine days

---

[1] Round Rock served its Supplemental Infringement Contentions on ASUS on December 22, 2013, and inquired as to whether ASUS would oppose its motion for leave to supplement as early as December 20, 2013. (Nowierski Decl. Exs. A-L.) However, ASUS did not reply to Round Rock's requests.

1   after receiving ASUS's production of thousands of pages of technical documents, Round Rock has

2   acted with diligence.

3        Moreover, allowing Round Rock to supplement its Infringement Contentions presents no

4   unfair prejudice to ASUS.  Round Rock's proposed supplements to its infringement contentions

5   merely clarify its already disclosed infringement theories against products that have already been

6   accused for over one year.  Moreover, since ASUS delayed producing technical documents required

7   by Patent Local Rule 3-4(b) by more than one year, ASUS can hardly claim unfair prejudice from

8   Round Rock's supplemental infringement contentions—any prejudice is the result of ASUS's

9   dilatory conduct.  No further discovery will be necessary as a result of these supplemental

10  contentions because Round Rock is not seeking to add any new claims, ASUS has already provided

11  invalidity contentions for the asserted claims, and these supplemental contentions further refine

12  Round Rock's infringement theories based on recently discovered non-public information (and in

13  light of the Court's recent claim construction), which was already in ASUS's possession when it

14  brought this action for a declaratory judgment.  Furthermore, the newly available image sensor

15  reverse engineering information confirms that the image sensors already accused in this case infringe

16  the asserted patents in the same way as the representative products.  Because good cause exists and

17  no prejudice will result, Round Rock respectfully requests that the Court grant the Motion.

18  II.   **RELEVANT FACTUAL BACKGROUND**

19       A.   **Round Rock's Initial Infringement Contentions**

20       On September 20, 2012, Round Rock served its Patent L.R. 3-1 Disclosure of Asserted

21  Claims and Infringement Contentions ("Infringement Contentions"), asserting U.S. Patent Nos.

22  6,570,791 ("the '791 patent"), 6,765,276 ("the '276 patent"), 6,845,053 ("the '053 patent"),

23  6,930,949 ("the '949 patent"), and 7,279,353 ("the '353 patent") (collectively the patents-in-suit).

24  (D.I. 8 ¶¶ 12-18.)  Those patents relate to three distinct technology areas:  the '276 and '353 patents

25  relate to CMOS image sensors (collectively, the "Image Sensor Patents"), the '791 and '053 patents

26  relate to eMMC Flash Memory (collectively, the "eMMC Flash Memory Patents"), and the '949

27  patent relates to Double Data Rate ("DDR") Memory (the "DDR Memory Patent").  In its initial

28  Infringement Contentions, Round Rock provided claim charts of several ASUS products it had

1   reverse-engineered and also listed other accused products for which the charted products were

2   representative of infringing the patents in the same way, according to the same theory.  The Court

3   confirmed in its October 8, 2013 Order that Round Rock's infringement contentions—using

4   representative products—were indeed, proper.  (D.I. 111, at 3-4.)

5         **B.**     **ASUS's Deficient Document Productions**

6         Although Round Rock accused several products for each patent, ASUS produced only certain

7   documents related to the products Round Rock reverse engineered for the purposes of its Patent L.R.

8   3-4(b) document production.  (Nowierski Decl. ¶ 15.)  In addition to not complying with Patent L.R.

9   3-4(b) obligations, ASUS also refused to produce many documents in response to Round Rock's

10   requests for production for products that were accused of infringing Round Rock's patents (and

11   listed in Round Rock's Infringement Contentions) but were not reverse engineered.  ASUS took the

12   position that certain accused products were not properly accused and therefore not subject to

13   discovery.  (*E.g.*, Nowierski Decl. Ex. M (February 19, 2013 Letter from J. Pistorino to L.

14   Nowierski).)  Round Rock diligently pursued discovery, but ASUS refused to produce the

15   schematics and other technical documents that Round Rock was entitled to.  Ultimately, that issue

16   was brought before the Court, and the Court ruled in Round Rock's favor.  (D.I. 145; *see also* Part

17   II.C, below.)

18         **C.**     **This Court Ruled That All Products Listed In Round Rock's**
                   **Infringement Contentions Are Properly Accused And Documents Related**
19                   **To Them Are Discoverable**

20         On October 8, 2013, this Court denied ASUS's motion for summary judgment of non-

21   infringement.  (D.I. 111.)  In its Order, the Court expressly rejected ASUS's theory that the

22   uncharted products listed in Round Rock's Infringement Contentions were not properly accused and

23   therefore outside the scope of discovery.  (*Id.* at 3-4.)  Subsequently, the parties submitted a Joint

24   Discovery Letter to the Court regarding ASUS's refusal to produce technical documents relating to

25   the accused products that were not charted in Round Rock's Infringement Contentions.  (D.I. 121.)

26   On November 20, 2013, Magistrate Judge Cousins ordered ASUS to produce schematics for all

27   products accused in Round Rock's Infringement Contentions. (D.I. 145.)

28

**D.    Round Rock Diligently Supplemented Its Infringement Contentions After Receiving ASUS's December 10, 2013 Document Production Related to the eMMC Flash Memory Patents and DDR Memory Patents**

Between December 5 and December 11, 2013, ASUS produced approximately 20,000 pages of schematics relating to the accused products in response to Magistrate Judge Cousins' November 20, 2013 Order.   (Nowierski Decl. Exs. N-P.)  Round Rock diligently reviewed those documents and supplemented its infringement contentions ("Supplemental Infringement Contentions") regarding the '053, '791, and '949 patents by providing additional claim charts to cite to those schematics and clarify the infringement theories for certain products that were accused but not charted in the Infringement Contentions.  (Nowierski Decl. Exs. A-K (Round Rock's First Supplemental Infringement Contentions)).  Round Rock's First Supplemental Infringement Contentions do not add any additional products or asserted claims.  (*Id.* at Ex. B.)  The supplemental charts for the '053, '791, and '949 patents merely cite to the newly-produced schematics, and further refine Round Rock's already disclosed infringement theories based on that newly discovered evidence as well as the Court's Aug. 9, 2013 Claim Construction Order.  (D.I. 82; *see also* Nowierski Decl. Exs. C, E, F.)

**E.    This Court Ruled That Round Rock Could Not Seek Discovery Related To The Image Sensor Patents From Certain Third Parties**

Round Rock diligently sought discovery related to the products it accused of infringing the Image Sensor Patents.  (*See, e.g.*, Nowierski Decl. Ex. Q.)  However, ASUS represented that it did not have possession, custody, or control of the technical documents showing the requisite level of detail of certain components, including image sensors, provided by third parties.  (Nowierski Decl. ¶ 19.)  Accordingly, Round Rock subsequently attempted to obtain the relevant documents from the component suppliers identified by ASUS (*e.g.*, OmniVision, Pixart, BYD, SETi, and Himax). (Nowierski Decl. ¶ 20.)  However, many of the image sensor suppliers (*e.g.*, Pixart and BYD) are headquartered outside of the United States, and Round Rock was forced to subpoena those maintain U.S.-based subsidiaries.  Each of the U.S.-based subsidiaries claimed that they served the limited purposes of United States marketing and sales and did not possess the design and manufacturing documents sought by Round Rock's subpoena.  Third-party Pixart USA moved to quash Round Rock's subpoena based upon the bare assertion that it did not possess the design and manufacturing

1   documents sought by Round Rock, and Magistrate Judge Cousins granted Pixart's motion on the

2   grounds that the relevant documents are not in the possession, custody or control of Pixart U.S.A.

3   (D.I. 134. (Nov. 12, 2013).) Because most of the component suppliers relevant to the Image Sensor

4   Patents are, like Pixart, headquartered outside of the United States, and only maintain U.S.

5   subsidiaries, it became clear that Round Rock would not be able to obtain the relevant documents

6   through discovery. In addition, OmniVision claimed that it did not possess design and

7   manufacturing documents because its image sensors are manufactured overseas by third parties.

8   (Nowierski Decl. Ex. R.)

9           F.      **Round Rock Diligently Reverse Engineered Additional Products Already
                    Accused Of Infringing The Image Sensor Patents And Amended Its
10                  Infringement Contentions**

11          The same day that this Court granted Pixart's motion to quash and it became clear that Round

12  Rock would not be able to obtain relevant documents through discovery, Round Rock began reverse

13  engineering additional products that it had already accused of infringing the Image Sensor Patents in

14  its Infringement Contentions. (Nowierski Decl. ¶ 21.) In the approximately five weeks since this

15  Court denied Round Rock's attempts to obtain discovery from the third party component suppliers

16  related to the Image Sensor Patents, Round Rock has reverse engineered an additional eight products

17  at a cost of more than $120,000. Those reverse engineering analyses form the basis of Round

18  Rock's supplements to its Infringement Contentions related to the Image Sensor Patents.

19          As is clear from Round Rock's Supplemental Infringement Contentions, Round Rock is not

20  supplementing its infringement contentions for the Image Sensor Patents to disclose any new

21  products or any new theories. (Nowierski Decl. Exs. D, G, and H.) Indeed, Round Rock's First

22  Supplemental Infringement Contentions merely identify additional non-public information from the

23  recently discovered reverse engineering reports that further confirms Round Rock's already

24  disclosed infringement theories for those two patents. (*Id.*)

25  III.   **LEGAL STANDARD**

26          Patent Local Rule 3-6 allows a party to amend or supplement its infringement contentions

27  "upon a timely showing of good cause." Such "good cause" may exist when there is a "[r]ecent

28  discovery of nonpublic information about the Accused Instrumentality which was not discovered,

1   despite diligent efforts, before the service of the Infringement Contention."  Patent L.R. 3-6(c).  In

2   determining whether good cause exists, the Court performs a two-step analysis: "first, the court must

3   determine whether the moving party was diligent in amending its contentions; second the court must

4   determine whether the non-moving party would suffer undue prejudice if the motion to amend were

5   granted." *DCG Sys. v. Checkpoint Techs., LLC*, No. 11-cv-03792-PSG, 2012 U.S. Dist. LEXIS

6   53193, at *11 (N.D. Cal., Apr. 16, 2012) (citing *Barco N.V. v. Tech. Properties Ltd.*, No. 5:08-cv-

7   053998, 2011 WL 3957390, at *1 (N.D. Cal. Sept. 7, 2011)).  "Judges in this district have

8   recognized that the Patent Local Rules are not a straightjacket into which litigants are locked from

9   the moment their contentions are served."  *Halo Elecs., Inc. v. Bel Fuse Inc.*, No. C07-06222 RMW

10  (HRL), 2010 U.S. Dist. LEXIS 97640, 2010 WL 3489593, at * 1 (N.D.Cal. Sep. 3, 2010).  The

11  Federal Circuit has explained that diligent and justified efforts to update infringement contentions

12  should be permitted:

13          [R]efusing to allow any amendment to contentions based on new
            information developed in discovery could be contrary to the spirit of
14          the Federal Rules. … But we see nothing in the Federal Rules that is
            inconsistent with local rules requiring the early disclosure of
15          infringement … contentions and requiring amendments to contentions
            to be filed with diligence.
16
    *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).
17
            Courts in this District routinely grant motions for leave to amend infringement contentions
18
    after the disclosure of nonpublic documents relating to the accused products.  *E.g.*, *DCG Sys.*, 2012
19
    U.S. Dist. LEXIS 53193, at *12; *Seiko Epson Corp. v. Coretronic Corp.*, No. C 06-06946, 2008 WL
20
    2563383 (N.D. Cal., Jun. 23, 2008).  For example, in *DCG Sys. v. Checkpoint Techs., LLC*,  the
21
    Court granted the patentee's motion to amend its infringement contentions to add new asserted
22
    claims where the patentee learned additional details about the accused products from nonpublic
23
    manuals produced pursuant to Patent L.R. 3-4.  *DCG Sys.*, 2012 U.S. Dist. LEXIS 53193, at *10-12.
24
    In its analysis, the Court concluded that the patentee was diligent by moving to amend its
25
    Infringement Contentions within five weeks of receiving the non-public documents and contrasted
26
    other cases in which a lack of diligence was found because the patentee had waited five months or
27
    more.  *Id.* at *10-12.  In addition, courts in this District do not find prejudice when the party
28

1   amending or supplementing its contentions is not accusing any new products or new components of

2   accused products. *See, e.g., GPNE Corp. v. Apple, Inc.,* No. 5:12-cv-02885, 2013 U.S. Dist. LEXIS

3   166723, at *12-13 (N.D. Cal. Nov. 22, 2013); *Apple Inc. v. Samsung Elecs. Co.,* No. 12-CV-0630-

4   LHK, 2013 U.S. Dist. LEXIS 91450, at *45-46 (N.D. Cal. June 26, 2013).

5   IV.   **ARGUMENT**

6        A.   **Round Rock's Supplemental Infringement Contentions Relating to the eMMC and DDR Memory Patents Are For Good Cause.**

7        The Patent Local Rules that govern this case provide examples of good cause to amend or

8   supplement infringement contentions, including the "[r]ecent discovery of nonpublic information

9   about the Accused Instrumentality which was not discovered, despite diligent efforts, before the

10  service of the Infringement Contentions." Patent L.R. 3-6(c). Round Rock's proposed supplement

11  to its Infringement Contentions related to the eMMC Flash Memory and DDR Memory Patents falls

12  squarely within this example of good cause.

13            1.   **Round Rock Acted With Diligence In Supplementing Its Infringement Contentions Relating To The eMMC Flash Memory and DDR Memory**

14            **Patents.**

15       Round Rock is moving to supplement its Infringement Contentions less than two weeks after

16  ASUS produced over 20,000 pages of nonpublic schematics. (Nowierski Decl. ¶ N-P.) Until

17  ASUS's recent document productions, made only after it was ordered to do so by this Court, ASUS

18  had produced virtually no schematics relating to the uncharted products accused of infringing the

19  eMMC Flash Memory and DDR Memory Patents. (Nowierski Decl. ¶ 14.) Round Rock's

20  supplements to its infringement contentions are based on that information, which Round Rock could

21  not ascertain from publicly available documents. (*Id.*) Round Rock, thus, "acted with diligence in

22  promptly moving to amend when new evidence [was] revealed in discovery." *O2 Micro,* 467 F.3d at

23  1363; *see also, DCG Sys.,* 2012 U.S. Dist. LEXIS 53193, at *10-12 (holding that patentee was

24  diligent by amending infringement contentions five weeks after the defendant produced nonpublic

25  user manuals pursuant to Patent L.R. 3-4).

26       In addition to its diligence in moving to supplement its Infringement Contentions, Round

27  Rock also has been diligent throughout the discovery process in this case. Round Rock first raised

28  the issue of ASUS's deficient document production in a January 24, 2013 letter. (Nowierski Decl.

1   Ex. S.)  Round Rock met and conferred and corresponded with ASUS over the subsequent months,

2   but ASUS never complied with its obligations to produce technical documents pursuant to Patent

3   L.R. 3-4(a) and in response to Round Rock's document requests.  ASUS maintained its position that

4   Round Rock's Pat. L. R. 3-1 Infringement Contention were insufficient under the Local Rules, and

5   therefore, did not properly accuse the products Round Rock did not reverse engineer for the purposes

6   of its Infringement Contentions.  (*E.g.*, Nowierski Decl. Ex. M.)  ASUS, for months, withheld

7   discovery on that basis.  Ultimately, ASUS moved for Summary Judgment of Non-Infringement, in

8   part, on the basis that Round Rock did not properly accuse certain products, and therefore did not

9   have evidence of infringement for those products.  (D.I. 85.)  On October 8, 2013, the Court

10  ultimately rejected ASUS's theory by denying its Motion for Summary Judgment as premature, and

11  finding that Round Rock's Infringement Contentions were proper under the Local Patent Rules.

12  (D.I. 111, at 3-4.)  Once it became clear that ASUS was not going to willingly produce technical

13  documents in this case, even after that Court's order, Round Rock promptly sought relief from the

14  Court on October 29, 2013, which the Court ultimately granted on November 20, 2013.[2]  (D.I. 145.)

15  That order required the parties to reach agreement on a Protective Order within a week, and that

16  ASUS produce the schematics within fourteen days of that Protective Order (by December 11,

17  2013).  (*Id.*)  ASUS made that production on a rolling basis between December 5, 2013 and

18  December 11, 2013.  Round Rock served its supplemental contentions on ASUS on December 22,

19  2013, just eleven days after that 20,000 page production.  In addition, Round Rock has taken over

20  six depositions of ASUS, including three in Taipei, Taiwan in October 2013, in order to attempt to

21  obtain the evidence it needs.  (Nowierski Decl. ¶ 22.)  Accordingly, Round Rock respectfully

22  submits that diligence weighs heavily in favor of its request for leave to supplement its infringement

23  contentions.

24

25

---

26  [2] Notably, Round Rock initially sent its half of the letter brief to move to compel ASUS to produce, inter alia, the
    schematics, just two days after that Order Denying ASUS's Motion for Summary Judgment, on October 10, 2013,

27  pursuant to the Court's Standing Order.  (Nowierski Decl. Ex. T (Oct. 10, 2013 Email from L. Nowierski to J.
    Pistorino).)

28

2.   **ASUS Will Not Be Prejudiced By An Order Allowing Round Rock To Supplement Its Infringement Contentions Relating To the eMMC Flash Memory and DDR Memory Patents.**

ASUS is in no position to claim that it will suffer prejudice from Round Rock's First Supplemental Infringement Contentions—any purported prejudice would be a direct result of ASUS's dilatory discovery misconduct.  Although Round Rock is moving to supplement its Infringement Contentions the first court day after the close of fact discovery, the reason for that timing is that ASUS waited more than twelve months from the date its Patent L.R. 3-4(a) document production was due (November 8, 2012) before producing the schematics related to the products accused of infringing the eMMC Flash Memory and DDR Memory Patents.  As in *DCG Sys.*, Round Rock is moving to amend its infringement contentions mere weeks after receiving these critical technical documents—that plainly should have been included in its original Patent L.R. 3-4(b) production—on December 10 and 11 pursuant to the Court's order that compelled ASUS to produce them.  *Id.* at *10-12.

There is no prejudice to ASUS because Round Rock's First Supplemental Infringement Contentions are not a significant departure from its Initial Infringement Contentions.  *See Advanced Micro Devices v. Samsung Elecs. Co.*, No. 08-00986, 2010 WL 1293374, at *3 (N.D. Cal., Mar. 31, 2010) (The "Local Rules' limitations on a plaintiff's ability to amend infringement contentions stem from concerns of notice and prejudice").  In its First Supplemental Infringement Contentions, Round Rock does not accuse any new products or seek to add any newly asserted claims; instead it merely supplements the claim charts of the '053, '791, and '949 patents to include additional non-public information for products that were already properly accused.   Here, as in *Advanced Micro Devices*, ASUS had notice of the accused products and its components long before the close of fact discovery, and therefore will suffer no undue prejudice.  *Advanced Micro Devices*, 2010 WL 1293374, at *3

**B.   Round Rock's Supplement Of Its Infringement Contentions Relating To The Image Sensor Patents Is For Good Cause.**

Good cause exists to grant Round Rock leave to supplement its infringement contentions related to the Image Sensor patents as well.  As discussed above, Round Rock has shown diligence in conducting reverse engineering analyses and pursuing discovery of ASUS's infringing products.

And because Round Rock's supplements to its infringement contentions do not accuse additional products, there is no undue prejudice to ASUS.

### 1. Round Rock Acted With Diligence In Supplementing Its Infringement Contentions Related To The Image Sensor Patents.

On November 12, 2013, this Court granted Pixart's motion to quash Round Rock's subpoena based upon Pixart's bare assertion that it did not possess the documents because it was merely a marketing and sales arm of its overseas parent corporation, making it clear that Round Rock would not be able to obtain relevant documents—necessary to prove infringement of the Image Sensor Patents—from the other third-party image sensor providers who had made the same claims.  (D.I. 134.)  As a result, Round Rock immediately began the process of to reverse engineering eight additional products that it had accused of infringing the Image Sensor Patents in its Infringement Contentions.  (Nowierski Decl. ¶ 21.)  Now, approximately five weeks after beginning the reverse engineering effort and less than five days after receiving the results, Round Rock has completed the additional reverse engineering and supplemented its Infringement Contentions with information from that effort.  By taking immediate action in response to this Court's ruling, Round Rock has demonstrated diligence in amending its Infringement Contentions.  *See DCG Sys.*, 2012 U.S. Dist. LEXIS 53193, at *10-12 (holding that patentee was diligent by amending infringement contentions five weeks after the defendant produced nonpublic user manuals pursuant to Patent L.R. 3-4).

### 2. ASUS Will Not Be Prejudiced By An Order Allowing Round Rock To Amend Its Infringement Contentions Relating To the Image Sensor Patents.

As with the supplements related to the eMMC Flash and DDR Memory Patents, there is no undue prejudice because Round Rock's supplement to its infringement contentions related to the Image Sensor Patents does not accuse any new products or seek to include newly asserted claims.  *See, e.g., GPNE Corp.*, 2013 U.S. Dist. LEXIS 166723, at *12-13 ("Because 'GPNE is not directing its proposed amended contentions to new products or new components of the accused products, the proposed amended contentions will not prejudice Defendants in any way.'"); *Advanced Micro Devices v. Samsung Elecs. Co.*, No.  08-00986, 2010 WL 1293374, at *3 (N.D. Cal., Mar. 31, 2010) (The "Local Rules' limitations on a plaintiff's ability to amend infringement contentions stem from

concerns of notice and prejudice").; *see also Apple Inc.*, 2013 U.S. Dist. LEXIS 91450, at *45-46. Round Rock merely adds claim charts for products that were already properly accused with newly available non-public information from reverse engineering that confirms infringement under Round Rock's previously representative infringement theories allowed by the Court.  (D.I. 112, at 3-4 ("ASUS argues that the infringement contentions are improper because Round Rock chose to use representative products rather than charting each accused product separately. The Court disagrees."). Here, as in *GPNE Corp.* and *Advanced Micro Devices*, ASUS had notice of the accused products— which are its own products—long before the close of fact discovery, and therefore will suffer no prejudice.

V.   **CONCLUSION**

For the foregoing reasons, Round Rock respectfully requests that this Court grant its Motion for Leave to Supplement its Infringement Contentions.

DATED:  December 23, 2013                    Respectfully submitted,

                                             By: /s/ Lauren M. Nowierski
                                             Lauren M. Nowierski (admitted *pro hac vice*)
                                             lnowierski@desmaraisllp.com

                                             Paul A. Bondor (admitted *pro hac vice*)
                                             pbondor@desmaraisllp.com
                                             Justin P.D. Wilcox (admitted *pro hac vice*)
                                             jwilcox@desmaraisllp.com
                                             Jonas R. McDavit (admitted *pro hac vice*)
                                             jmcdavit@desmaraisllp.com
                                             Edward Terchunian (admitted *pro hac vice*)
                                             eterchunian@desmaraisllp.com
                                             DESMARAIS LLP
                                             230 Park Avenue
                                             New York, NY 10169
                                             (212) 351-3400 (Telephone)
                                             (212) 351-3401 (Facsimile)

                                             *Lead Counsel for Plaintiff*
                                             *Round Rock Research, LLC*

                                             BLACK & HAMILL LLP
                                             Bradford J. Black (SBN 252031)
                                             bblack@blackhamill.com
                                             Andrew G. Hamill (SBN 251156)
                                             ahamill@blackhamill.com
                                             4 Embarcadero Center, Suite 1400
                                             San Francisco, California 94111
                                             Telephone: 415-813-6210
                                             Facsimile: 415-813-6222

                                             *Local Counsel for Plaintiff*
                                             *Round Rock Research, LLC*

1

## CERTIFICATE OF SERVICE

2

3    The undersigned hereby certifies that on the 23rd day of December, 2013, the foregoing document was caused to be served via the Court's CM/ECF System per Local Rule 5-5(b) on the following:

4

5    John P. Schnurer
     Cheng (Jack) Ko
6    Tawen Chang
     Michael J. Engle
7    Miguel Bombach
     PERKINS COIE LLP
8    11988 El Camino Real, Suite 200
     San Diego, CA 92130-3334
9    Tel: (858) 720-5700
     JSchnurer@perkinscoie.com
10   Jko@ perkinscoie.com
     Tchang@perkinscoie.com
11   Mengle@perkinscoie.com
     Mbombach@perkinscoie.com
12

13

     James C. Pistorino
14   PERKINS COIE LLP
     3150 Porter Drive
15   Palo Alto, CA 94304-1212
     Tel: (650)838-4300
16   Jpistorino@perkinscoie.com

17

Dated:  December 23, 2013                    /s/ Andrew G. Hamill
18
                                             Andrew G. Hamill
19

20

21

22

23

24

25

26

27   ROUND ROCK'S MOTION FOR LEAVE TO SUPPLEMENT INFRINGEMENT         14                    Case No. 3:12-cv-2099-JST
     CONTENTIONS
28