UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>Defendant. | Case No.  12-cv-02099-JST<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS RELATED TO ROUND ROCK'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: ECF No. 157 |

Before the Court is Round Rock Research, LLC's Administrative Motion to File Under Seal Confidential Information Disclosed in its Motion for leave to Amend its Infringement Contentions.  ECF Nos. 155 (Mot. for Leave to Amend); 157 (Admin. Mot. to File Under Seal). The Court will grant the motion.

**I.    LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotation marks omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).  An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a

1    document, or portions thereof, are sealable." Civil L. R. 79-5(d)(1)(A).

2    With respect to the second prong, the showing required for overcoming the strong
3    presumption of access depends on the type of motion to which the document is attached. When a
4    party seeks to file materials in connection with a dispositive motion, the presumption can be
5    overcome only if the party presents "compelling reasons supported by specific factual findings
6    that outweigh the general history of access and the public policies favoring disclosure."
7    Kamakana, 447 F.3d 1172 at 1178-79 (internal citation omitted). "The mere fact that the
8    production of records may lead to a litigant's embarrassment, incrimination, or exposure to further
9    litigation will not, without more, compel the court to seal its records." Id. at 1179.

10   On the other hand, when a party seeks to file previously sealed discovery materials in
11   connection with a non-dispositive motion, the sealing party need not meet the 'compelling
12   reasons' standard "because those documents are often unrelated, or only tangentially related, to the
13   underlying cause of action." Id. at 1179 (citation and internal quotation marks omitted). In that
14   case, a party need only make a "particularized showing under the good cause standard of Rule
15   26(c)" to justify the sealing of the materials. Id. at 1180 (internal citation and internal quotation
16   marks omitted). A court may, for good cause, keep documents confidential "to protect a party or
17   person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.
18   26(c).

19   A district court must "articulate [the] . . . reasoning or findings underlying its decision to
20   seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011) cert. denied, 132 S. Ct.
21   2374 (2012).

22   **II.   DISCUSSION**

23   Round Rock seeks to file under seal Exhibits B through K to the Nowierski Declaration in
24   Support of Round Rock's Motion for Leave to Amend Infringement Contentions. Nowierski
25   Decl., ECF Nos. 156 (public); 157-1 (under seal). Round Rock designated Exhibits D, G, and H
26   "Highly Confidential — Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective
27   ORder. The remaining exhibits were designated "Highly Confidential — Attorneys' Eyes Only"
28   by ASUSTek Computer, Inc. The Nowierski Declaration in Support of Sealing, ECF No. 157-1,

establishes good cause for the sealing of all the exhibits, including those designated confidential by ASUS.

Exhibits C through K are claim charts that accompany Round Rock's infringement contentions. According to the Nowierski Declaration, the claim charts contain information that is not publicly known and competitively sensitive concerning the components and component suppliers related to the accused products in this litigation. Exhibit B — Round Rock's list of accused instrumentalities — contains similar information.

Exhibits D, G, and H, also claim charts, disclose information from reverse engineering reports commissioned by Round Rock. According to the Nowierski Declaration, the reports contain highly sensitive trade secrets.

The Court finds Round Rock has adequately established good cause to file under seal Exhibits B through K of the Nowierski Declaration in Support of Round Rock's Motion for Leave to Amend Infringement Contentions. The Court hereby GRANTS the administrative motion to file under seal. Because the exhibits were already filed under seal in accordance with Civil Local Rule 79-5(f)(1), the documents shall remain under seal, and Round Rock need not take any further action.

**IT IS SO ORDERED.**

Dated: January 6, 2014

_____
JON S. TIGAR
United States District Judge