UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUS COMPUTER INT'L,<br><br>    Plaintiff,<br><br>  v.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>    Defendant. | Case No. 12-cv-02099 JST (NC)<br><br>**ORDER ON DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 161, 164, 188 |

Fact discovery closed in this patent infringement case on December 20, 2013. Dkt. No. 154. Shortly thereafter, the parties filed joint letter briefs outlining several outstanding disputed discovery matters. Dkt. Nos. 161, 164. Judge Jon S. Tigar referred the pending discovery disputes to the undersigned magistrate judge. Dkt. No. 169. The Court held a hearing on January 15, 2014, at which the Court ordered the parties to continue to meet and confer in order to resolve their disagreements, and to update the Court as to the remaining disputed issues. Dkt. No. 183. The parties submitted a joint status report on January 21, 2014, notifying the Court that they had resolved many, but not all, of their discovery conflicts. Dkt. No. 188. The Court held a hearing on the remaining issues on January 23, 2014. Dkt. No. 193. Having balanced the relevance of the requested information against

the burden to the parties and the need for proportionality, the Court GRANTS IN PART and DENIES IN PART the parties' discovery requests.

## I. LEGAL STANDARD

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information is relevant for discovery purposes if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, the Court must limit the scope of discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). In other words, the Court seeks to "strike[] the proper balance between permitting relevant discovery and limiting the scope and burdens of the discovery to what is proportional to the case." *Kaiser v. BMW of N. Am., LLC*, No. 12-cv-01311 DMR, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013).

## II. ANALYSIS

Based on the representations of counsel at the January 23 hearing, six discovery requests remain in dispute—three requests made by Round Rock, and three by ASUS.

**A. Round Rock's Requests**

Round Rock requests email communication of certain ASUS employees, marketing documents, and sales projections related to the accused products and patents-in-suit.

As for emails, Round Rock proposes searching the email of the six individual ASUS employees named in ASUS's initial disclosures. Round Rock also suggests a list of search terms that would assist in narrowing the scope of the document collection to capture the most relevant information. Although ASUS objects to the request as untimely and overly broad, ASUS indicated that the request was manageable within the tight time frame the parties are now operating under. The Court finds the document request to be aimed at gathering information relevant to Round Rock's claims, and that Round Rock has made sufficient efforts to narrow the request to minimize the burden on ASUS. Therefore, the

Court orders the production as proposed in the January 21, 2014 joint statement.

Next, Round Rock requests documents evidencing internal marketing strategy for the accused products. Recognizing that more than 300 accused products are at issue in this case, Round Rock proposes narrowing the scope of the search to collect documents related to 20 products—four from each patent-in-suit. Round Rock provided a list of the 20 products, and at the hearing expressed to the Court that the products were listed in order of importance. ASUS objects that the search is unduly burdensome in that it would likely require searching the documents of 20 different ASUS employees, and because the term "marketing" is vague and likely to lead to collection of irrelevant information. ASUS also points out that Round Rock charted only three products as being representative of the other accused products, and that therefore Round Rock should have to use marketing documents for those three products as a representative. The Court agrees that the burden of the request, as currently drafted, is not proportional to the probative value to Round Rock. The Court orders ASUS to produce marketing documents related to the first five products on Round Rock's requested list. The parties are to meet and confer, within 7 days of this order, to agree on how best to conduct a narrowly targeted search to identify this limited category of documents.

Lastly, Round Rock requests sales projection data specific to each of the accused products, arguing that this information is relevant to damages. ASUS argues that this request would be intensely burdensome to fulfill, and instead offered to produce aggregate sales projection data of U.S. sales of ASUS notebook computers for 2014. Because the Court finds that the request is overly burdensome, especially in light of the fact that Round Rock already has sales data for the accused products, the Court denies Round Rock's request, and instead orders ASUS to produce aggregate sales projection data for tablet, desktop, and notebook computers for 2013 and 2014, on a monthly basis.

### B. ASUS's Requests

In the joint statement, ASUS requests supplemental answers to requests for admission 136 and 138[1]. At the hearing, ASUS informed the Court that it failed to address in the joint statement two other outstanding disputes from earlier letter briefs regarding the valuation of Round Rock's patent portfolio and Round Rock's licensees.

The Court denied ASUS's request for supplemental responses to requests for admission 136 and 138. As the Court explained at the hearing, Round Rock's response is sufficiently detailed, although ASUS may not like the substance of the answer.

Likewise, the Court denies ASUS's request for the personal documents of Mr. Desmarais, which include a valuation of the Round Rock patent portfolio. Although the valuation may be of some relevance to ASUS's defense, ASUS has not met its burden of demonstrating that the documents are within the custody, control, or possession of Round Rock. *See United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989); Fed. R. Civ. P. 45(a)(1)(A)(iii). Additionally, ASUS had an opportunity to depose Mr. Desmarais and could have asked for the valuation information at that time. The request is therefore denied.

Lastly, the Court denies ASUS's request for additional information related to Round Rock licensees. ASUS did not specify whether it still sought supplemental interrogatory responses related to licensees, documents related to the RFID licensees, or supplemental email communication with licensees. Such disregard demonstrates the apparently limited importance of the documents to ASUS, which at this stage is outweighed by the burden of the additional discovery on Round Rock. The request is therefore denied.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS ASUS to produce to Round Rock the following within 14 days of this order: 1) emails from the six individual ASUS employees named in ASUS's initial disclosures, applying the search terms proposed in the parties'

---

[1] ASUS also requested a supplemental response to interrogatory number 18, but the parties later resolved that dispute through meet and confer.

January 21, 2014, joint statement ; 2) marketing documents related to the first five products requested by Round Rock in the January 21, 2014, joint statement; 3) aggregate sales projection data for tablet, desktop, and notebook computers for 2013 and 2014, on a monthly basis.

Any party may object to this order to Judge Tigar within 14 days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: January 24, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge