UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUS COMPUTER INT'L,<br><br>Plaintiff,<br><br>v.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>Defendant. | Case No. 12-cv-02099 JST (NC)<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 160, 162, 166, 174, 181, 197 |

Before the Court are several motions to file documents under seal in this patent infringement matter. Because the parties have failed to narrowly tailor their requests, the motions to file under seal are denied. The parties have seven days from the date of this order to correct the defects in their motions to seal, or to file the unsealed documents in the public record. This order also provides procedural guidance on filing motions to seal going forward.

## LEGAL STANDARD

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Therefore, a party must normally demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion.

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party seeking to file a motion to seal in connection with a non-dispositive motion, however, must show "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing . . . with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Requests to file under seal must be "narrowly tailored," and "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b).

## DISCUSSION

Round Rock and ASUS seek to seal documents related to discovery letter briefs, a motion to amend infringement contentions, and a motion to strike. Because these motions are not dispositive, the parties must only show good cause to support their request to protect privileged or confidential information. *See In re Midland*, 686 F.3d at 1119. However, the moving party still bears the burden of making a particularized showing that is narrowly tailored. The parties have not met this burden.

Neither party has made any effort to redact the many volumes of documents that they seek to file out of view from the public. Although it may sometimes be appropriate to seal a document in its entirety, when possible a party must redact. *See Murphy v. Kavo Am. Corp.*, 2012 WL 1497489 (N.D. Cal. 2012) (denying motion to seal entire exhibits, but allowing parties to redact confidential information); *Kamakana v. City and Cnty. of*

*Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006) (noting that redactions are preferable as they "have the virtue of being limited and clear."). The motions are therefore denied for a failure to narrowly tailor, but the Court grants leave to re-file motions to seal documents that are redacted for information that is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). If the moving party believes there is good cause to seal a document in its entirety, it must submit a supplemental declaration articulating specific reasons and support for that contention with its motion.

In addition to being overly broad, the parties' motions are procedurally deficient in two ways. First, the parties are ordered going forward, in accordance with Local Rule 79-5(d)(2), to submit chambers copies of the unredacted and unsealed version of every document associated with a motion to seal, together with the redacted version. If the district court refers a motion to the undersigned magistrate judge, the parties must ensure that chambers copies are sent to the undersigned's chambers. Second, the parties are ordered to electronically file documents associated with a motion to file under seal in accordance with Local Rule 79-5(d)(1) and the Northern District of California's guide to filing under seal. *E-Filing Under Seal*, United States District Court, Northern District of California, http://www.cand.uscourts.gov/ecf/underseal. This means that the parties must file a redacted and unredacted version of the document they wish to seal as an attachment to their administrative motion to seal, but they should not also file a duplicate redacted version as a separate docket entry. See Dkt. Nos. 161, 164, 167, 175 (duplicates). Future failure to follow these procedural requirements may result in denial of the motion to file under seal.

## CONCLUSION

The motions to file under seal are denied without prejudice. The parties must either file unsealed versions of the documents they wish to rely upon, or resubmit motions to seal in accordance with this order within seven days. Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: February 3, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge