# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUS COMPUTER INT'L,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>　　　　Defendant. | Case No. 12-cv-02099 JST (NC)<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 155 |

Defendant and counter-claimant Round Rock Research moves the Court for leave to amend its infringement contentions in this patent infringement action. Because Round Rock has not met its burden to establish that it was diligent in bringing this motion upon discovering the basis for its proposed amendments, or that ASUS will not suffer undue prejudice if the motion is granted, the Court denies the motion.

## BACKGROUND

Round Rock served its original infringement contentions on September 20, 2012. Dkt. 180 at ¶ 14. Round Rock accused over 300 ASUS products of infringing six[1] Round Rock patents. Dkt. No. 8. Round Rock charted three ASUS products in its initial

---

[1] Round Rock later voluntarily dismissed one of its patents, leaving five patents-in-suit. Dkt. No. 78.

infringement contentions, stating that those three products are representative of hundreds of other accused products that infringe in the same manner. Dkt. No. 95-3.

### A. Memory Patent Discovery

Round Rock sought discovery of product schematics and other technical documents related to all five patents-in-suit for all accused ASUS products in Round Rock's first set of requests for production, which it served on September 28, 2012. Dkt. No. 156-17. Round Rock later narrowed its request to seek schematics only for products accused of infringing Round Rock's memory patents.[2]

ASUS responded and objected to the first set of requests for production on November 1, 2012. Dkt. No. 85-1. Round Rock addressed ASUS' objections in a letter dated January 24, 2013. Dkt. No. 121-1. The parties met and conferred on January 30, 2013, and ASUS followed up by letter on February 19, 2013. Dkt. No. 121-2. In that letter, ASUS reiterated its objection to Round Rock's attempt to discover documents and information regarding products that Round Rock accused but did not chart. *Id.*

Round Rock did not again raise the dispute over production of schematics for all accused products until an email on September 18, 2013. Dkt. No. 121-3. The parties filed a joint discovery letter brief on October 29, 2013, and the Court ordered production of schematics and other technical documents on November 20, 2013. Dkt. Nos. 121, 145. ASUS completed its production of these documents on December 11, 2013. Dkt. No. 156-16.

### B. Image Sensor Patent Discovery

Round Rock similarly sought schematics and technical documents for the component parts included in many ASUS products, which Round Rock accused of infringing its image sensor patents[3]. Dkt. No. 156-17. These component parts are made by third parties. *Id*. However, ASUS indicated in its objections and "on multiple occasions" thereafter that it did not have possession, custody, or control of the schematics of components manufactured

---

[2] The memory patents are the '791, '053, and '949 patents.
[3] The image sensor patents are the '353 and '276 patents.

Case No. 12-cv-02099 JST (NC)
ORDER DENYING MOTION TO AMEND
INFRINGEMENT CONTENTIONS

2

by third parties. Dkt. No. 156 at ¶ 19. As a result, Round Rock "subpoenaed a number of third party component manufacturers in this case, including PixArt U.S.A., OmniVision, Technologies, Inc., and Himax Imaging Corp." *Id.* at ¶ 20.

Round Rock subpoenaed PixArt U.S.A. on January 7, 2013, seeking documents related to the PixArt PAS6311LT image sensor. Dkt. No. 117-1. Counsel for PixArt U.S.A. informed counsel for Round Rock on January 7, 2013, that PixArt U.S.A. had "no documents identified in the subpoena in its possession, custody, or control" because the image sensor in question was manufactured by PixArt U.S.A.'s parent company in Taiwan. *Id.* PixArt U.S.A. received no further communication from Round Rock regarding the subpoena until August 29, 2013. *Id.* On September 13, 2013, Round Rock served a deposition subpoena on PixArt U.S.A. *Id.* PixArt U.S.A. reiterated that it had no relevant information regarding the sensor in question, and requested that Round Rock withdraw its subpoenas. *Id.* Round Rock did not respond to that request, and as a result PixArt U.S.A. filed a motion to quash the subpoenas, which this Court granted on November 12, 2013. Dkt. No. 134. Round Rock "began the process of reverse engineering additional accused products" after the Court granted PixArt U.S.A.'s motion to quash. Dkt. No. 156 at ¶21.

## LEGAL STANDARD

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) a claim construction by the court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the accused instrumentality which was not discovered, despite diligent efforts, before the service of the infringement contentions." *Id.*

Good cause for granting a motion to amend infringement contentions exists when the moving party shows (1) that it was diligent in amending its contentions; and (2) that the non-moving party will not suffer undue prejudice if the motion is granted. *O2 Micro Int'l*

*Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). If the moving party fails to establish diligence, there is "no need to consider the question of prejudice." *Id.* at 1368.

"In contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the shifting sands approach to claim construction." *Kilopass Tech. Inc. v. Sidense Corp*., No. 10-cv-02066 SI, 2011 WL 5212259, at *1 (N.D. Cal. Nov. 2, 2011) (citation and internal quotation marks omitted). The patent local rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro*, 467 F.3d at 1366 n.12.

## DISCUSSION

### A.  Round Rock Has Not Demonstrated Diligence

Whether the moving party was diligent in seeking leave to amend its infringement contentions depends on (1) whether it was diligent in discovering the basis for the proposed amendment, and (2) how quickly it moved to amend the contentions once the new theory of infringement came to light. *Acer Inc. v. Tech. Props. Ltd*., No. 08-cv-00877 JF, 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010). "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *O2 Micro Int'l*, 467 F.3d at 1366. Here, Round Rock has not met its burden of establishing that it was diligent in discovering the support for its proposed amendment, nor in bringing this motion promptly.

#### i.  Memory Patent Amendments

Regarding the discovery of ASUS's product schematics, Round Rock does not sufficiently explain why it delayed nearly three months in responding to ASUS's objections to requests for production of documents, and delayed over seven months in resolving the discovery dispute once the parties discussed their positions in detail in February 2013. Round Rock argues that it moved the Court for this discovery promptly after Judge Tigar ruled on ASUS's motion for summary judgment in October 2013, but offers no explanation

as to why Round Rock did not move the Court for the schematic documents prior to that motion, despite acknowledging that ASUS "for months" had refused to produce the requested documents on the basis that Round Rock's infringement contentions were insufficient. Dkt. No. 155 at 13. Such a substantial delay in pursuing discovery demonstrates Round Rock's lack of diligence. *See Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, 05-cv-03117 MJJ, 2007 WL 2221029, at *1 (N.D. Cal. July 30, 2007) (finding five month delay in investigating product showed lack of diligence).

Regardless, the Court finds that the bulk of Round Rock's proposed amendments do not rely on the newly produced schematic documents, but instead cite and rely upon documents that have been in Round Rock's possession for many months or even a year. *See, e.g.*, Dkt. No. 157-5. Round Rock does not explain why it did not amend sooner to include information it had at its disposal since as early as November 2012. Such a delay in bringing the amendment is far outside the time frame accepted by other courts, and is fatal to Round Rock's motion to amend claims related to the memory patents. *See, e.g.*, *Nuance Commc'ns, Inc. v. ABBYY Software House*, 08-cv-02912 JSW MEJ, 2012 WL 2427160, at *3 (N.D. Cal. June 26, 2012) (denying amendment based on earlier produced documents, despite plaintiff's claim that it was "not seeking to change or expand its infringement case, but only to provide complete disclosure reflecting the non-public information it has ascertained through discovery.").

### ii. Image Sensor Patent Amendments

Round Rock seeks to amend its infringement contentions related to the image sensor patents to add information derived from reverse engineering that Round Rock performed beginning in November 2013. Dkt. No. 157 ¶21. But Round Rock should have known of the need to engage in reverse engineering, and to amend its infringement contentions, significantly sooner. PixArt U.S.A., for example, informed Round Rock that it did not have schematics or other relevant information related to image sensors as early as January 2013. Dkt. No. 117-1. Round Rock did not engage in further discussion with PixArt U.S.A. until August 2013, over seven months later. Although PixArt U.S.A. made clear in

January that its Taiwanese parent controlled the information that Round Rock sought, Round Rock never attempted, formally or informally, to seek this discovery from the Taiwanese company. Round Rock was similarly dilatory in seeking discovery from other third party manufacturers. Round Rock does not explain these failures and the Court therefore denies the motion to amend based on this lack of diligence. *See Abbott,* 2007 WL 2221029 at *1.

**B.     Round Rock's Amendments Will Unduly Prejudice ASUS**

First, the Court notes that because Round Rock has not met its burden to establish diligence, the Court "need not even entertain whether the amendment would prejudice the nonmoving party." *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 508 (N.D. Cal. 2011). In any event, the court finds that ASUS will suffer undue prejudice if the motion is granted based on the late stage of this litigation. Fact discovery closed two days before Round Rock served its proposed amended contentions, and the deadline for dispositive motions is quickly approaching. Round Rock's proposed amendments represent a significant change in the scope of the claims. To bring this change at such a late stage would unduly prejudice ASUS. *See Sun Microsystems, Inc. v. Network Appliance, Inc.*, 07-cv-05488 EDL, 2009 WL 508448 (N.D. Cal. Feb. 27, 2009) (finding prejudice where only two months remained before the close of fact discovery).

## CONCLUSION

For the reasons described, Round Rock's motion for leave to amend infringement contentions is DENIED.

Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date:  February 7, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge