March 18, 2014

**VIA ELECTRONIC FILING**

The Honorable Nathanael Cousins
U.S. Magistrate Judge, N.D. Cal.
San Francisco Courthouse, Courtroom A - 15th Fl.
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   *ASUS Computer Int'l v. Round Rock Research*, *LLC*, Case No. 3:12-CV-02099-JST (NC)

Dear Judge Cousins:

Pursuant to the Court's October 2, 2013 Standing Order, plaintiff and counterclaim defendant ASUS Computer International and counterclaim defendant ASUSTeK Computer Inc. (collectively "ASUS") submit this letter brief.

## I.   NATURE AND STATUS OF THE DISPUTE

Currently pending before the Court is ASUS' motion to strike portions of Round Rock's expert reports.  ASUS here requests that additional portions of the reports be stricken because they contain opinions (including damages related opinions) related to products not disclosed in Round Rock's Infringement Contentions and not identified as Accused Instrumentalities.  On Tuesday, March 11, ASUS sought a meet and confer which RR would not agree to conduct until March 13.  On March 13, RR refused to withdraw opinions related to such products and also protested the process of proceeding by discovery letter (as opposed to briefing to Judge Tigar). In any event, ASUS requested that RR provide its portion, if any, of the discovery letter and RR refused to do so until Monday, March 17.  On March 16, ASUS sent RR its portion of the discovery letter (as a courtesy).  On March 17, RR refused to provide its portion of the discovery letter stating that it would do so "in due course" before sending a note on Tuesday morning opposing the discovery letter procedure.

## II.   UNRESOLVED ISSUE

Whether portions of the expert reports of Mr. Taylor and Dr. Yurkerwich should be stricken.

## III.   SUMMARY OF ASUS' POSITIONS WITH RESPECT TO THE UNRESOLVED ISSUE

### A.  Summary of ASUS' Positions

The expert report of Mr. Taylor includes a number of exhibits.  Most relevant to the present dispute are Exhibits 4, 5, and 6 to the Taylor report which identify the products Mr. Taylor concludes infringe.  Those reports are already before the Court as a result of other briefing.  It is not clear from the face of Mr. Taylor's report that he opined on products such as the Nexus 7 with respect to the '949 patent.  Instead, Mr. Taylor pointed to Exhibit 4 – a document over 160 pages in length that identifies hundreds of products in addition to the nearly 150 products not identified in Round Rock's Infringement Contentions.  Likewise, Exhibit 5 identifies the products related to the '791 patent and Exhibit 6 identifies the products related to the '053 patent. Upon thorough review of these exhibits, ASUS became aware of the discrepancies between the Taylor report and Round Rock's Infringement Contentions and promptly brought its concerns to

Round Rock's attention.  Collectively, Exhibits 4-6 to the Taylor report list 148 products (and numerous versions of certain products) for which Mr. Taylor provided an opinion of infringement with respect to the '949, '791 and '053 patents but Round Rock provided no identification in its Infringement Contentions.  Those Infringement Contentions are already before the Court as a result of other briefing.

The Patent Local Rules required Round Rock to identify, by model number, the products accused of infringement on a patent-by-patent, claim-by-claim basis.  *See* Patent L.R. 3-1(b) ("[T]he 'Disclosure of Asserted Claims and Infringement Contentions' shall contain the following information… (b) *Separately for each asserted claim*, *each accused apparatus, product*, *device*, process, method, act, or other instrumentality ('Accused Instrumentality').… *Each product*, device, and apparatus *shall be identified by name or model number*, if known.") (emphasis added).  *See also Oracle Am. Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 4479305, at *1-*3 (N.D.Cal. Sept. 26, 2011) (granting motion to strike infringement opinions on products not specifically named in infringement contentions).  There can be no dispute that Round Rock did not comply with these requirements: Mr. Taylor provided an infringement opinion for 148 products not identified in RR's List of Accused Instrumentalities (Exhibit 1 to its Infringement Contentions).  For example, Mr. Taylor opined that the Nexus 7 infringes the '949 Patent.  But Round Rock's List of Accused Instrumentalities did not identify the Nexus 7.  Likewise, Dr. Yurkerwich included the Nexus 7 as part of the damages base for the '949 patent, though the Nexus 7 was not identified as an Accused Instrumentality.

During the meet and confer, RR stated that it opposed ASUS' motion because, though not identified in the Infringement Contentions, RR alleges that it is too late to object to the inclusion of these products because ASUS did not catch this violation of the Rules earlier and raise this issue in its earlier motion.  There is simply no basis for that argument.  There is no deadline for moving to strike and the deadline for motions in limine or *Daubert* motions has not passed.

For some products, though not the Nexus 7, RR stated that it opposed ASUS' motion because RR identified other products with similar names (e.g., ending with a "J").  That is simply not compliance with the Rules.  Moreover, substantively, the different products have different names because they have different characteristics including different combinations of processors, memory, etc.  Indeed, the Nexus 7 actually uses a different type of memory than that RR has accused of infringing the '949 patent.  RR's request that the Court waive the Patent Local Rules should be rejected and the Taylor and Yurkerwich opinions concerning the 148 products should be stricken.[1]

---

[1] The products no identified in the Infringement Contentions, grouped by patent, are: (1) '949 patent: 2B, CG1330, CG5275, CG5290, CG8350, M60J, Q400A, R11CX, R500A, R500N, R500V, R704A, R704V, Z54C, EP121, ME370T, NEXUS7, TF201Y, TF300T, TF300TL, TF600TG, TF600TL, TF700T, 1001PXD, 1018P, 1201PN, A53S, A53U, A53Z, A54C, A55A, A55V, A73E, A73S, A75V, CM1630, CM1730, CM1745, CM5571, CM5671, CM5675, CM6850, EB1012P, EB1020, EB1501P, ET2011AUKB, ET2011ET, ET2400IGTS, ET2400INT, ET2400IT, ET2400IUTS, ET2400XVT, ET2700INKS, ET2700INTS, ET2700IUKS, ET2700IUTS, G71V, K50I, K54C, N51V, N51VN, N52D, N81V, P42F, P52F, R101D, U50F, U52F, U52J, U57A, VX6, X52F, X52J, X53S, X53U, X53Z, X72D, X73E, X73S, 1015PW, 1215N, 1215P, A52J, A72J, ET2410EUTS, F75A, G53J, G53S, G55V, G73J, G74S, G75V, K42J, K46C, K52D, K52J, K53B, K53S, K55V, K56C, K72D, K72J, K73S, N43J, N43S, N46V, N53J, N53S, N55S, N56V, N61J, N61V, N61VN, N71J, N73J, N73S, N75S, N76V, N82J, NX90J, U30J, U30S, U31F, U31J, U31S, U33J, U35J, U36J, U36S, U41J, U43F, U43J, U45J, U46S, U53J, UL30A, UL30J, UL30V, UL30VT, UL50A, UL50V, UL50VS, UL80J, UL80V, UL80VT, X75V; (2) '791 patent: EP101, TF201, TF300TL; (3) '053 patent: EP101.

2

Very truly yours,

*/s/ James C. Pistorino*_____
James C. Pistorino
Counsel for ASUS Computer International and
ASUSTeK Computer Inc.