# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUS COMPUTER INT'L,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICRON TECHNOLOGY INC.,<br><br>　　　　Defendant. | Case Nos. 14-cv-00275 JST (NC);<br>14-cv-00393 JST (NC)<br><br>**ORDER DENYING MOTIONS TO COMPEL; GRANTING IN PART MOTION FOR COSTS**<br><br>Re: Dkt. No. 1 |

ASUS moves to compel production of documents and deposition testimony from non-party Micron Technology. ASUS seeks the discovery in support of its underlying patent litigation, *ASUS Computer International v. Round Rock Research, LLC*, 13-cv-02099 JST (N.D. Cal.). Because ASUS's discovery requests would impose undue burden on non-party Micron, ASUS's motions are denied in their entirety. The Court finds that ASUS failed to take reasonable steps to avoid burdening Micron, and therefore grants in part Micron's motion for costs.

## BACKGROUND

Micron is a technology company that in 2009 sold over 4,000 patents to Round Rock Research. Dkt. No. 16 at 7. Among those patents sold were the five patents-in-suit in the underlying litigation. *Id.* On June 6, 2013, ASUS served Micron with a subpoena for documents, including forty-three requests for production of documents. *Id.* at 8. Micron objected to the subpoena shortly thereafter, and served supplemental objections on July 23, 2013. *Id.* For several months after that, Micron and ASUS engaged in meet and confer in an attempt to resolve some of their disagreements regarding the subpoena. *Id.* at 9. Micron began a rolling production of documents on August 26, 2013. *Id.* ASUS filed the instant motion to compel on December 3, 2013, in the Southern District of California. Dkt. No. 1. The action was transferred to the Northern District on January 17, 2014. Dkt. No. 31.

On September 27, 2013, ASUS served Micron with a subpoena for deposition testimony. Dkt. No. 15-4 at 8.[1] Micron provided David Westergard as its corporate witness, and ASUS deposed Westergard on November 21 and November 22, 2013. *Id.* at 10. ASUS and Micron met and conferred over the course of the following several weeks regarding the adequacy of Westergard's preparation and testimony. *Id.* ASUS filed its motion to compel additional deposition testimony in the Southern District of California on December 30, 2013. Dkt. No. 1. The action was transferred to the Northern District on January 28, 2014. Dkt. No. 9.

Judge Tigar referred both motions to compel to the undersigned magistrate judge. The Court heard oral argument on the motions on March 12, 2014. Dkt. No. 41.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45 provides that a party may command a non-party to testify at a deposition and "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 26 allows a

---

[1] Apart from this paragraph, all other references to the docket refer to case number 14-cv-00275 JST.

Case Nos. 14-cv-00275 JST (NC);
14-cv-00393 JST (NC)
ORDER DENYING MTC

2

party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Information is relevant when it will be admissible at trial or when the evidence is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Rule 26 relevancy standard also applies to third-party subpoenas. *Beinin v. Ctr. for Study of Popular Culture*, No. 06-cv-02298 JW (RS), 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007).

To determine whether a subpoena should be enforced, the Court is guided by both Rule 45, which protects a subpoenaed party from "undue burden," and Rule 26, which provides that the court must limit discovery if "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 45(d)(1); Fed. R. Civ. P. 26(b)(2)(C)(i). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply. Fed. R. Civ. P. 45(d)(1).

## DISCUSSION

**A.     Motion to Compel Production of Documents**

ASUS moves to compel the production of additional documents and supplemental responses to document requests. Each request is denied.

### i.     Supplemental Responses

ASUS moves to compel Micron to provide supplemental responses to clarify whether Micron conducted a reasonable search as to each category of documents. The parties have met and conferred and exchanged substantial correspondence regarding which categories of documents were at dispute and which categories of documents were produced. *See, e.g.* Dkt. No. 16-13. ASUS fails to articulate why it needs this clarification, and the Court therefore denies the motion to compel supplemental responses because it would impose an

undue burden on Micron.

### ii. Licensing Agreements

ASUS next asks the Court to compel Micron to produce every licensing agreement related to the patents-in-suit. But Micron stated that it already produced every license related to the patents-in-suit and the underlying litigation. Dkt. No. 16-13 at 5. ASUS argues that it "cannot rely on Micron to review these licenses for relevance." Dkt. No. 1 at 5. But ASUS provides no support for its speculation that Micron's relevance review was insufficient. The motion to compel production of additional licenses is therefore denied.

### iii. Spreadsheets of Patents-in-Suit

ASUS identifies in its motion a spreadsheet categorizing the patents-in-suit by subject matter that was not produced. At oral argument, Micron identified the spreadsheet as a document created by counsel in preparation of litigation, included in Micron's privilege log. Dkt. No. 43 at 40. Because ASUS has not argued that the document is not privileged, the motion to compel production of the spreadsheet is denied.

### iv. Inventor Notebooks

ASUS next moves to compel the production of additional inventor notebooks, which it claims Micron is withholding. A Micron employee has stated under penalty of perjury that Micron conducted a reasonable search for all relevant inventor notebooks, and produced all pages of the notebooks relevant to the patents-in-suit. Dkt. No. 16-2 at 43:2-17. ASUS provides no evidence supporting its speculation that this testimony is false. In addition, counsel for ASUS indicated that portions of the inventor notebooks may have already been produced by Round Rock, but he was not sure because he did not know what had been produced by Round Rock. Dkt. No. 43 at 37:17-23 ("I'm not involved with what Round Rock produced. It may happen that it was produced. That doesn't change the fact that we're still entitled to get it from Micron, but it would change maybe our posture on the motion. I don't know whether it was. I don't know what's been produced before."). Counsel for ASUS is mistaken. The Federal Rules require parties seeking to burden a non-party with document requests to first take reasonable steps to avoid imposing that burden.

1  Fed. R. Civ. P. 45(d)(1).  Being familiar with the documents produced in the case to avoid
2  requesting duplicative information is one of the required reasonable steps.  The Court
3  therefore denies the motion to compel production of additional inventor notebook pages.

### v. Sales Documents

ASUS moves to compel production of documents "that will identify all Micron Products (and any sale/offer for sale) that embody or practice any claim of any patent-in-suit." Dkt. No. 1 at 9.  ASUS argues that documents related to the sales of Micron products practicing the Round Rock patents-in-suit are relevant to invalidity.  But ASUS has not identified those Micron products that it claims potentially practice the Round Rock patents. Instead, ASUS expects Micron to evaluate all of its products and determine which products practice the patents-in-suit.  That undertaking is not in the usual course of Micron's business, Dkt. No. 16-2 at 59:3-25, and ASUS has not demonstrated that its need for these documents outweighs the serious burden that such a request would impose on Micron. ASUS itself could have determined which Micron products it believes to practice the patents-in-suit, and then could have requested sales documents narrowly tailored to those products.  ASUS chose not to do so.  The Court denies the motion to compel sales documents for imposing undue burden on non-party Micron.

### vi. Marking Documents

ASUS moves to compel documents related to Micron's practice of marking products with patent numbers of the patents-in-suit.  Micron responded that it has no documents related to this request, and a Micron employee has already testified that Micron has never marked its products. Dkt. No. 16-2 at 120:1-10.  ASUS provides no explanation as to why it continues to seek documents related to marking.  The motion is therefore denied.

### vii. Communication with JEDEC

ASUS next moves to compel production of all documents related to all communications between Micron and JEDEC or other standard-setting organizations.  This request is denied as overbroad and unduly burdensome.  Micron searched its communications with JEDEC and produced to ASUS those communications it believes are

1  potentially relevant to the underlying lawsuit. Dkt. No. 6, Exh. I at 68:5-13. ASUS never
2  objected to the sufficiency of the production. At oral argument, counsel for ASUS stated
3  that ASUS decided to wait to evaluate the sufficiency of the production until after it had
4  deposed Micron's witness. Dkt. No. 43 at 35. This falls far short of the diligence Rule 45
5  requires of parties before burdening a non-party with document request. The motion is
6  denied for ASUS's failure to demonstrate the insufficiency of the production in light of the
7  substantial burden that would be imposed on Micron in producing communications it has
8  identified as irrelevant to the litigation.

9       **viii.   Privilege Log**

10  At oral argument, counsel for Micron stated that Micron has supplemented its
11  privilege log since ASUS filed the motion to compel. Dkt. 43 at 14-15. Though ASUS's
12  counsel would not confirm that this dispute is therefore resolved, he could not specifically
13  identify any remaining deficiency with the privilege log. *Id.* at 15, 31. The motion to
14  compel Micron to supplement its privilege log is therefore denied for lack of good cause.

15       **ix.   Additional Deposition Time Regarding New Documents**

16  Finally, ASUS requests additional deposition time to question witnesses regarding
17  any newly produced documents. Because the Court denies ASUS's motion to compel
18  production of additional documents, the Court also denies the request for additional
19  deposition time for testimony regarding new documents.

20  **B.   Motion to Compel Deposition Testimony**

21  ASUS moves to compel additional deposition testimony from Micron's 30(b)(6)
22  witness, David Westergard. ASUS complains about the inadequacy of several categories of
23  testimony, but each argument fails for the same reasons. ASUS has cited no legal authority
24  to support its position that the witness was not adequately prepared or did not provide
25  sufficient testimony under the Federal Rules of Civil Procedure. Even had ASUS made a
26  showing that the witness withheld relevant testimony, ASUS has not demonstrated that
27  ASUS's need for the testimony outweighs the burden to Micron in taking an additional
28  deposition, particularly given the late stage of the underlying litigation. The motion is

Case Nos. 14-cv-00275 JST (NC);
14-cv-00393 JST (NC)
ORDER DENYING MTC

6

therefore denied.

### C. Micron's Request for Costs

Micron moves the Court to award costs associated with opposing ASUS's motions to compel. The Court grants the motion in part. When a party fails to take reasonable steps to avoid undue burden to a subpoenaed non-party, Rule 45 requires that sanctions be imposed. *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 CW, 2013 WL 1285588 (N.D. Cal. Mar. 28, 2013) (affirming undersigned magistrate judge's imposition of sanctions for failure to take reasonable steps to avoid imposing burden on non-parties). Here, ASUS failed to take two reasonable steps that may have avoided undue burden to Micron.

First, ASUS argues that it engaged in extensive meet and confer with Micron, but does not contest that some of its requests were raised for the first time in its motion to compel. Dkt. No. 4 at 10-11. Second, at oral argument, counsel for ASUS indicated that ASUS had not reviewed the discovery produced by Round Rock to see if some of the discovery it sought from Micron was already in ASUS's possession. This lack of diligence before burdening a non-party with discovery requests is not permissible under the Federal Rules. Micron's motion for costs is therefore granted with respect to the costs associated with opposing the motion to compel production of documents. The motion is denied with respect to costs associated with opposing the motion to compel deposition testimony, because although the Court denies ASUS's motion, ASUS met and conferred in good faith in an attempt to resolve the dispute.

### CONCLUSION

For the reasons discussed, ASUS's motions to compel are denied in their entirety. Micron's motion for costs is granted in part. Micron is ordered, within seven days of this order, to submit a declaration detailing reasonable fees incurred in opposing the motion to compel production of documents, as well as a proposed order. ASUS may respond within seven days of Micron's filing.

Case Nos. 14-cv-00275 JST (NC);
14-cv-00393 JST (NC)
ORDER DENYING MTC

7

Any party may object to this order to Judge Tigar within 14 days.  Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date:  April 21, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge