April 23, 2014

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Nathanael Cousins
U.S. Magistrate Judge, N.D. Cal.
San Francisco Courthouse, Courtroom A - 15th Fl.
450 Golden Gate Avenue, San Francisco, CA 94102

Re: *ASUS Computer Int'l v. Round Rock Research*, *LLC*, Case No. 3:12-CV-02099-JST (NC)

Dear Judge Cousins:

Pursuant to the Court's October 2, 2013 Standing Order, plaintiff and counterclaim defendant ASUS Computer International and counterclaim defendant ASUSTeK Computer Inc. (collectively "ASUS") and Defendant Round Rock Research, LLC ("Round Rock" or "RR") submit this joint letter brief.

## I. <u>NATURE AND STATUS OF THE DISPUTE</u>

On December 23, 2013 Round Rock moved for leave to supplement its September 2012 Infringement Contentions to add new theories of alleged infringement by the Accused Instrumentalities and thereafter served expert reports containing opinions in support of the new theories on January 6, 2014. This Court denied Round Rock's motion for leave to amend in its entirety on February 7, 2014 (ECF No. 212) and Judge Tigar denied Round Rock's motion for relief from the Court's denial (ECF No. 277). In its Order of April 11, 2014 concerning ASUS' motions to strike, the Court denied without prejudice ASUS's motion to strike opinions that ASUS claims were first introduced in Round Rock's supplemental infringement contentions because "the parties have not briefed the issue and ASUS has not identified which portions of the reports should be stricken." ECF No. 374 at 10. ASUS moves again to strike portions of the expert reports. Counsel for ASUS and Round Rock have conferred in good faith but have reached an impasse.

## II. <u>UNRESOLVED ISSUE</u>

Whether and to what extent portions of Round Rock's expert reports should be stricken.

## III. <u>SUMMARY OF THE PARTIES' POSITIONS WITH RESPECT TO THE UNRESOLVED ISSUE</u>

### A. Summary of ASUS's Positions

ASUS believes that this issue was decided with the Court's denial of RR's motion for leave to amend. There, for example, RR sought to add a new theory of alleged infringement of the '353 and '276 patents by the Accused Instrumentalities based on a Pixart sensor. *See* ECF No. 180, Ex. Y at Ex E-3 ('353 patent) and Ex. V at Ex B-6 ('276 patent). As the Court noted in its denial, RR was not diligent in moving for leave to amend to alleged infringement by the Accused Instrumentalities based on a Pixart theory. *See* ECF No. 212 at 5-6. Nevertheless, RR's expert, Dr. Afromowitz offered opinions of alleged infringement based on the Pixart theory. *See* ECF No. 259, Ex. 2 ¶¶ 52-54, 300-341, 459-520. This is exactly the material ASUS moves to strike. Likewise, for the '353 and '276 patents, RR sought to add theories based on BYD, Seti, Sony,

and OmniVision OV2655, OV5640, OV2720, OV8830, and OV7675 sensors. Again, though leave to amend was denied, Dr. Afromowitz' report includes opinions in support of these excluded theories and ASUS moves to strike those opinions. Below is a table identifying the excluded theory RR sought to add and the paragraphs of the Afromowitz report containing opinions in support of the excluded theories.

| Excluded Theory | Location in Redlines | Afromowitz Paragraphs To Be Stricken |
|---|---|---|
| OV5640 | Ex. V at Ex B-1 | 52-54, 58-101 |
| OV2720 | Ex. V at Ex B-3 | 52-54, 102-147 |
| OV8830 | Ex. V at Ex B-4 | 52-54, 148-194 |
| OV7675 | Ex. V at Ex B-5 | 52-54, 246-299 |
|  | Ex. Y at Ex E-2 | 52-54, 400-458 |
| Pixart PAS6311LT | Ex. V at Ex B-6 | 52-54, 300-341 |
|  | Ex. Y at Ex E-3 | 52-54, 459-520 |
| Seti SIV120D | Ex. Y at Ex E-5 | 52-54, 583-644 |
| BYD BF3703 | Ex. V at Ex B-7 | 52-54, 521-582 |

In addition, RR sought to change its theory of alleged infringement of the OV284AB from one relying on the OV273AB to relying solely on the OV284AB (aka OV2655). Paragraphs of the Afromowitz report containing opinions in support this excluded theory include 207-11, 219-28, 231, 239-240, and 243-45 and should also be stricken.

Likewise, with regard to the '053 and '791 patents, RR sought to add theories based on new Kingston memories (KE4BT5D6A, KE4BS4A5A), as well as other memories from other suppliers (*e.g.*, Hynix, Toshiba, and Samsung). With regard to Claim 14 of the '791 patent, RR sought to add new theories based on new Kingston memories, memories from other suppliers, as well as new processors (*e.g.,* Tegra 3 Processor). Taylor included Exhibits 5 and 6 which combine for a total of over 40 pages having new theories in table form for the '053 and '791 patents.

**'791 Patent**

| Excluded Theory | Location in Redlines | Taylor Paragraphs To Be Partially Stricken |
|---|---|---|
| Kingston (KE4BT5D6A, KE4BS4A5A), Hynix, Samsung, and Toshiba Memories | Ex. U at Ex A-3, 5, 6-7, 9-11, 13, 15, 17-18, 20-22, 24-26, 29-31, 33. | 237, 240-241, 244, 247, 251-252, 261-263, Portions of Exhibit 5 having other Kingston memories than the Kingston KE4BT4B6A and any references to Hynix, Samsung or Toshiba memories. |
| Tegra 3 Processor | Ex. U at Ex A-29. | 237, 240, 244, 251, Portions of Exhibit 5 referencing any Tegra 3 Processor. |

2

**'053 Patent**

| Excluded Theory | Location in Redlines | Taylor Paragraphs To Be Partially Stricken |
|---|---|---|
| Kingston (KE4BT5D6A, KE4BS4A5A) | Ex. W at Ex. C-3-4, 8, 13. | 275-276, 280, 284, 286, 300, Portions of Exhibit 6 having other Kingston memories than the Kingston KE4BT4B6A. |
| Hynix H26M42001FMR | Never before disclosed | 313-321. |

Likewise, with regard to the '949 patent, RR sought to add theories based on new Kingston memories, memories from other suppliers (*e.g.,* ASINT, RAMAXEL, ADATA, Hynix, Elpida, Nanya, Samsung, and Micron), as well as new processors from AMD, Intel, Texas Instruments, and NVidia. Indeed, RR included new Exhibits F and H which are about 100 pages of new memories in table form. Likewise, Taylor included Exhibit 4 in his expert report which is 160 page document listing new theories in table form.

| Excluded Theory | Location in Redlines | Taylor Paragraphs To Be Partially Stricken |
|---|---|---|
| Kingston (ASU133D3S9SR8/1G, ASU1333D3S), ASINT, and ADATA Memories | Ex. X at Ex. D-3-4, 9, 11, 15, 21-27, 32-40, 42, Ex. F, Exhibit H. | 168, 218, Portions of Exhibit 4 having Kingston memories other than the Kingston ASU1333D3S9DR8/2G and ASU1333D3S and any reference to ASINT or ADATA memories. |
| Qimonda Memories | Never before disclosed. | 168, Portions of Exhibit 4 having Qimonda memories. |
| Hynix, Elpida, Samsung, Micron, RAMAXEL and Nanya Memories | Ex. X at Ex. D-3-4, 9, 11, 15, 21-27, 32-40, 42, Ex. F & H. | 168, Portions of Exhibit 4 having Hynix, Elpida, Samsung, Micron, RAMAXEL and Nanya memories. |
| AMD Processors (E-40, C-30, C-50, C-60, Phenom II X4 830, E-350, E-450, P960, A6-300M, Opteron 8380, Opteron 8382, Phenom II x6 1035T, Phenom II x6 1065T, Phenom X3 8550, E1-1200, Phenom II P960, A6-3400M, A6-3420M, A8-4500M, A4-3305M, Phenom X4 8700, Athlon II P320, Athlon Neo K125, V105), Intel, Texas Instruments, and NVIDIA processors | Ex. X at Ex. D-31-37. | 201, Portions of Exhibit 4 having AMD processors other than the Phenom II Quad Code Processor P920, Phenom II Triple Core Processor N830, Turion 64 X2 Dual-Core Mobile Technology Processor P520, V Series Processor V120 and any reference to Intel, Texas Instruments, or NVidia processors. |

Each and every one of the paragraphs in the Afromowitz and Taylor reports identified above should be stricken as containing opinions in support of theories not disclosed and excluded from this case. ASUS proposes no compromise.

### B. Summary of Round Rock's Positions

The Court should deny ASUS's Third Motion to Strike portions of Round Rock's infringement expert reports because ASUS's conclusory arguments rehash already-decided and rejected arguments and fail to identify a single new theory in those expert reports.

*First,* regarding the Afromowitz Report on the '276 and '353 Patents ("Image Sensor Patents"), ASUS again seeks to strike the same opinions in Dr. Afromowitz's Report that it sought to strike in its First Motion to Strike, specifically identifying Dr. Afromowitz's opinions that rely on reverse engineering reports for ASUS's image sensors as evidence of infringement. (*Compare supra* at 2, *with* D.I. 258-4, Appendix A (row 4, second column, enumerating paragraphs to be stricken).)[1] But the Court considered and rejected the very same argument ASUS presents here—that Dr. Afromowitz's reliance on reverse engineering reports for specific image sensors constitutes a "new theory of infringement." (D.I. 374 at 10:18-20; *see* D.I. 222 (ASUS's First Motion to Strike) at 11-12 ("The Afromowitz report relies on distinct, sensor-specific reverse engineering analyses of each of the following eight image sensors as the basis for new theories").) And, the Court considered the effect of the denied motion for leave to amend on the issues briefed in the First Motion to Strike, having specifically requested and heard argument from both parties on that subject. (D.I. 294 at 8:21-16:18.) Despite considering the same arguments ASUS advances here, the Court found that Round Rock "must be permitted to provide evidence supporting its argument that the uncharted products infringe in the same way as the charted products," and concluded that "[w]hether [Round Rock] can prove the representative nature of infringement … is a matter to be determined at summary judgment or trial." (D.I. 374 at 10:21-22, 25-27.) Although the Court denied ASUS's First Motion to Strike on this same issue presented here (D.I. 374 at 10:18-20), ASUS fails to present any reason why the Court should rule differently now.[2] The Court should deny the requested relief once again.

*Second*, the Court should deny ASUS's request to strike certain infringement opinions regarding the '053, '791, and '949 Patents ("Memory Patents") in the Taylor Report because the Court's denial of Round Rock's motion for leave to amend does not affect those opinions. Those opinions ***do not*** deviate from the representative infringement theories set forth in Round Rock's contentions. Round Rock charted a representative product for each Memory Patent and identified additional accused products that infringe in the same way in Exhibit 1 to its contentions. Unlike the products at issue in ASUS's Second Motion to Strike (D.I. 330-3), Round Rock identified each product by name, in its September 2012 infringement contentions. (D.I. 330-6.) Notably, having considered those contentions, Judge Tigar held that Round Rock's contentions complied with the Local Patent Rules and permitted Round Rock to take discovery on all accused products. (D.I. 112 at 2, 3-4.)

Notwithstanding Judge Tigar's ruling on the adequacy of Round Rock's representative contentions (D.I. 112) and the Court's Order, ASUS's Third Motion to Strike is a transparent attempt to eliminate any product listed in Exhibit 1 of Round Rock's September 2012 infringement contentions from the case. ASUS contends that the Exhibit 1 Accused Products and Round Rock's evidence of infringement for those products in the Taylor Report present

---

[1] Round Rock previously withdrew its claims based upon the BYD BF3703. (D.I. 222 at 7 n.2.)
[2] The Court's April 11, 2014 Order ("Order") denied ASUS's First Motion without prejudice on issues that ASUS "ha[d] not identified" in that motion, permitting ASUS to raise them here. (D.I. 374 at 10:10-13.) In stark contrast, this issue of reliance on the reverse engineering reports was specifically briefed in ASUS's First Motion and the Court denied ASUS's request on the merits. Thus, this issue is not properly before the Court in this Third Motion.

"new theories" of infringement.[3] But that argument is not supported by the law or facts. Citation to evidence in an expert report that was not included in a party's infringement contentions does ***not*** constitute a "new infringement theory." *Oracle Am., Inc. v. Google Inc.*, Case No. 10-03561 WHA, 2011 WL 4479305, *3 (N.D. Cal. Sept. 26, 2011) ("That a particular document … was not cited in a party's infringement disclosures does not automatically preclude the party from using that document … to support a theory that was timely disclosed.").

Moreover, the Taylor Report marshals the evidence of infringement for all Accused Products obtained during discovery, demonstrating that each ASUS Accused Product—regardless of the constituent components—infringes in the same manner for the Memory Patents based upon compliance with industry standards as set forth in Round Rock's contentions. (*See* D.I. 112 at 4 ("Round Rock alleges that each accused product infringes in the same way: by containing components that infringe in the same manner as the representative, charted product.").) Regardless of the model of flash memory included in a particular Accused Product each of the flash memories infringes the '053 Patent and '791 Patent, respectively, in the same manner: by practicing the eMMC Standard. (*See* D.I. 112 at 2.) Indeed, ASUS does not identify any difference in the manner of operation of the flash memory included in the charted representative product (e.g., Kingston KE4BT4B6A) and the other flash memories (e.g., other Kingston, Hynix, and Toshiba models) included in the Exhibit 1 Accused Products.[4] Similarly, each of the SDRAMs included in the Accused Products infringe the asserted claims of the '949 Patent in the same manner: by practicing the DDR3 Standard. (*See* D.I. 112 at 2.) Again, ASUS does not identify any difference in the manner of operation of the SDRAM included in the charted representative product (e.g., ASU1333D3S9DR8/2G, ASU1333D3S) and the other SDRAMs (e.g., other Kingston, Hynix, ASINT models) included in the Exhibit 1 Accused Products. In short, the Court should deny ASUS's Motion because it has failed to point to a single "new" infringement theory in the Taylor Report.

Finally, ASUS make no attempt to justify how the Court's denial of Round Rock's motion for leave to amend justifies its draconian requested relief. In fact, the Court's denial of Round Rock's motion for leave to amend focused on Round Rock's diligence in obtaining discovery, not disclosing "new" infringement theories. (D.I. 212 at 4-6.) And, there is no dispute that Round Rock specifically identified the Exhibit 1 Accused Products in its September 2012 Infringement Contentions, which the Court concluded provided sufficient notice to ASUS of the theories of infringement for each Accused Product. (*See* D.I. 112 at 3-4.) ASUS simply ignores Judge Tigar's previous ruling that Round Rock must be permitted to provide evidence "to prove the representative nature of infringement." (*See* D.I. 112 at 10.) Accordingly, the Court should deny ASUS's Third Motion.

---

[3] Exhibits 4, 5, and 6 of the Taylor Report provide tables identifying the flash memory, processor, and/or SDRAM components in each Accused Product and citing to bates-numbers for supporting evidence produced by ASUS, including component datasheets, bills of materials, product schematics, and/or product testing documents. Round Rock does not assert infringement of the Memory Patents based upon Samsung and Micron components.

[4] Similarly, the inclusion of different processors in the Accused Products does not change the manner of infringement. Both claim 14 of the '791 Patent and claim 24 of the '949 Patent include "a processor" limitation with no other requirements. In its summary judgment motion, ASUS argued that the Accused Products' processors are "standard part[s]" and not "unique." (D.I. 281 at 21-22.)

Very truly yours,

| | |
|---|---|
| */s/ James C. Pistorino* | */s/ Justin Wilcox* |
| James C. Pistorino | Justin Wilcox |
| Counsel for ASUS Computer International and ASUSTeK Computer Inc. | Counsel for Round Rock Research, LLC |