UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>　　　　Defendant. | Case No.  12-cv-02099-JST<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER**<br><br>Re: ECF No. 397 |

Before the Court is Round Rock Research, LLC's motion for relief from Judge Cousins' order on the parties' motions to strike. ECF No. 374 (order); ECF No. 397 (motion).

First, Round Rock seeks relief from the portions of Judge Cousins' order striking portions of Round Rock's expert reports concerning infringement of the '353 Patent pursuant to 35 U.S.C. § 271(g), indirect infringement of the '949 Patent, and infringement of the '791 Patent pursuant to the doctrine of equivalents. Round Rock argues that, with respect to each theory, (1) its infringement contentions adequately disclosed the theories contained in its expert reports, or, in the alternative, (2) it was an error of law for Judge Cousins to base his ruling on the adequacy of Round Rock's infringement contentions because ASUS never moved to strike the infringement contentions at issue. In support of the first argument, Round Rock argues that Judge Cousins' factual conclusions regarding the adequacy of its infringement contentions were clearly erroneous. As for the second argument, Round Rock cites no authority for the proposition that, absent a motion to strike infringement contentions, an accused infringer cannot move to strike expert opinions that go beyond the scope of the infringement contentions or that expand upon barebones

infringement allegations.[1]

Next, Round Rock argues that Judge Cousins clearly erred in finding that Round Rock failed adequately to disclose the EP101, TF300TL, and "series" products as accused devices. In its infringement contentions, Round Rock accused the TF101 and the TF300T, which it argues was sufficient disclosure for the EP101 and the TF300TL. The TF101, Round Rock argues, is another name for the EP101, and the TF300TL is a "different version" of the accused TF300T. As for the "series" products, Round Rock argues that its identification of what the infringement contentions call "exemplary" products was sufficient to accuse other products in the same product line that were not specifically accused.[2]

This Court may only set aside Judge Cousins' order if it finds the order to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). "Thus, the district judge must affirm the magistrate judge unless it is left with the 'definite and firm conviction that a mistake has been committed.' Burdick v. Comm'r, 979 F.2d 1369, 1370 (9th Cir.1992). The reviewing court may not simply substitute its judgment for that of the deciding court. Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir.1991)." Ideal Elec. Co. v. Flowserve Corp., 230 F.R.D. 603, 606 (D. Nev. 2005).

---

[1] To the contrary, in Dynetix Design Solutions, Inc. v. Synopsys, Inc., No. C 11-5973 PSG, 2013 WL 4537838 (N.D. Cal. Aug. 22, 2013), appeal dismissed (Mar. 18, 2014), cited in Judge Cousins' order, the court entertained and granted motions in limine much like the motions to strike here, premised on inadequate infringement contentions. See also Rambus Inc. v. Hynix Semiconductor Inc., No. C-05-00334 RMW, 2008 WL 5411564 (N.D. Cal. Dec. 29, 2008) (failure adequately to disclose doctrine of equivalents theory of infringement was "ample, alternative justification" for dismissing that claim of infringement at summary judgment).

[2] Judge Cousins' order cites to Oracle Am., Inc. v. Google Inc., C 10-03561 WHA, 2011 WL 4479305 (N.D. Cal. Sept. 26, 2011) on this point, which addressed the argument Round Rock raises here:

> The Patent Local Rules required *specific* identification of particular accused products. They did not tolerate broad categorical identifications like "mobile devices running Android," nor did they permit the use of mere representative examples. Representative examples may be a useful tool for proving an infringement case at trial, but a full list of accused products must be disclosed as part of a party's infringement contentions.

...

1  The Court has carefully considered the record below, Judge Cousins' order, and Round
2  Rock's motion for relief, and finds no basis to conclude that Judge Cousins clearly erred or
3  reached legal conclusions that were contrary to law.  Round Rock's motion for relief is DENIED.

**IT IS SO ORDERED.**

Dated:  April 28, 2014

_____
JON S. TIGAR
United States District Judge