UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUS COMPUTER INT'L,<br><br>    Plaintiff,<br><br>    v.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>    Defendant. | Case No. 12-cv-02099 JST (NC)<br><br>**ORDER GRANTING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 404, 405, 410, 411 |

Plaintiffs ASUSTEK Computer Inc. and ASUS Computer International and Defendant Round Rock Research, LLC each move to file under seal various briefs and associated exhibits relating to previously resolved motions to strike. Dkt. Nos. 404, 405, 410, & 411. ASUS and Round Rock, as well as non-party OmniVision Technologies, Inc., have filed declarations in support of sealing. Dkt. Nos. 412-13, 416-18.

This Court denied the parties' previous motions to file under seal for failure to clearly articulate why the information merited protection, or to tailor redactions to only confidential material. Dkt. No. 394.

Because the parties provide particularized showings of good cause why this information should be sealed, and have now thoroughly tailored their requests to seal only protectable information, the Court hereby grants all four motions.

Case No. 12-02099 JST (NC)
ORDER GRANTING
MOTIONS TO SEAL

## LEGAL STANDARD

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. When a party seeks to file materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d 1172 at 1178-79 (internal quotation marks omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179.

On the other hand, when a party seeks to seal materials in connection with a non-dispositive motion, they need not meet the "compelling reasons" standard "because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179 (internal quotation marks omitted). In that case, a party need only make a "particularized showing under the good cause standard of Rule 26(c)" to justify the

sealing of the materials. *Id.* at 1180 (internal quotation marks omitted). A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

## DISCUSSION

The parties' motions to seal all pertain to information disclosed along with past motions to strike. Motions to strike are treated as non-dispositive for sealing purposes. *Guzik Technical Enters, Inc. v. W. Digital Corp.*, 2013 WL 6070414 (N.D. Cal. Nov. 18, 2013). Thus, the "good cause" standard applies.

**A.    Motion to Seal Documents Related to ASUS's Motion to Strike (Dkt. No. 410)**

ASUS moves to seal information contained in their motion to strike and related declarations and exhibits. Both ASUS and Round Rock have designated portions of this information as confidential.

The parties' declarations in support of sealing state that the information they seek to seal discloses specific, confidential sales and components information. Dkt. Nos. 410, 412. They insist the release of this information may put them at a competitive disadvantage. *Id.*

After carefully reviewing this information, the Court concludes that the declarations satisfy the "good cause" standard, and that the parties' appropriately tailored their redactions to seal only confidential information.

**B.    Motion to Seal Documents Related to Round Rock's Opposition Brief (Dkt. No. 405)**

Round Rock files this motion to seal information contained in its opposition to ASUS's motion to strike and related exhibits. The motion identifies ASUS as the party designating the material as confidential.

ASUS's declaration in support of Round Rock's motion to file under seal identifies a small portion of the opposition brief as containing confidential internal administrative information. Dkt. No. 417. ASUS maintains that disclosure of this information to their

competitors would put them at a competitive disadvantage. *Id.*

ASUS declares that Exhibit 5 contains detailed technical information regarding the composition and configuration of their products. They argue this document divulges protected trade secrets, the release of which would allow their competitors to replicate their products and put them at a competitive disadvantage. *Id.* They declare that Exhibit 7 contains specific component information unavailable to their competitors without the substantial expense of reverse engineering. They argue the release of this information would advantage their competitors and may harm ASUS's relationship with its suppliers. *Id.* The motion calls for sealing these exhibits in their entirety.

After careful review the court concludes ASUS's declaration satisfies the "good cause" standard with respect to each document. The redactions in the opposition brief conceal only ASUS's confidential internal administrative information without unduly limiting public access. As for Exhibits 5 and 7, while a party must redact portions of a document when possible, it may sometimes be appropriate to seal a document in its entirety. *Kamakana*, at 1183. Sealing Exhibits 5 and 7 in their entirety is appropriate in this case considering the volume and density of confidential information they contain.

**C.    Motion to Seal Documents Related to Round Rock's Reply Motion to Strike (Dkt. No. 404)**

Round Rock's other motion to seal relates to material disclosed in their reply motion to strike and related exhibits X and Y. Dkt. Nos. 283, 284. ASUS and OmniVision have designated this material as confidential and provided declarations in support of the motion. Dkt. Nos. 416, 418. Round Rock's motion includes redacted versions of their reply motion to strike and Exhibit X. OmniVision's declaration in support of the motion to seal contains a redacted version of Exhibit Y.

ASUS's declaration in support of the motion to seal identifies confidential licensing information contained in Round Rock's reply motion to strike and Exhibit X. Dkt. No. 416. They argue the release of this information would compromise their future licensing negotiations and may lead to additional licensing demands. *Id.*

OmniVision declares that Exhibit Y contains confidential information concerning image sensor design and manufacturing. Dkt. No. 418 ¶ 5. They argue this information constitutes a trade secret and that its release would compromise its confidentiality obligations to third parties. *Id.*

After careful review the court concludes that these declarations satisfy the "good cause" standard with respect to all three documents. The parties clearly articulated why the redacted information should be sealed, and they have tailored their redactions to only protectable material.

### D. Motion to Seal Documents Related to ASUS's Opposition to Round Rock's Reply Motion to Strike (Dkt. No. 411)

ASUS's final motion to seal concerns information disclosed in their opposition to Round Rock's reply motion to strike and in 12 associated exhibits. ASUS and Round Rock provide declarations in support of the motion that identify the information they seek to file under seal as confidential. Dkt. Nos. 411-1, 413.

The parties declare that the motion to strike and the associated exhibits each reveal either private licensing or component information, the release of which would alternatively result in their competitive disadvantage or compromise their licensing practices and relationships. They provide specific support for these assertions in relation to each document. *Id.*

After careful review the court concludes that these declarations also satisfy the "good cause" standard. The parties clearly articulated why the redacted information should be sealed, and they have tailored their redactions to only protectable material. Exhibits 15 and 16 may appropriately be sealed in their entirety given the breadth of the licensing information they contain.

## CONCLUSION

The motions at Dkt. Nos. 404, 405, 410 and 411 are granted for the reasons discussed above. "[T]he documents filed under seal will remain under seal and the public will have access only to the redacted version, if any, accompanying the motion." Civil L. R. 79-5(f)(1).

IT IS SO ORDERED.

Date: June 20, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge